IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. NO. 05-CV-300-JJF |
| v. | ) ) ) | |
| BANC ONE BUILDING CORPORATION, an Illinois corporation, and FOREST ELECTRIC CORPORATION, a New York corporation, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) ) ) | |

**DEFENDANT BANC ONE BUILDING CORPORATION'S ANSWER
TO COMPLAINT AND AFFIRMATIVE DEFENSES**

**COUNT I**
**(Statement of Claim for Mechanics' Lien)**

1.  Admitted.

2.  Admitted.

3.  This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

4.  Denied.

5.  Admitted that plaintiff is claiming that amount. Denied that the amount claimed by plaintiff is due and owing. The remainder of the averments in paragraph 5 of the Complaint are denied.

6.  Denied.

7.  Denied.

8. Admitted.

9. Admitted.

10. Admitted that the plaintiff is claiming an amount in excess of $25.00. Denied that any amount claimed is due and owing. Answering Defendant denies the remainder of the averments in paragraph 10 of the Complaint.

11. Admitted that plaintiff claims that the stated amount is due. Answering Defendant denies that any amount claimed is due and owing.

12. Admitted.

13. Denied. Admitted that Forest Electric Corp. acted as electrical trade manager and agent for Banc One.

14. Denied.

## COUNT II
### (Breach of Contract – Banc One)

15. Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 14 as though fully set forth herein.

16. Denied. Admitted that CCI entered into a contract for the project entitled Project 6B.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT III
### (Breach of Contract – Forest)

21. Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 20 as though fully set forth herein.

22. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.

23. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.

24. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.

25. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.

26. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.

27. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.

28. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.

29. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.

## COUNT IV
### (Recovery of Labor, Material, Equipment, and General Condition Costs for Delay – Banc One and Forest)

30. Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 29 as though fully set forth herein.

31. Answering Defendant is without sufficient knowledge or information to admit or deny this averment.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied except admitted plaintiff made a demand but denied any amount is owing.

41. Denied.

## COUNT V
### (Unjust Enrichment)

42. Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 41 as though fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT VI
### (6 Del. C. Chapter 35 – CCI)

47. Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 46 as though fully set forth herein.

4

48. Admitted to the extent that some funds have been received but not the funds demanded by CCI.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## COUNT VII
### (6 <u>Del. C.</u> Chapter 36 – Banc One)

53. Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 52 as though fully set forth herein.

54. Denied.

55. Denied.

56. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived any and all claims herein by failing to fulfill conditions precedent to any entitlement to payment.

### THIRD AFFIRATIVE DEFENSE

All work performed by Plaintiff was within the scope of the contract terms and did not qualify as additional work.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's bid was defective and any delay or added charges are not the responsibility of answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Claims set forth by Plaintiff are barred by promissory estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs did not confer any recoverable benefit upon Defendant Banc One.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to prepare and submit Charge Orders as required by the contract.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff waived entitlement to any of the claims it is pursuing because it failed to comply with applicable contract terms, including but not limited to submitting Charge Orders and Field Requests.

### NINTH AFFIRMATIVE DEFENSE

Any additional work claimed by CCI was not approved by Banc One required under the contract.

### TENTH AFFIRMATIVE DEFENSE

Defendants are not required to comply with 10 Del. C. §3901 because this rule of pleading and practice applies in State court only.

### TWELFTH AFFIRMATIVE DEFENSE

CCI was paid for work performed.

### THIRTEENTH AFFIRMATIVE DEFENSE

CCI executed waivers and releases of liens for the work performed.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's extracontractual claims are not covered under the mechanics liens statute and therefore fail to state a claim.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not properly meet the Bill of Particulars requirements pursuant to 25 Del. C. § 2712(4).

WHEREFORE, answering defendant Banc One Building Corporation hereby demands judgment in its favor and against Plaintiff and any other further relief as this Court deems fair and just.

                              **McCARTER & ENGLISH, LLP**

By: *[signature]*
Paul A. Bradley (DE Bar ID #2156)
Jennifer M. Zelvin (DE Bar ID #4325)
P.O. Box 111
Wilmington, Delaware 19899
(302) 984-6300

*Attorneys for Banc One
Building Corporation*

Dated: June 13, 2005