IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation, | : |
| | : |
| | : C.A. No. 05-CV-300-JJF |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| BANC ONE BUILDING CORPORATION, an Illinois corporation, and FOREST ELECTRIC CORPORATION, a New York corporation, | : JURY TRIAL DEMANDED |
| | : |
| Defendants. | : |

**STIPULATION AND ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, Plaintiff Creedon Controls, Inc. ("Creedon") and Defendants Banc One Building Corporation ("Banc One") and Forest Electric Corporation ("Forest"), the parties to the above-captioned action (the "Litigation") are engaged in proprietary activities, and the companies and individuals involved in the Litigation could be jeopardized (including the health, safety and business interests of such parties) if, *inter alia*, building design and construction drawings, "as builts," and photographs and related product or operational information or other highly sensitive confidential, proprietary or personal information or documents were disclosed publicly:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, subject to the approval of the Court, that the following Stipulation and Order Governing the Production and Exchange of Confidential Material (the "Stipulation and Order") shall govern the handling of documents, testimony, deposition exhibits, interrogatory

responses, admissions, and any other information or material produced, which relate directly or indirectly to all Banc One/ Forest photographs and drawings produced or otherwise discovered in this matter as well as all Banc One/ Forest and Creedon financial documents, given to or exchanged by and among the parties and any non-parties (the "Producing Party") to the Litigation in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

1. Any Producing Party may designate Discovery Material as "Confidential" under the terms of this Stipulation. ("Confidential Discovery Material"). For purposes of this Stipulation and Order:

(a) Information considered to be Confidential Discovery Material includes documents, testimony, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, which relate directly or indirectly to all Banc One/ Forest photographs, "as-builts" or drawings produced or otherwise discovered in this matter. Further, Confidential Discovery Material includes financial documents that are not in the public domain.

(b) Any Producing Party may also apply, upon short notice, for an Order to supplement the foregoing categories of Confidential Discovery Material or to designate particular documents not within the foregoing categories as Confidential Discovery Material.

(c) The parties reserve the right to apply pursuant to Federal Rule of Civil Procedure 26(c) and upon short notice, for an Order seeking additional safeguards with respect to the use and handling of Discovery Material including, but not limited to, any of the materials referred to in subparagraph (a) of this paragraph.

2. Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of Litigation in this Court and shall not be used for any other purpose,

including, without limitation, any public relations, personal, business or commercial purpose or any other litigation.

3. The designation of Discovery Material as "Confidential" for purposes of this Stipulation shall be made in the following manner by any Producing Party:

(a) in the case of documents or other materials (apart from depositions or other pretrial testimony): all Discovery Material shall be designated "Confidential;" and

(b) in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within five business days after receiving a copy of the transcript thereof, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. Only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

4. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) counsel of record (including local and outside counsel) who represent parties that have appeared in this Litigation, regular and temporary employees and litigation service vendors of such counsel (including outside copying services and outside litigation support services) assisting in the conduct of the Litigation for use in accordance with this Stipulation and Order;

  (b) in-house counsel for the parties, including any member of the support staff assisting such counsel;

  (c) experts or consultants not in the regular employ of the parties necessary to assist counsel for parties that have appeared in this Litigation;

  (d) witnesses or deponents and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in this Litigation;

  (e) the directors, officers and employees of Plaintiff and Defendants or any subsidiary or affiliate thereof, who are assisting the parties in this litigation or who appear as witnesses;

  (f) the Court;

  (g) court reporters employed in connection with this Litigation; and

  (h) any other persons agreed to by the parties in writing.

5. (a) Notwithstanding anything contained in the foregoing paragraph 4, Confidential Discovery Material may be provided to persons listed in Paragraph 4(c) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this Litigation, provided that such expert or consultant is using said Confidential Discovery Material solely in connection with this Litigation, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder, including after the conclusion of this Litigation.

