IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BANC ONE BUILDING CORPORATION, an Illinois corporation; and FOREST ELECTRIC CORPORATION, a New York corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-300 JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION OF BANC ONE BUILDING CORPORATION
### FOR PROTECTIVE ORDER PURSUANT TO RULE 26(c)

Banc One Building Corporation ("BOBC"), by and through its undersigned counsel, hereby moves for a protective order pursuant to Fed. R. Civ. P. 26(c) and, in support thereof, respectfully states as follows:

### BACKGROUND

1. This action involves a dispute over amounts that plaintiff, Creedon Controls, Inc ("CCI"), alleges are owed it in connection with electrical work performed by CCI relating to the construction of a Core Data Center located at 4001 Governor Printz Boulevard, Wilmington, Delaware and owned by BOBC ("CDC1"). On April 14, 2004, CCI filed its Complaint and Statement of Claim for Mechanics' Lien in the Superior Court of the State of Delaware, stating claims for, among other things, breach of contract and unjust enrichment against BOBC, as the owner of the CDC1, and Forest Electric Corporation ("FEC"), an entity hired by BOBC to perform certain work at CDC1. Following the filing of the complaint, the action was removed to this Court.

2. BOBC and FEC answered the complaint on May 24, 2005 and June 13, 2005, respectively, denying the material allegations therein and asserting affirmative defenses.

3. On July 28, 2005, this Court entered a Rule 16 Scheduling Order, which provides, among other things, that depositions shall not commence until the parties have completed document production and written discovery.

4. Between September and December 2005, the parties exchanged written discovery and produced thousands of pages of documents. On December 9, 2005, undersigned counsel was substituted for the law firm of McCarter & English, LLP to represent BOBC. McCarter & English, up until that time, represented both defendants.

5. On December 19, 2005, following consultation among counsel, CCI filed Rule 30(b)(6) deposition notices of both FEC and BOBC, scheduling those depositions on January 11, 2006 and January 24, 2006, respectively. The parties also scheduled six additional depositions for January 17, 2006 through January 20, 2006. Notices of deposition have been filed for five of those depositions.

6. Following the substitution of counsel and the scheduling of depositions, new counsel discovered that BOBC had in its possession over one hundred boxes of documents and seventy five discs, which relate to the construction of the entire CDC1 project, which might have contained documents related to CCI's work on the project and which had neither been reviewed nor produced. Immediately upon that discovery, BOBC and its counsel implemented an accelerated review process, and plan on producing approximately 9,000 additional pages of hard documents and two CDs of electronic information either on January 9, 2006 or January 10, 2006. Along with its supplemental

production, BOBC also plans on serving its amended and supplemental responses to the plaintiff's document requests as well as its privilege log.

7. In conjunction with its accelerated review of the recently discovered documents, BOBC is also currently reviewing the electronic files of the individuals responsible for managing the project to determine whether any responsive documents exist. That process will not be completed for approximately three weeks from today. BOBC will produce these documents on a rolling basis, which production BOBC estimates may take up to one month to complete.

8. In addition to the recent production from BOBC, on January 4, 2006 counsel for BOBC learned that FEC produced to CCI over six thousand pages of previously unproduced e-mails and that those emails will be produced to BOBC the latter part of the week of January 9, 2006.

9. All counsel will need a reasonable amount of time to review this enormous production prior to participating in, and preparing for, depositions of FEC and other witnesses. Given the voluminous nature of the recent productions and new counsel's recent engagement, the tentative deposition schedule has become completely unworkable.

**ARGUMENT**

10. BOBC requests entry of an order pursuant to Rule 26(c) postponing the taking of depositions for a reasonable time to allow the parties to complete their productions and review the documents so as to adequately prepare for depositions. Rule 26(c) empowers the Court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense" including, but not limited to, an order that "discovery may be had only on specified terms and conditions

including a designation of the time or place." Fed. R. Civ. P. 26(c)(1). The "existence of good cause for a protective order is 'a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action.'" WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2035, p. 484-86 (1994) (citation omitted).

11. Good cause exists to delay the taking of the noticed depositions as well as those currently scheduled. Undersigned counsel was just recently retained and thousands of documents still need to be reviewed and produced. It is therefore impractical to conduct depositions now only to have to repeat most, if not all, of those depositions. *See Lone Star Indus., Inc. v. Liberty Mutual Ins. Co.*, 1990 WL 1104267 (Del. Super.) (**Ex. A**) (granting protective order where depositions would have to be repeated after document production is completed). Moreover, CCI will not be prejudiced by a brief postponement of depositions and certain deadlines contained in the Scheduling Order.

## CONCLUSION

For the above reasons, BOBC respectfully requests that the Court grant the motion, enter an order in the form attached hereto, and grant such further relief that the Court may deem just and appropriate.[1]

ASHBY & GEDDES

*Philip Trainer, Jr.*
Lawrence C. Ashby (I.D. #468)
Philip Trainer, Jr. (I.D. #2788)
222 Delaware Ave.
P.O. Box 1150
Wilmington, DE 19899
(302)-654-1888

Date: January 9, 2006    *Attorneys for Banc One Building Corporation*

---

[1] Pursuant to D. Del. LR 7.1.1., BOBC respectfully submits that it has made a reasonable effort to reach agreement with CCI on the matters set forth in this motion prior to filing the motion.

# CERTIFICATE OF SERVICE

I, Joseph C. Handlon, hereby certify that, on January 9, 2006, I caused a copy of the foregoing Motion Of Banc One Building Corporation For Protective Order Pursuant To Rule 26(c) to be served upon counsel below in the manner so indicated.

**VIA HAND DELIVERY**
Robert K. Beste, Jr., Esq.
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 Orange Street, Nemours Bldg., Suite 205
Wilmington, DE  19801

*/s/ Joseph C. Handlon*
Joseph C. Handlon

165415.1