# EXHIBIT A

**Westlaw.**

Not Reported in A.2d    Page 1
Not Reported in A.2d, 1990 WL 1104267 (Del.Super.)
**(Cite as: 1990 WL 1104267 (Del.Super.))**

**H**
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
LONE STAR INDUSTRIES, INC.
v.
LIBERTY MUTUAL INSURANCE COMPANY, et al.
**No. Civ.A.89C-SE-187-1-C.**

Submitted Sept. 28, 1990.
Decided Nov. 13, 1990.

Counsel:

BIFFERATO, J.

*1 This is the Court's decision on defendants', Agricultural Excess and Surplus Insurance Company, Government Employers' Insurance Company, Gilbrater Casualty Company and National Casualty Company, motion for a protective order prohibiting plaintiff, Lone Star Industries, Inc. ("Lone Star"), from taking depositions of those defendants.

These defendants advance several arguments in support of the present motion. First, they argue that the depositions noticed by Lone Star are premature because Standing Order No. 1 states that paper discovery is to be completed by March 29, 1991, to be followed by 12 weeks of depositions. Second, they argue that the depositions would cover information which has been objected to by these defendants, and which is the subject of Lone Star's motion to compel which is presently before the Court. Finally, these defendants claim that because paper discovery is far from complete, it would be unduly burdensome to require depositions at this time since they will have to be repeated when such paper discovery is completed.

The Court finds that Standing Order No. 1 does not prohibit the taking of depositions prior to the time period outlined in the Order. The Standing Order is designed to provide the parties with a schedule for the progression of the case. However, the Order does not prohibit the parties from stipulating to depositions prior to the date that the Order requires they commence.

Although Standing Order No. 1 does not prohibit the taking of depositions at this time, the Court must issue a protective order staying the depositions noticed by plaintiff. It is premature to take depositions now when those depositions would have to be repeated after most of the document production is completed. This would create an undue burden on the defendants seeking the protective order.

Therefore, pursuant to Super. Ct. Civ. R. 26(c), this motion for a protective order is hereby GRANTED and such depositions are stayed until document production is completed.

IT IS SO ORDERED.

Not Reported in A.2d, 1990 WL 1104267 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.