IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Creedon Controls, Inc., a Delaware corporation, | ) |
| | ) C. A. No. 05CV300 (JJF) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Banc One Building Corporation, an Illinois corporation; and Forest Electric Corporation, a New York corporation, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF CREEDON CONTROLS, INC.'S RESPONSE TO DEFENDANT BANC ONE BUILDING CORPORATION'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(c)**

Creedon Controls, Inc. (hereinafter "CCI"), by and through its undersigned attorneys, hereby respectfully responds to and opposes the Motion for Protective Order, filed by Banc One Building Corporation (hereinafter "Banc One"), and in which Forest Electric Corporation (hereinafter "Forest") has joined, for the following reasons:

1.  Despite considerable prior efforts by both Defendants to delay the ultimate taking of depositions in this case, by filing its motions, Banc One and Forest now obtains by unfair abuse of D. Del. LR 30.2, what it knew counsel for CCI would not accept, and the Court would not otherwise grant.

2.  This litigation was commenced by CCI, in the Superior Court, in and for New Castle County, State of Delaware, on April 15, 2005. On May 17, 2005, both Banc One and Forest filed a Notice of Removal, to this Court.

3.  CCI is an electrical contracting firm, operating principally in Wilmington, Delaware. Banc One and Forest have caused damage in excess of 2.9 million dollars to CCI.

Delay is, and always has been, a part of Defendants' plan, both in contract disputes and in this litigation.

4. The Scheduling Order entered by this Court on July 28, 2005, allows for the commencement of depositions after November 30, 2005, and with a discovery cut-off date of February 28, 2006, which cut-off date is only 29 business days from the filing of this response. Mediation, and the last date to amend pleadings or name additional parties, is March 15, 2006.

5. During the first week in October, 2005, CCI first contacted the then-counsel for both Defendants, in an attempt to avoid scheduling conflicts, and to begin to schedule depositions for December 15-21, 2005. No objection was made to scheduling depositions at that time, despite the failure of Banc One to produce any documents. Although other individual depositions were sought by CCI, and despite several efforts, Defendants would not agree to the time or location of individual depositions.

6. By letter of November 9, 2005, then-counsel for both defendants agreed to the Forest 30(b)(6) deposition on December 19, 2005, and the Banc One deposition on December 20, 2005.

7. Although the substitution of counsel is signed December 8, 2005, CCI does not know when Defendants made the decision to retain separate counsel; but, immediately upon entering a separate appearance as counsel for Banc One, such counsel requested a change in the deposition dates, to allow counsel to become familiar with the file. As an accommodation, CCI rescheduled the December 19, 2005 deposition of Forest, and the December 21, 2005 deposition of Banc One, and rescheduled the individual depositions. At that time, Banc One's counsel argued that the Banc One witness was having knee surgery, and was therefore not available until the end of January, 2006. Therefore, the Banc One depositions were rescheduled to January 24,

2006, to allow this individual to recover. These deposition dates were set at a time when the documents were already "found" by Banc One.

    8.    The depositions scheduled were:

| Date | Witness | Party Requesting Deposition |
|---|---|---|
| January 11, 2006 | Forest 30(b)(6) | CCI |
| January 17, 2006 | Charles Doble (CCI employee) | Forest |
| January 18, 2006 | Terry Peng (Forest employee) | CCI |
| January 19, 2006 | Len Beck (Forest employee) | CCI |
| January 20, 2006 | Paul Brainard (CCI employee) | Forest |
| January 20, 2006 | Fred Street (CCI employee) | Forest |
| January 24, 2006 | Banc One 30(b)(6) | CCI |
| February 7, 2006 | CCI 30(b)(6) | Forest |

    9.    Banc One seeks the Court's indulgence for time to review its own documents, and documents of its former co-counsel. CCI filed its document requests and interrogatories on June 20, 2005. The requests were filed before the Rule 26 scheduling conference, to give Defendants and their counsel more than sufficient time, and so as to avoid the very problem Banc One has now created. Although the Banc One discovery failures will indeed hinder the ideal progression of discovery, Banc One should not benefit from such self-created problems, and Banc One should not be permitted to delay this litigation and should not be permitted to impose its desires by improper use of the rules of this Court.

    10.    Rather than immediately bring this self-created problem to the attention of the Court, Banc One delayed as long as possible, and filed its Motion approximately thirty-six (36) hours prior to the first deposition, when Banc One knew it would be too late for the issue to be resolved by the Court, and before havoc was created with the deposition schedule.

    11.    As a further indication of the approach of Banc One, counsel for CCI called counsel for Banc One on January 10, 2006, to determine when Banc One would agree to depositions. Although counsel indicated Banc One would respond promptly, to the date of this

response, they have not done so and CCI does not yet know when Banc One will allow depositions to begin.

WHEREFORE, CCI respectfully requests that the Court not allow Banc One to further delay this litigation; deny the requested protective order, require Banc One and Forest to allow the immediate rescheduling of the depositions already missed; and not allow Defendants to delay due to scheduling conflicts.

COHEN, SEGLIAS, PALLAS, GREENHALL
& FURMAN, P.C.

_____
Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Jr., Esq. (I.D. No. 154)
1007 Orange Street, Nemours Bldg., Suite 205
Wilmington, DE 19801
(302) 425-5089
Attorneys for Plaintiff, Creedon Controls, Inc.

Date: 1/16/06
RKB/msj
06894-0001