IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>BANC ONE BUILDING CORPORATION, an Illinois corporation; and FOREST ELECTRIC CORPORATION, a New York corporation,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-300 JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY OF BANC ONE BUILDING CORPORATION TO
PLAINTIFF CREEDON CONTROLS, INC.'S RESPONSE TO DEFENDANT
BANC ONE BUILDING CORPORATION'S MOTION
FOR PROTECTIVE ORDER PURSUANT TO RULE 26(c)**

Banc One Building Corporation ("BOBC"), by and through its undersigned counsel, hereby submits this reply to Plaintiff Creedon Controls, Inc.'s Response to Defendant Banc One Building Corporation's Motion for Protective Order Pursuant to Rule 26(c) (the "Response") and, in support thereof, respectfully states as follows:

1. By the motion, BOBC seeks a brief delay of fact depositions to permit its recently retained counsel to review thousands of documents that may be relevant and therefore subject to production. BOBC is diligently reviewing the documents and has been producing them – and will continue to produce them – on a rolling basis for the next several weeks. BOBC, therefore, seeks a brief delay in the taking of fact depositions until the production is complete and the parties have had sufficient time to prepare for those depositions.

2. Rather than offer the Court any reason for denying BOBC's motion, Creedon Controls, Inc. ("CCI") instead makes baseless accusations that BOBC is unfairly using

the discovery rules and that it intentionally delayed bringing its motion until a time that it would reek "havoc" upon the deposition schedule. Nothing could be further from the truth.

3. First, BOBC has not unfairly used the discovery rules. Counsel to BOBC was just recently retained and immediately thereafter discovered over one hundred boxes of documents and seventy five discs relating to the entire CDC1 project. BOBC also recently learned that FEC was producing over 6,000 pages of previously unproduced e-mails. Counsel then sought an agreement from CCI to postpone depositions, but CCI refused, necessitating the motion. CCI's accusation that BOBC "unfairly abused" D. Del. LR 30.2 is utterly baseless. BOBC sought an agreement with counsel pursuant to its obligations under D. Del. LR 7.1.1[1] and moved for relief immediately after its attempted resolution proved unsuccessful.

4. More important, the Response fails to show how a short postponement of depositions and a concomitant extension of certain deadlines prejudices CCI. In deciding whether to postpone deadlines in a scheduling order, this Court considers, among other things, any potential prejudice to the non-moving party. *See Enzo Life Science, Inc. v. Digene Corp.*, 270 F.Supp.2d 484, 490 (D. Del. 2003) (allowing amendment of answer after Rule 16 scheduling order deadline where there was no likelihood of prejudice to plaintiff). This case has not been set for trial and most of the deadlines could be extended briefly without any disruption in the overall schedule. Pursuant to the Court's Rule 16

---

[1] Pursuant to D. Del. LR 7.1.1, the Court will not entertain any non-dispositive motions unless counsel first certifies that a reasonable effort was made to reach agreement with the opposing attorneys on the matters set forth in the motion.

Scheduling Order (D.I. 9) and this Court's Order, dated July 29, 2005 (D.I. 11), the following deadlines have been set by the Court:

| | |
|---|---|
| Fact Witness Depositions: | February 28, 2006 |
| Motions to Amend: | March 15, 2006 |
| Plaintiff's Expert Report: | April 10, 2006 |
| Defendants' Expert Reports: | June 2, 2006 |
| Expert Depositions: | 30 Days from Report |
| Case Dispositive Motions: | July 3, 2006 |
| Pretrial Conference: | September 7, 2006 |
| Trial: | 120 days from the Pretrial Conference |

5. Because trial has not been scheduled, and indeed may not be scheduled until as late as January 2007, CCI can show no prejudice by a brief delay in the taking of fact depositions. Moreover, a brief extension of the fact deposition deadline would cause little to no disruption to the remaining deadlines.

## CONCLUSION

For the above reasons and those set forth in the motion, BOBC respectfully requests that the Court grant the motion, enter an order in the form attached to the motion, and grant such further relief that the Court may deem just and appropriate.

ASHBY & GEDDES

*Philip Trainer, Jr.*
Lawrence C. Ashby (I.D. #468)
Philip Trainer, Jr. (I.D. #2788)
222 Delaware Ave.
P.O. Box 1150
Wilmington, DE 19899
(302)-654-1888

Date: January 23, 2006                *Attorneys for Banc One Building Corporation*
165716.1

## CERTIFICATE OF SERVICE

I, Joseph C. Handlon hereby certify that, on January 23, 2006, I caused a copy of the foregoing Reply of Banc One Building Corporation to Plaintiff Creedon Controls, Inc.'s Response to Defendant Banc One Building Corporation's Motion for Protective Order Pursuant to Rule 26(C) to be served upon counsel below via hand delivery.

Robert K. Beste, Jr., Esq.
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 Orange Street, Nemours Bldg., Suite 205
Wilmington, DE  19801

Paul Bradley, Esq.
McCarter & English
919 N. Market Street, Ste. 1800
P.O. Box 111
Wilmington, DE  19899

                                            */s/ Joseph C. Handlon*
                                            Joseph C. Handlon (#3952)

165911.1