IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v.                    : | Civil Action No. 05-300-JJF |
| : | |
| BANC ONE BUILDING CORPORATION : | |
| and FOREST ELECTRIC   : | |
| CORPORATION,          : | |
| : | |
| Defendants.   : | |

### MEMORANDUM ORDER

Pending before the Court is the Motion Of Banc One Building Corporation For Protective Order Pursuant To Rule 26(c) (D.I. 38). For the reasons discussed, the Motion will be granted.

I.  BACKGROUND

Plaintiff initially filed its Complaint against Defendants, Banc One Building Corporation ("Banc One") and Forest Electric Corporation ("Forest"), in Delaware Superior Court. The case was removed to this Court on May 17, 2005. Plaintiff's Complaint alleges, inter alia, breach of contract and unjust enrichment.

Banc One and Forest were represented by the same counsel until December 9, 2005. After the change of counsel, Banc One's new counsel discovered that "over one hundred boxes of documents and seventy five discs" of potentially relevant information had not been reviewed or produced during the time for document production and written discovery. In response, Banc One contends that it initiated an accelerated process for reviewing and producing the documents and that it plans on producing those

documents by January 10, 2006.  Banc One's counsel is also reviewing other files to determine whether there are any responsive documents that must be produced.  In addition to all the new documents from Banc One, on January 4, 2006, Forest produced over six thousand pages of emails.

The parties had several depositions scheduled between January 11, 2006 and January 24, 2006.  Under the Rule 16 Scheduling Order, all non-expert depositions are to be completed by February 28, 2006.  On January 9, 2006, Banc One filed the instant motion for a protective order, seeking a postponement of depositions until all documents can be reviewed.  Forest has joined in the Motion (D.I. 39).

## II.  DISCUSSION

In pertinent part, Rule 26(c) provides that upon "motion by a party or by the person from who discovery is sought...the court... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  To prevail, the movant must demonstrate good cause for a protective order.  Id.  "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure."  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (quoting Publicker Indus. Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).  In determining whether there is good

2

cause, courts will balance the interests of the parties and the public. <u>Pansy</u>, 23 F.3d at 787.

The Court concludes that Defendants have a substantial interest in postponing the depositions and that Banc One's new counsel has exercised good faith in seeking the postponement. Banc One contends that if the depositions are not postponed, counsel will not have time to prepare, thus, requiring counsel to repeat most of the depositions when it has reviewed all the documents. Upon realizing that this was a problem, Banc One's new counsel acted quickly by starting its accelerated review and production process. Recognizing that this would not be enough time, Banc One's new counsel sought an agreement with Plaintiff to postpone the time for depositions. Plaintiff refused and Banc One filed the instant motion for a protective order.

The Court has taken into consideration the prejudice to Plaintiff and concludes that Plaintiff will not be unduly prejudiced by an extension. Trial will not commence until, at the earliest, December 2006, and there is time to extend the discovery deadlines without affecting the trial date. Additionally, an extension will be helpful to Plaintiff so that it too can be fully prepared when taking depositions. Accordingly, the Court concludes that Defendants have demonstrated good cause, and therefore, the Court will grant the Motion Of Banc One Building Corporation For Protective Order

3

Pursuant To Rule 26(c) (D.I. 38).

### ORDER

For the reasons discussed, it is hereby ordered that:

1. The Motion Of Banc One Building Corporation For Protective Order Pursuant To Rule 26(c) (D.I. 38) is **GRANTED**.

2. The parties shall confer and agree, no later than **February 15, 2006**, on an extension of the Scheduling Order as to document production, written discovery, and non-expert depositions.

February 2, 2006

_____
UNITED STATES DISTRICT JUDGE