

# COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC

ROY S. COHEN[0*•]
JOHN A. GREENHALL[0*•]
GEORGE E. PALLAS[0*•]
EDWARD SEGLIAS[*]
MARC FURMAN[0*]
MARIAN A. KORNILOWICZ[0*•‡≈]
JASON A. COPLEY[0*•]
SHAWN R. FARRELL[0*•]
ROBERTA FRANKEL BLOOM[0*•]
THOMAS C. ZIPFEL[0*•]
EDWARD T. DELISLE[0*•]
ROBERT K. BESTE[*]
J. KENNETH HARRIS[0*•]
KENT A. F. WEISERT[0•]

SENIOR COUNSEL
HERMAN E. CARDONI[0*]
KEVIN B. WATSON[0*‡¹]

OF COUNSEL:
STEVEN B. SILVERMAN[0*]
LONNY S. CADES[0*]

NEMOURS BUILDING
1007 ORANGE STREET, SUITE 205
WILMINGTON, DELAWARE

TEL: 302.425.5089 • FAX: 302.425.5097
www.cohenseglias.com

JAMIE L. SANDMAN[0*•]
RENE DAVID QUINLAN[0*]
JANET L. TREIMAN[0*•]
LEONARD A. WINDISH[0*•]
LANE F. KELMAN[0*•]
CARTER N. WILLIAMSON[0*•]
DOUGLAS E. BURRY[0*•]
JENNIFER M. HORN[0*•∞]
JONATHAN LANDESMAN[0*‡]

WILLIAM J. MEYER[0*+]
DANA B. OSTROVSKY[0*•]
STANLEY R. GENTILE[0*•]
LUCY H. HALATYN[0*≈‡]
THOMAS N. SWEENEY[0*•]
LISA M. WAMPLER[0*]
JOSHUA KOHNER[0*•†]
PATRICK J. KEARNEY[0*•]
MATTHEW S. BURNS[0*•]
JOHN J. GRAHAM, JR.[0*•]
GAETANO P. PICCIRILLI[0*•]

NOT ADMITTED IN DE [0]
ALSO ADMITTED IN PA [*]
ALSO ADMITTED IN NJ [•]
ALSO ADMITTED IN NY [‡]
ALSO ADMITTED IN MA [≈]
ALSO ADMITTED IN GA [†]
ALSO ADMITTED IN MD [♦]
ALSO ADMITTED IN DC [∞]
ALSO ADMITTED IN WV [+]
ALSO ADMITTED IN KY [¹]

February 17, 2005

**VIA E-FILING AND FIRST-CLASS MAIL**
The Honorable Joseph J. Farnan, Jr.
U. S. District Court - District of Delaware
844 N. King Street, Room 4209
Lockbox 18
Wilmington, DE 19801

RE:     **Creedon Controls, Inc. v. Banc One Building Corporation, and
        Forest Electric Corporation; District Court Case No. 05CV300 (JJF)**

Dear Judge Farnan:

This office represents Plaintiff, Creedon Controls, Inc. ("CCI"), with respect to this matter, and respectfully requests that the Court permit a scheduling conference with Your Honor, to adequately present and resolve the numerous outstanding scheduling issues. We would prefer to present these issues at a scheduling conference, but we feel compelled to respond to the letter of counsel for Defendant Banc One Building Corporation ("BOBC"), to Your Honor, and dated February 15, 2006.

On December 9, 2005, new counsel entered an appearance for BOBC. At that point in time, it is now evident BOBC had not produced any documents whatsoever. Counsel for BOBC seems to indicate that, in December, 2005, BOBC suddenly found 100 boxes and 75 disks. It is clear that BOBC was not looking. Nonetheless, depositions were scheduled by the agreement of all counsel, including new BOBC counsel, to take place January 11 through January 20, 2006.

On January 9, 2006, BOBC filed its Motion for a Protective Order. Referring to the document production of January 9, 2006, BOBC asserted (See paragraph 7) it was continuing the review of its electronic files, to determine if any responsive documents exist. BOBC indicated that process would be finished in approximately three weeks; and that BOBC would produce those documents on a rolling basis, which BOBC estimated would take one month to complete, from January 9, 2006. That was five weeks ago.

On January 11, 2006, BOBC, through its counsel, produced 5,844 pages on one disk, and a disk containing scheduling data captured by a computer program which CCI could not use, and which BOBC contends it cannot supply. The disk was marked "Highly Confidential;" and,

The Honorable Joseph J. Farnan, Jr.
February 17, 2006
<u>Page Two</u>

although a Confidentiality Stipulation and Order had previously been entered by the Court on December 6, 2005 (D.E. 27), BOBC now wanted a new Confidentiality Order; and BOBC contends that, until CCI met their terms, CCI could not be shown the disk, or any documents so marked, and only experts could view the document. That matter is yet to be resolved.

