IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Creedon Controls, Inc., a Delaware corporation, | ) |
| | ) C. A. No. 05CV300 (JJF) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Banc One Building Corporation, an Illinois corporation; and Forest Electric Corporation, a New York corporation, | ) ) ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

COMES NOW, Plaintiff, Creedon Controls, Inc. (hereinafter "CCI"), by and through its undersigned attorneys, and respectfully moves this Court for an order, compelling both Defendants to produce relevant and significant documents and information, relating to work performed at the site known as the "Banc One Core Data Center II" (the "Data Center"), in Wilmington, Delaware, and which is not limited to the work specifically performed by CCI.[1] In support of its motion, CCI states as follows:

1. This litigation concerns the significant construction project, at the Data Center. CCI was the electrical contractor for the General Power & Lighting ("GP&L") #6B., CCI Project #2357 (the "Project"). CCI has been paid substantial sums for the Project, but the amount of $2,985,758. remains due and owing. A significant portion of the CCI claim is that Defendants,

---

[1] The specific discovery requests at issue, and which will be generally referred to herein, include, Defendant Banc One Building Corporation's Amended and Supplemental Responses to Plaintiff's Second Request for Production of Documents (Exhibit 1, see "General Objection J." and Nos. 14-15, 17, and 18); Defendant Banc One's Amended and Supplemental Response to Plaintiff's First Request for Production of Documents (attached hereto as Exhibit 2, see "General Objection J." and Nos. 4, 10, and 13); Defendants Banc One Building Corporation's and Forest Electric Corporation's Answers to Plaintiff's Second Request for Production of Documents (Exhibit 3, incorporating Objections); Defendants Banc One Building Corporation's and Forest Electric Corporation's Answers to Plaintiff's Request for Production of Documents (Exhibit 4, see Objection 11). CCI seeks all requested documents regarding requested categories for this project, even if the response does not specifically indicate documents are not provided, due to the general or specific objections otherwise stated in the responses. Due to "General Objection J," CCI has no definitive way to know what categories of documents have been withheld by Defendants.

jointly and individually, as well as their other subcontractors, representatives, and other agents, prevented CCI from performing its work on the Project in an orderly, effective, expeditious, and economical manner, and within the expectancy of normal industry practices, in the conduct, scheduling, and coordination of the Project, including reasonable sequencing, prompt access to work, and to allow CCI to do its work without unreasonable suspension, hindrance, or delay. Further, CCI alleges that Defendants and their representatives failed to allow the Project to progress, in the time and sequence reasonably expected and anticipated at bid time; and that Defendants interfered with the scheduling and performance of CCI's work.

2. The referenced discovery requests seek relevant information to disclose, among other things, payment requests of FEC to BOBC, bid documents of other electrical contractors, project manuals and specifications, diaries, daily reports, field reports, certifies of final completion, bid estimates for other electrical bids, internal memoranda, logs, progress reports, photographs and videos of the entire Project, site visit reports, and communications.

3. Fed.R.C.P. 26(b)(1), provides in relevant part:

> "(1) **In General**. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party,.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

4. The standard of what material should be provided is extremely broad:

> "Unless it is palpable that the evidence sought can have no possible bearing upon the issues, the sprit of the new rules calls for every relevant fact, however remote, to be bought out for the inspection not only of the opposing party but for the benefit of the court which in due course can eliminate those facts which are not to be considered in determining the ultimate issues." Hercules Powder Co. v. Rohm & Haas Co., 3 F.R.D. 302, 304 (D.Del. 1943); E. I. duPont deNemours & Co. v. Deering Milliken Research Corp., 72 F.R.D. 440 (D.Del. 1976).

What occurred at the Project is at the heart of this controversy, is relevant, and should be produced. In re Ml-Lee Acquisition Fund II, 151 F.R.D. 37 (D.Del. 1993).

5. The extensive issues involved in this delay and inefficiency claim, are difficult to relay to the Court in the limited space available in this motion. Attached as Exhibit "5" is a summary of the major delays, as prepared by CCI. Generally speaking, the Project, planned for 25 weeks, was expanded to 43 weeks – a 72% schedule overrun. Just to name a few examples, there were problems with the drawings, schedules, other trades scheduled in the same areas at the same time as CCI, trenches diverting flow of men and materials for all trades, timing of concrete pours, moving of trailers and equipment of other trades, CCI being required to move its equipment, and that of others, peaking of manpower of other trades, blockage of CCI work by other trades, the activities of Tishman Construction Corp. (TCC") (construction manager) to "clean up" (i.e., throw out) CCI materials, as well as that of other trades, and painting the floor before work was completed. Some of these issues, and others, were discussed by all involved in daily or periodic meetings. TCC set unrealistic timetables, with or without subcontractor input. Daily meetings with BOBC representatives became referred to as "daily lie meetings." These were delays caused by others, perhaps claims of delay caused by CCI, and delays caused by Defendants.

6. The discovery requests are intended to determine the causes and effect of the delays on this Project, by all parties at the Project. How and what is occurring at the Project is not just shown by a review of CCI's work; but, upon review of the work and scheduling, of all concerned. Payment applications and other submittals by other trades may show similar claims. Non-conforming work by others may have caused the delays. Internal memos may discuss work of other trades and why there was a delay. Every factor in this major construction project may go to the heart of the controversy, and why CCI has been so significantly damaged.

7.  It is anticipated that Defendants may contend that, although not protected by Attorney/Client Privilege or the Work Product Doctrine, pricing data and bids of other trades, may be confidential. First, such documents are only a small part of the withheld documents. Second, in general, such data is now two to three years old and therefore stale, and is based upon pricing concerns that are no longer applicable. Third, such data provides no competitive advantage. Finally, since each of the Defendants contend the CCI bid was defective (see Fourth Affirmative Defense of each), CCI's need to compare its bid and data, to that of other trades, outweighs any need to protect the data of others, from whom there is no known objection to disclosure.

8.  To the extent necessary, CCI welcomes any opportunity to present to the Court, by oral argument, complete briefing, or other means, the relevancy of any requested item of information and documentation.

WHEREFORE, CCI prays that the Court grant its motion and require Defendants to provide all requested discovery regarding the Project, not limited to CCI's specific work.[2]

COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

_(signature)_

Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Jr., Esq. (I.D. No. 154)
1007 Orange Street, Nemours Bldg., Suite 205
Wilmington, DE  19801
(302) 425-5089
Attorneys for Plaintiff, Creedon Controls, Inc.

Date: February 21, 2006
RKB/msj

06894-0001

---

[2] The above-referenced attorneys hereby certify, in accordance with D. Del. L R 7.1.1, that reasonable efforts have been made to reach agreement with opposing counsel, on these issues.