**EXHIBIT "4"**

Case 1:05-cv-00300-JJF   Document 51-7   Filed 02/21/2006   Page 1 of 13

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE



RECEIVED
OCT 0 5 2005
By_____

| | |
|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>BANC ONE BUILDING CORPORATION, an Illinois corporation; and FOREST ELECTRIC CORPORATION, a New York corporation,<br><br>    Defendants. | Civil Action No. 05-300 JJF |

**DEFENDANTS BANC ONE BUILDING CORPORATION'S AND FOREST ELECTRIC CORPORATION'S ANSWERS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

GENERAL OBJECTIONS

Defendants incorporate the following objections and statements into each response.

1.  Defendants object to the Request for Production of Documents to the extent that they seek to impose obligations on defendants that exceed those required under the Rules of this Court.

2.  Defendants object to the Request for Production of Documents to the extent that they seek materials prepared in the anticipation of litigation or otherwise call for the disclosure of the mental impressions, conclusions, opinions and/or legal theories of any attorney for defendants or seek information or documents otherwise protected from discovery under the

attorney-client privilege, the work product doctrine, and/or any other applicable privacy, or privilege, immunity, or restriction recognized under the law.

3. Defendants object to the Request for Production of Documents to the extent that they call for information that is proprietary or otherwise confidential. To the extent that defendants respond to any such Request for Production of Documents in whole or in part, such response shall be in accordance with and subject to the terms of the Protective Order to be entered herein.

4. Defendants object to the Request for Production of Documents to the extent that they request information not in the possession, custody, and/or control of defendants.

5. Defendants object to the Request for Production of Documents to the extent that they call for identification or production of information that is a matter of public record and/or equally available to the Plaintiff.

6. Defendants object to the Request for Production of Documents to the extent that they are unreasonably cumulative, duplicative or disproportionate.

7. Defendants object to the Request for Production of Documents to the extent that they seek to annoy, harass or unduly burden defendants and to the extent that they are vague or ambiguous.

8. Discovery in this action is ongoing and defendants' investigation of its claims and defenses is continuing. Defendants' answers to these Request for Production of Documents are based on the facts known to defendants at this time. Accordingly, it reserves the right to amend, supplement and/or revise these answers as discovery continues and additional information becomes available.

9. Defendants intend no incidental or implied admissions by these responses. Its answers or objections to any Request for Production of Documents should not be taken as an admission that defendants accept or admit any "facts" set forth or assumed by that Request. Defendants' answer to part or all of any Request is not a waiver by defendants of any objections to that Request.

10. Defendants object to answering these Request for Production of Documents until such time as an appropriate Stipulation and Order Governing the Exchange of Confidential Information ("Protective Order") may be entered.

11. The responses are limited to documents in connection with the work performed by Creedon Controls.

## REQUESTS

1. Identify and produced all documents which you contend comprise any contract documents between Plaintiff and Defendants and/or between Defendants that related to the Project.

   **RESPONSE:** Objection. This response calls for production of documents beyond the scope of Rule 26 and protected by the attorney-client privilege and work product doctrine. Without waiver of this objection see documents FE 000001- FE 008088, produced to Plaintiff on 9/20/05.

2. Identify and produce all correspondence between Plaintiff and Defendants, and/or between Defendants, that relates to the Project.

   **RESPONSE:** See documents FE 000001- FE 008088, produced to Plaintiff on 9/20/05.

3. Identify and produce all correspondence and any other documents between Defendants and any other person that relates to the Project.

**RESPONSE:** See documents FE 000001- FE 008088, produced to Plaintiff on 9/20/05.

4. Identify and produce all applications for payment, schedules of values and the like submitted by Plaintiff to Defendants that relate to the Project.

**RESPONSE:** Objection. This response calls for production of documents beyond the scope of Rule 26 and protected by the attorney-client privilege and work product doctrine. Without waiver of this objection see documents FE 000001- FE 008088, produced to Plaintiff on 9/20/05.

5. Identify and produce all internal memoranda, reports, comparisons, summaries, tabulations, analyses or other documents prepared by Defendants or their agents, referring to or relating to the Project.

**RESPONSE:** Objection. This response calls for production of documents beyond the scope of Rule 26 and protected by the attorney-client privilege and work product doctrine. Without waiver of this objection see documents FE 000001- FE 008088, produced to Plaintiff on 9/20/05.

