IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREEDON CONTROLS, INC., a Delaware Corporation, | § § § § § § § § § § § § § § | C.A. No. 05CV300 (JJF) |
| Plaintiff, | | |
| v. | | |
| BANC ONE BUILDING CORPORATION, An Illinois Corporation, and FOREST ELECTRIC CORPORATION, a New York Corporation, | | |
| Defendants. | | |

**DEFENDANT FOREST ELECTRIC CORPORATION'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW, Defendant Forest Electric Corporation ("Forest") by and through undersigned counsel in opposition to Plaintiff's Motion to Compel (the "Motion") and responds as follows:

1. Plaintiff Creedon Controls, Inc. ("Creedon") filed the Motion on February 21, 2006. The Motion pertains to both Banc One Building Corporation ("Banc One"), and Forest.[1]

*A Wide Net—Creedon's Roving Document Demands*

2. The Motion crafts two grievances: (i) everything stated in <u>Defendants Banc One Building Corporation's and Forest Electric Corporation's Answers to Plaintiff's Second Request for Production of Documents</u>, including "(Exhibit 3 [to the Motion], incorporating Objections)"; and (ii) everything stated in <u>Defendants Banc One Building Corporation's and Forest Electric</u>

---

[1] Although globally, Creedon seeks documents from both Defendants and couches its Motion in terms of a single demand, Forest responds here only to the extent that such demands are relevant to Forest. Where applicable, Forest incorporates any and all defenses and arguments made by Banc One and where applicable adopts all statements of Banc One to the extent that they relate to a response to the Motion.

<u>Corporation's Answers to Plaintiff's Request for Production of Documents</u>, including "(Exhibit 4 [to the Motion], see Objection 11)".

3. Thus, Creedon seeks to compel two categories of documents. First, those to which Forest objects as unduly burdensome, vague and outside the scope of F.R.C.P. 26. Second, Creedon baldly demands proprietary and confidential documents between Forest and other contractors.

4. Forest demurs because the documents demanded are irrelevant, beyond the scope of F.R.C.P 26 and wholly unrelated to any allegations made in the Compliant. For the reasons herein, Creedon's Motion should be Denied.

*Creedon's Complaint and the Foundation of its Discovery Demands*

5. Creedon's simple Complaint alleges two alternative theories. First, that Banc One breached an alleged agreement between Creedon and Banc One, which acknowledges Forest as Banc One's agent at all times; second, that Forest breached an alleged agreement between Creedon and Forest, which expressly precludes monetary damages. (D.I. 2, *compare* Count II with Count III).

6. Forest has reviewed, categorized and produced to Creedon and its attorneys in excess of 14,000 documents (*see* Ex. A hereto, Forest Production Log), related to the theories outlined in Creedon's Complaint.

7. Now, in support of its Motion Creedon conjures an un-pled conspiracy orchestrated by Defendants to surreptitiously deploy other contractors to preclude Creedon's timely performance. (*See* D.I. 51 Motion, ¶¶5-6).[2] To root out this modified speculation, Creedon prays for access to highly proprietary bid, contract, estimation and other documents between Forest and third-parties

---

[2] Creedon's new theory which is not alleged in the Complaint, sounds in breach of the covenant of good faith and fair dealing. This differs from Creedon's Complaint which Forest has fairly read to allege that Defendants' breach of the contract was a failure to adequately define and outline the scope of the work to be performed by Creedon, and that as a result Creedon could not adequately perform, spent time performing duplicate work or such work had already been performed by a third party. Creedon now attempts to assert that the alleged breach of the contract was the conspiracy itself to preclude Creedon's performance, which is an allegation associated with contractual covenants— not inadequate management as pled.

with whom Creedon still actively competes in the relevant marketplace and Forest still actively employs in other of its endeavors.

8. First, this new theory was not pled by Creedon; regardless, it does nothing to prove the breach of contract alleged. Forest has produced schedules of third party contractors which outline the date, time and scope of work to be performed and the date and time of completion. Second, Creedon has *not* pointed to a single document in the over 14,000 pages that have already been produced by Forest alone, remotely supportive of its conspiracy premonition.

9. Creedon's demands are a subterfuge to view the proprietary information of its competitor and Forest and amount to nothing more than a fishing expedition designed to vet out a newly fabricated and wholly unsupported theory regarding a third party conspiracy.

*Category I—Creedon's Prayers Lack Purpose and Cause and Do Not Overcome Forest's Standing Objections.*

10. "An order for the production of documents, etc., under Rule 34 will not be entered unless the motion and the accompanying affidavits show that the items sought are relevant and sufficiently designated and that the movant has 'good cause' for the requested production." *Scuderi v. Boston Ins. Co.*, 34 F.R.D. 463, 466 (D. Del. 1964); 28 U.S.

