IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Creedon Controls, Inc., a Delaware corporation, | ) <br> ) C.A. No. 05CV300 (JJF) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| Banc One Building Corporation, an Illinois corporation; and Forest Electric Corporation, a New York corporation, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

**DEFENDANT BANC ONE BUILDING CORP.'S RESPONSE TO PLAINTIFF CREEDON CONTROLS, INC.'S MOTION TO COMPEL DISCOVERY**

Banc One Building Corporation ("BOBC"), by and through its undersigned attorneys, hereby respectfully responds to and opposes the Motion to Compel Discovery filed by Creedon Controls, Inc. ("CCI") dated February 21, 2006 (the "Motion"). As explained below, since new counsel's appearance, BOBC has reviewed and produced (or proffered) a large volume of documents and other materials, subject only to protecting the proprietary information of third parties. That fact notwithstanding, CCI now seeks to transform the molehill of what was but a specific and small portion of an otherwise very large construction project into a discovery mountain. For the reasons set forth below, the Motion should be denied.

      1.      This matter arises from CCI's limited role in the construction of a very large facility located near Wilmington, commonly referred to as the "Banc One Core Data Center II" ("CDC II"). The cost of CDC II, was approximately $196 million dollars. The cost of CCI's limited role – were one to accept the validity of its claim – is well less than 1.5%. During the course of discovery in this case, BOBC has reviewed and produced or proffered for production in an expedited manner every document in its possession related to the work performed by CCI at the CDC II site.

2. BOBC has gone to exceptional lengths to complete this document review, including having its attorneys work lengthy days and weekends. To date, BOBC has reviewed approximately 144 boxes of documents related to CDC II, and its sister facility "Banc One Core Data Center I" ("CDC I", collectively with CDC II "the Project"), 61 CDs, 12 diskettes, 54,511 pages of email correspondence and 65,548 pages of electronic documents found on its computer network, back-up tapes, and on the computer hard drives of current and former employees. BOBC has produced over 6400 pages of documents, including all relevant email correspondence. Because the Project involved a number of trade contractors, BOBC has been required to review a large number of documents to identify those few that are responsive to Creedon's requests. The small number of produced documents in relation to the large number of documents reviewed by BOBC underscores the small role played by CCI in the Project.

3. Contrary to CCI's allegations in its Motion, BOBC has, in fact, produced the "bid documents of other electrical contractors" and "bid estimates for other electrical bids." Those documents have been produced to the extent the bids were for the work eventually awarded to CCI or for corollary work done at CDC I. BOBC has similarly produced all photographs and videos of the "Project" (using CCI's own definition as "CCI Project #2357") (Motion at ¶ 1) that are in its possession. BOBC has reasonably sought to limit disclosure of third party bids and related third party pricing and payment information to counsels' and consultants' eyes only to ensure that CCI executives do not receive the financial and bid information of competitors. Disclosure of such information to CCI would, in and of itself, yield a windfall to CCI at the expense of others not a party to this litigation. Moreover, providing such information not only inures to the detriment of non-parties, but also potentially exposes BOBC for improper and/or unauthorized disclosure.

4. CCI has requested that BOBC produce "payment requests of [Forest] to [the Bank] . . . diaries, daily reports, field reports, certifies of final completion, . . . internal memoranda, logs, progress reports, . . . site visit reports and communications" (*id.* at ¶ 2). CCI argues the information is needed to determine the cause and effect of CCI's alleged delay and if other trades filed similar claims

(*id.* at ¶ 6), but CCI has failed to present any basis to show that these documents are likely to contain any support for CCI's claim. The requested documents record a myriad of issues and site work (from initial grading to installation of curtain walls and landscaping), all completely unrelated to CCI's work. To the extent some comparatively few documents within that collection do relate to CCI's work, they have been produced. As to project manuals and specifications for work not done by CCI, like the drywall or the roof, these are plainly irrelevant to this litigation. CCI was given the project manuals and specification for its work at the time it was hired. Indeed, those "specifications" are referred to in the exhibit CCI attached to its complaint.

        5.     CCI's requests are not merely a fishing expedition, but seek to trawl the ocean of documents in the hope that a few relevant fish may somehow be found. CCI has failed to present any support for it claims. Instead, CCI has alleged, without any factual basis, that everyone involved with the Project conspired against CCI to prevent it from completing its work on time. Motion at ¶ 1. To find support for these unsubstantiated allegations, CCI seeks to force BOBC to turn over every document related to the Project, including many documents that contain the confidential pricing information of CCI's competitors and most are unrelated to CCI. If CCI wants to go on a fishing expedition "as with actual fishing, the hook must first be appropriately baited." *In re ML-Lee Acquisition Fund II, L.P.*, 151 F.R.D. 37, 39 (D. Del. 1993). CCI's request is really an attempt to engage in guerilla warfare, drive up the costs of discovery and force BOBC into a settlement even though BOBC contends it is not a proper party to this lawsuit and owes CCI nothing. This Court should not countenance such efforts, efforts that only serve to unduly burden BOBC.

        6.     CCI has failed to carry its burden of demonstrating that the requested documents have a "bearing upon the subject matter of the action." *In re ML-Lee Acquisition Fund II, L.P.*, 151 F.R.D. at 41. CCI contends that "[w]hat occurred at the Project is at the heart of this controversy, is relevant, and should be produced." Motion at ¶ 4. Given that CCI has defined its use of the term "the

Project" to mean "CCI Project #2357" (*id.* at ¶ 1), BOBC agrees and has already produced all documents in its possession related to "CCI Project #2357."

7. To the extent this Court does permit CCI to go fishing, BOBC requests that CCI be ordered to bear the costs of this invasive and unnecessary discovery, and to review the documents at the New York office of its counsel Paul Hastings, Janofsky & Walker, LLP., where the documents are located.

8. BOBC continues to maintain that the pricing data and bids of other trades is proprietary information – submitted to BOBC in confidence, and should be kept confidential. BOBC is justified in withholding this proprietary information entirely from CCI. *United States v. United Fruit Company*, 410 F.2d 553, 556 (5th Cir. 1969) (holding that courts are particularly justified in avoiding the disclosure of "confidential business information" to competitors). As a compromise, BOBC has agreed to allow CCI's counsel and any experts hired by CCI to review this confidential information, provided that the parties and experts execute the confidentiality order proposed by BOBC, a copy of which is attached hereto as exhibit A. This compromise is more than adequate to allow CCI to prosecute its claim. *Cities Service Oil Co. v. Celanese Corp., of America*, 10 F.R.D. 458, 460 (D. Del. 1950) ("The court is therefore of the opinion that the disclosure of information which embraces such secrets should not be compelled unless and until it is clear that the plaintiff will definitely be deprived of the proper and necessary means to prepare and prove its case if the opportunity to inspect and examine … documents covered by the motion is not afforded to it.").

WHEREFORE, BOBC respectfully requests that the Court not allow CCI to conduct an unduly burdensome fishing expedition and deny CCI's Motion.

Dated: March 2, 2006                    ASHBY & GEDDES

                                        _____
                                        Lawrence C. Ashby (#468)
                                        Philip Trainer, Jr. (#2788)
                                        Ricardo Palacio (#3765)
                                        222 Delaware Avenue
                                        P.O. Box 1150
                                        Wilmington, Delaware 19899
                                        (302)-654-1888

                                        *Attorneys for defendant Banc One Building Corporation*

167196.1