IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Creedon Controls, Inc., a Delaware corporation,          )
                                                          )  C.A. No. 05CV300 (JJF)
                        Plaintiff,                        )
                                                          )
                v.                                        )
                                                          )
Banc One Building Corporation, an Illinois corporation;   )
and Forest Electric Corporation, a New York               )
corporation,                                              )
                                                          )
                        Defendants.                       )

## DEFENDANT BANC ONE BUILDING CORP.'S RESPONSE TO PLAINTIFF CREEDON CONTROLS, INC.'S MOTION TO COMPEL DISCOVERY

Banc One Building Corporation ("BOBC"), by and through its undersigned

attorneys, hereby respectfully responds to and opposes the Motion to Compel Discovery filed by Creedon

Controls, Inc. ("CCI") dated February 21, 2006 (the "Motion").  As explained below, since new counsel's

appearance, BOBC has reviewed and produced (or proffered) a large volume of documents and other

materials, subject only to protecting the proprietary information of third parties.  That fact

notwithstanding, CCI now seeks to transform the molehill of what was but a specific and small portion of

an otherwise very large construction project into a discovery mountain.  For the reasons set forth below,

the Motion should be denied.


        1.      This matter arises from CCI's limited role in the construction of a very large

facility located near Wilmington, commonly referred to as the "Banc One Core Data Center II" ("CDC

II").  The cost of CDC II, was approximately $196 million dollars.  The cost of CCI's limited role – were

one to accept the validity of its claim – is well less than 1.5%.  During the course of discovery in this

case, BOBC has reviewed and produced or proffered for production in an expedited manner every

document in its possession related to the work performed by CCI at the CDC II site.

2.    BOBC has gone to exceptional lengths to complete this document review, including having its attorneys work lengthy days and weekends. To date, BOBC has reviewed approximately 144 boxes of documents related to CDC II, and its sister facility "Banc One Core Data Center I" ("CDC I", collectively with CDC II "the Project"), 61 CDs, 12 diskettes, 54,511 pages of email correspondence and 65,548 pages of electronic documents found on its computer network, back-up tapes, and on the computer hard drives of current and former employees.  BOBC has produced over 6400 pages of documents, including all relevant email correspondence.  Because the Project involved a number of trade contractors, BOBC has been required to review a large number of documents to identify those few that are responsive to Creedon's requests.  The small number of produced documents in relation to the large number of documents reviewed by BOBC underscores the small role played by CCI in the Project.

3.    Contrary to CCI's allegations in its Motion, BOBC has, in fact, produced the "bid documents of other electrical contractors" and "bid estimates for other electrical bids." Those documents have been produced to the extent the bids were for the work eventually awarded to CCI or for corollary work done at CDC I.  BOBC has similarly produced all photographs and videos of the "Project" (using CCI's own definition as "CCI Project #2357") (Motion at ¶ 1) that are in its possession.  BOBC has reasonably sought to limit disclosure of third party bids and related third party pricing and payment information to counsels' and consultants' eyes only to ensure that CCI executives do not receive the financial and bid information of competitors.  Disclosure of such information to CCI would, in and of itself, yield a windfall to CCI at the expense of others not a party to this litigation.  Moreover, providing such information not only inures to the detriment of non-parties, but also potentially exposes BOBC for improper and/or unauthorized disclosure.

4.    CCI has requested that BOBC produce "payment requests of [Forest] to [the Bank] . . . diaries, daily reports, field reports, certifies of final completion, . . . internal memoranda, logs, progress reports, . . . site visit reports and communications" (*id.* at ¶ 2).  CCI argues the information is needed to determine the cause and effect of CCI's alleged delay and if other trades filed similar claims

(*id.* at ¶ 6), but CCI has failed to present any basis to show that these documents are likely to contain any support for CCI's claim. The requested documents record a myriad of issues and site work (from initial grading to installation of curtain walls and landscaping), all completely unrelated to CCI's work. To the extent some comparatively few documents within that collection do relate to CCI's work, they have been produced. As to project manuals and specifications for work not done by CCI, like the drywall or the roof, these are plainly irrelevant to this litigation. CCI was given the project manuals and specification for its work at the time it was hired. Indeed, those "specifications" are referred to in the exhibit CCI attached to its complaint.

