**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CREEDON CONTROLS, INC., a Delaware corporation,

Plaintiff,

v.

BANC ONE BUILDING CORPORATION, an Illinois corporation, and FOREST ELECTRIC CORPORATION, a New York corporation,

Defendants.

C.A. NO. 05-CV-300-JJF

JURY TRIAL DEMANDED

**DEFENDANT BANC ONE BUILDING CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND ITS ANSWER TO PLAINTIFF'S COMPLAINT**

Lawrence C. Ashby (#468)
Philip Trainer, Jr. (#2788)
ASHBY & GEDDES, P.A.
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302)-654-1888

*Attorneys for Defendant*
*Banc One Building Corporation*

Dated: March 10, 2006

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..... 1

ARGUMENT ..... 2

I. BOBC'S MOTION TO AMEND ITS ANSWER SHOULD BE GRANTED ..... 2

A. BOBC's Motion to Amend Falls Within the Scope of Rule 15(a) ..... 2

B. The Reasons for Denying the Motion to Amend Are Not Present Here ..... 4

1. There Has Been No Delay, Bad Faith or Dilatory Motive on the Part of BOBC ..... 4

2. Neither CCI nor Forest Will Be Prejudiced By the Granting of BOBC's Motion to Amend ..... 5

3. BOBC's Proposed Revisions Are Not Futile ..... 5

CONCLUSION ..... 6

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Addison v. Emerson Electric Co.*,
C.A. No. 96-146-SLR, 1997 WL 129327 (D. Del. Feb. 24, 1997)................................5

*Bechtel v. Robinson*,
886 F.2d 644 (3d Cir. 1989)..........................................................................5

*Enzo Life Sciences v. Digene Corporation,*
270 F.Supp.2d 484 (D. Del. 2003*)* ........................................................... 4-5

*Forman v. Davis*,
371 U.S. 178 (1962)..........................................................................................2

*France Telecom S.A., v. Novell, Inc.*,
No. 102-437-GMS, 2002 WL 31355255 (D. Del. Oct. 17, 2002)...........................4,5,6

*Jolly v. C/O Cook*,
No. Civ.A. 99-073 JJF, 2004 WL 758345 (D. Del. Jan. 30, 2004) ..............................5

*Pegasus Development Corporation v. DirectTV, Inc.*,
No. CIV.A. 00-1020-GMS, 2002 WL 598457 (D. Del. April 18, 2002).......................2

*Pharmastem Therapeutics, Inc. v. Viacell Inc.*,
No. C.A. 02-148 GMS, 2003 WL 1475067 (D. Del. March 14, 2003) .......................4

## FEDERAL STATUTES

Fed. R. Civ. P. 15(a) ...........................................................................................................2

**INTRODUCTION**

Plaintiff Creedon Controls, Inc. ("CCI") commenced this action on or about April 14, 2005 seeking amounts allegedly due for services performed and equipment provided in connection with certain electric and lighting work ("Project #6B") that was part of a project by Defendant Banc One Building Corporation ("BOBC") to construct a core data center facility in Brandywine, Delaware ("CDC 2" or the "CDC 2 Project"). In its complaint dated April 14, 2005 (the "Complaint"), CCI asserts various causes of action against BOBC and against Forest Electric Corp. ("Forest"), an entity which was engaged by BOBC as the Electrical Trade Manager for the CDC 2 Project. Among other things, CCI has asserted claims for breach of contract and unjust enrichment against BOBC and Forest.

At the time that BOBC and Forest were preparing their respective answers to the Complaint, these parties were both represented by the same counsel. On June 13, 2005, then-counsel for BOBC filed an answer to the Complaint on behalf of BOBC. *See* D.I. 5.In or about early December 2005, BOBC determined to engage separate counsel, and new counsel learned that certain documents responsive to CCI's document requests had not been reviewed nor produced. Over the next month and a half, new counsel reviewed the universe of documents potentially responsive to CCI's requests. New counsel also received additional documents produced by Forest within the past month. During new counsel's review of these documents and the documents previously produced, new counsel determined that the factual premise for BOBC's responses to certain allegations in the Complaint was incorrect. To wit, that BOBC did not enter into any agreement with CCI, nor did BOBC authorize Forest to enter into any

