# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation, | ) ) ) | C.A. NO. 05-CV-300-JJF |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| BANC ONE BUILDING CORPORATION, an Illinois corporation, and FOREST ELECTRIC CORPORATION, a New York corporation, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**DEFENDANT BANC ONE BUILDING CORPORATION'S [ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES]AMENDED ANSWER TO COMPLAINT**

Defendant Banc One Building Corporation ("BOBC"), by its attorneys, Ashby & Geddes, P.A. and Paul, Hastings, Janofsky & Walker LLP, hereby answers and otherwise responds to plaintiff's complaint dated April 14, 2005 (the "Complaint") as follows:

**COUNT I**
(Statement of Claim for Mechanics' Lien)

1.  [Admitted.] **BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies them.**

2.  [Admitted.] **BOBC admits the allegations in the first and third sentences of Paragraph 2 of the Complaint. The second sentence of Paragraph 2 of the Complaint is a statement of law, to which no response is required. To the extent a response is required, the second sentence is denied.**

3. [This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.] **BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint. To the extent a further response is required, the allegations are denied.**

4. [Denied.] **BOBC denies the allegations in Paragraph 4 of the Complaint.** [47]

5. [Admitted that plaintiff is claiming that amount. Denied] **BOBC states that paragraph 5 of the Complaint sets forth plaintiff's claims for relief, to which no response is required. To the extent that a response is required, BOBC admits that plaintiff claims that $2,985,758 is due to it, but denies** that the amount claimed by plaintiff is due and owing.

6. [Denied.] **BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies them.**

7. [Denied.] **BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 7 of the Complaint, and therefore denies them. BOBC denies the remaining allegations in Paragraph 7 of the Complaint.**

8. [Admitted.] **BOBC admits the allegations in Paragraph 8 of the Complaint.**

9. [Admitted.] **BOBC denies the allegations in Paragraph 9 of the Complaint.**

10.     [Admitted] **BOBC states** that [the plaintiff is claiming] **Paragraph 10 of the Complaint sets forth plaintiff's claims for relief, to which no response is required.  To the extent that a response is required, BOBC admits that plaintiff asserts a claim for** an amount in excess of $[25.00.  Denied that any amount claimed] **25.00; to wit, $2,985,758, but denies that the amount claimed by plaintiff** is due and owing.   [Answering Defendant denies the remainder of the averments in paragraph 10 of the Complaint.]

11.     [Admitted] **BOBC admits the allegation in Paragraph 11 of the Complaint** that plaintiff claims that [the stated amount] **it** is due[.  Answering Defendant] **$2,985,758, but** denies that [any] **the** amount claimed is due and owing**. Any other allegation of Paragraph 11 is denied**.

12.     [Admitted.] **BOBC admits the allegation in Paragraph 12 of the Complaint.**

13.     [Denied.  Admitted that Forest Electric Corp. acted as electrical trade manager and agent for Banc One.] **BOBC denies the allegations in Paragraph 13 of the Complaint.  BOBC further avers and admits that Creedon Controls, Inc. ("CCI") entered into a subcontract agreement with Forest Electric Corp. ("Forest") and that Forest was engaged by BOBC as the Electrical Trade Manager in relation to the construction of a core data center facility in Brandywine Delaware (the "CDC 2 Project").**

14.     [Denied.] **BOBC states that Paragraph 14 of the Complaint merely sets forth plaintiff's claims for relief and legal conclusions, to which no response is**

required.  To the extent that a response is required, BOBC denies the allegations in Paragraph 14 of the Complaint.**

## COUNT II
### (Breach of Contract – Banc One)

15.    [Answering Defendant] **BOBC** repeats and re-alleges [the answers] **its responses** to the [averments] **allegations** contained in paragraphs 1 through 14 as though fully set forth herein.

16.    [Denied. Admitted] **BOBC denies the allegations in Paragraph 16 of the Complaint. BOBC further avers and admits** that CCI **and Forest** entered into a [contract for the project entitled Project 6B.] **subcontract agreement pursuant to which CCI was to perform labor and provide materials for the General Power and Lighting package in connection with the CDC 2 Project.**

17.    [Denied.] **BOBC denies the allegations in Paragraph 17 of the Complaint.**

18.    [Denied.] **BOBC denies the allegations in Paragraph 18 of the Complaint.**

19.    [Denied.] **BOBC denies the allegations in Paragraph 19 of the Complaint.**

20.    [Denied.] **BOBC denies the allegations in Paragraph 20 of the Complaint, except admits that plaintiff has been paid a total of $3,416,348.60 to date in connection with its work relating to Project #6B for the CDC 2 Project.**

## COUNT III
### (Breach of Contract – Forest)

21.  [Answering Defendant] **BOBC** repeats and re-alleges [the answers] **its responses** to the [averments] **allegations** contained in paragraphs 1 through 20 as though fully set forth herein.

