# EXHIBIT D

Westlaw.

Not Reported in F.Supp.2d                                                                 Page 1
Not Reported in F.Supp.2d, 2002 WL 31355255 (D.Del.)
**(Cite as: 2002 WL 31355255 (D.Del.))**

**H**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
FRANCE TELECOM S.A., Telediffusion de France
S.A., and U.S. Philips Corp.,
Plaintiffs,
v.
NOVELL, INC., Defendant.
**No. 102-437-GMS.**

Oct. 17, 2002.

MEMORANDUM AND ORDER

SLEET, District J.

I. INTRODUCTION

*1 On May 17, 2002, the plaintiffs, France Telecom S.A. ("France Telecom"), TéléDiffusion de France S.A. ("TDF"), and U.S. Philips Corp. ("Philips") (collectively "the plaintiffs") filed this action alleging patent infringement of a computer software system for accreditating message signatures. The defendant, Novell, Inc. ("Novell"), filed its Answer and Counterclaim on July 16, 2002 (D.I.7). In its Answer, the defendant asserts ten affirmative defenses, including the affirmative defense of "unclean hands." The plaintiffs move to strike this fourth affirmative defense (D.I.8), and the defendant subsequently moved for leave to file an amended Answer (D.I.12). For the following reasons, the court will deny the plaintiffs' motion and grant the defendant's motion.

II. DISCUSSION

A. Defendant's Motion for Leave to Amend Its Answer

The defendant moves to amend its Answer pursuant to Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that a party may amend its complaint "by leave of court ... and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Leave should be freely granted unless there is an apparent or declared reason for denial, e.g., undue delay, bad faith, or dilatory motive on the part of the movant; undue prejudice to the opposing party; or futility of

the amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997). Leave to amend is particularly warranted when pleadings lack the requisite factual specificity for a particular cause of action. See District Council 47 v. Bradley, 795 F.2d 310, 316 (3d Cir.1986). Indeed, "[t]he clearest cases for leave to amend are correction of an insufficient claim or defense and amplification of previously alleged claims or defenses." U.S. v. Teeven, 1992 WL 683682, at *7 (D.Del. Oct. 27, 1992).

The plaintiffs object to Novell's motion to amend its Answer because, they argue, it is futile, as the amended Answer would remain subject to a motion to strike due to redundancy. For the reasons set out in Part B below, the court finds the two defenses are not redundant, and therefore the amendment is not futile.

Nor would the amendment prejudice the plaintiffs by complicating discovery and confusing issues at trial, as they assert. Indeed, as the plaintiffs imply in their briefs, the more particularized amended Answer will benefit the parties by providing notice of the nature and grounds of the defense and by narrowing discovery and preparation efforts. [FN1] None of the other reasons for denial, such as undue delay, bad faith, or dilatory motive on Novell's part, has been alleged, and the court finds no evidence of such. The defendant's motion for leave to amend the Answer is, therefore, granted.

> FN1. Referring to the defendant's unamended Answer, the plaintiffs asserted: "The unclean hands defense will prejudice plaintiffs if it remains in its present form .... The undefined nature of defendant's current pleading could permit defendant to change the theory of its defense, without putting plaintiffs on notice that this has occurred .... Defendant could also utilize the broad and undefined nature of its 'unclean hands' defense to rationalize 'fishing expeditions' on matters that would otherwise not properly be subject to discovery." Plaintiffs' Opening Brief in Support of Plaintiff's Motion to Strike Defendant's Fourth Affirmative Defense of Unclean Hands at 7-8. These potential problems will be avoided by the amended Answer.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 2
Not Reported in F.Supp.2d, 2002 WL 31355255 (D.Del.)
**(Cite as: 2002 WL 31355255 (D.Del.))**

B. Plaintiffs' Motion to Strike Defendant's Fourth Affirmative Defense of Unclean Hands

The plaintiffs move to strike the defendant's fourth affirmative defense of unclean hands pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant ... matter." FED. R. CIV. P. 12(f). Motions to strike affirmative defenses are disfavored. *Proctor & Gamble Co. v. Nabisco Brands, Inc.,* 697 F.Supp. 1360, 1362 (D.Del.1988). When ruling on such a motion, "the [c]ourt must construe all facts in favor of the nonmoving party ... and deny the motion if the defense is sufficient under the law."

**\*2** In its unamended form, the defendant's fourth affirmative defense reads: "The Complaint and the relief requested therein are barred, in whole or in part, by the doctrine of unclean hands." The plaintiffs contend this articulation is insufficient and redundant. They allege it is insufficient because it provides no notice of the nature of the unclean hands defense and because it does not detail the relationship between the plaintiffs' alleged inequitable conduct and the plaintiffs' claim. [FN2] Even if amended, the plaintiffs object, the defense is redundant, because Novell also asserts the affirmative defense of inequitable conduct. The plaintiffs maintain that these two affirmative defenses share identical elements and standards of proof. If one fails, the plaintiffs contend, so must the other. The court will now address these objections in turn.

> FN2. Although the plaintiffs seem to have withdrawn the insufficiency objections following the defendant's motion for leave to amend the Answer, the court will address the insufficiency objection *vis-a-vis* the amended Answer.

1. Sufficiency per Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain" statement of a claim or defense. FED. R. CIV. P. 8(a) and (b). It is well settled that the Federal Rules intend a liberal pleading standard. *See Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993) (holding that federal courts may not impose a more demanding standard of pleading beyond "the liberal system of 'notice pleading' set up by the Federal Rules"). Indeed, Rule 8 expressly mandates that "[e]ach averment of a pleading shall be simple,

concise, and direct." FED. R. CIV. P. 8(e).

