# EXHIBIT E

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 1475067 (D.Del.)  
(Cite as: 2003 WL 1475067 (D.Del.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,  
D. Delaware.  
PHARMASTEM THERAPEUTICS, INC., Plaintiff,  
v.  
VIACELL INC., Cryo-Cell International, Inc., Corcell, Inc., Stemcyte, Inc., CBR Systems, Inc. f/k/a Cord Blood Registry, Inc., Birthcells Technology, Inc., Nustem Technologies, Inc., and Bio-Cell, Inc., Defendants.  
No. C.A. 02-148 GMS.

March 14, 2003.

*MEMORANDUM AND ORDER*

SLEET, J.

I. INTRODUCTION

*1 The plaintiff, PharmaStem Therapeutics, Inc., ("PharmaStem") filed the above-captioned action against the defendants on February 22, 2002. In its complaint, PharmaStem alleges that the defendants are infringing U.S. Patent Nos. 5,004,681 ("the '681 patent") and 5,192,553 ("the '553 patent").

Presently before the court are Birthcells Technology, Corcell, Inc., Cryo-Cell International, Inc., StemCyte, Inc. CBR Systems, Inc ., and Viacell, Inc.'s motions for leave to file amended answers, affirmative answers, and/or counterclaims. For the following reasons, the court will grant these motions.

II. DISCUSSION

The defendants move to amend their answers pursuant to Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that a party may amend its complaint "by leave of court ... and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave should be freely granted unless there is an apparent or declared reason for denial, *e.g.,* undue delay, bad faith, or dilatory motive on the part of the movant; undue prejudice to the opposing party; or futility of the amendment. *See* Foman v. Davis, 371 U.S. 178, 182 (1962); *see also* In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997).

The defendants Birthcells Technology, Corcell, Inc., Cryo-Cell International, Inc., StemCyte, Inc., and CBR Systems, Inc. likewise seek to add counterclaims pursuant to Federal Rule of Civil Procedure 13(f). Although this rule does not state that leave "shall be freely given when justice so requires," the rule must be applied in light of the guiding principle that rules are to be "construed to secure the just, speedy, and inexpensive determination of every action." *PIC, Inc. v. Prescon Corp.,* 77 F.R.D. 678, 679 (D.Del.1977). Factors relevant in deciding a Rule 13(f) motion include: (1) whether the non-moving party will be prejudiced; (2) whether additional discovery will be required; (3) whether the court's docket will be strained; (4) the good faith of the moving party; and (5) the moving party's reason or motive for delay. *See id.* at 679-80.

Pharmastem opposes the defendants' motions on the grounds that they improperly waited until the "11th hour" before seeking leave to amend. They also argue that such amendments would be futile because they are not pled with sufficient particularity. The court must disagree.

The court held a Rule 16 conference on July 17, 2002. On July 30, 2002, the court entered a Scheduling Order providing, in relevant part, that any motions to join parties or to amend pleadings must be filed on or before January 24, 2003. The defendants timely filed the current motions to amend. Moreover, these motions were filed approximately five weeks before the close of fact discovery. While Pharmastem argues that it will need additional discovery on these issues, it has failed to convince the court that any additional discovery could not have been completed in the time which remained for fact discovery. Nor did Pharmastem seek an extension of that time. Thus, Pharmastem has failed to point to any facts from which the court could properly conclude that the defendants have acted in a dilatory or prejudicial manner.

*2 Finally, the court must also disagree with PharmaStem's protestations that the proposed

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 1475067 (D.Del.)  
**(Cite as: 2003 WL 1475067 (D.Del.))**

Page 2

amendments have not been pled with the requisite specificity. After reviewing the proposed amended pleadings, the court concludes that the defendants have adequately met their pleading burdens with respect to Federal Rules of Civil Procedure 8 and 9.

III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:
1. Viacell, Inc.'s Motion For Leave to File a Second Amended Answer and Counterclaims (D.I.183) is GRANTED.
2. Birthcells Technology, Corcell, Inc., Cryo-Cell International, Inc., StemCyte, Inc. and CBR Systems, Inc.'s Motion for Leave to File Amended Answers and/or to Amplify Affirmative Defenses and Counterclaims (D.I.185) is GRANTED.
3. The defendants shall file their amended pleadings within ten (10) days of the date of this order.

Not Reported in F.Supp.2d, 2003 WL 1475067 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 2004 WL 3333218 (Trial Pleading) Defendants' Joint Answer and Counterclaim (Sep. 17, 2004)

• 2003 WL 23310808 (Verdict and Settlement Summary) (Oct. 29, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.