# EXHIBIT F

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 758345 (D.Del.)  
(Cite as: 2004 WL 758345 (D.Del.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Allen R. JOLLY, Plaintiff,
v.
C/O COOK, Warden Robert Snyder, and Barry Hawke, Defendants.
No. Civ.A. 99-073 JJF.

Jan. 30, 2004.

Allen R. Jolly, Smyrna, Delaware, Plaintiff, pro se.

Stuart B. Drowos, of State of Delaware Department of Justice, Wilmington, Delaware, for Defendants.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Presently before the Court is State Defendants' Motion For Leave To File An Amended Answer To The Complaint (D.I.64) and Defendant Robert Snyder's and Barry Hawke's Motion For Summary Judgment. (D.I.65.) For the reasons discussed below, the Court will grant both motions.

BACKGROUND

The instant lawsuit arises from an incident between the Plaintiff, Allen Jolly, an inmate at the Delaware Correctional Center in Smyrna, and a corrections officer, Defendant Robert Cook. Plaintiff alleges that on July 17, 1998, he was performing his job as tier man, which included sweeping and mopping his tier, when he was approached by Officer Cook. Plaintiff alleges Officer Cook was "slamming peoples' doors and yelling at them." (D.I. 66; Ex. B at 15: 7.) Plaintiff alleges that he requested Officer Cook to unlock his cell door because, as tier man, his door was to remain unlocked. In response, Plaintiff alleges that Officer Cook became upset and a verbal altercation ensued. *Id.* at 42: 22-24, 43: 1. At this point, Plaintiff alleges that Officer Cook assaulted him. *Id.* at 45: 8-24.

As a result of this incident, Plaintiff was placed in a higher security tier level and removed from his position as tier man. *Id.* at 53: 9-20. Plaintiff thereafter filed a grievance in accordance with prison procedures and, after a hearing on the matter, a grievance board placed Plaintiff back in Tier A and restored him to his position as tier man. *Id.* at 60: 5-8. Not content with the relief provided by the grievance board, Plaintiff also sought sanctions against Officer Cook. However, Plaintiff did not appeal the grievance board's decision seeking this additional relief because he alleges that prison officials informed him that he could not recommend sanctions against an officer. *Id.* at 64: 2-5. Therefore, Plaintiff instituted the instant action.

I. Parties' Contentions

Plaintiff contends that he filed his grievance according to the applicable prison procedures. Plaintiff contends that it was not until he was refused the relief requested that he filed the instant action.

Beginning with their motion for leave to file an amended answer, Defendants contend that the Court should grant them leave because at the time they filed their original answer Third Circuit precedent did not require the State to plead as an affirmative defense failure to exhaust administrative remedies. Defendants Robert Snyder and Barry Hawke contend that if the Court grants leave to amend, the Court should grant them summary judgment because Plaintiff failed to exhaust the remedies provided to him under the applicable prison procedures and required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

DISCUSSION

I. Whether The Court Should Grant Defendants Leave To File An Amended Answer

Rule 8(c) of the Federal Rules of Civil Procedure provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively ... any ... matter constituting an avoidance or affirmative defense." Fed.R.Civ.P. 8(c). A party's failure to raise an affirmative defense may result in waiver of that defense. *Charpentier v. Godsil,* 937 F.2d 859, 863 (3d Cir.1991). However, Rule 15(a) permits a court to grant a party leave to amend his or her answer when justice so requires. Fed.R.Civ.P. 15(a). Denial of a motion to amend an answer is proper if a court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00300-JJF   Document 60-7   Filed 03/10/2006   Page 3 of 3

Not Reported in F.Supp.2d                                                                                    Page 2
Not Reported in F.Supp.2d, 2004 WL 758345 (D.Del.)
**(Cite as: 2004 WL 758345 (D.Del.))**

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Applying these standards to the record before it, the Court will grant the leave to amend requested by Defendants.

*2 Plaintiff filed the instant action on February 17, 1999. Defendants filed an answer on June 14, 1999. However, it was not until 2002 that the Third Circuit, in *Ray v. Kertes,* 285 F.3d 287, 295 (3d Cir.2002), held that the state must raise exhaustion as an affirmative defense. Accordingly, at the time of Defendants' filing of their answer, they were unaware of the requirement to plead failure to exhaust administrative remedies as an affirmative defense. Therefore, the Court finds no evidence of bad faith from Defendants' failure to plead exhaustion as an affirmative defense.

Further, the Court concludes that granting leave to amend will not unduly prejudice Plaintiff. In his deposition, Plaintiff testified that he was aware of his obligation to exhaust prison administrative grievance procedures. (D.I. 66 at 59: 21.) Accordingly, the Court finds that Plaintiff had notice that a failure to exhaust his administrative remedies could result in dismissal of his lawsuit.

In sum, the Court concludes that in light of the principles provided by Rule 15 and the absence of unfair prejudice to Plaintiff, Defendants' motion for leave to file an amended answer (D .I. 64) should be granted.

II. Whether Plaintiff Complied With The Requirements Of The Prison Litigation Reform Act

The Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e, states, "No action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* An action involving prison conditions includes all "inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 520 (2002). Further, the Third Circuit requires a plaintiff to exhaust administrative remedies even if the grievance process would not provide him with the remedy he is seeking in his federal court action. *See Nyhuis v. Reno,* 204 F.3d 65, 71 (3d Cir.2000)(stating that the PLRA precludes a futility exception to its mandatory exhaustion requirement). Applying these principles to the procedures exhausted by Plaintiff, the Court will grant Defendants Snyder and Hawke summary judgment.

Although Plaintiff was unsatisfied with the relief provided by the grievance board and sought further action, he did not appeal the grievance board's decision. Plaintiff contends that doing so would have been unavailing because he was told that he could not "recommend any kind of sanctions or whatever against [an] officer." *Id.* at 61: 5-15. "You could only do so much at a grievance.... If they are not going to take any action ... then what can you do? Is there another angle besides the courts that you can go with? I don't think so." *Id.* 63:23-24, 64: 2-5.

Based upon Plaintiff's testimony, the Court concludes that Plaintiff did not exhaust all administrative procedures because he believed the "process would not provide him with the remedy he [was] seeking in his federal court action." *Nyhuis,* 204 F.3d at 71. However, controlling Third Circuit precedent provides no "futility exception" to the PLRA's exhaustion requirement, *id.,* and therefore, the Court must grant Defendant Snyder's and Hawke's motion for summary judgment. (D.I.65.)

*3 An appropriate Order will be entered.

### ORDER

At Wilmington this 30th day of January, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:
1) State Defendants' Motion For Leave To File An Amended Answer To The Complaint (D.I.64) is *GRANTED.*
2) Defendant Robert Snyder's and Barry Hawke's Motion For Summary Judgment (D.I.65) is *GRANTED.*

Not Reported in F.Supp.2d, 2004 WL 758345 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.