IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREEDON CONTROLS, INC., a Delaware Corporation, | § § § § § § § § § § § § § § | C.A. No. 05CV300 (JJF) |
| Plaintiff, | | |
| v. | | |
| BANC ONE BUILDING CORPORATION, An Illinois Corporation, and FOREST ELECTRIC CORPORATION, a New York Corporation, | | |
| Defendants. | | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**FOREST ELECTRIC CORPORATION'S MOTION**
**TO AMEND ITS ANSWER TO PLAINTIFF'S COMPLAINT**

McCARTER & ENGLISH, LLP

Paul A. Bradley (DE Bar ID #2156)
James J. Freebery (DE Bar ID #3498)
P.O. Box 111
Wilmington, Delaware 19899
(302) 984-6300
Attorneys for Forest Electric Corp.

Dated: March 15, 2006

ME1\5543326.1

## TABLE OF CONTENTS

                                                                                      Page

INTRODUCTION ............................................................................................................. 1

ARGUMENT ................................................................................................................... 2

    I.     THE TENETS OF JUSTICE SUPPORT FOREST'S MOTION TO
           AMEND ITS ANSWER ............................................................................. 2

           A.     The Legal Predicate for Amendment ....................................................... 2

           B.     Forest's Proposed Amendment to its Answer to the Complaint ................ 3

           C.     Forest's Proposed Amendment Meets the Legal Predicate
                  For Amendment ...................................................................................... 3

           D.     Amendment is Proper In These Circumstances ........................................ 4

# TABLE OF AUTHORITIES

### FEDERAL CASES

Page

*Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989) ....................................................................... 3

*Foman v. Davis*, 371 U.S. 178 (1962) .......................................................................................... 3

*PIC, Inc. v. Prescon Corp.*, 77 F.R.D. 678 (D. Del. 1977) ........................................................ 2, 4

### STATE CASES

*Addison v. Emerson Electric Co.*, 1997 WL 129327 (D. Del.) ....................................................... 3

*Pension Fund v. North Philadelphia Health System*, 1999 WL. 236606 (E.D. Pa.) ....................... 3

### FEDERAL STATUTES

Fed. R. Civ. P. 15(a) ...................................................................................................................... 2

## INTRODUCTION

Plaintiff Creedon Controls, Inc. ("Creedon") commenced this action on or about April 14, 2005 seeking payments allegedly accrued, due and owing, for services provided in connection with electrical work performed during the construction of Defendant Banc One Building Corporation's ("Banc One") core data center located in Delaware (the "CDC 2"). Creedon's Complaint (D.I. 2), alleges breach of contract and unjust enrichment, and seeks additional damages related to certain alleged delays which supposedly forced Creedon to incur additional costs. Creedon's Compliant alleges that Banc One breached an alleged agreement between Creedon and Banc One, which acknowledges Forest Electric Corp. ("Forest"), as Banc One's agent at all times; and second, that Forest breached an alleged agreement between Creedon and Forest. Defendants each filed an answer to Creedon's Complaint. (*See* D.I. 3, and D.I. 5).

On March 10, 2006, Banc One filed a Motion to Amend its Answer to Plaintiff's Complaint (D.I. 60), which states *inter alia*, that "[d]uring new counsel's review of these documents and the documents previously produced, new counsel determined that the factual premise for [Banc One's] responses to certain allegations in the Complaint was incorrect." (D.I. 60, p. 1). Specifically, Banc Ones asserts that the controlling contract is between Forest and Creedon, and that Banc One did not authorize Forest to enter into any agreements on its behalf or engage Forest as its agent in connection with the project which is the subject of the Complaint. (D.I. 5, p. 1-2).

A Letter of Intent enclosing and referring to a Subcontract Agreement between Forest and Creedon was produced during document production. The Letter of Intent was executed by Creedon on October 15, 2003. A similar letter was executed several weeks later based on a change in contract price. The Letter of Intent covered the Request for Proposal GB, one of the

1

Requests that are subject of this litigation. The Subcontract Agreement provides that "the sole remedy ... shall be an equitable extension of time for the performance of" work and "under no circumstances is the subcontractor entitled to any increase in the contract price or to damages as a consequence or result of such delay, hindrance, obstruction, interference ..." (Exhibit A)

Forest does not object to Banc One's request, and instead seeks leave to amend its Answer to Creedon's Complaint (D.I. 3), in light of Banc One's Amended Answer as proposed, and in keeping with discovery to date. Forest's proposed Amended Answer to Plaintiff's Complaint, Forest's original Answer, and a comparative black-lined version highlighting the amendments, are all attached hereto. (Exhibit B).

This is Forest's Memorandum of Law in support its Motion to Amend its Answer to Plaintiff's Complaint.

