# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | C.A. NO.  05-CV-300-JJF |
| v. | ) ) | |
| BANC ONE BUILDING CORPORATION, an Illinois corporation, and FOREST ELECTRIC CORPORATION, a New York corporation, | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) ) ) | |

### DEFENDANT FOREST ELECTRIC CORP.'S AMENDED ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

### COUNT I
#### (Statement of Claim for Mechanics' Lien)

1.     Admitted.

2.     Admitted.

3.     Admitted except the proper corporate name is Forest Electric Corp.

4.     This allegation is not directed to answering defendant, and therefore, no response is required.  To the extent an answer is required this averment is denied.

5.     This allegation is not directed to answering defendant, and therefore, no response is required.  To the extent an answer is required this averment is denied.

6.     This allegation is not directed to answering defendant, and therefore, no response is required.  To the extent an answer is required this averment is denied.

7.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

8.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

9.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

10.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

11.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

12.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

13.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

14.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

## COUNT II
### (Breach of Contract – Banc One)

15.     Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 14 as though fully set forth herein.

16.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

17.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

18.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

19.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

20.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied

## COUNT III
### (Breach of Contract – Forest)

21.     Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 20 as though fully set forth herein.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied, except admitted that Creedon Controls, Inc. ("CCI") performed work.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

## COUNT IV
### (Recovery of Labor, Material, Equipment, and General
### Condition Costs for Delay – Banc One and Forest)

30.     Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 29 as though fully set forth herein.

31.     Answering Defendant is without sufficient knowledge or information to admit or deny this averment.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied except admitted plaintiff made a demand but denied any amount is owing.

41.    Denied.

## COUNT V
### (Unjust Enrichment)

42.    Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 41 as though fully set forth herein.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

## COUNT VI
### (6 <u>Del.</u> <u>C.</u> Chapter 35 – CCI)

47.    Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 46 as though fully set forth herein.

48.    Admitted to the extent that some funds have been received but not the funds demanded by CCI.

49.    Denied.

50.    Denied.

51.    This averment seeks a legal conclusion to which no response is required; to the extent a response is required, denied.

52.    Denied.

## COUNT VII
### (6 <u>Del.</u> <u>C.</u> Chapter 36 – Banc One)

53.    Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 52 as though fully set forth herein.

54.    These allegations are not directed to answering defendant, and therefore, no response is required.  To the extent a response is required this averment is denied.

55.    This allegation is not directed to answering defendant, and therefore, no response is required.  To the extent a response is required this averment is denied.

56.    This allegation is not directed to answering defendant, and therefore, no response is required.  To the extent a response is required this averment is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived any and all claims herein by failing to fulfill conditions precedent to
any entitlement to payment.

### THIRD AFFIRATIVE DEFENSE

All work performed by Plaintiff was within the scope of the contract terms and did not
qualify as additional work.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's bid was defective and any delay or added charges are not the responsibility of
answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Claims set forth by Plaintiff are barred by promissory estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs did not confer any recoverable benefit upon Defendant Forest Electric by
Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to prepare and submit Charge Orders as required by the contract.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff waived entitlement to any of the claims it is pursuing because it failed to comply
with applicable contract terms, including but not limited to submitting Charge Orders and Field
Requests.

## NINTH AFFIRMATIVE DEFENSE

Any additional work claimed by CCI was not approved by Forest Electric required under the contract.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Count for unjust enrichment fails to state a claim because no benefit was conferred on Forest Electric and plaintiff claims entitlement based on contract.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants are not required to comply with 10 Del. C. §3901 because this rule of pleading and practice applies in State court only.

## TWELFTH AFFIRMATIVE DEFENSE

Forest Electric acted as Electrical Trade Manager and Construction Manager of the electric trade as agent of Banc One Building Corporation only and has no liability to plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Single Project Construction Services Agreement Contract No. 6B was between CCI and Banc One only.

## FOURTEENTH AFFIRMATIVE DEFENSE

CCI was paid for work performed.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

CCI executed waivers and releases of liens for the work performed.

## SIXTEENTH AFFIRMATIVE DEFENSE

Creedon executed a Letter of Intent ("LOI") dated October 2, 2003 which enclosed and referenced a subcontract agreement between Creedon and Forest. (Exhibit ___). The LOI states that Creedon agreed to be bound to the terms and conditions of the Subcontract Agreement

enclosed with the LOI. The Subcontract Agreement, Clause XIV expressly precludes the "delay" damages Creedon is seeking in this matter. Creedon agreed that its sole remedy would be an equitable extension of time for the performance of its work.

WHEREFORE, answering defendant Forest Electric Corp. hereby demands judgment in its favor and against Plaintiff and any other further relief as this Court deems fair and just.

**McCARTER & ENGLISH, LLP**

**By:** _____

Paul A. Bradley (DE Bar ID #2156)
James J. Freebery (DE Bar ID #3498)
P.O. Box 111
Wilmington, Delaware 19899
(302) 984-6300
Attorneys for Forest Electric Corp.

Dated: March 15, 2006.

