# EXHIBIT C

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 129327 (D.Del.)
**(Cite as: 1997 WL 129327 (D.Del.))**

Page 1

C

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Carl ADDISON and Patricia Addison, Plaintiffs,
v.
EMERSON ELECTRIC CO., Louisville Ladder
Corp., a/k/a Ladder Management, and
W.W. Grainger, Inc., a/k/a Grainger Distribution,
Defendants.
**C.A. No. 96-146-SLR.**

Feb. 24, 1997.

L. Vincent Ramunno, Ramunno & Ramunno, P.A., Wilmington, DE, for plaintiffs.

David P. Cline, Cline & Wier, P.A., Wilmington, DE, for defendants; James A. Rothschild, Anderson, Coe & King, Baltimore, MD, of counsel.

MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

I. INTRODUCTION

*1 On February 26, 1996, plaintiffs Carl Addison ("Addison") and Patricia Addison, his wife, filed this action in the Superior Court of the State of Delaware against defendants Emerson Electric Co. ("Emerson"), Louisville Ladder Corporation ("Louisville Ladder"), and W.W. Grainger, Inc. ("Grainger") alleging breach of warranty (count I) and negligence (counts II and III). Defendants removed the case to this court pursuant to 28 U.S.C. § 1441. The court has jurisdiction over this case as there is diversity of citizenship among the parties and the amount in controversy exceeds $50,000. [FN1] 28 U.S.C. § 1332.

> FN1. Plaintiffs are both residents of the State of Delaware. (D.I. 111 at 1) Defendant Emerson is a Missouri corporation with its principal place of business in St. Louis, Missouri. (D.I. 1 at 2; D.I. 111 at 1) Defendant Louisville Ladder is a Missouri corporation with its principal place of business in Louisville, Kentucky. (D.I. 1 at 2; 111 at 1) Defendant Grainger is an Illinois corporation with its principal place of business in Lincolnshire, Illinois. (D.I. 1 at 2; 111 at 1) The amount in controversy is in excess of $100,000 exclusive of interest and cost. (D.I. 1 at 2; 111 at 6)

Presently before this court are defendants' motion to dismiss or, in the alternative, for summary judgment, as to the breach of warranty claim (count I) and plaintiffs' motion for leave to amend the complaint. (D.I.83, 89) Defendants have also filed a motion to exclude plaintiffs' expert. (D.I.106) For the reasons that follow, the court will grant defendants' motion to dismiss, deny plaintiffs' motion for leave to amend, and deny defendants' motion to exclude plaintiffs' expert as moot.

II. BACKGROUND

This case is based on injuries that Addison suffered when he fell off a ladder at work. According to the record, on or about November 26, 1990, Addison's employer, Greggo & Ferrara, Inc., purchased a ladder from Grainger to be used in its course of business. (D.I. 111 at 2) Defendants Emerson and Louisville Ladder are alleged to have manufactured this ladder. (D.I. 111 at 2) The ladder is described as a 24 foot fiberglass ladder, Model 1AFE2200. (D.I. 111 at 2)

According to plaintiffs, on or about July 18, 1994, Addison was severely injured when the ladder broke while he was using it, causing him to fall to the ground. (D.I. 111 at 2) Based on this incident, plaintiffs filed this action against defendants alleging breach of warranty (count I) and negligence (counts II and III). Plaintiffs have voluntarily dismissed the negligence claims. (D.I.107)

On September 5, 1996, plaintiffs filed a motion for leave to amend the complaint to add claims for breach of express warranties and intentional/negligent misrepresentation. (D.I.89) Plaintiffs claim that they first received information regarding express warranties on August 15, 1996. (D.I. 89 at 1) Defendants oppose plaintiffs' motion for leave to amend. (D.I.96) On December 2, 1996, defendants filed a motion to exclude plaintiffs' expert. (D.I.106) According to the record, plaintiffs have not filed any response to this motion.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 129327 (D.Del.)  
**(Cite as: 1997 WL 129327 (D.Del.))**

Page 2

III. DISCUSSION

The parties' motions will be addressed *seriatim*.

