IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Creedon Controls, Inc., a Delaware corporation, | ) |
| | ) C. A. No. 05CV300 (JJF) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Banc One Building Corporation, an Illinois corporation; and Forest Electric Corporation, a New York corporation, | ) |
| | ) |
| Defendants. | ) |

**ANSWERING BRIEF OF PLAINTIFF CREEDON CONTROLS, INC.
IN OPPOSITION TO DEFENDANT BANC ONE'S
<u>MOTION TO AMEND ITS ANSWER TO THE COMPLAINT</u>**

Edward Seglias, Esq. (I. D. No. 2822)
Robert K. Beste, Jr., Esq. (I. D. No. 154)
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 Orange St., Nemours Bldg., Suite 205
Wilmington, DE 19801
(302) 42505089
Attorneys for Plaintiff, Creedon Controls, Inc.

DATED: March 24, 2006

## **TABLE OF CONTENTS**

**Page**

Table of Authorities……………………………………………………………………..ii

Nature and Stage of Proceeding and Statement of the Facts…………………………….1

Summary of Argument …………………………………………………………………..5

Argument…………………………………………………………………………….…...6

I.     BOBC'S MOTION TO AMEND SHOULD BE DENIED.

    A.     BOBC should not benefit from its unexcused delay.

    B.     BOBC has not provided any reasonable basis for its inexcusable failures.

    C.     BOBC should not be permitted to amend its judicial admission.

    D.     CCI will be prejudiced by the Amendment.

Conclusion………………………………………………………………………….9

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page**

Advocat v. Nexus Industries, Inc.,
497 F.Supp. 328 (D.Del. 1980)......................................................................................7

Consolidated Rail Corp. v. Providence & Worcester Co.,
540 F.Supp. 1210 (D.Del. 1982)....................................................................................8

Enzo Life Sciences, Inc. v. Digene Corp.,
270 F.Supp.2d 484 (D.Del. 2003)..................................................................................6

Foman v. Davis,
371 U.S. 178, 83 S. Ct. 227 (1962)................................................................................6

Jones v. Capital Cities/ABC Inc.,
874 F.Supp. 626 (S.D.N.Y. 1995)..................................................................................8

National Instrument Laboratories, Inc. v. Hycel, Inc.,
478 F.Supp. 1179 (D.Del. 1979)....................................................................................8

Rose Hall, Ltd. v. Chase Manhattan Overseas Banking,
93 F.R.D. 858 (D.Del. 1982).........................................................................................6

Samick Music Corp. v. Delaware Music Industries, Inc.,
Civ. A. No. 91-23-CMW, 1992 WL 39052 (D.Del. Feb. 12, 1992)..............................6

**Statutes**

Fed.R.Civ.P. 15(a)..........................................................................................................6

## NATURE AND STAGE OF PROCEEDING
## AND STATEMENT OF THE FACTS

The Complaint in this matter was filed on April 15, 2005, by Plaintiff, Creedon Controls, Inc. (hereinafter "CCI"), in the Superior Court of the State of Delaware, in and for New Castle County, as a statutory mechanics' lien action against Defendant Banc One Building Corporation (hereinafter "BOBC"), and a Complaint for breach of contract and delay damages against both BOBC and Defendant Forest Electric Corp. (hereinafter "FEC").

On May 17, 2005, BOBC and FEC both filed a Notice of Removal to this Court. On May 24, 1005, FEC filed its Answer to the Complaint, and on June 13, 2005, BOBC filed its Answer to the Complaint.

Paragraph 13 of CCI's Complaint states: "Alternatively, it is alleged that CCI made its contract directly with Forest, a subcontractor and/or agent of Banc One."[1] In its Answer, BOBC denied the contract was made directly with FEC as a party. BOBC's Answer stated: "Admitted that Forest Electric Corp. acted as electrical trade manager and agent for Banc One." Although not referenced or included as part of BOBC's Opening Brief, the Answer of BOBC was supported by the attached Affidavit of Scott A. Capaldi, dated June 8, 2005. The Affidavit is made under oath, and verifies the facts in the Answer and Affirmative Defenses, including that FEC entered into a contract with CCI only as agent for BOBC, and thereby binding BOBC. Additionally, that sworn statement by an Assistant Vice President, at Paragraph 2, indicates the applicable contract is between CCI and Banc One. A copy of such Affidavit is attached hereto as Exhibit "2."

