IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Creedon Controls, Inc., a Delaware corporation,   )
   ) C. A. No. 05CV300 (JJF)
       Plaintiff,   )
   )
v.   )
   )
Banc One Building Corporation, an Illinois   )
corporation; and Forest Electric Corporation, a   )
New York corporation,   )
   )
       Defendants.   )

**ANSWERING BRIEF OF PLAINTIFF CREEDON CONTROLS, INC.
IN OPPOSITION TO DEFENDANT FOREST ELECTRIC CORPORATION'S
<u>MOTION TO AMEND ITS ANSWER TO THE COMPLAINT</u>**

Edward Seglias, Esq. (I. D. No. 2822)
Robert K. Beste, Jr., Esq. (I. D. No. 154)
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 Orange St., Nemours Bldg., Suite 205
Wilmington, DE 19801
(302) 42505089
Attorneys for Plaintiff, Creedon Controls, Inc.

DATED: March 24, 2006

## TABLE OF CONTENTS

**Page**

Table of Authorities................................................................................ii

Nature and Stage of Proceeding.................................................................1

Statement of the Facts...........................................................................3

Summary of Argument ...........................................................................4

Argument..........................................................................................5

      I.      FEC'S MOTION TO AMEND SHOULD BE DENIED.

            A.     FEC Should Not Benefit from its Unexcused Delay.

            B.     FEC Has Not Provided Any Reasonable Basis for its Inexcusable Failures.

            C.     CCI Will Be Prejudiced by the Proposed Amendment.

Conclusion.........................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                        **Page**

Advocat v. Nexus Industries, Inc.,
497 F.Supp. 328 (D.Del. 1980)...................................................................6

Enzo Life Sciences, Inc. v. Digene Corp.,
270 F.Supp.2d 484 (D.Del. 2003)...............................................................5

Foman v. Davis,
371 U.S. 178, 83 S. Ct. 227 (1962).............................................................5

Rose Hall, Ltd. v. Chase Manhattan Overseas Banking,
93 F.R.D. 858 (D.Del. 1982).....................................................................6

Samick Music Corp. v. Delaware Music Industries, Inc.,
Civ. A. No. 91-23-CMW, 1992 WL 39052 (D.Del. Feb. 12, 1992)...............6

**Federal Rules**

Fed.R.Civ.P. 8(c)....................................................................................6

Fed.R.Civ.P. 15(a)..................................................................................5

**State Statutes**

25 Del. C. §2711(a).................................................................................7

25 Del. C. §2711(b).................................................................................7

## NATURE AND STAGE OF PROCEEDING

The Complaint in this matter was filed on April 15, 2005, by Plaintiff, Creedon Controls, Inc. (hereinafter "CCI"), in the Superior Court of the State of Delaware, in and for New Castle County, as a statutory mechanics' lien action against Defendant Banc One Building Corporation (hereinafter "BOBC"), and a Complaint for breach of contract and delay damages against both BOBC and Defendant Forest Electric Corp. (hereinafter "FEC").

On May 17, 2005, BOBC and FEC both filed a Notice of Removal to this Court. On May 24, 1005, FEC filed its Answer to the Complaint.

On June 20, 2005, CCI served upon counsel for the Defendants, the First Request for Production of Documents. (D.E. 7). Because of the court rules, Defendants were not required to immediately answer that discovery, but CCI wanted the discovery requests made as early as possible, so the parties could not delay the ultimate production of such documents, and therefore the progress of this case.  Nonetheless, that is exactly what Defendants have done.

On October 4, 2005, both Defendants filed their joint response to CCI's discovery requests. (D.E. 18).[1]   The first series of documents produced by FEC, were supplied on September 20, 2005.  This production by FEC included documents bearing Bates Nos. FE000188-FE000245.

The Scheduling Order entered by this Court on July 28, 2005 (D.E. 9), provided for the amendments to the pleadings no later than March 15, 2006. On the very last possible day, FEC filed its Motion to Amend its Answer. Although FEC's counsel certificate, under Local Rule 7.1.1, certifies that counsel attempted to contact Plaintiff's counsel, the first call to Plaintiff's counsel was made at 3:52 p.m., on March 15, 2006. Counsel never spoke, but the motion and

---

[1] Some of the actual documents were supplied by September 20, 2005.

1

brief were filed at 4:35 p.m. on that day. Although counsel exchanged recorded phone messages, there never was any discussion.

