## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CREEDON CONTROLS, INC., a Delaware
corporation,

        Plaintiff,

    v.

BANC ONE BUILDING CORPORATION, an
Illinois corporation, and FOREST
ELECTRIC CORPORATION, a New York
corporation,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. NO. 05-CV-300-JJF


JURY TRIAL DEMANDED

## DEFENDANT BANC ONE BUILDING CORPORATION'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO AMEND ITS ANSWER TO PLAINTIFF'S COMPLAINT

Lawrence C. Ashby (#468)
Phillip Trainer, Jr. (#2788)
ASHBY & GEDDES, P.A.
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Defendant Banc One
Building Corporation*

Dated: March 30, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

COUNTERSTATEMENT OF FACTS ...................................................................... 1

ARGUMENT ........................................................................................................... 3

I.    CCI HAS FAILED TO ARTICULATE ANY LEGITIMATE BASIS UPON
      WHICH TO DENY BOBC'S MOTION .......................................................... 3

      A.    There Is No Basis to Deny BOBC's Motion Because of Any Supposed
            Undue Delay ......................................................................................... 3

      B.    CCI Has Failed to Demonstrate That It Will Suffer Any Prejudice If
            BOBC's Motion Is Granted .................................................................. 4

II.   WHETHER OR NOT BOBC's PRIOR STATEMENTS MAY BE DEEMED
      ADMISSIBLE DOES NOT PRECLUDE AMENDMENT OF THE ANSWER ............. 6

CONCLUSION ......................................................................................................... 8

Page

## TABLE OF AUTHORITIES

### CASES

*Advocat v. Nexus Indus., Inc.*, 497 F. Supp. 328 (D. Del. 1980) ......................................3

*Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989)............................................................6

*Butcher & Singer, Inc. v. Kellam*, 105 F.R.D. 450 (D. Del. 1984)................................3, 4

*Contractor Utility Sales Co. v. Certain-Teed Prods.*, 638 F.2d 1061 (7th Cir. 1981)....................6

*Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632 (7th Cir. 2004) ....................6

*Johnson v. Goldstein*, 864 F. Supp. 490 (E.D. Pa. 1994) ................................................7

*Jones v. Capital Cities/ABC Inc.*, 874 F. Supp. 626 (S.D.N.Y. 1995)............................6

*La Chemise Lacoste v. The Alligator Co.*, 374 F. Supp. 52 (D. Del. 1974) ....................7

*Long v. Wilson*, 393 F.3d 390 (3d Cir. 2004) ...............................................................4, 5

*White v. ARCO/Polymers, Inc.*, 720 F.2d 1391 (5th Cir. 1983).......................................6

*Woldow v. Edgemoor Realty Co.*, 81 F. Supp. 800 (D. Del. 1949) ..................................7

### STATUTES

Fed. R. Civ. P. 15(a) ...........................................................................................................3

### OTHER AUTHORITIES

30B Michael H. Graham, *Federal Practice and Procedure* § 7026 (interim ed. 2000) ................6

## COUNTERSTATEMENT OF FACTS

Failing to identify any proper basis on which BOBC's[1] motion to amend its answer could properly be denied, CCI's answering brief resorts to unsubstantiated allegations of misconduct,[2] and misstatements of purported "fact."[3]  *See* CCI's Opp'n to Mot. to Amend ("D.I. 66") at 1-4.  When BOBC's original answer was filed, on June 13, 2005, BOBC and Forest were jointly represented by the same counsel.  *See* Answer to Compl. ("D.I. 5").  Current counsel for BOBC was only engaged in early December and promptly entered their appearance on December 9, 2005.  *See* Notice of Substitution of Counsel ("D.I. 28").  Current counsel for BOBC, as factual and document review proceeded, determined that one underlying predicate for BOBC's Original Answer was incorrect – namely, that no agency relationship existed between BOBC and Forest, and, indeed, Creedon had knowingly and specifically bid on and entered into an arrangement purely as a subcontractor to Forest.  Upon verification of the facts, BOBC promptly, in compliance with the Scheduling Order, filed the instant motion on March 10, 2006. *See* Am. Aff. of Scott A. Capaldi ("Am. Capaldi Aff.") ¶ 4 (filed contemporaneously herewith and attached as Ex. A).  *See also* Rule 16 Scheduling Order ("D.I. 9") ¶ 6 ("all motions to amend pleadings should be filed on or before March 16, 2006"); BOBC's Mot. to Amend Answer to Compl. ("D.I. 60").

