IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREEDON CONTROLS, INC., a Delaware Corporation, | § § § § § § § § § § § § § § | C.A. No. 05CV300 (JJF) |
| Plaintiff, | | |
| v. | | |
| BANC ONE BUILDING CORPORATION, An Illinois Corporation, and FOREST ELECTRIC CORPORATION, a New York Corporation, | | |
| Defendants. | | |

**REPLY MEMORANDUM OF LAW IN FURTHERANCE OF
FOREST ELECTRIC CORPORATION'S MOTION
TO AMEND ITS ANSWER TO PLAINTIFF'S COMPLAINT**

 

**McCARTER & ENGLISH, LLP**

Paul A. Bradley (DE Bar ID #2156)
James J. Freebery (DE Bar ID #3498)
Christopher A. Selzer (DE Bar ID #4305)
P.O. Box 111
Wilmington, Delaware 19899
(302) 984-6300
Attorneys for Forest Electric Corp.

Dated: April 4, 2006.

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................... 1

FACTS AND PROCEEDINGS TO DATE .............................................................................. 3

ARGUMENT ............................................................................................................................. 4

    A.    Compliance with the Scheduling Order Is Not Unexcused or Unexplained Delay ......................................................................................... 5

    B.    Creedon Has Filed To Articulated Or Suffer Any Prejudice ................... 5

    C.    Prejudice is Not Supported By Any of the Facts Plead or Discovered ... 6

    D.    Forest's Affirmative Defense Does Not Prejudice Creedon .................. 7

    E.    Unsubstantiated Claims of Bad Faith and Dilatory Tactic Do Not Generate ........................................................................................ 8

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Advocat v. Nexus Industries, Inc.*, 497 F. Supp. 328 (D.Del. 1980)..............................................8

*Butcher & Singe, Inc v. Kellman*, 105 F.R.D. 450 (D. Del. 1984)..................................................4

*Long v. Wilson*, 393 F.3d 390 (3d Cir. 2004).........................................................................4, 5

## FEDERAL STATUTES

F.R.C.P. 15(a) ................................................................................................................................4

## **INTRODUCTION**

Plaintiff Creedon Controls, Inc. ("Creedon") commenced this action on or about April 14, 2005 seeking payments allegedly accrued, due and owing, for services provided in connection with electrical work performed during the construction of Defendant Banc One Building Corporation's ("Banc One") core data center located in Delaware (the "CDC 2"). Creedon's Complaint (D.I. 2), alleges breach of contract and unjust enrichment, and seeks additional damages related to certain alleged delays which supposedly forced Creedon to incur additional costs. Creedon's Complaint alleges (i) that Banc One breached an alleged agreement between Creedon and Banc One, which acknowledges Forest Electric Corp. ("Forest"), as Banc One's agent at all times; and (ii) second, that Forest breached an alleged agreement between Creedon and Forest. Banc One thereafter determined to engage separate counsel and pursue its own, separate defense of Plaintiff's claims. (*See* D.I. 3, and D.I. 5).

On March 10, 2006, Banc One filed a Motion to Amend its Answer to Plaintiff's Complaint (D.I. 60), which states *inter alia*, that "[d]uring new counsel's review of these documents and the documents previously produced, new counsel determined that the factual premise for [Banc One's] responses to certain allegations in the Complaint was incorrect." (D.I. 60, p. 1). Specifically, Banc Ones asserts that the controlling contract is between Forest and Creedon, and that Banc One did not authorize Forest to enter into any agreements on its behalf or engage Forest as its agent in connection with the project which is the subject of the Complaint. (D.I. 5, p. 1-2). This change in circumstances alone requires Forest to clarify its answer as proposed.

Letters of Intent enclosing and referring to Subcontract Agreements between Forest and Creedon was produced during document production. (See Attached Exhibit A).[1] These Letters were executed by Creedon in October 2003 and February 2004. The Letter of Intent covered the Request for Proposal 6B, one of the Requests that are subject of this litigation. The Letters of Intent specifically identified the subcontract agreement that Creedon agreed to be bound by. The Subcontract Agreement provides that "the sole remedy ... shall be an equitable extension of time for the performance of" work and "under no circumstances is the subcontractor entitled to any increase in the contract price or to damages as a consequence or result of such delay, hindrance, obstruction, interference ..." (Exhibit A).

