IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BANC ONE BUILDING CORPORATION, an Illinois corporation; and FOREST ELECTRIC CORPORATION, a New York corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-CV-300<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT FOREST ELECTRIC CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT BANC ONE BUILDING CORPORATION**

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Forest Electric Corporation ("Forest") hereby requests that defendant Banc One Building Corporation ("Banc One") produce for inspection and copying at the offices of McCarter & English, 919 North Market Street, Wilmington, Delaware 19801, within thirty (30) days of service of this request, the documents and other tangible things described below in its possession, custody or control:

**DEFINITIONS AND INSTRUCTIONS**

1. "Creedon" means plaintiff Creedon Controls, Inc., and includes its officers, directors, employees, agents, representatives, assigns, and/or persons acting or purporting to act on its behalf.

2. "Forest" means defendant Forest Electric Corporation and includes its officers, directors, employees, agents, representatives, assigns, and/or persons acting or purporting to act on its behalf.

3. "Banc One" means defendant Banc One Building Corporation, and includes its officers, directors, employees, agents, representatives, assigns, and/or persons acting or purporting to act on its behalf.

4. "Tishman" means Tishman Construction Corporation of Maryland, Inc., and includes its officers, directors, employees, agents, representatives, assigns, and/or persons acting or purporting to act on its behalf.

5. "CDC1" means the facility located at 501 Bear Christiana Road, Bear, Delaware.

6. "CDC 1 Project" means the project undertaken by BOBC to construct a core data facility at CDC 1.

7. "CDC 2" means the facility located at 4001 Governor Printz Boulevard, Wilmington, Delaware.

8. "CDC 2 Project" means the project undertaken by BOBC to construct a core data facility at CDC 2.

9. "6B Package" or "6B Project" means the work specified to be performed in connection with the 6B – General Lighting & Power work package for the CDC 2 Project.

10. "RFP" means a Request for Proposal.

11. "RFP 21 Project" means the work specified to be performed in connection with the IT Cable Conveyance System Phase 1 and 2 work packages for the CDC 2 Project.

12. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise.

13. "Document" is intended to have the broadest possible interpretation and includes the complete original (or complete copy if the original should not be available) and each non-identical copy regardless of origin or location. Document means any written, graphic or other recorded (whether visibly, electronically, magnetically or otherwise) matter of whatever kind of nature or any other means of preserving thought or expression and all tangible things from which information can be processed, transcribed or retrieved, whether originals copies or drafts (including, without limitation, non-identical copies), however produced or reproduced. This shall include, without limitation, correspondence, written records, books, pamphlets, handbooks, periodicals, reports, minutes, working papers, memoranda, messages, telephone notes, telegrams, diaries, log books, notes (including field notes), interoffice correspondence, envelopes, business records, financial statements, time sheets, bank drafts, checks, contracts, agreements, leases, invoices, manuals, drawings, graphs, charts, photographs, films, tapes, videotapes, inventories, computer printouts, e-mails, spreadsheets, and any other data, including but not limited to data stored electronically or by other technical means for use with computers or otherwise. A document with handwritten, typewritten or other recorded notes, editing marks, etc… is not and shall not be deemed identical to one without such modifications, additions or deletions.

14. "Person" means any natural person or any business, legal or governmental entity or association.

15. The words "relate," "reflect," or "refer," in all forms, mean, in addition to the customary and usual meaning of those words, concerning, constituting, describing, evidencing, regarding, pertaining to either directly or indirectly, or having any logical or factual connection with the subject matter described.

16. The singular includes the plural and vice versa; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production.

17. If, after a good faith search, no documents responsive to a particular request are found, Forest shall so state.

18. To the extent that any privilege or protection is claimed as to any Document requested herein:

    (a) state the date of the Document;
    (b) identify the type of Document (e.g., letter, memorandum, notes);
    (c) identify the number of pages in the Document;
    (d) identify each and every person who prepared the Document and each and every person (if any) who signed it;
    (e) identify each and every person to whom the Document was directed, circulated, or shown;
    (f) state the name of the privilege or protection claimed (e.g., attorney-client communication, attorney work product); and
    (g) state the subject matter upon which Forest relies as the basis for claiming the privilege as to the specific Document.

19. As to any Document requested which is no longer in Forest's possession, custody or control, or which is no longer in existence, Forest shall identify the document and the manner of its disposition. As to each such document, Forest is requested to explain the circumstances and authorization for such disposition, the approximate date of such disposition and provide a reasonable description of the contents of the Document.

20. These document requests are to be treated as continuing in nature. Forest is required to supplement its responses to include information hereinafter acquired in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

ME1\5579217.1

21. To the extent that any documents responsive to these request have already been produced by Forest in response to Creedon's requests for production of documents, such documents need not be re-produced.

## REQUESTS FOR PRODUCTION

1. All communications between Banc One and Tishman relating to the 6B Project.

2. All communications between Forest and Banc One relating to the 6B Project.

3. All Documents sent by Creedon to Tishman, Banc One or any other person relating to the 6B Project.

4. All Documents concerning any RFPs for the 6B Project.

5. All Documents concerning any agreement with Creedon relating to the 6B Project.

6. All Documents between Tishman and Banc One relating to the 6B Project.

7. All Documents concerning, evidencing or otherwise related to any notice given and/or between any of the following parties (i) Creedon (ii) Forest, (iii) Banc One, (iv) Tishman and (v) any third party, regarding delays, alleged or real, associated with the 6B Project.

8. All Documents concerning, evidencing or otherwise related to any attempt by Tishman to minimize the impact of any schedule delay, alleged or real, that affected Creedon's work on the 6B Project.

9. All Documents and communications concerning, evidencing or otherwise related to the contract for the RFP 21 Project.

10. All communications between Tishman and Banc One concerning, evidencing or otherwise related to any contract, agreement or understanding entered into with Creedon as it relates to the subject matter of Plaintiff's Complaint.

11. All communications between Tishman and Banc One concerning, evidencing or otherwise related to any contract, agreement or understanding entered into with Forest, as it relates to the subject matter to Plaintiff's Complaint.

12. All communications between Banc One and any entity, concerning, evidencing or otherwise related to any contract, agreement or understanding entered into or to be entered regarding the CDC I or II projects.

13. All documents and communications concerning, evidencing or otherwise related to any contract, agreement or understanding between Forest and any other entity.

14. All contracts, agreements or understandings between any trade manager and any entity performing work on CDCI or CDCII.

15. All communications between Banc One and any entity concerning the type of contracts, agreements or understandings Forest or any other trade manager on CDCI or CDCII was authorized to discuss, enter, perform or otherwise be involved with.

16. All documents and communications regarding the scope of Forest's Agency.

McCARTER & ENGLISH, LLP

/s/ Paul A. Bradley
Paul A. Bradley (Del. Bar I.D. #2156)
James J. Freebery (Del. Bar I.D. #3498)
919 North Market Street, Suite 1800
P.O. Box 111, Wilmington, DE 19899
(302) 984-6300

Attorneys for Defendant
Forest Electric Corporation

Dated: April 11, 2006