IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Creedon Controls, Inc., a Delaware corporation, | ) |
| | ) C. A. No. 05CV300 (JJF) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Banc One Building Corporation, an Illinois corporation; and Forest Electric Corporation, a New York corporation, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO STRIKE THE DESIGNATION OF "HIGHLY CONFIDENTIAL" FROM DISCOVERY DOCUMENTS, AND/OR REAFFIRMATION OF THE STIPULATION AND ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

COMES NOW, Plaintiff, Creedon Controls, Inc. ("CCI"), by and through its undersigned attorneys, and respectfully moves this Court for an order, striking the designation by Banc One Building Corporation ("BOBC") of discovery documents as "Highly Confidential" and/or reaffirming the Stipulation and Order Governing the Production and Exchange of Confidential Information ("Confidentiality Order") entered by this Court on December 6, 2005. The basis of this motion is as follows:

1. After consideration of all of the relevant issues, counsel for CCI, BOBC, and Forest Electric Corporation ("FEC") entered into a Stipulation regarding the appropriate governance of any confidential information or documentation to be disclosed, as part of this litigation. Such Stipulation was entered as an Order of the Court on December 6, 2005 (hereinafter "Confidentiality Order"). A copy of that Confidentiality Order is attached hereto as Exhibit "1."

2. Such Confidentiality Order provided, among other things, for the handling of discovery documents that were determined to be confidential. The parties and their respective

counsel recognized there may be certain materials that are confidential, but which much be disclosed as part of the discovery process, and which materials are necessary for the parties and their respective counsel, to reasonably conduct this litigation. Thus, the agreed upon Confidentiality Order provided for the limited dissemination of those materials. The parties and their respective counsel specifically agreed (at Paragraph 4(e), that "…directors, officers, and employees of Plaintiff and Defendants, or any subsidiary or affiliate thereof, who are assisting the parties in this litigation, or who appear as witnesses…" may receive and review documents.

    3.    As a party to the Confidentiality Order (at paragraph 13), the parties further agreed that its terms would "…absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this litigation…" Despite this agreement, and in an effort to further thwart reasonable progress of this litigation and the ability of CCI to consider, review, and use discovery information; and, rather than apply to the Court for a modification of the Order, BOBC has now unilaterally determined that documents may be marked "Highly Confidential," a new category of document not referred to in the Confidentiality Order. Further, by citing D.Del.L.R. 26.2, BOBC insists counsel for CCI shall not share documents so marked with principal representatives of CCI, including its President and major shareholder, or principle employees who have knowledge of the subject construction project.

    4.    BOBC has proposed that CCI's retained experts be permitted to see the documents claimed to be confidential. That option is simply too costly, and is a transparent effort by BOBC to increase the cost of litigation for CCI, so that it is unable to proceed with this litigation. That proposal has understandably been rejected by CCI; but, as a result, CCI has been unable to review these documents.

5. As set forth in the attached Affidavit of Patricia Creedon (Exhibit "2"), President of CCI, the proposed review by experts only is not a cost-productive or reasonable approach, and prevents her from effective participation in this litigation.

6. It is anticipated BOBC may argue that receipt of information claimed to be confidential, may give CCI some competitive advantage over BOBC and its contractors, or broach the security of BOBC. First, it is not anticipated that BOBC has any of its own proprietary information in the data marked as "Highly Confidential." Second, as set forth in the Affidavit of Patricia Creedon, the information does not provide any competitive advantage or is stale information at this time, after the passage of two to three years. Third, arguments regarding a breach of security make no sense, since the drawings or data at issue have been disseminated to virtually contractor provide the opportunity to work or bid on this Project.

7. D.Del.L.R. 26-2 provides, "If any document is deemed confidential by the producing party and the parties have not been able to agree upon an appropriate protective order, <u>until a protective order is in effect</u>..." the review of documents is limited to the attorneys [Emphasis Added]. A protective order is in effect, and BOBC should not be permitted to continue to dictate what discovery can effectively occur in this litigation, or what documents CCI personnel can review.

WHEREFORE, it is respectfully submitted that the Court vacate the designation of "Highly Confidential" documents, and allow documents so submitted to be treated as "Confidential" under this Court's prior Confidentiality Order.

COHEN, SEGLIAS, PALLAS, GREENHALL
& FURMAN, P.C.

Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Jr., Esq. (I.D. No. 154)
1007 Orange Street, Nemours Bldg., Suite 205
Wilmington, DE  19801  Phone: (302) 425-5089
Attorneys for Plaintiff, Creedon Controls, Inc.

Date: 5/4/06