

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC**

Robert K. Beste, Jr.
Attorney At Law

Nemours Building, Suite 1130
1007 Orange Street
Wilmington, DE 19801

T: 302.425.5089 | F: 302.425.5097
rbeste@cohenseglias.com
www.cohenseglias.com

May 4, 2006

**BY ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
U. S. District Court - District of Delaware
844 N. King Street, Room 4209
Lockbox 18
Wilmington, DE 19801

    RE:    **Creedon Controls, Inc. v. Banc One Building Corporation, and Forest Electric Corporation; District Court Case No. 05CV300 (JJF)**

Dear Judge Farnan:

    This office represents Plaintiff, Creedon Controls, Inc. ("CCI"), in the above-referenced litigation.

    A Motion for Protective Order was filed by Defendant Banc One Building Corporation ("BOBC"), on January 9, 2006 (D.E. 38), and joined by Forest Electric Corporation ("Forest") (D.E. 39). That Motion was filed on the eve of scheduled depositions, and effectively cancelled all depositions that were scheduled in this case. Your Honor's Opinion and Order dated February 2, 2006 (D.E. 47), directed counsel to confer and agree upon a Scheduling Order, on or before February 15, 2006. Now, more than three months after Your Honor's decision, not one single deposition has been taken in this case.

    The parties were unable to reach an agreement with respect to a new Scheduling Order, which resulted in a letter from counsel for BOBC to Your Honor, dated February 15, 2006 (D.E. 48); and a letter from my office on behalf of CCI, dated February 17, 2006 (D.E. 50). In its letter, BOBC took the position that non-expert depositions should be concluded by June 14, 2006, now a mere five weeks away. BOBC also took the position that depositions should not be concluded until after mediation, which was scheduled for March 15, 2006. Regrettably, the mediation did not go forward, due to an illness of the Magistrate Judge. Despite the efforts of the Magistrate Judge, mediation has not been rescheduled. In his letter to Your Honor of February 17, 2006, CCI requested that, since depositions must move forward, they should begin prior to the mediation. CCI further requested that, since the order of the scheduled depositions had been agreed upon between all counsel, including current counsel for BOBC, such order should be maintained. Nonetheless, BOBC and Forest would not agree on the same order of depositions, and the proposed mediation came and went, without any depositions.

The Honorable Joseph J. Farnan, Jr.
May 4, 2006
Page Two

  Thereafter, this office wrote to defense counsel on March 29, 2006, again raising the issue of depositions, and suggesting the order of depositions be as follows:

- Banc One 30(b)(6);
- Forest Electric 30(b)(6);
- Terry Peng – Forest Employee;
- Len Beck – Forest Employee;
- Fred Street – CCI Employee;
- Charles Doble – CCI Employee;
- Paul Brainard – Former CCI Employee.

CCI suggested April 26-27, May 1-4, and May 8-12, as dates to schedule these depositions. Counsel for BOBC responded by letter on April 6, 2006, professing willingness to discuss a deposition schedule, but indicating "…we are not willing to proceed with depositions until all documents have been exchanged by the parties." BOBC then contends all documents are not exchanged until all outstanding discovery motions are resolved. BOBC also contended depositions would not be appropriate pending resolution by Your Honor of the motions filed by BOBC and Forest to amend their respective Answers to the Complaint.

  Further, although counsel for CCI and then-counsel for both Forest and BOBC had agreed upon the order of the schedule of depositions, counsel for BOBC then determined it would only agree to a schedule that had all CCI witnesses first and BOBC witnesses last, and in the following order:

- Patricia Creedon;
- Creedon Controls, Inc. 30(b)(6);
- Charles Doble;
- Fred Street;
- Paul Brainard;
- Dennis Link;
- Forest 30(b)(6);
- Terry Peng;
- Len Beck;
- BOBC 30(b)(6).

The parties did not reach an agreement with respect to any one single deposition; and, on April 7, 2006, BOBC filed notices of depositions of Patricia Creedon (D.E. 71) and CCI 30(b)(6) (D.E. 72), for May 22-23, 2006, without verifying the availability of counsel for CCI for those dates. By letter of April 7, 2006, counsel for Forest concurred with BOBC's position. As a result, although this litigation now approaches one year from its removal to this Court, not one single deposition has been taken.

The Honorable Joseph J. Farnan, Jr.
May 4, 2006
Page Three

In order to break this impasse, and although believed to be totally unfair to CCI, and a reward of Defendants' attempts to totally stall this litigation, counsel for CCI called counsel for BOBC on April 21, 2006, to indicate CCI would agree the depositions of Patricia Creedon and the 30(b)(6) deposition Creedon Controls, Inc., if the order of depositions that was previously agreed to by former counsel for both BOBC and Forest would be adhered to and if the CCI depositions would not exceed one day each, without the remaining depositions proceeding. Receiving no response, counsel for CCI again called counsel for BOBC on April 25, 2006, at which time counsel for BOBC indicated BOBC was "mulling over" its position. Counsel for CCI again called counsel for BOBC on April 27, 2006, only to be told that BOBC was continuing to "mull over" the proposal.

In a further effort to get this litigation back on track and to start the deposition process, counsel for CCI, by letter dated April 27, 2006, essentially proposed to BOBC that not only could both the deposition of Patricia Creedon, and the Creedon Controls 30(b)(6) deposition be taken first, but that all of CCI 's witnesses could be deposed first, and BOBC last, if BOBC would agree the depositions of Patricia Creedon and Creedon Controls be only one day each, and that the depositions be scheduled at a time convenient for the parties, and in a relatively short time period. Not receiving a response to that letter, counsel for CCI again called counsel for BOBC on May 3, 2006. BOBC continues its mulling.

It is clear that BOBC will continue to mull, and Forest will continue to march to the same tune, unless this Court intervenes. This letter is delivered to Your Honor in accordance with §8(d) of the Scheduling Order dated July 28, 2005 (D.E. 9). CCI believes the problem created and asserted by BOBC and Forest, require the Court's attention on an emergency basis. It is therefore requested that the Court set a Scheduling Conference or establish a Scheduling Order, at the Court's earliest convenience.

Respectfully submitted,

ROBERT K. BESTE, JR.

RKB/msj
cc: Paul A. Bradley, Esq. [via e-filing and First-Class mail]
    Philip Trainer, Jr., Esq. [via e-filing and First-Class mail]
    Jodi A. Kleinick, Esq. [via facsimile to (212)319-4090]
    Edward Seglias, Esq.[by facsimile]
    Creedon Controls, Inc. [by facsimile]
06894-0001