IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C. A. No. 05-300 (JJF) |
| BANC ONE BUILDING CORPORATION, an Illinois corporation, and FOREST ELECTRIC CORPORATION, a New York corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

**RESPONSE OF BANC ONE BUILDING CORPORATION TO PLAINTIFF'S MOTION TO STRIKE THE DESIGNATION OF "HIGHLY CONFIDENTIAL" FROM DISCOVERY DOCUMENTS, AND/OR REAFFIRMATION OF STIPULATION AND ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Banc One Building Corporation ("Banc One"), by and through its undersigned counsel, hereby responds to Plaintiff Creedon Controls, Inc.'s ("Creedon") Motion To Strike The Designation Of "Highly Confidential" From Discovery Documents, And/Or Reaffirmation Of Stipulation And Order Governing The Production And Exchange Of Confidential Information (the "Motion"), and in support thereof respectfully represents as follows:

**RESPONSE**

1. Banc One's efforts to preserve and maintain the confidential nature of the documents it has designated as "Highly Confidential" are not only well founded and based on legitimate security, competitive and other significant concerns, but Banc One's actions were (and are) expressly authorized by D. Del. LR 26.2. The fact that a stipulated confidentiality agreement and order – one drafted and entered into prior to the entry of Banc One's new counsel, and one to which it is *not* a party – is currently in effect does not change that result.

2. Pursuant to Local Rule 26.2, if a party producing documents deems any of those documents to be confidential, and no protective order is in place as to that party, the party receiving the documents is required to limit the disclosure of the contents. Specifically, D. Del. LR 26.2 provides as follows:

> **Rule 26.2 Confidentiality.** If any documents are deemed confidential by the producing party and the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have been admitted *pro hac vice*. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case.

D. Del. LR 26.2.

3. Thus, the Rule expressly authorized Banc One to designate whatever documents it believed were confidential (or "Highly Confidential") as such, and have those documents (and information contained therein) treated accordingly. In the face of this express authorization, Creedon now argues that this Court should strike Banc One's "Highly Confidential" designation or, alternatively, reaffirm the terms of the Stipulation and Order Governing the Production and Exchange of Confidential Information (the "Stipulation"). For the reasons set forth below, Creedon's argument is of no moment and the relief it seeks should be denied.

4. As a preliminary matter, and despite Creedon's suggestions otherwise, Banc One is *not* a party to the Stipulation. Though the Stipulation references and purports to include Banc One as a party, Banc One did not agree to be a party to the Stipulation, nor did it agree to be bound by its terms. As the Stipulation makes clear, the Stipulation was signed *only* by Creedon and Forest Electric Corporation ("Forest"). On that basis alone, Creedon's Motion – and the relief it now seeks -- must fail. Indeed, because the entirety of Creedon's Motion hinges on the existence *and application of* a confidentiality agreement to which Banc One is not a party, there

exists no basis in law or fact to bind Banc One to the Stipulation by and between Creedon and Forest.

5. Second, this Court should not grant the relief Creedon seeks given the sensitive nature of the documents designated by Banc One as "Highly Confidential." As Banc One explained to Creedon in its January 10, 2006 letter, a copy of which is annexed hereto as Exhibit A, the documents it designated "relate to pricing by other contractors, including Creedon's competitors, and documents that may contain information which could create a security risk at the CDC2 facility." In the Motion, as well as in Ms. Creedon's affidavit in support thereof, Creedon simply dismisses Banc One's specific concerns. *See, e.g.*, Motion at ¶6 ("it is not anticipated that [Banc One] has any of its own proprietary information in the data marked as 'Highly Confidential'"). Creedon's ill-informed and self preferential views are unsupported and prove that it is Banc One that bears the risk of any improper disclosure. *See e.g.*, 6 Del. C. 2001, *et seq.* (providing damages for misappropriation of trade secrets).

6. To address Banc One's concerns about giving the proprietary information of its competitors to Creedon and providing Creedon with access to documents that could present a security risk at the facility, Banc One proposed in its January 10 letter and in subsequent conversations a confidentiality stipulation designed to allow Creedon's counsel and its outside consultants and experts access to these documents while shielding them from individuals who could improperly use the information therein, including Patricia Creedon, Creedon's President. Banc One explained the bases for the designation of these documents as "Highly Confidential" and invited Creedon to review and execute the proposed confidentiality agreement, an agreement modeled from the Stipulation executed by and between Creedon and Forest.

7. Despite Banc One's invitation, Creedon repeatedly has refused to enter into any confidentiality agreement with Banc One absent the inclusion of additional terms imposed by Creedon. Specifically, Creedon apparently will agree only to a "modified" confidentiality order -- one that would allow Ms. Creedon, among others, access to the documents designated by Banc One as "Highly Confidential".

8. Banc One cannot be expected to, nor will it, enter into an agreement that allows Creedon to dictate, in its own discretion, the extent to which it might disclose information deemed highly confidential by Banc One, and in particular to allow the President of Creedon direct and immediate access to the bidding information of competitors. As noted above, to balance the objections expressed by Creedon respecting its ability to prosecute this litigation against Banc One's need to protect the improper dissemination of sensitive information, Banc One has offered Creedon a compromise that would address both parties' concerns: documents designated by Banc One as "Highly Confidential" may be reviewed by counsel, as well as independent advisors or experts retained by Creedon, among others. This will clearly allow Creedon to prepare fully for and litigate this case. But Creedon remains steadfast in its demand that Ms. Creedon be given access to any and all documents, notwithstanding the sensitive and proprietary nature of the information contained therein and despite the fact that Ms. Creedon is the principal operating officer of the company which directly competes with those entities whose bidding information she insists on reviewing. As noted above, giving access to Ms. Creedon may place Banc One at risk for improper disclosure of proprietary or other sensitive information. And absent appropriate safeguards, Banc One should not be required to shoulder this risk.

WHEREFORE, for the reasons set forth above, Banc One respectfully requests that the Court deny the Motion in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated: May 11, 2006

ASHBY & GEDDES

/s/ Lawrence C. Ashby

Lawrence C. Ashby (#468)
Philip Trainer, Jr. (#2788)
Ricardo Palacio (#3765)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Banc One Building Corporation*

*Of Counsel:*

PAUL, HASTINGS, JANOFSKY &
 WALKER LLP
Charles Patrizia, Esq.
Jodi A. Kleinick, Esq.
75 East 55th Street
New York, NY 10022
(212) 318-6000

169381.1