IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Creedon Controls, Inc., a Delaware corporation, | ) |
| | ) C. A. No. 05CV300 (JJF) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Banc One Building Corporation, an Illinois corporation; and Forest Electric Corporation, a New York corporation, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF CREEDON CONTROLS, INC.'S
MOTION TO STRIKE FOREST ELECTRIC CORPORATION'S
DESIGNATION OF "HIGHLY CONFIDENTIAL" DOCUMENTS;
OR, IN THE ALTERNATIVE, TO COMPEL FOREST ELECTRIC
CORPORATION TO PROVIDE DISCOVERY**

COMES NOW, Plaintiff, Creedon Controls, Inc. ("CCI"), by and through its undersigned attorneys, and respectfully moves this Court for an order, striking the designation by Forest Electric Corporation ("Forest") of "bid drawings, or any other document, as "Highly Confidential;" or, in the alternative, compelling Forest to produce bid drawings to CCI. The basis of this motion is as follows:

1.  After consideration of all of the relevant issues, counsel for CCI, and counsel for Forest [who also represented Banc One Building Corporation ("BOBC") at that time], entered into a Stipulation regarding the appropriate governance of any confidential information or documentation to be disclosed as part of this litigation. Such Stipulation was entered as an Order of this Court on December 6, 2005 (hereinafter "Confidentiality Order"). A copy of the "Confidentiality Order" (D.E. 27) is attached hereto as Exhibit "1."

2. Paragraph 4(e) of that Confidentiality Order provides: "directors, officers, employees of Plaintiff and Defendants or any subsidiary or affiliate thereof, who are assisting the parties in this litigation, or who appear as witnesses…" may receive and review the documents.

3. On the eve of scheduling depositions in this matter, Forest, by its letter of May 16, 2006, now joins the BOBC strategy, and notifies CCI that previously-withheld bid drawings are now suddenly available for review, and that such documents were now to be treated as "highly confidential" under a different version of a confidentiality order, proposed by BOBC. A copy of the letter of counsel for Forest, and dated May 16, 2006, is attached hereto as Exhibit "2."

4. It is respectfully submitted that the Court should not permit any party, and specifically Forest, to engage in the BOBC type of strategic maneuvering, to unnecessarily expand the breadth and cost of this litigation.

5. The proposed confidentiality order that BOBC proposed, and which Forest now espouses, is an attachment to BOBC's response to CCI's similar motion to strike, which was directed to BOBC. (D.E. 84). A copy of the proposed confidentiality order that BOBC, and now Forest, propose, is attached hereto as Exhibit "3."

6. Paragraph 12 of the proposed confidentiality order limits the ability to view the documents marked "highly confidential" to counsel and their staff, and experts retained by the parties. It does not permit the documents to be reviewed by the principals of another party or its key employees. Obviously, Forest now joins the BOBC strategy; and, despite earlier entry into the existing order, Forest now, on the eve of depositions, seeks to strategically withhold drawings it should have produced long ago.

7. Since Forest has not offered reasons of its own, presumably, Forest will follow the tune of BOBC, which has contended documents are (1) related to pricing by other

contractors; and (2) may contain information which would create a security risk at the facility. Both of these arguments are fallacious. First, the drawings do not relate to pricing. Second, Forest is now withholding "bid drawings" - at least a part of which were made available previously to CCI, prior to this litigation, together with every other contractor who bid on the project, or was invited to bid on the project. Such drawings are not necessarily now in CCI's possession; and, if they are, the designation is totally useless. Third, any argument for security seems to be a little late. If that was a real concern of Forest and/or BOBC, they would not have previously shown the documents to literally dozens of individuals and entities, including CCI and the same key employees CCI now wishes to be permitted to examine the documents.

8. It is noteworthy that, after withholding "bid drawings" in this litigation for eight months, to now prohibit the president of CCI or all of its key employees involved in the project, from reviewing these bid drawings as a part of this litigation, is simply in bad faith.

9. CCI and its employees agree to be bound by any limitation for confidential documents as described in the existing "Confidentiality Order."

WHEREFORE, Plaintiff Creedon Controls, Inc. prays that the Court enter an Order striking the demarcation of "bid drawings," or other documents, by Forest Electric Corporation, as "highly confidential;" or, in the alternative, that the Court enter an Order mandating that Forest Electric Corporation produce these documents for availability to Creedon Controls, Inc., it principal shareholder, president, and its principal employees.

COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

_____
Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Jr., Esq. (I.D. No. 154)
1007 Orange Street, Nemours Bldg., Suite 1130
Wilmington, DE 19801
Phone: (302) 425-5089
Attorneys for Plaintiff, Creedon Controls, Inc.

Date: 5/17/06