EXHIBIT "3"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CREEDON CONTROLS, INC., a                )
Delaware corporation,                    )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )        Civil Action No. 05-300 JJF
                                         )
BANC ONE BUILDING CORPORATION, an        )
Illinois corporation; and FOREST ELECTRIC )
CORPORATION, a New York corporation,     )
                                         )
              Defendants.                )

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(7), the parties, through their respective counsel of record, stipulate to the entry of the following Protective Order ("Order"), which shall govern the exchange of Confidential Information in this action:

**IT IS HEREBY ORDERED** as follows:

1.          As used in this Order, "person" includes any party or non-party to this action.

2.          Whenever a person provides to any party to this action information or material that contains or discloses trade secrets or confidential research, development, technical, commercial, operational, marketing, financial or proprietary information (such as within the meaning of Fed. R. Civ. P. 26(c)(7)), or that contains or discloses information protected by the right to privacy, the information or material may be designated as Confidential Information. To designate material as Confidential Information, all or part of the material shall be marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL–SUBJECT TO

-1-

PROTECTIVE ORDER," or the equivalent. In lieu of marking original documents, copies that are produced may be marked.

3.      When a person provides to any party to this action Confidential Information, as defined in paragraph 2, that contains trade secrets or information so sensitive or confidential that disclosure to a competitor and its personnel would be likely to harm the competitive position of the producing party or would be injurious to the reasonable business interests of the producing party, the Confidential Information may be designated as Highly Confidential Information.  To designate material as Highly Confidential Information, all or part of the material shall be marked with the legend "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," or the equivalent. In lieu of marking original documents, copies that are produced may be marked.

4.      A person may designate as Confidential Information or Highly Confidential Information any information or material provided to any party in this action that meets the standards set forth in paragraphs 2 or 3 of this Order, including, without limitation, testimony at depositions, answers to interrogatories or requests for admission, documents produced, and information obtained from inspection of premises or tangible objects. If a person who is not a party to this agreement produces, in response to discovery requests in this action, material or information that meets the standards of confidentiality set forth in paragraphs 2 or 3 of this Order, then a party hereto may designate (or cause the producing person to designate) such material or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

5.      A party may designate as Confidential Information or Highly Confidential Information only those materials or information that the party in good faith believes are entitled to protection pursuant to the standards set forth in paragraphs 2 and 3 of

this Order, except that no materials or information may be designated as Confidential Information or Highly Confidential Information if those materials or information:

        a.    Have been or become in the possession of the receiving party through lawful means other than production or disclosure in this Action, unless the materials or information are covered by a separate non-disclosure or confidentiality agreement, in which case the receiving party may continue to use such documents in the course of its business, subject to such other agreement; or

        b.    Have been or become part of the public domain, e.g., by publication, and not due to any unauthorized act or omission on the part of a receiving party or any of its authorized representatives or designees under this Protective Order.

        6.    All documents and pleadings of any nature containing Confidential or Highly Confidential Information, and all copies thereof, shall be maintained by any person qualified to receive and to retain them under the terms of this Order in a secure manner, intended to minimize any risk of the inadvertent disclosure thereof.

        7.    Any person to whom Confidential or Highly Confidential Information is disclosed (subject to the other terms hereof) shall treat that information in a manner reasonably calculated to preserve the confidentiality of such information. If Confidential Information or Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party of the Confidential Information or Highly Confidential Information and make every reasonable effort to retrieve such Confidential Information or Highly Confidential Information and to prevent further disclosure.

8.    Except by leave of Court, a party receiving Confidential or Highly Confidential Information shall not use such information for any purpose other than in connection with the preparation, trial and appeal, including any retrials, of this action. Nothing shall prevent disclosure beyond the terms of this Order if the person designating the information as Confidential or Highly Confidential Information consents in writing to such disclosure.

9.    A party receiving Confidential Information designated as "CONFIDENTIAL" may disclose such Confidential Information only to Qualified Persons as set forth in paragraph 10 of this Order, and only in accordance with the terms of this Order.