  (b) Every person given access to Confidential Discovery Material, including any information contained therein, shall be advised that the information or Discovery Material is

being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof.

6. Documents which contain information which has been designated "Confidential" which are authorized by this Court to be filed under seal shall be filed in sealed envelopes marked with the title of the Litigation and bearing a statement substantially in the following form:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED _____, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.

THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.

7. Any party to the Litigation who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of this Stipulation and Order shall give written notice by hand or telecopied of his objection to the Producing Party. To the extent that the Producing Party seeks to continue the restriction on public access to documents filed with the Clerk of Court, that party shall file an application with the Court for a judicial determination as to whether good cause exists for continued restricted access to the document.

8. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

(a) operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

(d) prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

(e) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential material or information; or

(f) prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

9. This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Discovery Material for any purpose. Nothing contained in this Stipulation and Order shall prevent a party from disclosing Confidential Discovery Material to officers, directors or employees of a Producing Party or to experts, consultants or witnesses for a Producing Party.

10. If any information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party(ies), such production shall in no way

prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose until further Order of the Court. The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering such an Order the fact or circumstance of the inadvertent production.

11. It is the present intention of the parties that the provisions of this Stipulation and Order shall govern discovery in this Litigation. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other parties hereto for good cause.

12. The parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order, or an alternative thereto which is satisfactory to all parties, by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

13. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within 20 days after receiving notice of entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, all persons having received Confidential Discovery Material shall either make a good faith effort to return such material and

all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify that fact to counsel for the Producing Parties. Outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including discovery material containing Confidential Discovery Material), provided that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof and shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the party that produced the Confidential Discovery Material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

14. During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

15. In the event that any party appeals from any decision of the trial court in this Litigation, the parties hereto agree to file a joint application to the Appellate court, within three (3) days of the filing of the notice of appeal, to maintain under seal the documents filed with the trial court which contain or disclose Confidential Discovery Material. In the event that any losing party decides not to appeal, any party who seeks the continued sealing of any filed document containing Confidential Discovery Material may petition the Court for continued

sealing. The provisions of this paragraph may be waived only with the written consent of the Producing Party.

16. In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

17. If any person receiving documents covered by this Stipulation and Order (the "Receiver") is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material which was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall (i) give prompt actual written notice, by hand or facsimile transmission, and in no event later than forty-eight hours of receipt of such subpoena, demand or legal process, to those who produced or designated the material "Confidential," and (ii) shall object to the production of such Confidential Discovery Material on the grounds of the existence of this Stipulation and Order and decline to produce the material unless otherwise ordered by a court. The burden of opposing the enforcement of the subpoena shall fall upon the party who produced or designated the Confidential Discovery Material. Unless the party who produced or designated the Confidential Discovery Material obtains an order directing that the subpoena not be complied with, and serves such order upon the Receiver by hand delivery prior to production pursuant to the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiver with any order directing production pursuant to the

subpoena of any Confidential Discovery Material shall not constitute a violation of this Stipulation and Order.

18. The parties to the Litigation approve that the production of any Discovery Material by any non-party to the Litigation also shall be subject to and governed by the terms of this Order.

| COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C. | McCARTER & ENGLISH, LLP |
|---|---|
| By: /s/ Robert K. Beste<br>Robert K. Beste, Jr. (DE ID No. 154)<br>1007 Orange Street<br>Nemours Building, Suite 205<br>Wilmington, DE 19801<br>(302) 425-5089<br>Attorneys for Plaintiff<br>Creedon Controls, Inc. | By: /s/ JJF<br>Paul A. Bradley (DE ID No. 2156)<br>James J. Freebery (DE ID No. 3498)<br>919 N. Market Street, Suite 1800<br>Wilmington, DE 19801-3023<br>(302) 984-6300<br>Attorneys for Defendant<br>Forest Electric Corp. |

**IT IS SO ORDERED** this _____ day of _____, 2005.

_____
J.

5265643.2