No rolling production, or any production at all, occurred until February 6, 2006, at which time BOBC produced one disk containing 271 pages, with all but 27 pages totally redacted or devoid of any information. As of the time of this writing, no further documentation has been produced by BOBC, although counsel for BOBC asserts they are continuing to review materials that may be found on the hard drive of BOBC individuals. In essence, therefore, in the weeks following January 9, 2006, when the initial document disclosure was made by BOBC (and presumably previously reviewed by BOBC), there are only minimal new documents to review or which have been provided. Based on this paucity of new information and documentation, BOBC now complains to this Court that CCI is not stepping in line with its demand for additional time; that mediation occur as scheduled under the prior Order; and that no depositions should be allowed until after mediation.

CCI specifically objects to, or comments upon, the BOBC proposals in its letter of February 15, 2006, as follows:

- <u>March 2, 2006 – Motions to join other parties</u>: CCI believes there is no reason to now change the November 11, 2005 deadline, previously ordered by this Court, now long past. Neither BOBC nor FEC have given the Court or counsel any indication there is any intent to join additional parties. If that is the intent of Defendants, they should disclose it to the Court now.

- <u>March 14, 2006 – Completion of interrogatories, identification of fact witnesses and document production</u>: CCI does not object to this being a deadline, but it does object to the extent that Defendants infer there can be further interrogatories filed, further document requests filed, and that the discovery process is essentially wide open. Nonetheless, such date should not allow Defendants to withhold long overdue discovery until that time, and available documents should be produced immediately.

- <u>March 15, 2006 – Mediation Conference</u>: CCI is concerned mediation will not be meaningful, since CCI has not received the documentation, and has not been allowed to take any depositions, and has not received any documentation regarding the work by or communications with other parties, contracting with Defendants, which may have caused the delays and inefficiencies CCI suffered at this project. CCI is willing to participate in the mediation process, without a request for rescheduling, if:
  (1)    Representatives of each defendant are in attendance, and have the authority to settle the case for the full amount of CCI's claim;

The Honorable Joseph J. Farnan, Jr.
February 17, 2006
Page Three

        (2)    Plaintiff and Defendants each have the ability to provide an opening presentation of argument, for one-half hour, for plaintiff and one-half hour for Defendants' counsel;

        (3)    That each defendant shall have at mediation, an expert, qualified to understand the scheduling analysis generally present in this type of claim.

This is not intended to dictate the manner in which Magistrate Judge Thynge will conduct mediation; but CCI believes that, at this point, mediation would be meaningless without these conditions being accepted.

- June 14, 2006 – Completion of Non-Expert Depositions: CCI believes May 15, 2006 is an appropriate date to end discovery, an 11-week extension, for a delay caused by BOBC itself. Irregardless of the cut-off date, BOBC has taken the improper position that, until after mediation, it will not allow CCI to take a Rule 30(b)(6) deposition. Further, BOBC contends CCI personnel should be deposed first; and then FEC witnesses; and, of course, BOBC last. Counsel, including current BOBC counsel, previously agreed to a fair schedule of depositions, beginning with the Rule 30(b)(6) depositions of BOBC and FEC, and then other witnesses in the previously-agreed upon order. (See D.E. 30-36). Defendants cannot, by unilateral decision, now dictate deposition scheduling, solely to their satisfaction.

- June 28, 2006 – Motions to amend pleadings: CCI believes the March 15, 2006 deadline, previously established, is appropriate. No defendant has made any indication they have any need or desire to amend the pleadings.

- June 30, 2006 – Expert report due from Plaintiff: Acceptable.

- July 31, 2006 – Expert report due from Defendants: Acceptable.

- August 18, 2006 – Case dispositive motions: Acceptable.

BOBC and FEC have refused to provide any information or documentation regarding any facts relating to the Project history, work performed, delays caused by, or problems caused by, other sub-contractors or other representatives of Defendants. CCI's claim is, in significant part, that Defendants wrongfully and unnecessarily caused delays and inefficiencies in this project, and that CCI is entitled to substantial damages. As a part of that claim, CCI has sought discovery, to determine the cause of the delay. Defendants have refused any such discovery. A motion will shortly be filed on behalf of CCI, to address this issue.

BOBC has now insisted on marking documents "Highly Confidential," and claims the current Confidentiality Order, previously stipulated to by counsel for all, and entered as an Order of this Court on December 6,2005, does not apply to BOBC. BOBC asserts that L.R. 26.2

The Honorable Joseph J. Farnan, Jr.
February 17, 2006
Page Four

prohibits the disclosure of this information to Creedon Controls, and that it can only be viewed by counsel. By doing this, BOBC effectively prohibits review by CCI of the entire disks and material vital to CCI's claim. An additional motion will be filed on that issue.

CCI brings these additional two matters to the attention of the Court, to the extent they may impact the future progress of this litigation. Additionally, these maneuvers clearly show it is the clear course of Defendants to thwart the discovery process, prohibit CCI and its counsel from obtaining appropriate information, and to delay, delay, delay. The Court should not permit these discovery abuses.

These abuses are not going to be resolved by the parties, and it is respectfully submitted that the Court schedule a conference, so the positions of the parties may be presented, and appropriately resolved by Your Honor.

Respectfully submitted,

ROBERT K. BESTE, JR.

RKB/msj
cc:    Paul A. Bradley, Esq. (via e-filing)
       Philip Trainer, Esq. (via e-filing)
06894-0001