6. Identify and produce all change order requests, field orders, work tickets, proposals for change in the work or authorizations to perform extra work on the Project whether or not approved or made part of the contract between Plaintiff and Defendants, that relate to the Project.

**RESPONSE:** See documents FE 000001- FE 008088, produced to Plaintiff on 9/20/05.

7.  Identify and produce all diaries or logs kept by employees of Defendants or their agents or consultants for the Project.

**RESPONSE:**    Objection. This response calls for production of documents beyond the scope of Rule 26 and protected by the attorney-client privilege and work product doctrine. Without waiver of this objection see documents FE 000001- FE 008088, produced to Plaintiff on 9/20/05.

8.  Identify and produce all documents that relate to the allegation in your Answer and Affirmative Defenses that:

   a.  Plaintiff failed to properly staff the Project;

   b.  Plaintiff used inappropriate techniques for performing its work;

   c.  Plaintiff's work was defective;

   d.  Delay was the responsibility of Plaintiff;

   e.  All work performed was within the scope of contract terms and did not qualify as additional work;

   f.  Plaintiff failed to fulfill conditions precedent to any entitlement to payment;

   g.  Plaintiff did not convey and benefit upon Defendant Forest Electric;

   h.  Plaintiff failed to prepare and submit change orders;

   i.  Plaintiff failed to complete its work in the required time period;

   j.  Plaintiff failed to perform substantial portions of the work;

   k.  Plaintiff failed to comply with contract terms, including but not limited to Change Orders and Field Reports;

   l.  Forest Electric acted as Electrical Trade Manager and/or Construction

5

    Manager as agent of Banc One;

  m. Plaintiff executed waivers and releases of liens for work done.

**RESPONSE:** See documents FE 000001- FE 008088, produced to Plaintiff on 9/20/05.

  9. Identify and produce all documents that relate to damages you allegedly incurred, if any, due to Plaintiff's work at the Project, including but not limited to proposals, estimates of repair, canceled checks, analyses, contracts, change orders and the like.

**RESPONSE:** Objection. This request is vague and unduly burdensome. See documents FE 000001- FE 008088, produced to Plaintiff on 9/20/05.

  10. Identify and produce all photographs, videotapes and any other such documents that relate to Plaintiff's work at the Project.

**RESPONSE:** See documents FE 000001- FE 008088, produced to Plaintiff on 9/20/05.

  11. Identify and produce all documents sent by Defendants to any expert witness retained by Defendants, in connection with this litigation.

**RESPONSE:** Objection. This requests information beyond the scope of Rule 26 and protected by the work product doctrine.

  12. Identify and produce all documents that Defendant intend to introduce as evidence at time of trial.

**RESPONSE:** Objection. This request is premature and defendants will respond at the appropriate time as required by the scheduling order.

  13. To the extent that they have not been requested above, identify and produce all

documents that related in any way to the Project, including, but not limited to, any of the items referenced below:

    A.    Plans;

    B.    Specifications;

    C.    Drawings;

    D.    Change orders (signed and unsigned), proposed change orders, updates, revisions or amendments to the original plans or specifications, whether or not submitted or approved, including any change orders, updates, revisions, or amendments consisting of drawings, photographs, or written material;

    E.    Payment documents including but not limited to copies of canceled checks and any other record of payment;

    F.    Payment requests;

    G.    Bid documents;

    H.    Bid proposals;

    I.    Project manuals;

    J.    Diaries;

    K.    Daily reports;

    L.    Field reports (daily, weekly, monthly);

    M.    Notices of non-conforming work;

    N.    Certifications of substantial and final completion, including, but not limited to, all corresponding "punch lists" and/or lists of times to be completed or corrected;

    O.    Bid estimates including work sheets, take-off sheets and analysis;

    P.    Job record files;

Q. Contractor submittals;

R. Shop drawing files and logs;

S. As-built drawings and plans;

T. Labor reports and records;

U. Internal memorandum, including meeting notes, memos to file, or internal memos to other persons;

V. Equipment reports and records;

W. Logs (daily, weekly, monthly);

X. Progress and construction reports;

Y. Progress photographs or videotapes or audio recordings or tapes;

Z. Design calculations;

AA. Project concept descriptions;

AB. Preliminary or schematic drawings and plans;