11. C.A. 4 Moore's Federal Practice, 2nd Ed., § 34.08; *Alltmont v. U.S.*, 177 F.2d 971 (3d Cir. 1950) *cert. denied*, 339 U.S. 967 (1950). "Good cause means that there must be 'special circumstances in [the] particular case which make it essential to the preparation of [the] case and in the interest of justice that the statements be produced for inspection or copying." *Alltmont*, 177 F.2d at 978.

12. Forest has properly made objections to Creedon's requests and articulated a basis therefore. Creedon forwards no specific good cause; Creedon's demand is broad, points to no specific Forest objection, and fails to state good cause for any one of Forest's specific objections. This alone

precludes the relief the Motion demands. Further, Creedon has not articulated how any such information is relevant to its two alternative contract claims and theories related to such pleadings. Creedon fails to articulate good cause for any objection and the Motion should be Denied.

*Category II Request—Creedon is on a Fishing Expedition*

13. "[D]iscovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action."[3] Creedon's second discovery demand is founded upon its newly morphed theory of how Defendants' allegedly breached a contract. Creedon itself admits the speculative nature of this information. (D.I. 51, Motion ¶5-6). Without basis in the Complaint or support by any of the 14,000 documents produced in this case to date, Creedon's intrusive quest in pursuit of a hunch must be Denied.

14. Even if Creedon's request were not a fishing expedition and were founded upon some permissible basis, its second request is unduly burdensome. This project involved at least a dozen contractors and subcontractors employed over the course of thirteen months. Compilation and review of potentially a hundred thousand related documents to ferret out Creedon's unsubstantiated hunch, would be enormously expensive, time consuming and unjustifiably onerous.

---

[3] *Zuk v. Eastern Pa. Psychiatric Inst. of Med. College of Pa.*, 103 F.3d 294, 299 (3d Cir. 1996); *see also Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed.Cir.1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim. That the discovery might uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery request ....") (footnote omitted) (citations omitted); *Strait v. Mehlenbacher*, 526 F.Supp. 581, 584 (W.D.N.Y.1981) ("[I]t appears that defendants are attempting to utilize the discovery rules as a 'fishing expedition' to find some basis of their civil rights claim. This is plainly in violation of the Federal Rules.") (citations omitted); *Lamar Printing, Inc. v. Minuteman Press Int'l, Inc.*, No. C 81-05 A, 1981 WL 2080, at *3 (N.D.Ga. May 14, 1981) ("Discovery under the Federal Rules of Civil Procedure is intended to narrow the scope of the issues and to prevent surprise at trial; it is not intended to allow a plaintiff to go on a fishing expedition to see if the speculative complaint that he has filed has any basis in fact.") (Exhibit B hereto); *In re Fontaine*, 402 F.Supp. 1219, 1221 (E.D.N.Y.1975) ("While the standard of relevancy is a liberal one, it is not so liberal as to allow a party 'to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so .' ") (citations omitted).

                                  **McCARTER & ENGLISH, LLP**

By:   /s/ Paul A. Bradley
            ————————————————
            Paul Bradley, Esq. (# 2156)
            James J. Freebery, Esq. (#3498)
            Christopher A. Selzer, Esq. (#4305)
            919 North Market Street, Suite 1800
            Wilmington, DE 19899
            (302) 984.6300 telephone

March 2, 2006.             **Attorneys for Plaintiff**

5521119v1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>BANC ONE BUILDING CORPORATION, an Illinois corporation; and FOREST ELECTRIC CORPORATION, a New York corporation,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:   Civil Action No. 05-300 JJF<br>:<br>:<br>:<br>:<br>:<br>: |

**CERTIFICATE OF SERVICE**

I, Paul A. Bradley, Esquire, hereby certify that two true and correct copies of Defendant Forest Electric Corporation's Response in Opposition to Plaintiff's Motion to Compel were served on this 2nd day of March, 2006, on the following counsel of record via hand delivery and e-file:

Robert K. Beste, Jr., Esquire
Cohen Seglias Pallas
   Greenhall & Furman, P.C.
Nemours Building, Suite 205
1007 Orange Street
Wilmington, DE  19801

Lawrence C. Ashby, Esquire
Philip Trainer, Jr., Esquire
Ashby & Geddes, P.A.
222 Delaware Avenue
P. O. Box 1150
Wilmington, DE  19899

                                                       McCARTER & ENGLISH, LLP

                                BY:    /s/ PAUL A. BRADLEY
                                                   Paul A. Bradley (DE Bar ID #2156)
                                                   James J. Freebery (DE Bar ID #3498)
                                                   919 N. Market Street, Suite 1800
                                                   P.O. Box 111
                                                   Wilmington, DE  19899
                                                   (302) 984-6333
                                                   Attorneys for Defendants

ME1\5524747.1