5.    CCI's requests are not merely a fishing expedition, but seek to trawl the ocean of documents in the hope that a few relevant fish may somehow be found. CCI has failed to present any support for it claims. Instead, CCI has alleged, without any factual basis, that everyone involved with the Project conspired against CCI to prevent it from completing its work on time. Motion at ¶ 1. To find support for these unsubstantiated allegations, CCI seeks to force BOBC to turn over every document related to the Project, including many documents that contain the confidential pricing information of CCI's competitors and most are unrelated to CCI. If CCI wants to go on a fishing expedition "as with actual fishing, the hook must first be appropriately baited." *In re ML-Lee Acquisition Fund II, L.P.*, 151 F.R.D. 37, 39 (D. Del. 1993). CCI's request is really an attempt to engage in guerilla warfare, drive up the costs of discovery and force BOBC into a settlement even though BOBC contends it is not a proper party to this lawsuit and owes CCI nothing. This Court should not countenance such efforts, efforts that only serve to unduly burden BOBC.

6.    CCI has failed to carry its burden of demonstrating that the requested documents have a "bearing upon the subject matter of the action." *In re ML-Lee Acquisition Fund II, L.P.*, 151 F.R.D. at 41. CCI contends that "[w]hat occurred at the Project is at the heart of this controversy, is relevant, and should be produced." Motion at ¶ 4. Given that CCI has defined its use of the term "the

Project" to mean "CCI Project #2357" (*id.* at ¶ 1), BOBC agrees and has already produced all documents in its possession related to "CCI Project #2357."

       7.      To the extent this Court does permit CCI to go fishing, BOBC requests that CCI be ordered to bear the costs of this invasive and unnecessary discovery, and to review the documents at the New York office of its counsel Paul Hastings, Janofsky & Walker, LLP., where the documents are located.

       8.      BOBC continues to maintain that the pricing data and bids of other trades is proprietary information – submitted to BOBC in confidence, and should be kept confidential. BOBC is justified in withholding this proprietary information entirely from CCI. *United States v. United Fruit Company*, 410 F.2d 553, 556 (5th Cir. 1969) (holding that courts are particularly justified in avoiding the disclosure of "confidential business information" to competitors). As a compromise, BOBC has agreed to allow CCI's counsel and any experts hired by CCI to review this confidential information, provided that the parties and experts execute the confidentiality order proposed by BOBC, a copy of which is attached hereto as exhibit A. This compromise is more than adequate to allow CCI to prosecute its claim. *Cities Service Oil Co. v. Celanese Corp., of America*, 10 F.R.D. 458, 460 (D. Del. 1950) ("The court is therefore of the opinion that the disclosure of information which embraces such secrets should not be compelled unless and until it is clear that the plaintiff will definitely be deprived of the proper and necessary means to prepare and prove its case if the opportunity to inspect and examine … documents covered by the motion is not afforded to it.").

       WHEREFORE, BOBC respectfully requests that the Court not allow CCI to conduct an unduly burdensome fishing expedition and deny CCI's Motion.

Dated:  March 2, 2006

ASHBY & GEDDES

Lawrence C. Ashby (#468)
Philip Trainer, Jr. (#2788)
Ricardo Palacio (#3765)
222 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
(302)-654-1888

*Attorneys for defendant Banc One Building
Corporation*

167196.1

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., a<br>Delaware corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>BANC ONE BUILDING CORPORATION, an<br>Illinois corporation; and FOREST ELECTRIC<br>CORPORATION, a New York corporation,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)     Civil Action No. 05-300 JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(7), the parties, through their respective counsel of record, stipulate to the entry of the following Protective Order ("Order"), which shall govern the exchange of Confidential Information in this action:

**IT IS HEREBY ORDERED** as follows:

1.        As used in this Order, "person" includes any party or non-party to this action.

2.        Whenever a person provides to any party to this action information or material that contains or discloses trade secrets or confidential research, development, technical, commercial, operational, marketing, financial or proprietary information (such as within the meaning of Fed. R. Civ. P. 26(c)(7)), or that contains or discloses information protected by the right to privacy, the information or material may be designated as Confidential Information. To designate material as Confidential Information, all or part of the material shall be marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER,"

or the equivalent. In lieu of marking original documents, copies that are produced may be marked.