agreements on its behalf or engage Forest as its agent in connection with the CDC 2 Project. BOBC's responses to various allegations in the Complaint, which were formulated without the benefit of having reviewed the complete universe of documents relevant to CCI's work relating to Project #6B for the CDC 2 Project, were therefore incorrect. BOBC now seeks leave to amend its Original Answer with its Proposed Amended Answer, a copy of which is attached hereto as Exhibit A (a black-line version of the Proposed Amended Answer as compared to the Original Answer is attached hereto as Exhibit B). For the reasons set forth below, BOBC's Motion To Amend Its Answer To The Complaint (the "Motion to Amend") should be granted. [1]

## ARGUMENT

### I. BOBC'S MOTION TO AMEND SHOULD BE GRANTED

#### A. BOBC's Motion to Amend Falls Within the Scope of Rule 15(a)

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading "by leave of court ... and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The "grant or denial of an opportunity to amend is within the discretion of the District Court." *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Courts have recognized that "[i]ndeed the clearest cases for leave to amend are correction of an insufficient claim or defense and amplification of previously alleged claims or defenses." *Pegasus Dev. Corp. v. DirectTV, Inc.*, No. CIV.A. 00-1020-GMS, 2002 WL 598457, at * 1 (D. Del. April 18, 2002) (citations and internal quotations omitted) (attached hereto as Exhibit C). BOBC clearly satisfies

---

[1] On July 28, 2005, the Court issued a scheduling order (the "Scheduling Order"), which provides that the deadline for the amendment of pleadings is March 15, 2006. *See* D.I. 9.

(continued...)

the requirements of Rule 15(a).

BOBC's Proposed Amended Answer seeks to correct critical assertions in BOBC's Original Answer, and to clearly set forth BOBC's affirmative defenses to the Complaint. As set forth above, BOBC's Original Answer incorrectly states, among other things, that Forest acted as an agent of BOBC with respect to "agreements" entered into with CCI relating to the CDC 2 Project. *See* Original Answer ¶13 ("Admitted that Forest Electric Corp. acted as electrical trade Manager and agent for BOBC."). The documents recently exchanged by the parties demonstrate that this response is simply wrong, and the Proposed Amended Answer and supporting affidavit of Thomas Hennessey, Esq. sworn to on March 6, 2006 (the "Hennessey Affidavit") seek to correct BOBC's response to that allegation and assert appropriate affirmative defenses to CCI's contract claims against it. *See e.g.* Hennessey Affidavit ¶ 2, filed contemporaneously herewith ("At no time did BOBC enter into a contract with CCI, nor authorize (nor was it ever requested to authorize) Forest to enter into a contract with CCI as agent for BOBC.").

The revisions that BOBC seeks to make in its Proposed Amended Answer are critical to BOBC's defense to CCI's breach of contract claims. CCI's claims against BOBC are based on its assertions that the agreement pursuant to which it performed work on the CDC 2 Project was an agreement either between itself and BOBC, or an agreement entered into by Forest as agent for BOBC. Discovery has revealed, however, that there was never any contract between BOBC and CCI, and that BOBC did not authorize Forest, as its supposed "agent," to

---

(...continued)
BOBC's motion is therefore timely.

enter into any contract with CCI in BOBC's name or on its behalf. Absent privity of contract, CCI's claims against the Bank fail. The Proposed Amended Answer not only corrects BOBC's responses to these allegations, but includes affirmative defenses to CCI's contract claims and other claims that should have been included in the Original Answer.

### B. The Reasons for Denying the Motion to Amend Are Not Present Here

Courts, following the Supreme Court's directive, have freely granted leave to amend "unless there is an apparent or declared reason for denial, *e.g.*, undue delay, bad faith, or dilatory motive on the part of movant; undue prejudice to the opposing party; or futility of the amendment." *France Telecom S.A., v. Novell, Inc.*, No. 102-437-GMS, 2002 WL 31355255, at *1 (D. Del. Oct. 17 2002) (citing *Forman,* 371 U.S. at 182) (attached hereto as Exhibit D). Not one of these factors is present here.