22.  [This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.] **Upon information and belief, BOBC admits the allegations in paragraph 22 of the Complaint.**

23.  [This delegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.] **BOBC denies the allegations in Paragraph 23 of the Complaint, except admits that, in response to a request for proposals circulated by Forest seeking a subcontractor to perform specified work, CCI submitted a bid of $3,152,000 in connection with Project #6B for the CDC2 Project.**

24.  [This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.] **BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies them.**

25.  [This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.] **BOBC denies the allegations in Paragraph 25 of the Complaint. BOBC further avers and admits that Forest awarded a subcontract to plaintiff for the work in**

**connection with Project #6B for the CDC2 Project, and that plaintiff and Forest entered into a subcontract agreement pursuant to which plaintiff agreed to perform that work.**

26. [This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.]

**BOBC denies the allegations in Paragraph 26 of the Complaint.**

27. [This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.]

**BOBC denies the allegations in Paragraph 27 of the Complaint. BOBC further avers and admits that plaintiff and Forest entered into a subcontract agreement pursuant to which plaintiff agreed to perform certain services and supply certain materials and equipment for Project #6B for the CDC 2 Project, and that plaintiff has been paid $3,416,348.60 for that work.**

28. [This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.]

**BOBC denies having knowledge or information sufficient to determine the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies them.**

29. [This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.]

**BOBC denies the allegations in the first and third sentences of Paragraph 29 of the Complaint. BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 29 of the Complaint, and therefore denies them.**

## COUNT IV
### (Recovery of Labor, Material, Equipment, and General Condition Costs for Delay - Banc One and Forest)

30. [Answering Defendant] **BOBC** repeats and [re-alleges the answers] **realleges its responses** to the [averments] **allegations** contained in [paragraphs] **Paragraphs** 1 through 29 **of the Complaint** as though fully set forth herein.

31. [Answering Defendant is without sufficient knowledge or information to admit or deny this averment.] **BOBC denies the allegations in Paragraph 31 of the Complaint as stated. BOBC further admits that CCI responded to a request for proposals, and on the basis of the response was awarded a subcontract with Forest to perform certain work as described in the request for proposals. BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding negotiation, pricing or basis of pricing, except that BOBC avers that CCI was not the lowest responsible and responsive bidder. BOBC specifically denies that Forest acted on behalf of BOBC in relation to the award to or entry into a subcontract with CCI.**

32. [Denied.] **BOBC denies the allegations in Paragraph 32 of the Complaint, and respectfully refers the Court to the subcontract agreement between plaintiff and Forest relating to Project #6B for the CDC 2 Project for a full and accurate statement of its contents.**

33. [Denied.] **BOBC denies the allegations in Paragraph 33 of the Complaint.**

34. [Denied.] **BOBC denies the allegations in Paragraph 34 of the Complaint.**

35. [Denied.] **BOBC denies the allegations in Paragraph 35 of the Complaint, and respectfully refers the Court to the subcontract agreement between plaintiff and Forest relating to Project #6B for the CDC 2 Project for a full and accurate statement of its contents.**

36. [Denied.] **BOBC denies the allegations in Paragraph 36 of the Complaint.**

37. [Denied.] **BOBC denies the allegations in Paragraph 37 of the Complaint that any of the alleged breaches by Forest were done "on behalf of Banc One," denies that there was any agreement between BOBC and plaintiff relating to Project #6B for the CDC 2 Project, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph, and therefore denies them.**

38. [Denied.] **BOBC denies the allegations in Paragraph 38 of the Complaint that any of the alleged breaches by Forest were done "on behalf of Banc One," denies that there was any agreement between BOBC and plaintiff relating to Project #6B for the CDC 2 Project, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph, and therefore denies them.**

39. [Denied.] **BOBC denies the allegations in Paragraph 39 of the Complaint that any of the alleged breaches by Forest were done "on behalf of Banc One," denies that there was any agreement between BOBC and plaintiff relating to Project #6B for the CDC 2 Project, and denies having knowledge or information**