The defendant's fourth affirmative defense, as amended, comprises six short paragraphs stating the basis for the unclean hands defense, including the context of the alleged misconduct. This context includes the title, author, and publication date of the reference allegedly withheld by the plaintiffs from the Patent and Trademark Office ("PTO"). The amended affirmative defense clearly meets the threshold sufficiency requirements of Rule 8.

2. Sufficiency Per Rule 9

Rule 9 of the Federal Rules of Civil Procedure requires that all pleadings of fraud or mistake "shall be stated with particularity." FED. R. CIV. P. 9(b). Such averments, however, remain subject to the liberal pleading requirements of Rule 8. *See In re Westinghouse Sec. Litig.,* 90 F.3d 696, 703 (3d Cir.1996); *see generally* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1281, at 520-21 (1990) (pleading with particularity under Rule 9(b) should be done consistently with the general philosophy of Rule 8); 2A JAMES W. MOORE, MOORE'S FEDERAL PRACTICE P 8.13, at 8-58 (2d ed.1995) (the mandate of Rule 8 applies "even where the Rules command particularity, as in the pleading of fraud under Rule 9(b)") (footnote omitted). In the context of alleged inequitable conduct before the PTO during a patent prosecution, "pleadings that disclose the name of the [allegedly withheld] relevant prior art and disclose the acts of the alleged fraud fulfill the requirements of Rule 9(b)." *EMC Corp. v. Storage Tech. Corp.,* 921 F.Supp. 1261, 1263 (D.Del.1996).

**\*3** To the extent the defendant's fourth affirmative defense involves fraud and is subject to the particularity requirement of Rule 9(b), this requirement also is satisfied by Novell's amendment. As noted above, the amended Answer discloses the title, author, and publication date of the relevant prior art allegedly withheld from the PTO. Novell's amended fourth affirmative defense suffices "to apprise the other party of what is being alleged in a manner sufficient to permit responsive pleadings" as Rule 9 requires. 5 WRIGHT & MILLER § 1296 (1990).

3. Nexus between the Unclean Hands Defense and Plaintiffs' Claim

The defense of unclean hands requires "an

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                     Page 3
Not Reported in F.Supp.2d, 2002 WL 31355255 (D.Del.)
**(Cite as: 2002 WL 31355255 (D.Del.))**

immediate and necessary relation" between the plaintiff's alleged misconduct and the equity sought by that party. *See Keystone Driller Co. v. General Excavator Co., 290 U.S. 240 (1933)* ( "[Courts] apply the maxim requiring clean hands only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation."). Indeed, in the Third Circuit, this nexus is "the primary principle guiding application of the unclean hands doctrine." *New Valley Corp. v. Corporate Prop. Assocs. 2 & 3, 181 F.3d 517, 525 (3d Cir.1999).*

The plaintiffs object to Novell's unamended fourth affirmative defense because, they argue, it fails to disclose any relationship between the alleged inequitable conduct constituting unclean hands, and the patent infringement claim at issue. The amended fourth affirmative defense, however, makes clear this relationship. Novell alleges the defendants knowingly, and with an intent to deceive, failed to disclose relevant and material prior art to the Patent and Trademark Office. If such conduct constitutes unclean hands, it would render the patent unenforceable, and the present infringement action necessarily would fail. *See generally Keystone Driller Co. v. General Excavator Co., 290 U.S. 240 (1933).* The relationship between the alleged inequitable conduct on the part of the plaintiffs and the equity sought by them has been made sufficiently clear by Novell's amended Answer.

4. Redundancy

The plaintiffs object to Novell's fourth affirmative defense of unclean hands as redundant because it is indistinguishable from Novell's third affirmative defense of inequitable conduct. The elements and standards of proof for the two defenses are identical, the plaintiffs contend, in the context of non-disclosure of material prior art to the PTO during the procurement of a patent.

The court is unconvinced that the two defenses are "identical," even in the context of non-disclosure to the PTO. The Federal Circuit has defined inequitable conduct as the "failure to disclose material information, or submission of false material information, with an intent to deceive." *Kingsdown Medical Consultants, Ltd. v. Hollister, Inc.,* 863 F.2d 872 (Fed.Cir.1988). Unclean hands, however, remains a broader defense less amenable to a particular checklist of elements. The doctrine of unclean hands

**\*4** necessarily gives wide range to the equity

court's use of discretion .... It is "not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion." Accordingly one's misconduct need not necessarily have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character. Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim.
*Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co ., 324 U.S. 806, 815 (1945)* (citation omitted). Although the two affirmative defenses in the instant case may well rest on the same facts and may result in identical outcomes, the defenses themselves are not necessarily identical. Particularly at this early stage in the proceedings and given the disfavor with which motions to strike affirmative defenses are received, the court will allow the fourth affirmative defense to remain, to succeed or fail as it may in the remaining litigation.

III. CONCLUSION

For the aforementioned reasons, IT IS HEREBY ORDERED that:
1. The plaintiffs' motion to strike the defendant's fourth affirmative defense of unclean hands (D.I.8) is DENIED.
2. The defendant's motion for leave to amend its Answer (D.I.12) is GRANTED.
3. The defendant shall file its amended Answer within 10 days of the date of this order.

Not Reported in F.Supp.2d, 2002 WL 31355255 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.