## ARGUMENT

### I. THE TENETS OF JUSTICE SUPPORT FOREST'S MOTION TO AMEND ITS ANSWER

#### A. The Legal Predicate for Amendment

Federal Rule of Civil Procedure 15(a) favors amended and supplemental pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Liberal amendment policies coupled with the guiding principle that the Rules must be "construed to secure the just, speedy, and inexpensive determination of every action[ ]" *PIC, Inc. v. Prescon Corp.*, 77 F.R.D. 678, 679 (D. Del. 1977), authorize the Court to generously permit parties to structure the case to reach the merits. In fact, the Supreme Court has opined that a party "ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith, or dilatory motive on the part of the movant...undue prejudice to the opposing parties... [or] futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'"

2

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see e.g. Addison v. Emerson Electric Co.*, 1997 WL 129327 (D. Del.) (Exhibit C).

Prejudice occurs only when a party "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the… amendments been timely." *Pension Fund v. North Philadelphia Health Sys.* 1999 WL 236606, at *2 (E.D. Pa.)(*citing Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)) (Exhibit D). Ultimately, the burden is high and requires a clear showing of "undue difficulty in prosecuting a lawsuit as a result of a change in tactics or theories on the part of the other party. *Id.* (*citing Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1990)).

**B.     Forest's Proposed Amendment to its Answer to the Complaint**

Forest seeks to amend its Answer to Creedon's Complaint in a minimal way to conform the discovery to date.[1] Forest seeks to assert that if the Subcontract Agreement existed directly between Creedon and Forest, that agreement contains a contract provision that precludes the recovery of any monetary damages and only permits Creedon additional time to complete the project. (*See* Exhibit B). Forest's proposed Amended Answer does not add any new claims that are outside of the scope of Creedon's present position and its discovery efforts related thereto.

**C.     Forest's Proposed Amendment Meets the Legal Predicate for Amendment**

There has been no undue delay and Forest's Motion is not the product of a dilatory tactic. In fact, the parties have agreed to a scheduling order that permits a motion to amend the pleadings by March 15, 2006. Neither is Forest's request the product of bad faith; Forest seeks to amend its Answer to conform to the documents produced in the case. Thus, the first three factors articulated in *PIC, Inc. v. Prescon Corp.*, weigh in Forest's favor.

---

[1] The pleadings will thus necessarily be amended pursuant to Fed. Rule 15(b).

3

Next, there exists no evidence of, or even allegation, of undue prejudice. Neither Banc One's nor Forest's proposed amended Answers present new tactics or theories which work to confound Creedon. Nor will the facts and evidence Creedon offers in support of its Complaint change; Creedon's Complaint already ostensibly alleges that Banc One is liable in contract and Forest is thus liable through Banc One, or that Forest is liable directly to Creedon by contract privity.

**D.     Amendment is Proper in These Circumstances**

An Amended Answer by Forest does not deprive Creedon of the facts and evidence which it has gathered to date in support of its allegations. Simply, the proposed amendment to Forest's Answer merely clarifies the contractual relationship between the parties and Forest's position with respect to the contract defenses. Ultimately, Creedon will without additional delay surely be permitted to test the merits of its contract claims, and Defendants' challenges thereto. Forest's proposed Amended Answer thus will not require additional time, alternative tactics or a new strategy.

WHEREFORE, Defendant Forest respectfully requests that this Honorable Court grant its Motion to Amend Forest's Answer to the Complaint.

                                                      **McCARTER & ENGLISH, LLP**

**By:**   /s/ Paul A. Bradley
        Paul A. Bradley (DE Bar ID #2156)
        James J. Freebery (DE Bar ID #3498)
        Christopher A. Selzer (DE Bar ID #4305)
        P.O. Box 111
        Wilmington, Delaware 19899
        (302) 984-6300
        Attorneys for Forest Electric Corp.

Dated: March 15, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANC ONE BUILDING CORPORATION, an Illinois corporation; and FOREST ELECTRIC CORPORATION, a New York corporation,<br><br>　　　　Defendants. | Civil Action No. 05-300 JJF |

**CERTIFICATE OF SERVICE**

　　　　I, Paul A. Bradley, Esquire, hereby certify that a true and correct copy of Memorandum of Law in Support of Forest Electric Corporation's Motion to Amend its Answer to Plaintiff's Complaint was served on this 15th day of March, 2006, on the following counsel of record via hand delivery and e-file:

| | |
|---|---|
| Robert K. Beste, Jr., Esquire<br>Cohen Seglias Pallas<br>　Greenhall & Furman, P.C.<br>Nemours Building, Suite 205<br>1007 Orange Street<br>Wilmington, DE  19801 | Lawrence C. Ashby, Esquire<br>Philip Trainer, Jr., Esquire<br>Ashby & Geddes, P.A.<br>222 Delaware Avenue<br>P. O. Box 1150<br>Wilmington, DE  19899 |

　　　　　　　　　　　　　　　　　　McCarter & English, LLP

BY:　　/s/ Paul A. Bradley
　　　　Paul A. Bradley (DE Bar ID #2156)
　　　　James J. Freebery (DE Bar ID #3498)
　　　　Christopher A. Selzer (DE Bar ID #4305)
　　　　919 N. Market Street, Suite 1800
　　　　P.O. Box 111
　　　　Wilmington, DE  19899
　　　　(302) 984-6333
　　　　Attorneys for Defendant
　　　　Forest Electric Corporation

ME1\5524747.1