## CERTIFICATE OF SERVICE

I, Paul A. Bradley, Esquire, hereby certify that a true and correct copy of Defendant Forest Electric Corp.'s Answer to Complaint and Affirmative Defenses were served on this _____ day of _____, 2006 on the following counsel of record via the Electronic Filing.

/S/ PAUL A. BRADLEY
Paul A. Bradley (DE Bar ID 2156)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

CREEDON CONTROLS, INC., a Delaware )
corporation, )
       )      C.A. NO. 05-CV-300-UNA
               Plaintiff, )
       )
    v. )
       )
BANC ONE BUILDING CORPORATION, an )      JURY TRIAL DEMANDED
Illinois corporation, and FOREST ELECTRIC )
CORPORATION, a New York corporation, )
       )
            Defendants. )
       )
       )
       )

## DEFENDANT FOREST ELECTRIC CORP.'S ANSWER
## TO COMPLAINT AND AFFIRMATIVE DEFENSES

### COUNT I
### (Statement of Claim for Mechanics' Lien)

1.      Admitted.

2.      Admitted

3.      Admitted except the proper corporate name is Forest Electric Corp.

4.      This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

5.      This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

6.      This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

7.      This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

8.      This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

9.      This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

10.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

11.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

12.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

13.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

14.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

**COUNT II**
**(Breach of Contract – Banc One)**

15.     Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 14 as though fully set forth herein.

16.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

17.     This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

2

18.    This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

19.    This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

20.    This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

### COUNT III
### (Breach of Contract – Forest)

21.    Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 20 as though fully set forth herein.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied, except admitted that Creedon Controls, Inc. ("CCI") performed work.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

### COUNT IV
### (Recovery of Labor, Material, Equipment, and General
### Condition Costs for Delay – Banc One and Forest)

30.    Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 29 as though fully set forth herein.

31.    Answering Defendant is without sufficient knowledge or information to admit or deny this averment.

32.   Denied.

33.   Denied.

34.   Denied.

35.   Denied.

36.   Denied.

37.   Denied.

38.   Denied.

39.   Denied.

40.   Denied except admitted plaintiff made a demand but denied any amount is owing.

41.   Denied.

**COUNT V**
**(Unjust Enrichment)**

42.   Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 41 as though fully set forth herein.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Denied.

## COUNT VI
### (6 <u>Del.</u> <u>C.</u> Chapter 35 – CCI)

47.    Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 46 as though fully set forth herein.

48.    Admitted to the extent that some funds have been received but not the funds demanded by CCI.

49.    Denied.

50.    Denied.

51.    This averment seeks a legal conclusion to which no response is required; to the extent a response is required, denied.

52.    Denied.

## COUNT VII
### (6 <u>Del.</u> <u>C.</u> Chapter 36 – Banc One)

53.    Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 52 as though fully set forth herein.

54.    These allegations are not directed to answering defendant, and therefore, no response is required.  To the extent a response is required this averment is denied.

55.    This allegation is not directed to answering defendant, and therefore, no response is required.  To the extent a response is required this averment is denied.

56.    This allegation is not directed to answering defendant, and therefore, no response is required.  To the extent a response is required this averment is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived any and all claims herein by failing to fulfill conditions precedent to any entitlement to payment.

### THIRD AFFIRATIVE DEFENSE

All work performed by Plaintiff was within the scope of the contract terms and did not qualify as additional work.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's bid was defective and any delay or added charges are not the responsibility of answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Claims set forth by Plaintiff are barred by promissory estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs did not confer any recoverable benefit upon Defendant Forest Electric by Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to prepare and submit Charge Orders as required by the contract.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff waived entitlement to any of the claims it is pursuing because it failed to comply with applicable contract terms, including but not limited to submitting Charge Orders and Field Requests.

## NINTH AFFIRMATIVE DEFENSE

Any additional work claimed by CCI was not approved by Forest Electric required under the contract.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Count for unjust enrichment fails to state a claim because no benefit was conferred on Forest Electric and plaintiff claims entitlement based on contract.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants are not required to comply with 10 Del. C. §3901 because this rule of pleading and practice applies in State court only.

## TWELFTH AFFIRMATIVE DEFENSE

Forest Electric acted as Electrical Trade Manager and Construction Manager of the electric trade as agent of Banc One Building Corporation only and has no liability to plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Single Project Construction Services Agreement Contract No. 6B was between CCI and Banc One only.

## FOURTEENTH AFFIRMATIVE DEFENSE

CCI was paid for work performed.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

CCI executed waivers and releases of liens for the work performed.

WHEREFORE, answering defendant Forest Electric Corp. hereby demands judgment in its favor and against Plaintiff and any other further relief as this Court deems fair and just.

**McCARTER & ENGLISH, LLP**

By:    _Paul A. Bradley_
Paul A. Bradley (DE Bar ID #2156)
Jennifer M. Zelvin (DE Bar ID #4325)
P.O. Box 111
Wilmington, Delaware 19899
(302) 984-6300
Attorneys for Forest Electric Corp.