A. Defendants' Notion to Dismiss or for Summary Judgment

1. Standard of review

Defendants' moving papers are styled as a motion to dismiss, or in the alternative, as a motion for summary judgment. Since defendants have referred to matters outside of the pleadings, the court will treat their motion as a motion for summary judgment and dispose of it in accordance with Federal Rule of Civil Procedure 56(c). See Fed.R.Civ.P 12(b). Accordingly, the court will apply the standard for summary judgment to defendants' motion.

*2 Summary judgment should be granted only if a court concludes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact is in dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once the moving party has carried its initial burden, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.' " Id. at 587. "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n. 1 (3d Cir.1995) (citations omitted). The moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This court, however, must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir.1995) (citation omitted).

2. Breach of warranty

Defendants argue that summary judgment should be granted as to plaintiffs' breach of warranty claim because it is time barred by the applicable statute of limitations. Plaintiffs respond with essentially two independent arguments: (1) that their claim involves a breach of an express warranty which is not time barred as a matter of law; or (2) that their claim falls within an exception to the applicable statute of limitations.

The court is unpersuaded by plaintiffs' first argument since it finds that count I alleges breaches of implied warranties, rather than breaches for express warranties. [FN2] Count I alleges that defendants warranted the ladder "to be fit for the purpose for which it was purchased and to be merchantable quality" and that defendants breached these warranties when the ladder broke and caused Addison to fall. (D.I. 111 at 2) In Delaware, these claims are statutory causes of action for breaches of implied warranties. 6 Del. C. § § 2-314, 2-315 (1996). Section 2-314 of Title 6 of the Delaware Code is entitled "Implied warranty; merchantability; usage of trade." It provides in part that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to the goods of that kind." 6 Del. C. § 2-314 (1996). Section 2-315 of Title 6 of the Delaware Code is entitled "Implied warranty; fitness for particular purpose." This section provides in part that "there is ... an implied warranty that the goods shall be fit for such purpose" if "the seller has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods ..." 6 Del. C. § 2-315 (1996). Based on these statutory definitions, the court finds that count I of plaintiffs' complaint includes claims for breaches of implied warranties.

> FN2. Since plaintiffs' motion for leave to amend involves, *inter alia*, adding claims for breach of express warranties, the court will address this issue when considering plaintiffs' motion for leave to amend.

*3 In Delaware, all actions for breaches of implied warranties are limited by the provisions set forth in § 2-725 of Title 6 of the Delaware Code. Johnson v. Hockessin Tractor, Inc., 420 A.2d 154, 158 (Del.1980). This section provides for a four-year statute of limitations and applies even in cases involving personal injuries. Id., Section 2-725 provides in part:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00300-JJF    Document 65-6    Filed 03/15/2006    Page 4 of 10

Not Reported in F.Supp.                                                                                    Page 3
Not Reported in F.Supp., 1997 WL 129327 (D.Del.)
**(Cite as: 1997 WL 129327 (D.Del.))**

(1) An action for breach of any contract for sale must commence within 4 years after the cause of action has accrued....

(2) A cause of action accrues when a breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

6 Del. C. § 2-725 (1996). As stated above, the cause of action accrues at the time "when tender of delivery is made," unless there is a warranty that "explicitly extends to future performance of the goods." *Id.*