Interestingly, in filing its Answer to the Complaint, FEC also filed its supporting and

1

---

[1] CCI's State court Complaint, including only pertinent parts of Exhibits "1" and "2" to the Complaint, is attached as Exhibit "1."

sworn affidavit, stating "Forest Electric was the Electrical Trade Manager and Construction Manager for the electric trades acting as agent for Banc One Building Corporation...." (See D.E. 3; Exhibit "3", Paragraph 4).

On June 20, 2005, CCI served upon counsel for the Defendants, the First Request for Production of Documents. (D.E. 7). Because of the court rules, Defendants were not required to immediately answer that discovery, but CCI wanted the discovery requests made as early as possible, so the parties could not delay the ultimate production of such documents, and therefore the progress of this case. Nonetheless, that is exactly what Defendants have done.

On October 4, 2005, both Defendants filed their joint response to CCI's discovery requests (D.E. 18).[2] The document response is purported to be on behalf of Defendants, BOBC and FEC. The Scheduling Order, entered by this Court on July 28, 2005 (D.E. 9), provided for the completion of document discovery before November 30, 2005.

On December 9, 2005, a Substitution of Counsel was entered, where, for the first time, separate counsel entered an appearance on behalf of BOBC. (D.E. 28). Until that time, BOBC and FEC had been represented by the same counsel. At the request of the new counsel for BOBC, the FEC and BOBC Rule 30(b)(6) depositions, scheduled for December 19 and 21, 2005, were postponed and were rescheduled, along with additional depositions to take place, beginning January 11, 2006, and with the agreement of the parties.

Despite the purported document production on behalf of BOBC and FEC, it is now apparent that neither document review nor document production had occurred by BOBC; and BOBC had totally neglected its obligations, to the parties and to the Court, to comply with discovery schedules; and that BOBC had totally ignored its good-faith obligations under the

2

---

[2] Some of the actual documents were supplied by September 20, 2005.

Federal Rules. In other words, BOBC did nothing in the way of document production, and it falsely represented that it did.

Suddenly, on or about December 23, 2005, BOBC somehow made the discovery it had forgotten to review or produce any documents, and thereafter immediately placed this case in the current state of flux.

BOBC certainly knew of its document production problems in mid-December, 2005. Rule 30(b)(6) depositions, of FEC and BOBC were originally scheduled for December 19 and December 21, 2005, respectively. (See D.E. 25-26). At the request of BOBC, those depositions, as well as other depositions, were rescheduled to January 11 – February 7, 2006, to accommodate BOBC and its officer. So as to insure CCI could do little to move forward with the FEC 30(b)(6) deposition on January 11, 2006, and just two days before such deposition was to be taken, BOBC filed its Motion for a Protective Order on January 9, 2006. (D.E. 38).

Although the Court ultimately granted the Motion for a Protective Order (D.E. 47), to allow new BOBC counsel to bring themselves current, the Court directed the parties to attempt to agree upon a revised Scheduling Order.

BOBC, at Paragraph 7 of its motion for a Protective Order, inferred it was continuing its tremendous review of voluminous documents, and that production of documents to CCI would be voluminous, and that such production would be completed on a "rolling basis," over a period of three weeks. Despite BOBC's assertion in its motion, that production would be made on a "rolling basis," not only did no rolling production occur, but hardly any production at all occurred, until February 6, 2006, when a grand total of 271 pages was grandiosely supplied by BOBC. On March 1, 2006, BOBC made another grand production of 287 documents. Oddly, a significant majority of such documents were FEC documents that were previously produced, or

3

were overwhelming redacted. Based upon that appeared to be a total production of 485 pages since January 11, 2006, the progress of this case has been substantially thwarted.

Although one would presume BOBC had by that time determined with whom it did or did not contract, or who its agents were or were not, waiting until almost the very last day, BOBC filed its Motion to Amend its Answer on March 10, 2006. (D.E. 59). BOBC contends "…documents recently exchanged by the parties demonstrate…" that the BOBC Answer was wrong.[3] BOBC failed to demonstrate which of these documents suddenly divulge these important facts.