## STATEMENT OF THE FACTS

By letter dated October 2, 2003, FEC forwarded to CCI a proposed form of Subcontract Agreement (Exhibit "1").[2] FEC knows such agreement was never executed by any of the parties. Instead, after continued negotiations, and by letter dated May 4, 2004, FEC forwarded another contract proposal, captioned "Single Project Construction Services Agreement," to CCI, for the General Lighting & Power Project. (Exhibit "2"). That letter and proposed contract were also attached as Exhibit A to the Complaint and Statement of Claim for Mechanics' Lien filed by CCI, in State Court, on April 15, 2005, and served upon Defendants shortly thereafter. That proposed form of contract asserts that FEC was acting as agent for and on behalf of Defendant BOBC.[3] Since Exhibit "2" was an attachment to the Complaint, FEC has known about this subsequent draft contract since at least the beginning of this litigation; and, if FEC looked, it would have seen it in its own files long before.

As FEC's documents show, even that May 4, 2004 proposal was subject to further discussions and disputes, and never signed. See Exhibit "3," which are FEC documents with Bates Nos. 000697-000714, and include substantial further revisions required by CCI.

Despite knowledge that the October 2, 2003 version (Exhibit "1") was not accepted by any party, on March 15, 2006, FEC filed its Motion to Amend Its Answer in this matter, seeking to add an additional affirmative defense, to allege that Clause XIV of the unsigned Subcontract Agreement (Exhibit "1") precludes "delay" damages that CCI is seeking in this matter.

---

[2] Exhibit A to FEC's Opening Memorandum in support of its Motion to Amend Its Answer, attaches documents bearing Bates Nos. FE000188-FE000193-FE000245, FE000340-FE000392, and FE001023. However, Exhibit A to the FEC Motion also attaches Bates Nos. FE001023, and FE000340-FE000392. These documents (Bates Nos. 001023 and 000340-000392) relate to the IT Cable Conveyance System – Pod A. Those have nothing to do with the separate and individual agreement for the general lighting and power contract that is the subject of this litigation. All but FEC 000188 was withdrawn as an exhibit, by FEC, on March 27, 2006, with additional documents substituted by FEC.

[3] Parts of these same documents were attached as the initial version of Exhibit A to FEC's Opening Memorandum.

3

## SUMMARY OF ARGUMENT

I.    **FEC's Motion to Amend Should Be Denied.**

    A.    **FEC should not benefit from its unexcused delay.**

    B.    **FEC has not provided any reasonable basis for its inexcusable failures.**

    C.    **CCI Will Be Prejudiced by the Proposed Amendment.**

4

## ARGUMENT

### I.    FEC'S MOTION TO AMEND SHOULD BE DENIED.

#### A.    FEC Should Not Benefit from Its Unexcused Delay.

Fed. R. Civ. P. 15(a) provides that, once an answer has been filed, an amended answer may only be filed by leave of the court. Although Rule 15(a) also provides that leave to amend shall freely be given when justice so requires, that does not mean the Court should allow an amendment under all circumstances.  The amendment should not be allowed when there is "…any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant…undue prejudice to the opposing party…" Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Enzo Life Sciences, Inc. v. Digene Corp., 270 F.Supp.2d 484, 487 (D.Del. 2003).   FEC's own files disclose the FEC letter of October 3, 2003, and the attachments (Exhibit "1"). Even if FEC goes so far as to argue that it was not initially aware of what was in its files until the time of its document production, certainly FEC was aware of these documents by September 20, 2005, at which time the documents were produced by it to CCI. Clearly, FEC was also aware that its first proposal (Exhibit "1") was not accepted even by it, or by BOBC; and that FEC later sent another proposal (Exhibit "2").  FEC's own files (Exhibit "3") also reveal that FEC was aware CCI did not subsequently accept FEC's May, 2004 suggested amendments.

It is simply not accurate for FEC to say it seeks to amend its Answer "…in a minimal way to conform the discovery to date." (See FEC Brief, p. 3). It is not the discovery process that has provided this information to FEC; it has instead been in front of FEC since the filing and service of the initial Complaint, and was located in FEC's own files.  It is also inappropriate for FEC to infer that discovery has allowed it to determine the existence of the initial draft contract.

5

FEC had it all along. (Exhibit "1").