---

[1] Capitalized terms used herein shall have the same meanings ascribed to them in BOBC's moving brief dated March 10, 2006.

[2] For example, CCI states "it is now apparent that neither document review nor document production had occurred by BOBC; and BOBC had totally neglected its obligations to the parties and to the Court . . ." D.I. 66 at 2.  CCI further alleges "[i]n other words, BOBC did nothing in the way of document production, and it falsely represented that it did." D.I. 66 at 3.

The documentary record establishes that CCI twice executed an award letter from Forest during the fall of 2003, in which CCI agreed to be bound by a form of subcontract agreement. *See* Letter of Intent dated October 2, 2003, attached as Ex. B and Letter of Intent Revised on October 31, 2003, attached as Ex. C. *See also* Aff. of Thomas M. Hennessey ("D.I. 61") ¶ 2. At no point did CCI indicate any interest in or preference for a contract with BOBC. CCI's other filings in this proceeding, including its most recent "Answering Brief" to Forest's own motion to amend its answer, make clear that CCI itself has identified no executed document in which it contracted with BOBC.

Amendment of BOBC's Answer is thus essential to a proper framing of the issues in this action. CCI's claims of prejudice are frivolous. Not a single deposition has yet been taken in the case, and CCI itself is still producing documents responsive to BOBC's and Forest's requests. Over the course of the past three months, BOBC has reviewed over 100,000 documents, which includes 144 boxes of documents, 61 CDs, 12 diskettes, 54,511 pages of email correspondence and 65,548 pages of electronic documents found on its computer network, back-up tapes, and on the computer hard drives of current and former employees, and produced thousands of pages of responsive documents to CCI. The only "prejudice" to be realized is that CCI must face the documentary record as it exists and make its claim on the facts – not its wishes. Because proper grounds exist, BOBC's motion to amend should be granted.

---

(...continued)

[3] For example CCI misrepresents the number of pages of documents that have been produced by BOBC in this action. D.I. 66 at 3. In fact, since filing the motion for a protective order (D.I. 37) BOBC has produced over 6000 pages of documents.

**ARGUMENT**

I.    **CCI HAS FAILED TO ARTICULATE ANY LEGITIMATE BASIS UPON WHICH TO DENY BOBC'S MOTION** [4]

    A.    **There Is No Basis to Deny BOBC's Motion Because of Any Supposed Undue Delay**

Notwithstanding BOBC's timely compliance with this Court's Rule 16 Scheduling Order, the fact that document discovery is ongoing[5] and the fact that no depositions have yet been taken by either side in the case, CCI contends that BOBC's motion should be denied because of "unexcused delay." D.I. 66 at 6. Other than pointing to the allegations of the Complaint, CCI has not provided any support for its assertion that merely because nine months have passed between the filing of BOBC's Original Answer and the filing of the Proposed Amended Answer, undue delay has occurred.[6] To the contrary, courts have routinely granted motions to amend pleadings in cases where longer periods of time have passed between the filing of the original answer and the filing of the motion seeking leave to replead. *See, e.g., Butcher & Singer, Inc. v. Kellam,* 105 F.R.D. 450 (D. Del. 1984) (granting defendant's motion to amend answer where almost a year after the commencement of the action and almost seven months after the completion of discovery had elapsed); and *Advocat v. Nexus Indus., Inc.,* 497 F. Supp 328, 331 (D. Del. 1980) (granting defendant's motion two years after original answer was filed).