Forest does not object to Banc One's request. Creedon, however, nakedly claims prejudice with unsubstantiated allegations of a coordinated, deliberate delay tactic by Defendants. Creedon in its opposition to Forest's Motion to Amend also claims that because the first production of what is now in excess of 100,000 pages of documents, was made in September 2005, that Forest should have amended then and by delay has ostensibly waived that right. Finally, Creedon attempts to foreclose Forest's right to amend its answer by asserting its version of facts wherein "[Forest] knows such agreement [which precludes monetary damages between Forest and Creedon] was never executed by any of the parties..." (D.I. 67, at 3). Notwithstanding Creedon's desperate attempt to deflect attention from the signature of Patricia Creedon and her own typewritten note discovered on each such document, these issues must be addressed during upcoming discovery; that Creedon disputes the validity of such signed

---

[1] Forest attaches as an exhibit hereto, all documents signed by Pat Creedon which control or are relevant to Forest's proposed amendment.

agreements is not sufficient to define the scope of the pleadings and defenses in this action.[2] Creedon must face the documentary record as discovered and make its claims on the facts--not its wishes.

This is Forest's Reply Memorandum of Law in furtherance of its Motion to Amend its Answer to Plaintiff's Complaint.

## FACTS AND PROCEEDINGS TO DATE

Failing to identify any proper basis on which Forest's Motion to Amend its Answer (the "Motion") could be properly denied, Creedon's Answering Brief resorts to unsubstantiated allegations of misconduct, and misstatements of purported "fact." (*See* D.I. 67, at 7). Simply, following review of the voluminous documents produced to date, the "facts" as outlined in Creedon's complaint are proving unsubstantiated. To propose now that as a matter of fact Forest should be foreclosed from defending this action merely because Creedon at present disagrees with the evidence supporting its alternative theory of recovery against Forest, is insincere.

Creedon specifically asserts two alternative theories in its Complaint; that a contract exists between Banc One and Creedon, or that the contract is between Forest and Creedon. Creedon's plea in the alternative, thus expressly recognizes that proof at trial would reveal the controlling agreement. Discovery began in earnest and to date includes some 100,000 documents. No depositions have been taken and presently none are scheduled. Creedon unilaterally declares prejudice and demands that this Honorable Court act in contravention to its own scheduling order because "certainly [Forest] was aware of these [agreements signed by Patricia Creedon] by September 20, 2005, at which time the documents were produced by it to

---

[2] Certainly, Creedon could have attached as exhibits to its Complaint one or both Letters of Intent and the subcontract agreement. That Creedon now admits (only when it is convenient to do so) that it was also in possession of these documents and failed to disclose them in its Complaint, is telling. (D.I. 67, at 3-4).

3

[Creedon]." (D.I. 67, at 5). Thus, opines Creedon, Forest has waived its rights under the Federal Rules and this Honorable Court's scheduling order to amend its Answer to conform with discovery to date.

Creedon's alternative assertion that an alleged contract between Banc One and Creedon (which Forest was not a party to), controls the alleged relationship between Forest and Creedon again requires Forest's proposed amendment. Forest could not and did not, predict that Creedon would attempt to support its alternatively plead claim against Forest with an alleged contract between Banc One and Creedon, to which Forest was not a party; Creedon's attempt to define the applicable "facts" (which opportunely turn a blind eye to discovery to date) for the parties and the Court is not a proper premise for objection to Forest's Motion.

Finally, Forest timely filed its Motion to Amend its Answer as permitted by this Court's scheduling order. Thus, alleged prejudice caused by "delay" occurring within the time permitted by the controlling scheduling order cannot be used to bootstrap an otherwise frivolous attempt by Creedon to sidestep evidence that is devastating to its claims against Forest.

## ARGUMENT

"[A]nd leave shall be freely given when justice so requires." F.R.C.P. 15(a). Absent clearly articulated prejudice presented by the non-moving party, it is not necessary that one offer a *compelling* reason for delay. *See Long v. Wilson*, 393 F.3d 390, 401 (3d Cir. 2004)(*emphasis added*). Ultimately, unless the non-moving party can demonstrate "that it was deprived of the opportunity to present facts or evidence which it would have offered had the moving party's amendment been timely filed…" no prejudice will be found. *Butcher & Singe, Inc v. Kellman*, 105 F.R.D. 450, 452 (D. Del. 1984). Thus, a non-moving party must first show that the amendment is untimely, and then demonstrate the prejudice of some deprived opportunity. A non-moving party can only demonstrate a deprived opportunity to present facts or evidence if: (i)

4

significant additional resources will be required to conduct discovery and prepare for trial; (ii) significant delay in resolution of the dispute will occur; and (iii) such delay will prevent a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Creedon has not made and cannot now make the requisite allegations in support of its position, let alone present sufficiently demonstrable evidence which would justify denying Forest's Motion.