10.    For purposes of the preparation, trial, and appeal, including any retrials, of this action, and subject to this Order, Confidential Information may be disclosed only to the following Qualified Persons:

a.    outside attorneys of record herein for the Parties and other members of, or attorneys regularly employed by, their firm(s) who are working on this matter ("Counsel of Record");

b.    up to four in-house personnel who are working on this matter and are identified in advance of receiving Confidential Information.

c.    clerical and administrative personnel, such as secretaries and paralegals, regularly employed by Counsel of Record, working under the supervision of such attorneys in connection with this matter;

d.    persons who have been retained by the Parties specifically to provide translation or interpretation from one language to another, and who sign the Undertaking attached as Exhibit A;

e.    persons who have been retained by the Parties specifically to provide expert assistance or advice in this matter (collectively referred to as "Independent Advisors"), and who sign the Undertaking attached as Exhibit A, as well as persons regularly employed by and working under the supervision of such Independent Advisors in connection with this matter. Before any such person is given access to Confidential Information, the retaining party must give the other parties a copy of the signed Undertaking and a copy of the person's resume or C.V. If any party objects within ten (10) business days, then the person may not be given access until such objection is resolved;

f.    deposition or trial witnesses (during both their testimony and preparation) who authored, received, or are employed by the party that produced the Confidential Information;

g.    the Court and its employees;

h.    Outside Discovery Material processing services, including document copying services, document coding services, and computerization services. Notwithstanding any other provision of this Protective Order, access to Confidential Information shall be permitted to such vendors without need for the completion of Exhibit A. The Party providing Confidential Information to an outside Discovery Material processing service shall be responsible for that service's compliance with the provisions of this Protective Order;

i.    court reporters, videographers or stenographers, or other persons preparing transcripts of testimony under the supervision of a court reporter or stenographer; and

j.    any other person upon such terms and conditions as the parties may agree or as the Court hereafter by order directs.

11.    A party receiving Highly Confidential Information designated as "HIGHLY CONFIDENTIAL" may disclose such Confidential Information only to Qualified Persons as set forth in paragraph 12 of this Order, and only in accordance with the terms of this Order.

12.    For purposes of the preparation, trial, and appeal, including any retrials, of this action, and subject to this Order, Highly Confidential Information may be disclosed only to the following Qualified Persons:

a.    Counsel of Record;

b.    clerical and administrative personnel, such as secretaries and paralegals, regularly employed by Counsel of Record, working under the supervision of such attorneys in connection with this matter;

c.    persons who have been retained by the Parties specifically to provide translation or interpretation from one language to another, and who sign the Undertaking attached as Exhibit A;

d.    Independent Advisors who sign the Undertaking attached as Exhibit A, as well as persons regularly employed by and working under the supervision of such Independent Advisors in connection with this matter. Before any such person is given access to Highly Confidential Information, the retaining party must give the other parties a copy of the signed Undertaking and a copy of the person's resume or C.V. If any party objects within ten (10) business days, then the person may not be given access until such objection is resolved;

e.    deposition or trial witnesses (during both their testimony and preparation) who authored, received, or are employed by the party that produced the Highly

-6-

Confidential Information;

      f.     the Court and its employees;

      g.     Outside Discovery Material processing services, including document copying services, document coding services, and computerization services. Notwithstanding any other provision of this Protective Order, access to Highly Confidential Information shall be permitted to such vendors without need for the completion of Exhibit A. The Party providing Highly Confidential Information to an outside Discovery Material processing service shall be responsible for that service's compliance with the provisions of this Protective Order.

      h.     court reporters, videographers or stenographers, or other persons preparing transcripts of testimony under the supervision of a court reporter or stenographer; and

      i.     any other person upon such terms and conditions as the parties may agree or as the Court hereafter by order directs.

      13.     In the event additional parties join or are joined in this action, they shall not have access to Confidential or Highly Confidential information until they have executed and filed with the Court their agreement to be fully bound by this Stipulation and Order.