AC. Working drawings and plans;

AD. Inspection and/or testing reports, including, but not limited to, reports or notes on any inspections or testing done by any parties other than you, any inspections or testing done by or on behalf of any financial institution or lender, any electrical inspections or tests, concrete inspections or tests, weld inspections or tests and bolt installation inspections;

AE. Site visit reports;

AF. Job meeting minutes, including, but not limited to, minutes for owner, architect, contractor and/or subcontractor meetings, construction manager meetings, safety meetings, inspection meetings and testing meetings;

AG. The Subcontracts and the Contract(s) together with all contract documents;

AH. Interviews with persons associated with the design or construction of the Project;

AI. All documents concerning scheduling, timing, sequencing, projections, CPM schedules, bar charts, timetables, and any updates revisions or amendments, whether or not submitted or approved;

AJ. Bid tabulations, comparisons and evaluations;

AK. Change orders, work orders, field orders, proposals, requests for proposals, or confirmation of field instructions to the original plans or specifications, whether approved, disputed or pending, including any such documents consisting of drawings, photographs or written materials;

AL. Monthly pay estimates, requisitions, certifications and payments;

AM. Subcontractor pay requisitions;

AN. Payroll records;

AO. Laboratory, testing and investigation reports;

AP. All records of actual costs incurred in connection with the Projects, including job cost accounting records, audits, financial statements;

AQ. All comparisons, summaries, tabulations, and analysis comparing costs actually incurred on the Projects with cost originally anticipated for such work;

AR. All comparisons, summaries, tabulations, and analysis comparing costs actually incurred on the Projects with cost originally anticipated for such work;

AS. Notices to proceed;

9

AT. Material delivery records;

AU. Survey layout reports;

AV. All correspondence or any writing of any kind in inscription between and among the architect/engineer, construction manager, subcontractors, material and equipment suppliers, field representatives, bonding and surety companies, consultants, and any other person, firm or entity concerning or affecting the Project;

AW. Any reports made by any governmental agency or employee thereof;

AX. Any reports made by any federal, county, city, police, state or other governmental institution;

AY. Transcripts, notes, minutes, reports, audio tapes, summaries and other documents or things pertaining to meetings and discussions, formal or informal; and

AZ. Documents concerning the construction, repair, removal, inspection or completion of any work performed by you.

**RESPONSES:** Objection. These requests are overly broad and unduly burdensome, request documents beyond the scope of Rule 26 and documents covered by the attorney-client privilege work product doctrine and not calculated to lead to the discovery of admissible evidence. Without waiver of these objections and the general objections, see documents FE 000001- FE 008088, produced to Plaintiff on 9/20/05.

O: Objection, requests documents beyond the scope of Rule 26 and are not calculated to lead to the discovery of admissible evidence.

McCARTER & ENGLISH, LLP


By: /s/ Paul A. Bradley
Paul A. Bradley (DE Bar ID 2156)
James J. Freebery (DE Bar ID 3498)
919 North Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300

*Attorneys for Defendants*
*Banc One Building Corporation and*
*Forest Electric Corporation*

Dated: October 4, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation, | : : : | |
| Plaintiff, | : : | Civil Action No. 05-300 JJF |
| v. | : : : | |
| BANC ONE BUILDING CORPORATION, an Illinois corporation; and FOREST ELECTRIC CORPORATION, a New York corporation, | : : : : : | |
| Defendants. | : : | |

**CERTIFICATE OF SERVICE**

I, Paul A. Bradley, Esquire, hereby certify that two true and correct copies of the Defendants Banc One Building Corporation and Forest Electric Corporation's Responses to Plaintiff's Request for Production of Documents were served on this 4th day of October, 2005 on the following counsel of record via United States Mail:

Robert K. Beste, Jr., Esquire
Cohen Seglias Pallas
  Greenhall & Furman, P.C.
Nemours Building, Suite 205
1007 Orange Street
Wilmington, DE  19801

McCARTER & ENGLISH, LLP

BY:   /S/ PAUL A. BRADLEY
        Paul A. Bradley (DE Bar ID #2156)
        Michael P. Kelly (DE Bar ID #2295)
        919 N. Market Street, Suite 1800
        P.O. Box 111
        Wilmington, DE  19899
        (302) 984-6333
        Attorneys for Defendants

12ME1\5243209.1