3.     When a person provides to any party to this action Confidential Information, as defined in paragraph 2, that contains trade secrets or information so sensitive or confidential that disclosure to a competitor and its personnel would be likely to harm the competitive position of the producing party or would be injurious to the reasonable business interests of the producing party, the Confidential Information may be designated as Highly Confidential Information. To designate material as Highly Confidential Information, all or part of the material shall be marked with the legend "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," or the equivalent. In lieu of marking original documents, copies that are produced may be marked.

4.     A person may designate as Confidential Information or Highly Confidential Information any information or material provided to any party in this action that meets the standards set forth in paragraphs 2 or 3 of this Order, including, without limitation, testimony at depositions, answers to interrogatories or requests for admission, documents produced, and information obtained from inspection of premises or tangible objects. If a person who is not a party to this agreement produces, in response to discovery requests in this action, material or information that meets the standards of confidentiality set forth in paragraphs 2 or 3 of this Order, then a party hereto may designate (or cause the producing person to designate) such material or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

5.     A party may designate as Confidential Information or Highly Confidential Information only those materials or information that the party in good faith believes are entitled to protection pursuant to the standards set forth in paragraphs 2 and 3 of this Order, except that

no materials or information may be designated as Confidential Information or Highly Confidential Information if those materials or information:

        a.     Have been or become in the possession of the receiving party through lawful means other than production or disclosure in this Action, unless the materials or information are covered by a separate non-disclosure or confidentiality agreement, in which case the receiving party may continue to use such documents in the course of its business, subject to such other agreement; or

        b.     Have been or become part of the public domain, e.g., by publication, and not due to any unauthorized act or omission on the part of a receiving party or any of its authorized representatives or designees under this Protective Order.

        6.     All documents and pleadings of any nature containing Confidential or Highly Confidential Information, and all copies thereof, shall be maintained by any person qualified to receive and to retain them under the terms of this Order in a secure manner, intended to minimize any risk of the inadvertent disclosure thereof.

        7.     Any person to whom Confidential or Highly Confidential Information is disclosed (subject to the other terms hereof) shall treat that information in a manner reasonably calculated to preserve the confidentiality of such information. If Confidential Information or Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party of the Confidential Information or Highly Confidential Information and make every reasonable effort to retrieve such Confidential Information or Highly Confidential Information and to prevent further disclosure.

8.     Except by leave of Court, a party receiving Confidential or Highly Confidential Information shall not use such information for any purpose other than in connection with the preparation, trial and appeal, including any retrials, of this action.  Nothing shall prevent disclosure beyond the terms of this Order if the person designating the information as Confidential or Highly Confidential Information consents in writing to such disclosure.

9.     A party receiving Confidential Information designated as "CONFIDENTIAL" may disclose such Confidential Information only to Qualified Persons as set forth in paragraph 10 of this Order, and only in accordance with the terms of this Order.

10.     For purposes of the preparation, trial, and appeal, including any retrials, of this action, and subject to this Order, Confidential Information may be disclosed only to the following Qualified Persons:

a.     outside attorneys of record herein for the Parties and other members of, or attorneys regularly employed by, their firm(s) who are working on this matter ("Counsel of Record");

b.     up to four in-house personnel who are working on this matter and are identified in advance of receiving Confidential Information.

c.     clerical and administrative personnel, such as secretaries and paralegals, regularly employed by Counsel of Record, working under the supervision of such attorneys in connection with this matter;

d.     persons who have been retained by the Parties specifically to provide translation or interpretation from one language to another, and who sign the Undertaking attached as Exhibit A;

e.     persons who have been retained by the Parties specifically to provide expert assistance or advice in this matter (collectively referred to as "Independent