#### 1. There Has Been No Delay, Bad Faith or Dilatory Motive on the Part of BOBC

Although the Original Answer was prepared on June 13, 2005, it was not until BOBC reviewed the universe of documents relating to CCI's work on Project #6B for the CDC 2 Project that it was able to determine that its initial responses to the Complaint were incorrect, and that its affirmative defenses needed to be clarified. BOBC then promptly prepared the instant motion, and is filing the motion within the time period prescribed by the Court's Scheduling Order for the making of any motions to amend the pleadings. *See e.g., Pharmastem Therapeutics, Inc. v. Viacell Inc.*, No. C.A. 02-148 GMS, 2003 WL 1475067, at *1 (D. Del. March 14, 2003) (court declined to find delay where motion to amend answer was filed within time period set forth in court's scheduling order) (attached hereto as Exhibit E); *Enzo Life*

*Sciences v. Digene Corp.*, 270 F.Supp.2d 484, 489 (D. Del. 2003) (holding there is no undue delay where defendant's motion to amend followed the discovery of new facts).

**2. Neither CCI nor Forest Will Be Prejudiced By the Granting of BOBC's Motion to Amend.**

There would be no prejudice to either CCI or Forest if the Court granted BOBC's Motion to Amend. The parties have only recently completed document discovery and have yet to schedule any depositions in the case. CCI has raised certain discovery issues which have not yet been decided by the Court. Both CCI and Forest therefore have ample time to take BOBC's proposed amendments into account when conducting discovery. The Proposed Amended Answer, rather than prejudicing the non-movants, will benefit them by "providing notice of the nature and grounds of [BOBC's] defense and by narrowing discovery and preparation efforts." *France Telecom*, 2002 WL 3135525 at *1. Because neither of the non-movants could be prejudiced by BOBC's proposed amendment, the motion should be granted. *See e.g., Jolly v. C/O Cook,* No. Civ.A. 99-073 JJF, 2004 WL 758345, at *2 (D. Del. Jan. 30, 2004) ("In sum, the Court concludes that in light of the principles provided by Rule 15 and the absence of unfair prejudice to Plaintiff, Defendants' motion for leave to file an amended answer should be granted") (attached hereto as Exhibit F). *See also Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989) ("prejudice to the non-moving party is the touchstone for the denial of an amendment"); *Addison v. Emerson Elec. Co,* C.A. No. 96-146-SLR, 1997 WL 129327, at *5 (D. Del. Feb. 24, 1997) ("Of the factors listed by the Supreme Court, prejudice to the opposing party is paramount") (citations omitted) (attached hereto as Exhibit G).

**3. BOBC's Proposed Revisions Are Not Futile**

As discussed in Section A, *supra,* BOBC's Proposed Amended Answer and

affirmative defenses correct and clarify BOBC's defenses to CCI's contract and quasi-contract claims. They also assert legal defenses to CCI's claims which should have been asserted in the Original Answer. The proposed revisions are not futile because, if proven, CCI would have no viable claim against BOBC under any of its theories. *See France Telecom*, 2002 WL 3135525, at *3 (court declined to deny motion to amend answer based in part on finding that the proposed defenses were not redundant and as a result not futile).

**CONCLUSION**

For the reasons set forth herein, BOBC respectfully requests that the Court grant its Motion To Amend Its Answer To Plaintiff's Complaint in its entirety, together with such other and further relief this Court deems just and proper.

Dated: March 10, 2006

**ASHBY & GEDDES, P.A.**

Lawrence C. Ashby (#468)
Philip Trainer, Jr. (#2788)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302)-654-1888

-and-

Of Counsel:

**PAUL, HASTINGS, JANOFSKY & WALKER, LLP**

75 East 55th Street
New York, New York 10022
212-318-6000

*Attorneys for Defendant Banc One Building Corporation*

167305.2

**CERTIFICATE OF SERVICE**

I, Ricardo Palacio, hereby certify that, on March 10, 2006, I caused one copy of the foregoing to be served upon the parties listed below in the manner indicated:

**Via Hand Delivery**
Robert K. Beste, Jr., Esquire
Cohen, Seglias, Pallas, Greenhall & Furman
1007 Orange Street, Ste. 205
Wilmington, DE 19801

**Via Hand Delivery**
Paul Bradley, Esq.
McCarter & English
919 N. Market St., Ste. 1800
Wilmington, DE 19899

Ricardo Palacio

167203.1