**sufficient to form a belief as to the truth of the remaining allegations in that paragraph, and therefore denies them.**

40. [Denied except admitted plaintiff made a demand but denied any amount is owing.] **BOBC denies the allegations in Paragraph 40 of the Complaint, except admits that plaintiff has made demands for additional amounts claimed due relating to Project #6B for the CDC 2 Project.**

41. [Denied.] **BOBC denies the allegations in Paragraph 41 of the Complaint.**

## COUNT V
### (Unjust Enrichment)

42. [Answering Defendant] **BOBC** repeats and re-alleges [the answers] **its responses** to the [averments] **allegations** contained in [paragraphs] **Paragraphs** 1 through 41 **of the Complaint** as though fully set forth herein.

43. [Denied.] **BOBC denies the allegations in Paragraph 43 of the Complaint.**

44. [Denied.] **BOBC denies the allegations in Paragraph 44 of the Complaint.**

45. [Denied.] **BOBC denies the allegations in Paragraph 45 of the Complaint.**

46. [Denied.] **BOBC denies the allegations in Paragraph 46 of the Complaint.**

## COUNT VI
## (6 <u>Del</u>. <u>C</u>. Chapter 35 - CCI)

47.     [Answering Defendant] **BOBC** repeats and [re-alleges the answers] **realleges its responses** to the [averments] **allegations** contained in [paragraphs] **Paragraphs** 1 through 46 **of the Complaint** as though fully set forth herein.

48.     [Admitted to the extent that some funds have been received but not the funds demanded by CCI.] **BOBC denies the allegations in Paragraph 48 of the Complaint, except admits that BOBC has paid Forest a total of $3,627,591.79 for work performed by plaintiff in connection with Project #6B for the CDC 2 Project.**

49.     [Denied.] **BOBC denies the allegations in Paragraph 49 of the Complaint.**

50.     [Denied.] **BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and therefore denies them.**

51.     [Denied.] **BOBC states that Paragraph 51 of the Complaint merely sets forth plaintiff's legal conclusions, to which no response is required. To the extent that a response is required, BOBC denies the allegations in Paragraph 52 of the Complaint.**

52.     [Denied.] **BOBC states that Paragraph 52 of the Complaint merely sets forth plaintiff's claims for relief and legal conclusions, to which no response is required. To the extent that a response is required, BOBC denies the allegations in Paragraph 52 of the Complaint.**

## COUNT VII
## (6 <u>Del. C.</u> Chapter 36 - Banc One)

53.  [Answering Defendant] **BOBC** repeats and [re-alleges the answers to the averments contained in paragraphs] **realleges its responses to the allegations in Paragraphs** 1 through 52 **of the Complaint** as though fully set forth herein.

54.  [Denied.] **BOBC denies the allegations in Paragraph 54 of the Complaint, except admits that BOBC has paid Forest a total of $$3,627,591.79 for work performed by plaintiff in connection with Project #6B for the CDC 2 Project and that Forest has been unable to remit payment of that amount to plaintiff due to plaintiff's refusal to provide a final lien release acknowledging receipt of these funds.**

55.  [Denied.] **BOBC denies the allegations in Paragraph 55 of the Complaint, except admits that plaintiff has completed its work on Project #6B for the CDC 2 Project.**

56.  [Denied.] **BOBC states that Paragraph 56 of the Complaint merely sets forth plaintiff's claims for relief and legal conclusions, to which no response is required. To the extent that a response is required, BOBC denies the allegations in Paragraph 56 of the Complaint.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

[Plaintiff's] <u>The</u> Complaint fails to state a claim upon which relief can be granted <u>as to BOBC</u>.

### SECOND AFFIRMATIVE DEFENSE

<u>BOBC is not a party to any agreement with Plaintiff with respect to Project #6B for the CDC 2 Project.</u> [Plaintiff has waived any and all claims herein by failing to fulfill conditions precedent to any entitlement to payment.]

### THIRD AFFIRMATIVE DEFENSE

<u>Forest was not authorized to act as agent for BOBC in connection with the CDC 2 Project, and was not authorized to enter into any contract with Plaintiff on behalf of BOBC.</u> [All work performed by Plaintiff was within the scope of the contract terms and did not qualify as additional work.]