Dated: May 24, 2005

WL1: 106349.01

8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

CREEDON CONTROLS, INC., a Delaware )
corporation, )
                                  )     C.A. NO. 05-CV-300-UNA
            Plaintiff, )
                                  )
  v. )
                                  )
BANC ONE BUILDING CORPORATION, an )     JURY TRIAL DEMANDED
Illinois corporation, and FOREST ELECTRIC )
CORPORATION, a New York corporation, )
                                  )
           Defendants. )
                                  )
                                  )

### AFFIDAVIT

STATE OF NEW YORK            :
                               : SS
COUNTY OF NEW YORK       :

         Be it remembered, that on this _24_ day of May, 2005, personally appeared before me, the subscribed, a notary public in and for the State and County of foresaid, Paul Angerame, Senior Vice President, Forest Electric Corp. ("Forest Electric"), who being by me first wholly sworn according to law, do depose and say that the facts states:

         1.     I am Senior Vice President with Forest Electric. I have been employed by Forest Electric for approximately nine years and was Project Manager, Vice President on the Banc One project that is the subject of this suit.

         2.     I have knowledge regarding the project and claims made by Creedon Controls, Inc. ("CCI").

         3.     I have reviewed the Complaint filed by CCI and the Answer To Complaint and Affirmative Defenses.

WL1: 106773.01

4.     Forest Electric was the Electrical Trade Manager and Construction Manager for the electric trades acting as agent for Banc One Building Corporation ("Banc One").

5.     I believe that based on my knowledge regarding the project that the amount claimed in the Complaint is not due and owing and that Forest Electric has a valid defense to the Complaint, including but not limited to:

a)     The Construction Services Agreement Contract No. 6B was between CCI and Banc One only with Forest Electric acting as agent for Banc One, the owner;

b)     No change orders were submitted or approved relating to the claims now being made in the Complaint;

c)     No field requests for changes in work were submitted or approved relating to the claims were made;

d)     Neither Forest Electric nor Banc One approved the claimed amount that CCI is now seeking payment for;

e)     CCI has not presented any valid evidence pursuant to the contract documents justifying the payments it now seeks;

f)     CCI failed to abide by the terms and conditions of the agreement;

g)     The claims submitted by CCI are unsupported by the events that occurred during the course of the project; and

h)     Forest Electric owes nothing to CCI since it acted as agent of Banc One only.

6.     Defendant reserves the right to supplement and present additional defenses once discovery has been taken.

Paul Angerame
Senior Vice President

DATED:     5-24-05

2

STATE OF NEW YORK                    :
                                     : SS
COUNTY OF NEW YORK                   :

Sworn to and subscribed before me this 24 day of MAY _____, 2005.

Notary Public

My Commission Expires

DONNA M. LUCAS
Notary Public, State of New York
No. 01LU4957670
Qualified in New York County
Commission Expires October 23, 20 05

3

WL1: 106773.01

## CERTIFICATE OF SERVICE

I, Paul A. Bradley, Esquire, hereby certify that a true and correct copy of Defendant Forest Electric Corp.'s Answer to Complaint and Affirmative Defenses were served on this 24th day of May, 2005 on the following counsel of record via the Electronic Filing.


/S/ PAUL A. BRADLEY
Paul A. Bradley (DE Bar ID 2156)

## Answers to Complaints

<u>1:05-cv-00300-UNA Creedon Controls, Inc. v. Banc One Building Corporation et al</u>

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Bradley, Paul A. entered on 5/24/2005 at 5:05 PM EDT and filed on 5/24/2005

**Case Name:**      Creedon Controls, Inc. v. Banc One Building Corporation et al
**Case Number:**    <u>1:05-cv-300</u>
**Filer:**          Forest Electric Corp
**Document Number:** <u>3</u>

**Docket Text:**
ANSWER to Complaint by Forest Electric Corp. (Attachments: # (1) Affidavit Affidavit of Paul Angerame, Senior Vice President# (2) Certificate of Service)(Bradley, Paul)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/24/2005] [FileNumber=47355-0]
[a316e14cf6482f396c5d232d9c485adb80292ec4bbd5a24ec68ba54f5b6b6bf36fa5e
e4a117b7bc39f4b55b306d1c361ce2cf348c2ecc3698e9587cdc3050608]]
**Document description:** Affidavit Affidavit of Paul Angerame, Senior Vice President
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/24/2005] [FileNumber=47355-1]
[660255be68de5f3c567202ca8d41b017e73f540f6a6a1947a164189d7d9c16793ff99
d1030ecc03122895650a5559c0bf04c0ce56e581f68eb196f1e4534ac9a]]
**Document description:** Certificate of Service
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/24/2005] [FileNumber=47355-2]
[0ec473a88340f359743aaceda61d4510dc67c42abc5e8327b3ba5db26eb678da0f0ff
baa45da3340a2a266be90b86fb9ff070f5889a19ef019fda189c54d8753]]

**1:05-cv-300 Notice will be electronically mailed to:**

Robert K. Beste , Jr    rbeste@cohenseglias.com,

Paul A. Bradley    pbradley@mccarter.com,

**1:05-cv-300 Notice will be delivered by other means to:**

https://ecf.ded.uscourts.gov/cgi-bin/Dispatch.pl?118630398971557                5/24/2005