Generally, the "future performance" exception of § 2-725 is construed narrowly. *Sellon v. General Motors Corp.,* 571 F.Supp. 1094, 1098 (D.Del.1983); *Raymond-Dravo-Langenfelder v. Microdot, Inc.,* 425 F.Supp. 614, 618 (D.Del.1976); *Ontario Hydro v. Zallea Systems, Inc.,* 569 F.Supp. 1261, 1265-1266 (D.Del.1983); but see *Pack & Process, Inc., v. Celotex Corp.,* 503 A.2d 646, 653-655 (Del.Super.Ct.1985) (construing § 2-725 less narrowly than in *Sellon, Microdot,* and *Zallea Systems).* The question of whether a warranty explicitly extends to future performance is essentially a matter of contract construction. *Sellon,* 571 F.Supp. at 1098; *Celotex Corp.,* 503 A.2d at 655. This court has held that there must be explicit language in the warranty that refers to future performance in order for the exception in § 2-725 to apply. *Microdot,* 425 F.Supp. at 618; *Sellon,* 571 F.Supp. at 1098-1099; *Zallea Systems,* 569 F.Supp. at 1266. This court recognizes that the *Celotex Corp.* court construed the future performance exception less narrowly by considering evidence of explicit references to future performance that were outside of the language of the warranty. 502 A.2d at 655. In distinguishing its ruling from this court's earlier rulings, the *Celotex Corp.* court relied upon *Gaffney v. Unit Crane and Shovel Corp.,* 117 A.2d 237 (Del.Super.Ct.1955). In *Gaffney,* the Delaware Superior Court, prior to the adoption of § 2-725, distinguished between present and prospective warranties (i.e., warranties for future performance) without requiring explicit language referring to future performance. *Id.* Significantly, the *Gaffney* court held that a warranty that a truck crane had the capacity to lift twenty tons was not a prospective warranty because "there was nothing to prevent the plaintiffs from testing the capacity of the truck crane at the time it was purchased or any time thereafter." *Id.* at 239-240.

*4 In the present case, plaintiffs argue that their claim is not time barred because it falls within the "future performance exception" and, therefore, the statute of limitations did not begin to accrue until Addison fell from the ladder. (D.I. 90 at 3) Plaintiffs cite to a catalog advertisement of the ladder which states that the ladder is designed "for a 300 lb. workload when set at the proper working pitch." (D.I. 90 at 3, and Ex. B) Plaintiffs assert that this warranty language explicitly extends to future performance because "the warranty itself depends for its very existence upon the nature of the future use to which the ladder is put." (D.I. 90 at 3)

Even by viewing these facts in the light most favorable to plaintiffs, the court still finds that plaintiffs' argument fails. The warranty in the present case is similar to the warranty addressed in *Gaffney.* It only states that the ladder has a 300 pound capacity when set at the proper working pitch. The language of the warranty does not include any explicit language that refers to a future time or date. Section 2-725 provides that a cause of action accrues when a breach is or should have been discovered only if the "warranty explicitly extends to future performance ... and discovery of the breach must await the time of such performance." 6 Del. C. § 2-725(2) (1996) (emphasis added). In the present case, the ladder's capacity could have been tested at the time of purchase and plaintiffs could have tested it at any time thereafter. Aside from the language cited in the advertisement, plaintiffs do not allege that any other assurances of future performance were made. Consequently, the court holds that the alleged warranty does not constitute a warranty of future performance.

Plaintiffs also argue that summary judgment must be denied because the question of whether a warranty explicitly relates to the future performance is a question of fact for the jury. (D.I. 90 at 4) Plaintiffs argue that summary judgment is premature because plaintiffs have not received the entire catalog in which the ladder was advertised which "may give rise to additional express warranties." (D.I. 90 at 5)

The court holds that summary judgment is appropriate for determining whether a warranty explicitly extends to future performance under § 2-725. [FN3] *Sellon,* 571 F.Supp. at 1096-1098; *Zallea Systems,* 569 F.Supp. at 1263; cf. *Microdot,* 425 F.Supp. at 617 (deciding section 2-725 warranty

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00300-JJF   Document 65-6   Filed 03/15/2006   Page 5 of 10

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 129327 (D.Del.)  
**(Cite as: 1997 WL 129327 (D.Del.))**