In its brief, BOBC further argues "discovery has revealed, however, that there was never any contract between BOBC and CCI, and that BOBC did not authorize Forest, as its supposed agent, to enter into any contract with CCI, in BOBC's name or on its behalf." BOBC Memorandum pp. 3-4. (D.E. 60). BOBC further submits a new Affidavit of Thomas M. Hennessey, (D.E. 61), which affidavit totally contradicts the earlier affidavit filed by BOBC (Exhibit "2"). Further, there is not one paragraph of the proposed Amended Complaint that remains unchanged from the original Answer; and there are substantial revisions all but four of the alleged Affirmative Defenses.

Although BOBC waited until five days before the deadline for filing motions to amend the pleading, FEC waited until the last day to do so. (D.E. 60).

This is the Answering Brief of CCI, in opposition to BOBC's Motion to Amend its Answer to the Complaint.

4

---

[3] BOBC Memorandum P. 3.

## SUMMARY OF ARGUMENT

I. **BOBC's Motion to Amend Should Be Denied.**

    A. **BOBC should not benefit from its unexcused delay.**

    B. **BOBC has not provided any reasonable basis for its inexcusable failures.**

    C. **BOBC should not be permitted to amend its judicial admission.**

    D. **CCI will be prejudiced by the Amendment.**

# ARGUMENT

I. **BOBC'S MOTION TO AMEND SHOULD BE DENIED.**

   A. **BOBC Should Not Benefit from Its Unexcused Delay.**

Fed. R. Civ. P. 15(a) provides that, once an answer has been filed, an amended answer may only be filed by leave of the court. Although Rule 15(a) also provides that leave to amend shall freely be given when justice so requires, that does not mean the Court should allow an amendment under all circumstances. The amendment should not be allowed when there is "…any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant…undue prejudice to the opposing party…" Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Enzo Life Sciences, Inc. v. Digene Corp., 270 F.Supp.2d 484, 487 (D.Del. 2003). BOBC's utter neglect of its duties to the Court and the parties, should be sufficient undue delay, in and of itself.

   B. **BOBC Has Not Provided Any Reasonable Basis for Its Inexcusable Failures.**

As an initial matter, it is the burden of BOBC, as Movant "…to articulate some satisfactory explanation why [the] amendment should be permitted when leave of the Court is required." Samick Music Corp. v. Delaware Music Industries, Inc., Civ. A. No. 91-23-CMW, 1992 WL 39052 (D.Del. Feb. 12, 1992). (Exhibit "4" attached hereto). See also Rose Hall, Ltd. v. Chase Manhattan Overseas Banking, 93 F.R.D. 858, 865 (D.Del. 1982): "Undue delay which is not satisfactorily explained is equivalent to bad faith." Id. at p. 865. Through all the excuses BOBC has offered to the Court and the parties, BOBC has not even attempted to provide any explanation, let alone a satisfactory explanation, why it would take all these months to suddenly "discover" whether FEC was acting for itself, or acting as agent for BOBC. Exhibit "A" to the Complaint filed in this action, attaches a contract sent by FEC to CCI, on May 4, 2004. That

contract clearly provides that BOBC is the owner, and the contract is signed on behalf of BOBC by FEC "as Banc One Building Corporation's Agent and Electrical Trade Manager." The contract proposed by Defendants was never wholly accepted by CCI; and, as set forth in Exhibit "B" to the Complaint, and by letter dated June 13, 2004, CCI wrote to FEC, objecting to certain provisions of the contract. The very first suggestion on the attachment to that letter, which attachment is captioned "Action:/Description of Action," clarifies the contract is "between Banc One Building Corporation, Electrical Trade Manager, Agent, and Construction Contractor." (See Exhibit "1"). Not only are these documents attached to the initial Complaint, and known to the parties from the very beginning of the discussions between the parties, they are part of the initial document production made in this matter and have long been in these parties' files. It is inconceivable that BOBC now claims surprise at the contention of CCI that FEC made a contract with CCI as agent for and on behalf of BOBC. BOBC has provided no satisfactory explanation for its delay, and BOBC's Motion to Amend should be denied.