**B.    FEC Has Not Provided Any Reasonable Basis for Its Inexcusable Failures.**

As an initial matter, it is the burden of FEC, as Movant, "…to articulate some satisfactory explanation why [the] amendment should be permitted when leave of the Court is required." Samick Music Corp. v. Delaware Music Industries, Inc., Civ. A. No. 91-23-CMW, 1992 WL 39052 (D.Del. Feb. 12, 1992). (Exhibit "4" attached hereto). See also Rose Hall, Ltd. v. Chase Manhattan Overseas Banking, 93 F.R.D. 858, 865 (D.Del. 1982): "Undue delay which is not satisfactorily explained is equivalent to bad faith." Id. at p. 865.

FEC can offer whatever explanation it wishes, but it is clear that all of these materials have been in front of them for months, and FEC does not attempt to explain why it has waited until the very last day to seek leave of the Court to amend its Affirmative Defenses.

Fed. R. Civ. P. 8(c) requires the answer to set forth affirmatively any "… other matter constituting an avoidance or affirmative defense." FEC has failed to provide any explanation for its failure to state its defenses in its original Answer.

**C.    CCI Will Be Prejudiced by the Proposed Amendment.**

Any significant delay in asserting an Affirmative Defense, will almost invariably result in prejudice to a non-moving party. Advocat v. Nexus Industries, Inc., 497 F.Supp. 328 (D.Del. 1980).

> "…the proper standard is one that balances the length of the delay against the
> resulting prejudice. In other words, the longer the period of unexplained delay,
> the less will be required of the non-moving party in terms of showing prejudice."
> Id. at p. 331.

FEC has delayed its motion unreasonably, and that delay has caused prejudice to CCI. Discovery by interrogatories is completed. Not only does the FEC amendment refer to a new defense, it also attempts to change the parties to the contract. The proposed contract terms now

provided by FEC, are arguably to be between FEC as a general electrical contractor, and CCI as FEC's subcontractor. The time within which CCI may file its mechanics' lien action and obtain its mechanics' lien, is substantially determined by whether Plaintiff's contract is with the owner or a contractor.  See 25 Del. C. §2711(a), as compared to §2711(b).  These factors could substantially affect this litigation, and Plaintiff's potential remedies and certainty of collection. New depositions will now have to be taken; new legal issues will now have to be addressed by the Court; and new factual issues will now have to be addressed by the Court and jury.

FEC should not be allowed to benefit from its dilatory practices and delay, without any reasonable or justifiable excuse for such delay. FEC should be considered to have waived its ability to now assert its new affirmative defense.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Motion of Defendant

Forest Electric Corporation, to amend its Answer to the Complaint, should be denied.


                        **Cohen, Seglias, Pallas, Greenhall & Furman, P.C.**

                        Edward Seglias, Esq. (I. D. No. 2822)
                        Robert K. Beste, Jr., Esq. (I. D. No. 154)
                        1007 Orange St., Nemours Bldg., Suite 205
                        Wilmington, DE  19801
                        (302) 42505089
                        Attorneys for Plaintiff, Creedon Controls, Inc.


DATED: March 28, 2006

8

## CERTIFICATE OF SERVICE

I, Robert K. Beste, Jr., certify that I am not less than 18 years of age, and that service of

"Answering Brief of Plaintiff Creedon Controls, Inc., in Opposition to Defendant Forest Electric

Corporation's Motion to Amend its Answer to the Complaint," was made both Electronically

and By Hand (one copy for each), on March 2̶8̶ _____, 2006, upon:


Paul A. Bradley, Esquire
James J. Freebery, Esquire
Christopher A. Selzer, Esquire
McCarter & English, LLP
919 N. Market Street, Suite 1800
P. O. Box 111
Wilmington, DE 19899

Lawrence C. Ashby, Esquire
Philip Trainer, Jr., Esquire
Ashby & Geddes
222 Delaware Avenue
P. O. Box 1150
Wilmington, DE 19899


**Cohen, Seglias, Pallas, Greenhall &
Furman, P.C.**

Edward Seglias, Esq. (I. D. No. 2822)
Robert K. Beste, Jr., Esq. (I.D. No. 154)
1007 Orange Street
Nemours Building, Suite 205
Wilmington, DE 19801
(302) 425-5089
Attorneys for Plaintiff Creedon Controls, Inc.

RKB/msj
06894-0001