---

[4] CCI's opposition brief only raises the issues of undue delay and prejudice as justification to deny BOBC's motion. As a result, the remaining elements of the Fed. R. Civ. P. 15(a) analysis will not be addressed.

[5] By letter dated March 23, 2006, Creedon's counsel stated that it "has and will continue" its document search, and produced additional documents bearing Bates Numbers 6958-7092.

[6] Plaintiff claims that "BOBC failed to make any effort to produce documents, failed to obtain separate counsel, and effectively failed to participate; and now BOBC wants to amend its answer, at the last minute" is belied by the record. Plaintiff's hyperbole is no substitute for facts. D.I. 66 at 7.

CCI's assertion that BOBC has failed to explain the "delay" is equally unavailing. *See* D.I. 66 at 6-7.[7] In its motion to amend, BOBC clearly explained that the basis for the relief it seeks is the discovery by new counsel of new evidence – evidence that is not only inconsistent with allegations in the Original Answer but gives rise to additional defenses. *See, e.g.,* D.I. 60 at 4. Moreover, in the absence of prejudice to the non-moving party a compelling reason for delay is not required. *See Long v. Wilson,* 393 F.3d 390, 401 (3d Cir. 2004) (citations omitted). As discussed below, CCI will not be prejudiced in any way as a result of BOBC's filing of its Proposed Amended Answer. CCI's claims that BOBC has not provided sufficient justification for its proposed amendment are of no moment.

## B.    CCI Has Failed to Demonstrate That It Will Suffer Any Prejudice If BOBC's Motion Is Granted

CCI's assertions that it will be prejudiced by the Proposed Amended Answer lack any substance. CCI first asserts that had it not received the Single Project Construction Agreement which purportedly identifies Forest as BOBC's agent, "[p]erhaps BOBC would not have even been named as a defendant." D.I. 66 at 8. CCI further asserts "[h]ad there been no contract actions directly alleged against BOBC, discovery would clearly been completed in this matter, numerous motions would have been avoided, and this case would be much further toward completion." *Id.* Putting aside the fact that these assertions are entirely conclusory, CCI's allegations do not demonstrate purported, much less actual, prejudice to CCI. *See Butcher &*

---

[7] Plaintiff also attempts to argue that BOBC's explanation is unsatisfactory due to the fact BOBC has claimed surprise "at the contention of CCI that FEC made a contract with CCI as agent for and on behalf of BOBC." D.I. 66 at 7. Nowhere has BOBC claimed surprise. To the contrary, BOBC's motion seeks to remedy the incorrect assertions contained in BOBC's original answer that Forest acted as an agent for and on behalf of BOBC, as well as set forth BOBC's affirmative defenses. *See, e.g.,* Am. Capaldi Aff. ¶ 4.

*Singer, Inc.,* 105 F.R.D. at 452 (court required "nonmoving party specifically show that it was deprived of the opportunity to present facts or evidence which it would have offered had the moving party's amendments been timely filed" in order to find prejudice sufficient to deny motion to amend) (citations and internal quotations omitted).

CCI's claimed "prejudice" is that CCI might have pleaded differently, or not at all, had it realized that BOBC is not a proper party to this action. The Proposed Amended Answer neither prevents nor forecloses CCI's ability to present facts or evidence in support of its claims – it merely requires that CCI address the facts when it seeks to make its claim.