### A.   Compliance with the Scheduling Order Is Not Unexcused or Unexplained Delay

Creedon argues, again, that notwithstanding this Court's order to the contrary, Forest's compliance with the Scheduling Order constitutes unexcused and unexplained delay. Forest demurs. Creedon's annoyance with discovery and evidence to date and their negative impact upon the veracity of Plaintiff's pleadings does not create a unexcused and unexplained delay. Absent clearly articulated prejudice presented by the non-moving party, it is not necessary for Forest to offer a compelling reason for delay. *See infra, Long* 393 F.3d at 401. However, Forest can offer such a compelling reason for delay because Forest was not required to file its Motion until it did. Thus, according to the Court's Scheduling Order Forest's delay is certainly not unexcused. Second, Forest has articulated a reason for its Motion; an amendment to comply with discovery to date. Creedon, without more, merely voices its displeasure with Forest's Motion which was filed in compliance with this Court's Scheduling Order.

### B.   Creedon Failed to Articulate Or Suffer Any Prejudice

Creedon accurately asserts that Forest bears the burden of articulating an explanation why an amendment of its Answer should be permitted. (D.I. 67 at 6). This, Forest has done. However, Creedon asserts, incorrectly, that such an explanation must be compelling. Forest has articulated an explanation for its proposed amendment. The burden is now upon Creedon to

demonstrate that it was deprived of an opportunity to present facts or evidence amounting to prejudice. Creedon has not done this, nor can it.

As previously stated, Forest did not anticipate that Creedon would disregard contract law and attempt to assert claims against Forest under a contract to which Forest is not a party. Thus, Forest's proposed so-called "new" affirmative defense, is really only a defense that conforms to the discovered and/or existing evidence which Creedon is so desperately trying to ignore. Creedon has not articulated, nor can it articulate, how such a clarification of Forest's defense will require significant additional resources to challenge. That Creedon is unhappy that this defense on the evidence throws the entire claim against Forest into question, does not equate to a significant additional expenditure of resources. Finally, no other action is, pending, or will be filed in another jurisdiction which requires resolution of the matters here first. Creedon has not and cannot demonstrate that is has been deprived of any opportunity to present its case.

Next, Creedon has not stated how Forest's Motion will visit upon Creedon significant delay in the resolution of this dispute. Document discovery has been ongoing, depositions have not yet been taken and this matter is subject to a defined Scheduling Order. Again, Creedon has not and cannot demonstrate that is has been deprived of any opportunity to present its case. That its case against Forest may now be unviable, is not prejudice.

C. **Prejudice is Not Supported By Any of the Facts Plead or Discovered**

Basically, Creedon's opposition to amendment in this case is founded upon Creedon's misguided assertion that the requisite documents allegedly putting Forest on notice of the subject of the proposed amended answer, have long been available to and in the control of Forest. Consequently, says Creedon, any amendment is untimely, the delay unexplained and the record demonstrates prejudice. Creedon misses the mark. Creedon plead alternatively that either a

6

contract between Banc One and Creedon controlled, or the contract was between Forest and Creedon. Creedon thus tacitly admitted in its pleadings the existence of two alternative agreements. Creedon has now disregarded basic tenets of Delaware contract law and attempted to assert that the allegedly controlling agreement between Forest and Creedon is one to which Forest is not a party. Discovery to date, and the evidence has revealed that the a potentially controlling contract between Creedon and Forest exists and has been signed by Pat Creedon. The fact that either Forest or Creedon knew or should have known about such a contract is irrelevant and is not a justification for Creedon to sidestep the evidence to avoid defeat. Failing to permit an amendment in light of this discovery is prejudicial to only one party--Forest. Thus, a clarification of Forest's Answer has become necessary as a result of Creedon's attempt to completely disregard the evidence and discovery to date.

Next, Creedon erroneously states that Discovery by Interrogatories is completed and that "new depositions will have to be taken." (D.I. 67, at 6-7). This is not accurate. First, no depositions have been taken in this matter. Second, the 30(b)(6) deposition that Creedon recently noticed (Exhibit B), outlines as necessary discovery eleven separate inquiry areas that are specifically related to determining which agreements the parties operated under and thus, which one controls. Third, Creedon also may within the confines of the Local and Federal Rules propound the discovery it sees as necessary. Simply, discovery is not completed and no additional, separate or novel discovery will be necessary for Creedon to address the amendment contemplated by the Motion.