      14.     All depositions taken by any party at which any Confidential or Highly Information is provided, used, inquired into, or otherwise disclosed shall be conducted only in the presence of the deposition witness and his or her counsel, and other persons permitted under paragraphs 10 and/or 12 of this Order, as appropriate.

      15.     Counsel for any deponent or party may designate deposition testimony or exhibits as Confidential or Highly Confidential Information by so indicating on the record at

the deposition. Failure of counsel to designate testimony or exhibits as confidential or highly confidential at deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits. Upon receipt of the transcript of the deposition, counsel shall have twenty (20) business days in which to designate specific exhibits and/or pages and lines of the transcript as Confidential or Highly Confidential Information. During this twenty (20) day period, the entire transcript will be treated as Highly Confidential Information.

16.    When material disclosed during a deposition is designated as Confidential or Highly Confidential Information at the time testimony is given, the reporter shall separately transcribe those portions of the testimony, mark the face of the transcript with the confidentiality language set forth in paragraphs 2 or 3 above, and maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential or Highly Information which cannot conveniently be segregated from non-confidential material, any person may request that the entire transcript or exhibit be maintained by the reporter as confidential or highly confidential.

17.    Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding relating to this matter. The designation of certain information as Confidential or Highly Confidential pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of the information.

18.    If any party to this litigation disagrees at any stage of these proceedings with any other party's designation of any material or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the parties shall try first to resolve such disputes in good faith between themselves.    If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court.    The party designating the material or information as Confidential or Highly Confidential Information shall have the burden of proving by a preponderance of the evidence that there is good cause for the material to have such protection. Pending resolution of any motion filed pursuant to this paragraph, all parties and other persons bound by this Order shall continue to treat the disputed material as Confidential or Highly Confidential Information until the issue is resolved by the Court.

19.    If any Confidential or Highly Confidential Information is inadvertently provided without being designated in accordance with this Order, the failure to designate the information or material shall not be deemed a waiver of its confidentiality.    Until the information or material is designated as Confidential or Highly Confidential Information, however, a party shall be entitled to treat the information or material as non-confidential.    When the information or material is designated as Confidential or Highly Confidential Information, the parties shall take prompt steps to assure that it is appropriately marked, if applicable, and thereafter treated as Confidential or Highly Confidential Information pursuant to the terms of this Order.

20.    If a party in possession of Confidential or Highly Confidential Information receives a subpoena or other compulsory process from a non-party to this Stipulation and Order seeking production or other disclosure of such Confidential or Highly Confidential Information during or after the pendency of this litigation, that party shall give prompt notice to counsel for the Producing Party.    If the Producing Party objects to the

Confidential or Highly Confidential Information being produced, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential or Highly Confidential Information called for prior to receiving a court order or the consent of the Producing Party. In the event that Confidential or Highly Confidential Information is produced to the non-party, such information shall still be treated as Confidential or Highly Confidential by the parties to this Stipulation and Order.

21.    If a party wishes to file Confidential Information with the Court, electronically or otherwise, the parties must follow the Court rules concerning filings under seal. Any material containing Confidential Information shall be filed in sealed envelopes or other appropriately sealed containers, prominently marked with the caption of the case and title of the document or a general description of the contents of the envelope or container, as illustrated below:

**CONFIDENTIAL – FILED UNDER SEAL
SUBJECT TO A PROTECTIVE ORDER**

Any brief or other document filed with the Court that includes Confidential Information shall be filed in the same manner.

22.    If a party wishes to file Highly Confidential Information with the Court, electronically or otherwise, the parties must follow the Court rules concerning filings under seal. Any material containing Highly Confidential Information shall be filed in sealed envelopes or other appropriately sealed containers, prominently marked with the caption of the case and title of the document or a general description of the contents of the envelope or container, as illustrated below:

**HIGHLY CONFIDENTIAL – FILED UNDER SEAL
SUBJECT TO A PROTECTIVE ORDER**

Any brief or other document filed with the Court that includes Highly Confidential Information shall be filed in the same manner.