Advisors"), and who sign the Undertaking attached as Exhibit A, as well as persons regularly employed by and working under the supervision of such Independent Advisors in connection with this matter. Before any such person is given access to Confidential Information, the retaining party must give the other parties a copy of the signed Undertaking and a copy of the person's resume or C.V. If any party objects within ten (10) business days, then the person may not be given access until such objection is resolved;

        f.      deposition or trial witnesses (during both their testimony and preparation) who authored, received, or are employed by the party that produced the Confidential Information;

        g.      the Court and its employees;

        h.      Outside Discovery Material processing services, including document copying services, document coding services, and computerization services. Notwithstanding any other provision of this Protective Order, access to Confidential Information shall be permitted to such vendors without need for the completion of Exhibit A. The Party providing Confidential Information to an outside Discovery Material processing service shall be responsible for that service's compliance with the provisions of this Protective Order;

        i.      court reporters, videographers or stenographers, or other persons preparing transcripts of testimony under the supervision of a court reporter or stenographer; and

        j.      any other person upon such terms and conditions as the parties may agree or as the Court hereafter by order directs.

        11.      A party receiving Highly Confidential Information designated as "HIGHLY CONFIDENTIAL" may disclose such Confidential Information only to Qualified Persons as set forth in paragraph 12 of this Order, and only in accordance with the terms of this Order.

12.    For purposes of the preparation, trial, and appeal, including any retrials, of this action, and subject to this Order, Highly Confidential Information may be disclosed only to the following Qualified Persons:

a.    Counsel of Record;

b.    clerical and administrative personnel, such as secretaries and paralegals, regularly employed by Counsel of Record, working under the supervision of such attorneys in connection with this matter;

c.    persons who have been retained by the Parties specifically to provide translation or interpretation from one language to another, and who sign the Undertaking attached as Exhibit A;

d.    Independent Advisors who sign the Undertaking attached as Exhibit A, as well as persons regularly employed by and working under the supervision of such Independent Advisors in connection with this matter.  Before any such person is given access to Highly Confidential Information, the retaining party must give the other parties a copy of the signed Undertaking and a copy of the person's resume or C.V.  If any party objects within ten (10) business days, then the person may not be given access until such objection is resolved;

e.    deposition or trial witnesses (during both their testimony and preparation) who authored, received, or are employed by the party that produced the Highly Confidential Information;

f.    the Court and its employees;

g.    Outside Discovery Material processing services, including document copying services, document coding services, and computerization services. Notwithstanding any other provision of this Protective Order, access to Highly Confidential Information shall be permitted to such vendors without need for the completion of Exhibit A.

The Party providing Highly Confidential Information to an outside Discovery Material processing service shall be responsible for that service's compliance with the provisions of this Protective Order.

         h.     court reporters, videographers or stenographers, or other persons preparing transcripts of testimony under the supervision of a court reporter or stenographer; and

         i.     any other person upon such terms and conditions as the parties may agree or as the Court hereafter by order directs.

         13.     In the event additional parties join or are joined in this action, they shall not have access to Confidential or Highly Confidential information until they have executed and filed with the Court their agreement to be fully bound by this Stipulation and Order.

         14.     All depositions taken by any party at which any Confidential or Highly Information is provided, used, inquired into, or otherwise disclosed shall be conducted only in the presence of the deposition witness and his or her counsel, and other persons permitted under paragraphs 10 and/or 12 of this Order, as appropriate.

         15.     Counsel for any deponent or party may designate deposition testimony or exhibits as Confidential or Highly Confidential Information by so indicating on the record at the deposition.  Failure of counsel to designate testimony or exhibits as confidential or highly confidential at deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits.  Upon receipt of the transcript of the deposition, counsel shall have twenty (20) business days in which to designate specific exhibits and/or pages and lines of the transcript as Confidential or Highly Confidential Information.  During this twenty (20) day period, the entire transcript will be treated as Highly Confidential Information.