### FOURTH AFFIRMATIVE DEFENSE

<u>The amounts being claimed by Plaintiff as and for its "delay" damages are expressly precluded by the terms of the subcontract agreement between Plaintiff and Forest.</u> [Plaintiff's bid was defective and any delay or added charges are not the responsibility of answering Defendant.]

### FIFTH AFFIRMATIVE DEFENSE

<u>Plaintiff has waived entitlement to any of the amounts it is claiming as and for its "delay" damages and additional compensation under its agreement because it failed to comply with the terms of the subcontract agreement between Plaintiff and Forest.</u> [Claims set forth by Plaintiff are barred by promissory estoppel.]

## SIXTH AFFIRMATIVE DEFENSE

**6 Del. C. §§ 3501-3509 is inapplicable here because that Chapter does not apply in Federal Court proceedings. Plaintiff is therefore not entitled to any of the categories of relief statutorily prescribed therein**. [Plaintiffs did not confer any recoverable benefit upon Defendant Banc One.]

## SEVENTH AFFIRMATIVE DEFENSE

**10 Del. C. §3901 is inapplicable here because that Chapter only applies to actions upon bills, notes, bonds or other instruments of writing for the payment of money or the recovery of book accounts, on foreign judgments and in actions of scire facias on recognizances, judgments or mortgages.** [Plaintiff failed to prepare and submit Charge Orders as required by the contract.]

## EIGHT AFFIRMATIVE DEFENSE

**Plaintiff is estopped from seeking any amounts for the work it performed in connection with Project #6B for the CDC 2 Project through August 31, 2004 because Plaintiff executed waivers and releases of liens for the work it performed, attesting to the fact that no additional amounts were due to it for services performed and materials provided through August 31, 2004.** [Plaintiff waived entitlement to any of the claims it is pursuing because it failed to comply with applicable contract terms, including but not limited to submitting Charge Orders and Field Requests.]

## NINTH AFFIRMATIVE DEFENSE

**Plaintiff cannot assert a claim for a mechanics lien in an amount higher than the amount agreed to in its subcontract agreement with Forest.** [Any additional work claimed by CCI was not approved by Banc One required under the contract.]

## TENTH AFFIRMATIVE DEFENSE

**Plaintiff did not properly meet the Bill of Particulars requirements pursuant to 25 Del. C. § 2712(4).** [Defendants are not required to comply with 10 Del. C. §3901 because this rule of pleading and practice applies in State court only.]

[TWELFTH AFFIRMATIVE DEFENSE]

[CCI was paid for work performed.]

[THIRTEENTH AFFIRMATIVE DEFENSE

[CCI executed waivers and releases of liens for the work performed]

[FOURTEENTH AFFIRMATIVE DEFENSE]

[Plaintiff's extracontractual claims are not covered under the mechanics liens statute and therefore fail to state a claim.]

[FIFTEENTH AFFIRMATIVE DEFENSE]

[Plaintiff did not properly meet the Bill of Particulars requirements pursuant to 25 Del. C. § 2712(4).]

WHEREFORE, [answering defendant Banc One Building Corporation] **BOBC** hereby demands judgment in its favor and against Plaintiff and any other further relief as this Court deems fair and just.

[McCARTER & ENGLISH, LLP]

[By: /s/ Jennifer M. Zelvin
    Paul A. Bradley (DE Bar ID #2156)
    Jennifer M. Zelvin (DE Bar #4325)286
    P.O. Box 111
    Wilmington, Delaware 19899
    (302) 984-6300

Attorneys for Banc One
Building Corporation]

[Dated: June 13, 2005]

LEGAL_US_E # 70605610.1

<u>Dated: March 7, 2006</u>                              <u>**ASHBY & GEDDES, P.A.**</u>

<u>**By:** _____</u>
<u>**Lawrence C. Ashby (I.D. #468)**</u>
<u>**Philip Trainer, Jr. (I.D. #2788)**</u>

<u>**222 Delaware Avenue**</u>
<u>**17th Floor**</u>
<u>**P.O. Box 1150**</u>
<u>**Wilmington, Delaware 19899**</u>
<u>**(302)-654-1888**</u>

<u>Of Counsel:</u>                                         <u>**PAUL, HASTINGS, JANOFSKY**</u>
<u>**& WALKER, LLP**</u>
<u>**75 East 55th Street**</u>
<u>**New York, New York 10022**</u>
<u>**212-318-6000**</u>

<u>**Attorneys for Defendant Banc One Building Corporation**</u>