Page 4

exception on a motion to dismiss); *cf. Gaffney,* 117 A.2d at 240 (granting motion for summary judgment on issue of whether plaintiff's breach of warranty claim was time barred prior to the adoption of § 2-725); *but see Celotex,* 503 A.2d at 652-653 (holding that summary judgment is not appropriate for determining if a breach of warranty claim falls within the future performance exception in § 2-725). The court notes that plaintiffs were provided with two complete catalogs on October 15, 1996. (D.I.102) Defendants have asserted that these catalogs contain no additional warranty information. (D.I.102) After receiving these catalogs, plaintiffs have not supplemented the record. Furthermore, all discovery was to be completed by December 29, 1996. (D.I. 17 at 2) Consequently, the court holds that summary judgment is not premature at this stage in the proceedings.

> FN3. The court declines to follow the holding in *Celotex Corp.* since the majority of cases in Delaware, cited above, have permitted resolution of the warranty issue at the summary judgment stage.

*5 In viewing the facts in the light most favorable to plaintiffs, this court still finds that plaintiffs' breach of warranty claim is time barred by § 2-725. Plaintiffs allege that the ladder was purchased on November 26, 1990. (D.I. 111 at 2) Addison also confirmed this date in an interrogatory answer. (D.I. 83, Ex. A at 1) Addison was injured on July 18, 1994. (D.I. 111 at 2) It is also undisputed that plaintiffs filed this action on or about February 26, 1996. (D.I. 90 at 1) Based on these undisputed facts, the complaint was filed more than four years after the ladder was purchased. Consequently, the court finds, as a matter of law, that count I of plaintiffs' complaint is time barred. The court shall grant summary judgment in favor of defendants.

B. Plaintiffs' Motion for Leave to Amend

1. Standard of review

A party may amend a pleading once as of right before a responsive pleading is filed. Fed.R.Civ.P. 15(a). Once the time for amendment as of right has passed, the decision to grant leave to amend rests within the discretion of the court. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208, 1212 (3d Cir.1984).

Rule 15 states that when a party moves to amend its pleading by leave of the court, "leave shall be freely given when justice so requires." In *Foman,* the Supreme Court elaborated on this standard:

> If the underlying facts or circumstances relied upon by a [party] may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith, or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. at 182.

Of the factors listed by the Supreme Court, prejudice to the opposing party is paramount. *Senza-Gel Corp. v. Seiffhart,* 803 F.2d 661, 666 (Fed.Cir.1986); *Tenneco Resins, Inc. v. Reeves Brothers, Inc.,* 752 F.2d 630, 634 (Fed.Cir.1985). A related factor is the amount of time the moving party has waited before attempting to amend. Although "delay alone ... is an insufficient ground upon which to deny a motion to amend," *Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d at 1212, "the risk of substantial prejudice [to the opposing party] increases with the passage of time." *Tenneco Resins, Inc. v. Reeves Brothers, Inc.,* 752 F.2d at 634, *quoting* 6 Wright & Miller, *Federal Practice & Procedure* § 1488 at 439 (1971).

The danger of prejudice to the opposing party also becomes more likely where the proposed amendment injects an entirely new issue into the case. *Berger v. Edgewater Steel Co.,* 911 F.2d 911, 923 (3d Cir.1990). In *Berger,* the Third Circuit upheld a district court's refusal to allow such an amendment, despite the lower court's failure to explain its reasons. The appellate court found that the issues raised in the amendment would have required "new and extensive discovery" extending past the discovery deadline, thus placing a burden on both the opposing party and the trial court. *Id.* at 924. *See also Duchon v. Cajon Co.,* 791 F.2d 43, 48 (6th Cir.1986) (affirming district court's refusal to permit amendment where doing so "would be confusing, complex, and ultimately prejudicial to defendants.").

*6 Against these factors, the court may weigh the prejudice, or lack thereof, to the moving party if leave to amend is denied. *Bamm, Inc. v. GAF Corp.,* 651 F.2d 389, 391 (5th Cir.1981).