BOBC failed to make any effort to produce documents, failed to obtain separate counsel, and effectively failed to participate; and now BOBC wants to amend its Answer, at the last minute. Any significant delay in asserting an Affirmative Defense, will almost invariably result in prejudice to a non-moving party. Advocat v. Nexus Industries, Inc., 497 F.Supp. 328 (D.Del. 1980).

> "...the proper standard is one that balances the length of the delay against the resulting prejudice. In other words, the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice."
> Id. at p. 331.

### C.  BOBC Should Not Be Permitted to Amend Its Judicial Admission.

BOBC should be bound by its judicial admissions in its pleadings. In its original Answer to Paragraph 13, BOBC admits FEC "acted as electrical trade manager and agent for Banc One."

7

BOBC should not, at this late date, be allowed to attempt to amend its judicial admission of FEC's agency. A judicial admission is an admission of fact in the nature of a waiver. National Instrument Laboratories, Inc. v. Hycel, Inc., 478 F.Supp. 1179, 1183, Fn.3, (D.Del. 1979). Such an admission is and should be binding on BOBC. Consolidated Rail Corp. v. Providence & Worcester Co., 540 F.Supp. 1210, 1220 (D.Del. 1982). Throughout its proposed Amended Answer to the Complaint, BOBC further seeks to distance its admission by continually denying FEC entered into a subcontract on behalf of BOBC. As an example, see proposed amendments to Paragraphs 23, 25, 27, 32, 35, 37, 38, 39, and the proposed amended Second and Third Affirmative Defenses. BOBC should not now be allowed to make this drastic change of positions.

BOBC should not be allowed to abrogate its original verified pleading. Jones v. Capital Cities/ABC Inc., 874 F.Supp. 626, 630 (S.D.N.Y. 1995).

### D.    CCI Will Be Prejudiced by the Amendment.

BOBC can hardly argue there is no prejudice caused CCI. BOBC now contends that FEC was not acting on BOBC's behalf, and that only FEC is liable to CCI for breach of contract. The Court can only imagine how this litigation could have taken a different turn, if BOBC had not been named. Perhaps BOBC would not have even been named as a defendant, had a contact not been forwarded to CCI, purporting that FEC was acting as agent for BOBC. The only reason BOBC would have been named, would be for the purpose of an *in rem* action, to place a mechanics' lien against the BOBC property.

Had there been no contract actions directly alleged against BOBC, discovery would clearly been completed in this matter, numerous motions would have been avoided, and this case would be much further toward completion.

8

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Motion of Defendant Banc One Building Corporation to amend its Answer to the Complaint should be denied.

                                        **Cohen, Seglias, Pallas, Greenhall & Furman, P.C.**

                                        Edward Seglias, Esq. (I. D. No. 2822)
Robert K. Beste, Jr., Esq. (I. D. No. 154)
1007 Orange St., Nemours Bldg., Suite 205
Wilmington, DE 19801
(302) 42505089
Attorneys for Plaintiff, Creedon Controls, Inc.

DATED: March 24, 2006

## CERTIFICATE OF SERVICE

I, Robert K. Beste, Jr., certify that I am not less than 18 years of age, and that service of "Plaintiff's Answering Brief in Opposition to Defendant Banc One's Motion to Amend its Answer to the Complaint," was made both Electronically and By Hand (one copy for each), on March 23rd, 2006, upon:

Paul A. Bradley, Esquire
McCarter & English, LLP
919 N. Market Street, Suite 1800
P. O. Box 111
Wilmington, DE 19899

Lawrence C. Ashby, Esquire
Paul Trainer, Jr., Esquire
Ashby & Geddes
222 Delaware Avenue
P. O. Box 1150
Wilmington, DE 19899

            **Cohen, Seglias, Pallas, Greenhall & Furman, P.C.**

            _____
            Edward Seglias, Esq. (I. D. No. 2822)
            Robert K. Beste, Jr., Esq. (I.D. No. 154)
            1007 Orange Street
            Nemours Building, Suite 205
            Wilmington, DE 19801
            (302) 425-5089
            Attorneys for Plaintiff Creedon Controls, Inc.

RKB/msj
06894-0001