In determining whether prejudice exists courts have considered whether "the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Long,* 393 F.3d at 400 (citations omitted). Not one of these factors is present here. BOBC's proposed amendments do not raise new issues requiring additional discovery and or expense, indeed BOBC established this defense from recently produced documents. *See* Letter of Intent dated October 2, 2003 and Letter of Intent Revised on October 31, 2003. *See also* Am. Capaldi Aff. ¶ 4 and D.I. 61 ¶ 2. In any event, discovery in this matter is ongoing – both sides continue to produce documents and no depositions have been taken. As a result, indeed because the Proposed Amended Answer has been filed, CCI has the ability to consider BOBC's express positions during discovery as it continues. Nor has there been any delay in the resolution of this case – discovery is ongoing, and no change in trial dates has been requested. Lastly, there is no suggestion or assertion that CCI would be prejudiced from "bringing a timely action in another

jurisdiction." Accordingly, absent prejudice to CCI, the instant motion should be granted. *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

## II.   WHETHER OR NOT BOBC'S PRIOR STATEMENTS MAY BE DEEMED ADMISSIBLE DOES NOT PRECLUDE AMENDMENT OF THE ANSWER

While CCI correctly notes that statements contained in pleadings constitute admissions, it fails to articulate a reason why BOBC should not be permitted to amend its answer. Rather CCI boldly asserts that "BOBC should not be allowed to make this drastic change of positions" and maintains that "BOBC should not be allowed to abrogate its original pleading." D.I. 66 at 8.

The only case cited by CCI in support of its position is *Jones v. Capital Cities/ABC Inc.*, 874 F. Supp. 626, 630 (S.D.N.Y. 1995), which CCI clearly misconstrues. *Jones* did not establish a rule prohibiting the abrogation of original pleadings where the amendment of the pleading was sought. The *Jones* court denied plaintiff's motion to file a third amended complaint, and granted defendant's motion to dismiss, noting that the proposed amended complaint would not be sufficient to withstand the motion to dismiss due to the fact that the admissions contained in the second complaint would still constitute admissions, albeit not binding judicial admissions. *See id.* (citing *Contractor Utility Sales Co. v. Certain-Teed Prods.*, 638 F.2d 1061, 1084 (7th Cir. 1981)). Courts have routinely noted that superseded pleadings remain admissible. *See, e.g., Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632 (7th Cir. 2004) (citing *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) ("admissions made in superseded pleadings are as a general rule considered to lose their binding force, and to have value only as evidentiary admissions") and 30B Michael H. Graham, *Federal Practice and Procedure* § 7026 (interim ed. 2000) (explaining that statements in superseded or withdrawn

pleadings constitute "evidentiary," as opposed to " judicial," admissions, which "may be controverted or explained by the party" )); *Johnson v. Goldstein,* 864 F. Supp. 490, 493 (E.D. Pa. 1994) (court held plaintiff was permitted to admit defendant's first answer as admission at trial, so long as defendants were afforded the opportunity to rebut plaintiff's evidence); *La Chemise Lacoste v. The Alligator Co.,* 374 F. Supp. 52, 68 (D. Del. 1974), *rev'd on other grounds* ("Even though the counterclaim was withdrawn, factual admissions in a pleading are admissible as evidence." ) (citations omitted). This is an evidentiary issue; it does not impede the ability of BOBC to amend its answer. The quality of the evidence, especially in the face of specific documents, will be determined by the trier of fact.

CCI has failed to, nor can it, cite to any case in which a court has denied a motion to amend an answer based solely upon whether a "judicial admission" was removed in the amended pleading. *See Woldow v. Edgemoor Realty Co.,* 81 F. Supp. 800, 802 (D. Del. 1949) (court declined to deny defendant's motion to amend answer despite plaintiff's claim that they would be deprived of a judicial admission). CCI's argument is without merit.

# CONCLUSION

For the foregoing reasons, BOBC's Motion to Amend its Answer to Plaintiff's Complaint should be granted in its entirety.

Dated: March 30, 2006

**ASHBY & GEDDES, P.A.**

Lawrence C. Ashby (#468)
Phillip Trainer, Jr. (#2788)
Ricardo Palacio (#3765)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Of Counsel:

**PAUL, HASTINGS, JANOFSKY
& WALKER, LLP**

75 East 55th Street
New York, New York 10022
(212) 318-6000

Attorneys for Defendant Banc One Building Corporation

168141.1

LEGAL_US_E # 70673653.8