### D. Forest's Affirmative Defense Does Not Prejudice Creedon

Creedon claims that the addition of Forest's affirmative defense will prejudice Creedon irreparably. Nothing could be further from the truth. Creedon's attempt to sidestep compelling

evidence that precludes its alternatively plead direct contract claims against Forest merely because Forest raises such issues as an affirmative defense, are unfounded. Creedon surreptitiously pronounces that "[a]ny significant delay in asserting an Affirmative Defense, will almost invariably result in prejudice to a non-moving party." (D.I. 67, at 6 (citing *Advocat v. Nexus Industries, Inc.*, 497 F.Supp. 328 (D.Del. 1980)). Unfortunately, Creedon fails to outline the factual circumstances (which do not exist here) that give rise to the *rare* finding of prejudice. In *Advocat*, the very case cited by Creedon, the defendant on the eve of trial filed a motion to amend its answer adding two affirmative defenses (statute of limitations and statute of frauds) in a case that was three years old, where discovery had been closed for months and after the pre-trial conference had been completed. *Id.* at 330-31. A cursory reading of the *Advocat* opinion negates any need for further comment about its principles, or Creedon's reliance thereon.

### E. Unsubstantiated Claims of Bad Faith and Dilatory Tactic Do Not Generate Prejudice

Creedon next attempts to vilify Forest as an actor in bad faith. Merely because certain documents may or may not have been available to Forest's counsel in September of 2005 does not mean that the Motion, timely filed within the purview of the Court's Scheduling Order, is dilatory and an effort to prevent the effective administration of justice. Creedon has not cited to a scintilla of conduct to support such a bald accusation; nor can it. As previously stated, the alleged delay of Forest's Motion is not unexcused and has been explained. Creedon's attempt to couch Forest's Motion as a delay tactic perpetrated in bad faith thereby imposing a heightened pleading obligation upon Forest, is simply an inaccurate and opportune misrepresentation of the law.

Creedon also bemoans that Forest "has failed to provide any explanation for its failure to state its defenses in its original answer. (D.I. 67, at 6). At the time of Forest's answer with

affirmative defenses, Forest presumed (as Creedon plead) that Creedon's claims would sound upon a contract wherein there existed privity between Forest and Creedon. Forest did not anticipate that it would be required to plead as an affirmative defense, that the contract that allegedly controls must include as a party thereto, the party to be charged. Discovery to date and the evidence clearly available as a result of that discovery, which Creedon hopes the Court will ignore, justifies Forest's Motion.

Finally, Creedon asserts that its cause of action will change substantially because the time within which Creedon has to file an action for a mechanics lien is significantly different between a claim against the owner of a property versus a claim against a contractor. (D.I. 67, at 7). Creedon, of course, has not articulated or otherwise demonstrated that anything it filed in connection with its Mechanic's Lien claims are untimely. This is true for either scenario which Creedon attempts to manufacture prejudice for. Nor has Creedon demonstrated how such a potential confluence of statutory application here is even relevant to Creedon's alleged contract claim made against Forest. That Creedon failed to plead and/or file in the alternative its claims for Mechanic's Lien does not foreclose Forest from presenting the evidence discovered to date. Further, to the extent that Creedon felt that its claims were at risk, it was welcome to amend its complaint as permitted by the Court's Scheduling Order.

## CONCLUSION

Pleadings are to be freely amended. This Court's own Scheduling Order permits the amendments contemplated by Forest's Motion. Creedon has neither articulated nor otherwise demonstrated how the amendments stated in Forest's Motion will prevent Creedon from discovering evidence or otherwise presenting its claims. Creedon has not articulated or otherwise demonstrated how Forest's amended answer will require additional expense, significantly delay the outcome of this action, or delay any future actions. The addition of an affirmative defense to conform to discovery and evidence to date does not create any prejudice. Finally, Creedon's unsubstantiated allegations of dilatory tactic and bad faith are a subterfuge for a prayer that discovery and evidence to date not be applied to the detriment of Creedon's case against Forest.

For all of the foregoing reasons, Forest prays that this Honorable Court grant its Motion to Amend Its Answer.

McCARTER & ENGLISH, LLP

/s/ Paul A. Bradley

_____
Paul A. Bradley (DE Bar ID #2156)
James J. Freebery (DE Bar ID #3498)
Christopher A. Selzer (DE Bar ID #4305)
P.O. Box 111
Wilmington, Delaware 19899
(302) 984-6300
Attorneys for Forest Electric Corp

Dated: April 4, 2006