23.    Within ninety (90) days after the final settlement or termination of this litigation, originals and/or copies of documents containing Confidential or Highly Confidential Information shall be returned or destroyed by any person receiving such documents. Each party shall certify in writing the return or destruction of all documents protected by this Order. Insofar as this Order restricts the communication and use of Confidential or Highly Confidential Information, the Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of a party producing Confidential or Highly Confidential Information or further Order of the Court with respect to dissolution or modification of this Protective Order. Any dispute regarding the continuing effect of the Order shall be resolved in the same manner as in paragraph 15. Upon the request of a party, all deposition transcripts, stenographic notes, and tape recordings that embody Confidential or Highly Confidential Information of that party shall be destroyed by the stenographic reporter. Each party and its counsel shall make reasonable efforts to ensure compliance with this paragraph and to locate, retrieve, and return or destroy all Confidential or Highly Confidential Information provided by the opposing party.

24.    In the event that a party inadvertently produces documents or information that is protected by attorney-client, work product or other relevant privileges, such inadvertent disclosure shall not constitute a waiver of such privileges. Upon request of the producing party, the receiving party shall return any such inadvertently produced documents. Any such request shall be timely made after the inadvertent production is discovered. If the

receiving party disputes the producing party's privilege designation, it may file a motion with the Court for resolution of the privilege dispute.

25. This Order is entered without prejudice to the right of any party or person to resist or compel discovery, to seek to obtain additional or different protection for material claimed to be work product or privileged under federal law, to object to the use, relevance, or admissibility at trial of any evidence, to seek to modify or obtain relief from any aspect of this Order or to apply to the Court for such further protective orders under the provisions of the Federal Rules of Civil Procedure as justice may require.

26. Nothing herein shall preclude any party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the parties involved shall make a good faith effort to resolve the matter by agreement.

27.    The terms of this Order shall survive and remain in full force and effect after the termination of this action.


BANC ONE BUILDING CORPORATION          CREEDON CONTROLS, INC.


_____          _____
Lawrence C. Ashby (I.D. #468)              Edward Seglias (I.D. #2822)
Philip Trainer, Jr. (I.D. #2788)           Robert K. Beste, Jr. (I.D. #154)
Joseph C. Handlon (I.D. #3952)             COHEN, SEGLIAS, PALLAS
Ashby & Geddes, P.A.                       1007 Orange Street,
222 Delaware Ave.                          Nemours Bldg., Ste. 205
P.O. Box 1150                              Wilmington, DE 19801
Wilmington, DE 19899                       (302) 425-5089
(302)-654-1888

Dated: January __, 2006                    Dated: January __, 2006


        SO ORDERED this ____ day of _____, 2006.


                                 _____
                                 The Honorable Joseph J. Farnan, Jr.
                                 United States District Court Judge


-13-

## EXHIBIT A

## UNDERTAKING TO BE BOUND
## BY PROTECTIVE ORDER


      I, _____ (print or type name), hereby acknowledge that I have received a copy of the Protective Order entered in *Creedon Controls, Inc. v. Banc One Building Corporation, et al.*, United States District Court for Delaware, Civil No. 05-300, that I have read that Order, that I understand the terms, conditions, and restrictions imposed by that Order on one who is given access to confidential and/or highly confidential documents and information pursuant to that Order, and that I agree to be bound by all terms, conditions, and restrictions imposed by that Order.

      I further agree that I will return, in accordance with the terms of that Order, all confidential and/or highly confidential documents, material and information I receive to counsel who provided me with the documents, material and information.

      I further acknowledge that it is my understanding that I may be subject to sanctions imposed by the Court, including an Order of Contempt, if I fail to abide by and comply with all the terms, conditions, and restrictions imposed by that Order. I further consent to personal jurisdiction over me by the United States District Court for Delaware for purposes of adjudicating any matter concerning the Protective Order entered in this case.


Dated: _____    _____
                                       Name

                                       _____
                                       Occupation

                                       _____
                                       Employer

                                       _____
                                       Business Address

                                       _____
                                       Business Phone

                                       _____
                                       Relationship, if any, to Plaintiff or Defendants

165276.1