         16.     When material disclosed during a deposition is designated as Confidential or Highly Confidential Information at the time testimony is given, the reporter shall separately

transcribe those portions of the testimony, mark the face of the transcript with the confidentiality language set forth in paragraphs 2 or 3 above, and maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents.    For convenience, if a deposition transcript or exhibit contains repeated references to Confidential or Highly Information which cannot conveniently be segregated from non-confidential material, any person may request that the entire transcript or exhibit be maintained by the reporter as confidential or highly confidential.

17.    Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding relating to this matter.  The designation of certain information as Confidential or Highly Confidential pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of the information.

18.    If any party to this litigation disagrees at any stage of these proceedings with any other party's designation of any material or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the parties shall try first to resolve such disputes in good faith between themselves.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court.  The party designating the material or information as Confidential or Highly Confidential Information shall have the burden of proving by a preponderance of the evidence that there is good cause for the material to have such protection.  Pending resolution of any motion filed pursuant to this paragraph, all parties and other persons bound by this Order

shall continue to treat the disputed material as Confidential or Highly Confidential Information until the issue is resolved by the Court.

19.    If any Confidential or Highly Confidential Information is inadvertently provided without being designated in accordance with this Order, the failure to designate the information or material shall not be deemed a waiver of its confidentiality.  Until the information or material is designated as Confidential or Highly Confidential Information, however, a party shall be entitled to treat the information or material as non-confidential.  When the information or material is designated as Confidential or Highly Confidential Information, the parties shall take prompt steps to assure that it is appropriately marked, if applicable, and thereafter treated as Confidential or Highly Confidential Information pursuant to the terms of this Order.

20.    If a party in possession of Confidential or Highly Confidential Information receives a subpoena or other compulsory process from a non-party to this Stipulation and Order seeking production or other disclosure of such Confidential or Highly Confidential Information during or after the pendency of this litigation, that party shall give prompt notice to counsel for the Producing Party.  If the Producing Party objects to the Confidential or Highly Confidential Information being produced, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential or Highly Confidential Information called for prior to receiving a court order or the consent of the Producing Party.  In the event that Confidential or Highly Confidential Information is produced to the non-party, such information shall still be treated as Confidential or Highly Confidential by the parties to this Stipulation and Order.

21.    If a party wishes to file Confidential Information with the Court, electronically or otherwise, the parties must follow the Court rules concerning filings under seal. Any material containing Confidential Information shall be filed in sealed envelopes or other

appropriately sealed containers, prominently marked with the caption of the case and title of the document or a general description of the contents of the envelope or container, as illustrated below:

**CONFIDENTIAL – FILED UNDER SEAL**
**SUBJECT TO A PROTECTIVE ORDER**

Any brief or other document filed with the Court that includes Confidential Information shall be filed in the same manner.

22.    If a party wishes to file Highly Confidential Information with the Court, electronically or otherwise, the parties must follow the Court rules concerning filings under seal. Any material containing Highly Confidential Information shall be filed in sealed envelopes or other appropriately sealed containers, prominently marked with the caption of the case and title of the document or a general description of the contents of the envelope or container, as illustrated below:

**HIGHLY CONFIDENTIAL – FILED UNDER SEAL**
**SUBJECT TO A PROTECTIVE ORDER**

Any brief or other document filed with the Court that includes Highly Confidential Information shall be filed in the same manner.

23.    Within ninety (90) days after the final settlement or termination of this litigation, originals and/or copies of documents containing Confidential or Highly Confidential Information shall be returned or destroyed by any person receiving such documents. Each party shall certify in writing the return or destruction of all documents protected by this Order. Insofar as this Order restricts the communication and use of Confidential or Highly Confidential Information, the Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of a party producing Confidential or Highly Confidential Information or further Order of the Court with respect to dissolution or modification

of this Protective Order. Any dispute regarding the continuing effect of the Order shall be resolved in the same manner as in paragraph 15. Upon the request of a party, all deposition transcripts, stenographic notes, and tape recordings that embody Confidential or Highly Confidential Information of that party shall be destroyed by the stenographic reporter. Each party and its counsel shall make reasonable efforts to ensure compliance with this paragraph and to locate, retrieve, and return or destroy all Confidential or Highly Confidential Information provided by the opposing party.