2. Plaintiffs' proposed new claims

On September 5, 1996, plaintiffs moved for leave to

amend the complaint to add claims for (1) breach of express warranties (count I) and (2) intentional and negligent misrepresentation (count II). (D.I.89) Defendants oppose this motion arguing that it is untimely and the new claims are barred by the statute of limitations. (D.I.96) Plaintiffs acknowledge that, pursuant to this court's order, all motions to amend the pleadings were to be filed on or before July 22, 1996. (D.I. 17 at 3) Nevertheless, plaintiffs argue that they should be permitted to amend the pleadings because they did not receive information pertaining to express warranties until on or about August 15, 1996. (D.I. 89 at 1)

Regardless of when plaintiffs received information about warranties, the court shall deny plaintiffs' motion for leave to amend. [FN4] The court finds plaintiffs' proposed claim for breach of express warranty futile because it is time barred. As noted above, the Delaware Supreme Court specifically has held that actions for breaches of implied warranties are governed by § 2-725, which provides for a four-year statute of limitations. *Johnson,* 420 A.2d at 158. In holding that an action for a breach of an implied warranty is governed by § 2-725, the Delaware Supreme Court in *Johnson* stated that it agreed with the "majority rule" which applies § 2-725 to actions for breach of both express and implied warranties. *Id.* at 157-158. A breach of an express warranty, like a breach of an implied warranty, is necessarily a contract action. Section 2-725 applies to all actions for "breach of any contract for sale." 6 Del. C. § 2-725 (1996). Given the dicta in *Johnson* and the similarities between express and implied warranties, the appropriate conclusion is that the Delaware Supreme Court would also apply § 2-725 to actions for breach of express warranty. The court notes that there is no Delaware case holding to the contrary. [FN5] Consequently, the court finds that plaintiffs' proposed claim for breach of express warranty would be time barred by § 2-725. Since plaintiffs' claim is futile, the court shall deny plaintiffs' motion for leave to amend.

> FN4. Plaintiffs' motion for leave to amend addresses only their claim of breach of express warranty. Plaintiffs have not advanced any basis why they should be allowed to add claims for intentional or negligent misrepresentation. Since plaintiffs have offered no explanation why these new claims should be added untimely, the court will deny plaintiffs' motion to amend these claims.

> FN5. Plaintiffs cite *Calhoun v. State,* 634 A.2d 335, 337 (Del.1993), as supporting their argument that express warranties are not governed by § 2-725. (D.I. 90 at 3) The Delaware Supreme Court in *Calhoun* held that an employee is entitled to both disability retirement benefits and workers' compensation benefits. *Id.* at 338. In *Calhoun,* the Delaware Supreme Court refused to interpret the applicable statutes as authorizing an offset of benefits in the absence of clear language. *Id.* at 337. Since express warranties and § 2-725 were not at issue in *Calhoun,* the court finds it inapplicable to the present case.

IV. CONCLUSION

For the reasons stated above, the court finds count I of plaintiffs' complaint time barred by the applicable statute of limitations. The court also finds plaintiffs' proposed claim also time barred. Consequently, the court shall grant defendants' motion for summary judgment and deny plaintiffs' motion for leave to amend. The court shall also deny defendants' motion to exclude plaintiffs' expert as moot. [FN6]

> FN6. On December 2, 1996, defendants filed a motion to exclude plaintiffs' expert. (D.I.106) The record indicates that the deadline for filing expert reports was extended twice. (D.I.99, 105) Pursuant to the parties' stipulation, plaintiffs' expert reports were due on or before November 15, 1996 and that plaintiffs' expert would be available for deposition on or before November 22, 1996. (D.I.105) Plaintiffs have failed to comply with D. Del. LR 7.1.2(a)(2) since they did not file an answering brief within 10 days after service and filing of defendants' opening brief. As noted above, the court shall grant defendants' motion for summary judgment and deny plaintiffs' motion for leave to amend. Accordingly, the court shall deny defendants' motion to exclude plaintiffs' expert as moot.