24.    In the event that a party inadvertently produces documents or information that is protected by attorney-client, work product or other relevant privileges, such inadvertent disclosure shall not constitute a waiver of such privileges. Upon request of the producing party, the receiving party shall return any such inadvertently produced documents. Any such request shall be timely made after the inadvertent production is discovered. If the receiving party disputes the producing party's privilege designation, it may file a motion with the Court for resolution of the privilege dispute.

25.    This Order is entered without prejudice to the right of any party or person to resist or compel discovery, to seek to obtain additional or different protection for material claimed to be work product or privileged under federal law, to object to the use, relevance, or admissibility at trial of any evidence, to seek to modify or obtain relief from any aspect of this Order or to apply to the Court for such further protective orders under the provisions of the Federal Rules of Civil Procedure as justice may require.

26.    Nothing herein shall preclude any party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the parties involved shall make a good faith effort to resolve the matter by agreement.

27.    The terms of this Order shall survive and remain in full force and effect after the termination of this action.


BANC ONE BUILDING CORPORATION          CREEDON CONTROLS, INC.


_____          _____
Lawrence C. Ashby (I.D. #468)              Edward Seglias (I.D. #2822)
Philip Trainer, Jr. (I.D. #2788)           Robert K. Beste, Jr. (I.D. #154)
Joseph C. Handlon (I.D. #3952)             COHEN, SEGLIAS, PALLAS
Ashby & Geddes, P.A.                       1007 Orange Street,
222 Delaware Ave.                          Nemours Bldg., Ste. 205
P.O. Box 1150                              Wilmington, DE 19801
Wilmington, DE 19899                       (302) 425-5089
(302)-654-1888

Dated: March __, 2006                      Dated: March __, 2006


        SO ORDERED this _____ day of _____, 2006.


                            _____
                            The Honorable Joseph J. Farnan, Jr.
                            United States District Court Judge

**EXHIBIT A**

**UNDERTAKING TO BE BOUND**
**BY PROTECTIVE ORDER**

      I, _____ (print or type name), hereby acknowledge that I have received a copy of the Protective Order entered in *Creedon Controls, Inc. v. Banc One Building Corporation, et al.*, United States District Court for Delaware, Civil No. 05-300, that I have read that Order, that I understand the terms, conditions, and restrictions imposed by that Order on one who is given access to confidential and/or highly confidential documents and information pursuant to that Order, and that I agree to be bound by all terms, conditions, and restrictions imposed by that Order.

      I further agree that I will return, in accordance with the terms of that Order, all confidential and/or highly confidential documents, material and information I receive to counsel who provided me with the documents, material and information.

      I further acknowledge that it is my understanding that I may be subject to sanctions imposed by the Court, including an Order of Contempt, if I fail to abide by and comply with all the terms, conditions, and restrictions imposed by that Order.  I further consent to personal jurisdiction over me by the United States District Court for Delaware for purposes of adjudicating any matter concerning the Protective Order entered in this case.


Dated: _____        _____
                                       Name

                                       _____
                                       Occupation

                                       _____
                                       Employer

                                       _____
                                       Business Address

                                       _____
                                       Business Phone

                                       _____
                                       Relationship, if any, to Plaintiff or Defendants

165320.1

## CERTIFICATE OF SERVICE

I, Ricardo Palacio, hereby certify that, on March 2, 2006, I caused one copy of the

foregoing to be served upon the parties listed below in the manner indicated:

**Via Hand Delivery**
Robert K. Beste, Jr., Esquire
Cohen, Seglias, Pallas, Greenhall & Furman
1007 Orange Street, Ste. 205
Wilmington, DE  19801

**Via Hand Delivery**
Paul Bradley, Esq.
McCarter & English
919 N. Market St., Ste. 1800
Wilmington, DE  19899

Ricardo Palacio