An order consistent with this memorandum opinion shall issue.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT D

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 236606 (E.D.Pa.)
(Cite as: 1999 WL 236606 (E.D.Pa.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
PENSION FUND for HOSPITAL & HEALTH
CARE EMPLOYEES-PHILADELPHIA and
VICINITY
DISTRICT 1199C TRAINING and Upgrading Fund,
and District 1199C National Union
of Hospital and Health Care Employees and
Participating Health Employers Job
Security Fund,
v.
NORTH PHILADELPHIA HEALTH SYSTEM.
No. CIV. A. 98-2415.

April 21, 1999.

*MEMORANDUM AND ORDER*

HUTTON.

*1 Presently before this Court is the Defendant North Philadelphia Health System's Motion for Leave to Amend Answer to Amended Complaint (Docket No. 6) and the Plaintiffs Pension Fund for Hospital and Health Care Employees-Philadelphia and Vicinity, District 1199C Training and Upgrading Fund and District 1199C National Union of Hospital and Health Care Employees and Participating Health Employers Job Security Fund's response thereto (Docket No. 7). For the reasons stated below, the Defendant's Motion is GRANTED.

I. *BACKGROUND*
This is an action brought against North Philadelphia Health System (NPHS" or "Defendant") to recover delinquent contributions to employee benefit and pension funds pursuant to § 15 of the Employee Retirement Income Security Act ("ERISA"), 42 U.S.C. § 1145. Pension Fund for Hospital and Health Care Employees-Philadelphia and Vicinity, District 1199C Training and Upgrading Fund and District 1199C National Union of Hospital and Health Care Employees and participating Health Employers Job Security Fund (collectively, the "Plaintiffs") filed their original complaint in this action on May 18, 1998 and amended the complaint on July 14, 1998. The Defendant filed its answer on August 24, 1998. On November 9, 1998, the Defendant filed this motion to amend its answer to add certain affirmative defenses with respect to one of the collective bargaining units at issue. The Plaintiffs filed their response thereto on November 23, 1998.

II. *DISCUSSION*
A. *Standards For Leave To Amend*

Federal Rule of Civil Procedure 15(a) allows a defendant to amend its answer after it has already been filed:
> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading whichever period may be the longer, unless the court otherwise orders.

Fed.R.Civ.P. 15(a) (emphasis added). To explore the contours of this rule and detail when a defendant may amend his answer, the United States Supreme Court has explained that:
> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.... If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-- that leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00300-JJF   Document 65-6   Filed 03/15/2006   Page 9 of 10

Not Reported in F.Supp.2d                                                    Page 2
Not Reported in F.Supp.2d, 1999 WL 236606 (E.D.Pa.)
**(Cite as: 1999 WL 236606 (E.D.Pa.))**

discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *2 _Foman v. Davis,_ 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The United States Court of Appeals for the Third Circuit has interpreted these factors "to mean that 'prejudice to the non-moving party is the touchstone for the denial of an amendment.' ... In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." _Lorenz v. CSX Corp.,_ 1 F.3d 1406, 1413-14 (3d Cir.1993). Therefore, the non-moving party must do more than merely claim prejudice. Instead, "[i]t must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely." _Bechtel v. Robinson,_ 886 F.2d 644, 652 (3d Cir.1989); _see Kiser v. General Elec. Co.,_ 831 F.2d 423, 427-28 (3d Cir.1987) (non-moving party has burden of demonstrating that allowing amendment will result in prejudice), _cert. denied sub nom., Parker-Hannifin Corp. v. Kiser,_ 485 U.S. 906, 108 S.Ct. 1078, 99 L.Ed.2d 238 (1988). Mere passage of time, without more, does not require that a motion for leave to amend be denied; however, at some point, the delay will become undue, placing an unwarranted burden on the court, or prejudicial, placing an unwarranted burden on the opposing party. _Adams v. Gould Inc.,_ 739 F.2d 858, 868 (3d Cir.1984), _cert. denied,_ 469 U.S. 1122, 105 S.Ct. 806, 83 L.Ed.2d 799 (1985); _Harle v. Edward B. O'Reilly & Assoc. Inc. Employee Health Care Plan,_ No. CIV.A.92-1721, 1993 WL 39319 (E.D.Pa.Jan.12, 1993). Prejudice does not result merely from a party's having to incur additional counsel fees; nor does it result from a delay in the movement of the case. _Adams,_ 739 F.2d at 869; _Harle,_ 1993 WL 39319, at * 2. Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change in tactics or theories on the part of the other party." _Deakyne v. Commissioners of Lewes,_ 416 F.2d 290, 300 (3d Cir.1990).

In addition to prejudice, futility of the amendment is a reason to deny leave to amend. Where a party opposes an amendment on the ground of futility, leave to amend an Answer in order to assert an affirmative defense should be denied "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient" defense. _Miller v. Rykoff-Sexton, Inc.,_ 845 F.2d 209, 214 (9th Cir.1988).

B. _Analysis of the Defendant's Motion_

*3 In its motion, the Defendant seeks to amend its Answer related to contributions allegedly owed by the Defendant pursuant to a collective-bargaining agreement between the Defendant and United Nurses of Pennsylvania National Union of Hospital and Health Care Employees, AFSCME, to Plaintiff Pension Fund for Hospital & Health Care Employees-Philadelphia and Vicinity to clarify its position and to reflect information learned by the Defendant since the filing of its Answer to Amended Complaint." (Def.'s Mem. at 2.) More specifically, the "Defendant seeks to amend its Answer to clarify and place Plaintiffs on notice as to the nature of its defense relating to the [the United Nurses of Pennsylvania National Union of Hospital and Health Care Employees AFSCME, AFL-CIO] UNOP unit contributions claimed in the Amended Complaint." (_Id._ at 4-5.) The Plaintiffs claim that the proposed amendment is futile. (Pls.' Resp. at 4.) Moreover, the Plaintiffs contend that they will be prejudiced by the Defendant's proposed amendment to its answer because the deadline for discovery is less than eight weeks away. (_Id._) Thus, the Plaintiffs assert that the Defendant's motion should be denied.

After reviewing the parties' submissions, this Court finds that the Defendant's motion is not the result of bad faith nor dilatory motive nor would it result in undue delay. In addition, this Court finds that the Plaintiffs have not demonstrated that they will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence, which it would have offered had the amendments been timely. Therefore, the Court finds that the Plaintiffs have not satisfied their burden of demonstrating that they will be prejudiced if the Defendant amends its answer pursuant to Federal Rules of Civil Procedure 15(a). Furthermore, at this stage of the proceedings, this Court is unwilling to find that the amendment to the Defendant's answer would be futile or serve no legitimate purpose. Because the underlying facts and circumstances relied upon by the Defendants appear to be a proper subject of relief, it ought to be afforded an opportunity to amend its answer. _See Foman,_ 371 U.S. at 182, 83 S.Ct. at 230.

An appropriate Order follows.

ORDER
AND NOW, this 21st day of April, 1999, upon consideration of the Defendant North Philadelphia Health System's Motion for Leave to Amend Answer

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 236606 (E.D.Pa.)
**(Cite as: 1999 WL 236606 (E.D.Pa.))**

Page 3

to Amended Complaint (Docket No. 6) and the Plaintiffs Pension Fund for Hospital and Health Care Employees-Philadelphia and Vicinity, District 1199C Training and Upgrading Fund and District 1199C National Union of Hospital and Health Care Employees and Participating Health Employers Job Security Fund's response thereto (Docket No. 7), IT IS HEREBY ORDERED that the Defendant's Motion is GRANTED. IT IS FURTHER ORDERED that the Defendant has fifteen (15) days from the date of this Order to file its amended answer.

Not Reported in F.Supp.2d, 1999 WL 236606 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

• 2:98cv02415 (Docket) (May. 08, 1998)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.