IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| Creedon Controls, Inc., a Delaware corporation, | ) |
| | ) C. A. No._____ |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) AFFIDAVIT OF DEFENSE |
| Banc One Building Corporation, an Illinois | ) REQUIRED BY 10 DEL. C. '3901 |
| corporation; and Forest Electric Corporation, a | ) |
| New York corporation, | ) NON-ARBITRATION CASE |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT AND STATEMENT OF CLAIM FOR MECHANICS' LIEN

### COUNT I
(Statement of Claim for Mechanics' Lien)

1. Plaintiff, Creedon Controls, Inc. (hereinafter "CCI") is a corporation of the State of Delaware, with its principal place of business located at 3424 Old Capitol Trail, Wilmington, Delaware 19808.

2. Defendant Banc One Building Corporation (hereinafter "Banc One") is a corporation of the State of Illinois. Service of process may be made upon Banc One by serving the Secretary of State of the State of Delaware, pursuant to 10 Del. C. §3104. Banc One is the owner of the structure and the land and premises that are the subject of this Statement and Claim for Mechanics' Lien.

3. Defendant Forest Electric Corporation (hereinafter "Forest") is a corporation of the State of New York. Forest's Registered Agent is The Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. The Banc One Project #6B - General Lighting & Power Contract (hereinafter "Project #6B"), was made between CCI and Banc One as the owner of the structure, as evidenced and set forth in the attached Exhibit "A," and as modified as set forth in the letter of Patricia Creedon, President of CCI, dated June 14, 2004, with attached Addendum 1, as more fully set forth in the attached Exhibit "B."

5. The amount claimed to be due is $2,985,758., as more specifically set forth in the "Bill of Particulars," a copy of which is attached hereto as Exhibit "C."

6. The date on which labor and the furnishing of the materials began, was October 6, 2003.

7. The date on which the furnishing of the materials, labor, and equipment was completed by CCI was September 22, 2004. The date of the completion of the structure was on or about September 22, 2004. The date when the payment of 90% of the contract price, including the value of any work done pursuant to the contract modifications or change orders, was made to CCI has not yet occurred. The date when CCI submitted its final invoice to Banc One was March 31, 2005.

8. The location of the property that is the subject of this statement and claim for Mechanics' Lien is described as 4001 Governor Printz Boulevard, Wilmington, Delaware, being Tax Parcel No. 06-149.00-002, and being more particularly bounded and described in the Deed attached hereto as Exhibit AD,@ and incorporated herein by reference, and is known as the Banc One Core Data Center II (hereinafter "Data Center").

9. The labor was done and the materials and equipment furnished by CCI, on the credit of the structure.

2

10. The amount of CCI's claim is in excess of $25.00; to-wit, $2,985,758., and neither that amount nor any part thereof has been paid to CCI.

11. The amount which CCI claims is due it is $2,985,758.

12. No mortgage of the type described in 25 Del. C. §2712(b)(11) exists on the structure.

13. Alternatively, it is alleged that CCI made its contract directly with Forest, a subcontractor and/or agent of Banc One.

14. In support of its claim for a Mechanics' Lien, based upon a direct contract with Forest, CCI relies upon 25 Del. C. §2711(b), and states that the date that final payment, including all retainage, is due to CCI is May 2, 2005, and that it is unknown what date final payment was made (if at all) to a contractor who has contracted directly with Banc One, or with whom such person has a contract, express or implied, for the furnishing of labor, material and equipment, in connection with the project that is the subject of this litigation.

## COUNT II
### (Breach of Contract - Banc One)

15. CCI incorporates herein by reference, Paragraphs 1 through 14 of this Complaint, as though set forth at length herein.

16. CCI entered into an agreement with Forest, as agent for and on behalf of Banc One, for the performance of labor, materials, and equipment supplied for the Data Center.

17. The work performed by CCI, for Project #6B, in accordance with its agreement with Banc One, is as more fully set forth in the attached Exhibit "A," as modified and supplemented by the letter of Patricia Creedon, President of CCI, to Forest, dated June 14, 2004,

3

with attachments, a copy of which is attached hereto as Exhibit "B."

18. In accordance with the agreements of CCI and Banc One, and in good faith, CCI performed additional work at the request of Banc One, pursuant to change orders approved and unpaid, approved but not submitted, and approved but replaced and rebilled; and CCI is entitled to $146,684. for such change orders.

19. In accordance with the agreements of the parties, and in good faith, CCI performed certain additional work at the request of Banc One, in accordance with properly submitted but unapproved and unpaid change orders. CCI has incurred further costs in completing its contract with Banc One. CCI is entitled to $2,657,694.3,072,342. for such change orders.

20. In accordance with the agreement of the parties, as more fully set forth in the Exhibits "A" and "B," and other agreements of the parties, CCI performed services and supplied materials and equipment for Project #6B, having a value of $6,402.106.,6,816,754., of which $3,416,348. has been paid, and $2,985,758.3,400,406. remains due and owing.

## COUNT III
### (Breach of Contract - Forest)

21. CCI incorporates herein by reference, Paragraphs 1 through 20 of this Complaint, as though set forth at length herein.

22. Defendant Forest invited CCI to bid on the project known as Project #6B.

23. In reliance of the representations made by Defendant Forest at bid time, CCI made its bid for Project #6B, for $3,152,000.00.3,152,000. In making such bid, CCI relied upon the bid documents provided at bid time, by Banc One and its representatives and agents, and the expectancy of normal industry practice, in the conduct, scheduling, and coordination of Project

4

#6B.

24.     In accordance with the bid documents, CCI prepared a detailed schedule used as the basis of its bid calculations of manpower utilization, supervision, peak manpower, and cash-flow requirements.

25.     The bid of CCI was accepted, and CCI and Forest entered into an agreement that CCI would complete Project #6B, for services including lighting in Areas A through G of the Data Center, general power receptacles in Areas A though G, and all electrical requirements in the Administration Building (with a few exceptions), feeders, power and lighting panels, automatic transfer switches, inverter systems, lighting control system, and empty voice and data conduits, in Areas A through G and the Administration Building.

26.     Defendant Forest represented to CCI that the work would be completed substantially in accordance with the bid package, and substantially in accordance with a subcontract agreement delivered to CCI by Defendant Forest by letter dated May 4, 2004, as set forth in the attached Exhibit "A," and as further modified and agreed to as set forth in Exhibit "B."

27.     In accordance with said agreement between CCI and Forest, CCI performed services and supplied materials, and equipment for the Project #6B, having a value of $~~6,402,106.~~ 6,816,754., of which $3,416,348. has been paid, and $~~2,985,758.~~ 3,400,406. is due and owing.

28.     In accordance with the agreements of CCI and Forest, and in good faith, CCI performed certain additional work at the request of Forest, in accordance with change orders approved and unpaid, approved but not submitted, and approved but repriced and rebilled; and

CCI is entitled to $146,684. for such change orders.

29.     In accordance with the agreements of the parties, and in good faith, CCI performed certain additional work at the request of Forest, in accordance with properly submitted but unapproved and unpaid change orders. CCI has incurred further costs in completing its contract with Forest. CCI is entitled to $2,657,694.3,072,342. for such change orders.

## COUNT IV
### (Recovery of Labor, Material, Equipment, and General Condition Costs for Delay - Banc One and Forest)

30.     CCI incorporates by reference paragraphs 1 through 29 of this Complaint, as though set forth at length herein.

31.     In connection with CCI's preparation of its bid proposal, for completion of the work identified in the agreement of the parties, made to Forest, for itself and on behalf of Banc One, CCI carefully examined all bid documents related to the agreements, and prepared its proposal, and negotiated with Forest, for itself and on behalf of Banc One. The price for which CCI eventually agreed to perform the contract work was fair and reasonable for the work described in the agreements, and based upon the scope and schedule of the work set forth in the bid proposal.

32.     Implied in the agreements of the parties were certain promises and warranties on the part of Forest, for itself and on behalf of Banc One, as follows:

(a)     that they would promptly make the Project site available, in a reasonable sequence, and would provide prompt access to work areas in order to permit CCI to perform its work without unreasonable suspension, hindrance or delay, as reasonably anticipated by CCI at

the time and the basis of CCI's bid;

    (b)    that it would not prevent, hinder, or delay CCI in the performance of its contract work, and would at all times do whatever was necessary to enable CCI to perform its contract work in a timely, orderly, efficient, and economical manner, as reasonably anticipated by CCI at the time and the basis of CCI's bid;

    (c)    that the Project would be constructed as designed and described in the agreements of the parties (with only minor changes), as reasonably anticipated by CCI at the time and the basis of CCI's bid; and

    (d)    that the Project would be managed and constructed in the manner and sequence contemplated by the agreements of the parties and completed within the contract time specified therein, as reasonably anticipated by CCI at the time and the basis of CCI's bid.

    33.    As a result of failures by Forest, for itself and on behalf of Banc One, CCI was not able to complete Project #6B in a timely fashion.

    34.    The delays in completing the contract work required CCI to extend the performance of its work following entry into agreements with Forest, for itself and on behalf of Banc One, and to incur increases in labor and material costs, and substantially more general conditions cost and extended home office overhead and other costs than could be reasonably anticipated at the time of bid preparation and at the time the parties reached their agreements.

    35.    CCI's bid proposal and its performance of the agreements of the parties were based on the expectation of, and in reliance upon, the fact that: (1) the construction of the Data Center would progress on time and in an orderly, coordinated and expeditious manner (including an effective and workman-like planning and based upon CCI's schedule at bid time, based upon

scheduling by Forest, for itself and on behalf of Banc One, at bid time, and as mutually changed thereafter), without undo delay, disruption and/or interference; and (2) the Data Center would be completed in accordance with the time provided by the agreement of the parties, as reasonably anticipated by CCI at bid time, and at the time the parties reached their agreements.

36. As Forest, for itself and on behalf of Banc One, caused CCI to complete its work at the Project months after the time for completion as provided in the schedules and agreements, Forest, for itself and on behalf of Banc One, breached the agreements.

37. The aforesaid breach by Forest, for itself and on behalf of Banc One, hindered, obstructed, interfered with, and delayed the performance of CCI's work, so that it could not be completed in a manner contemplated by the agreements of the parties, as reasonably anticipated at bid time, in that Forest:

    a) failed to properly plan, schedule and coordinate the work on the Project #6B as a whole;

    b) failed to obtain responses to requests for information and to obtain and effectuate design and engineering changes and clarifications in a timely and coordinated manner, so as not to impede or disrupt the progress of CCI's work;

    c) failed to furnish to CCI with accurate and coordinated drawings and dimensions, adequate design details, and failed to properly obtain and issue approved shop drawings, all of which hindered CCI in the prosecution of its work; and

    d) directly interfered with the scheduling and performance of CCI's work by

8

causing changes and disruptions to its reasonably planned methods and sequences of work, which served as the basis of CCI's bid.

38. Because of the various breaches of contract by Forest, for itself and on behalf of Banc One, enumerated above, CCI was:

    a) deprived of the construction methods, techniques, procedures and scheduling of performance, originally contemplated at bid time, and the basis of CCI's bid and basis of the agreements of the parties;

    b) caused to perform the work under the agreements of the parties in methods, sequences, techniques, procedures, and scheduling of performance, contrary to usual industry practice;

    c) prevented from performing its contract work in an orderly, effective, expeditious, and economical manner;

    d) forced to perform phases of its contract work under job conditions which adversely affected labor productivity;

    e) forced to perform work beyond the requirements of the agreements;

    f) forced to move CCI equipment and materials, and that of others, in order to continue CCI's work;

    g) prevented from realizing the profits originally contemplated at bid time by CCI under the agreements of the parties;

    h) unable to store tools, materials, and equipment in a safe place to prevent damage and loss; and

    i) caused to perform its contract work out of sequence and without timely or

continuous access to work areas.

39. As a result of the aforementioned breaches of contract by Forest, for itself and on behalf of Banc One, CCI has suffered damages in an amount in excess of $~~2,657,694.~~ 3,072,342., all of which resulted in CCI having to incur increased labor, material, and general conditions costs in the performance of its contract work during the contract time, and after the original completion date thereof, all in excess of the costs contemplated at bid time, the basis of CCI's bid under the agreements of the parties. Such costs are in addition to other amounts demanded in this litigation.

40. Despite repeated demands, CCI has not received compensation for the aforementioned labor, material, general conditions costs, and tended home office overhead and other costs, under the agreement or otherwise.

41. Forest and Banc One must pay CCI for all additional general condition costs, and extended home office overhead and other costs it incurred after the completion date set forth in the agreements.

## COUNT V
### (Unjust Enrichment)

42. CCI hereby incorporates by reference, Paragraphs 1 through 41 of this Complaint, as though set forth at length herein.

43. CCI conferred a benefit upon Forest and Banc One, by supplying certain labor, materials, and equipment, and incurring other costs, under Project #6B, to construct the Data Center.

44. The value of the benefit conferred by CCI upon Forest and Banc One, for which CCI has not received payment, is $~~2,985,758.~~ 3,400,406.

10

45. Forest and Banc One have appreciated, accepted, and retained the benefit conferred upon them by CCI, without paying for the same, and it would be inequitable for Forest and Banc One to retain the benefit conferred, without payment to CCI, for the value of the same.

46. All conditions precedent have been performed or have occurred.

## COUNT VI
### (6 Del. C. Chapter 35 - CCI)

47. CCI incorporates by reference, Paragraphs 1 through 46 of this Complaint, as though more fully set forth herein at length.

48. Upon information and belief, Forest has received funds from Banc One in connection with the agreement between Forest and CCI, for the work performed by CCI under Project #6B.

49. The agreed upon work to be performed by CCI has been fully performed. CCI has submitted invoices to Forest for such services, and Forest has refused appropriate payment.

50. Forest has not applied or used those funds by making payments due to CCI, in violation of 6 Del. C. Chapter 35, and has failed to apply monies received by it for work performed by CCI.

51. A constructive trust is imposed for the benefit of CCI, upon funds received or held by Forest with respect to Project #6B.

52. In accordance with 6 Del. C. §3509, CCI is entitled to its attorney's fees; arbitration costs, if any; expert witness fees; and the costs of this action.

## COUNT VII
### (6 Del. C. Chapter 36 - Banc One)

53. CCI incorporates by reference, Paragraphs 1 through 52 of this Complaint, as

11

55. The agreed-upon work to be performed by CCI has been fully performed. CCI has submitted invoices to Banc One for such services, and Banc One has refused appropriate payment.

56. In accordance with 6 Del. C. §3509, CCI is entitled to attorney's fees, arbitration costs, if any, expert witness fees, and the costs of this action.

WHEREFORE, Plaintiff CCI Controls, Inc., demands judgment against Defendants Banc One Building Corporation and Forest Electric Corporation, in the amount of $3,400,406., and such further amounts which the trier of facts determines to be equitable and just, attorneys' fees, pre-judgment, post-judgment interest, expert witness fees, arbitration fees (if any), and the costs of this action, and that an *in rem* judgment for a Mechanics' Lien, in Plaintiff's favor and against the structure and property that are the subject of the Statement of Claim for Mechanics' Lien, in the amount of $~~3,400,406.~~ 2,985,758, and such other and further relief as the Court deems appropriate and just.

**Cohen, Seglias, Pallas, Greenhall & Furman, P.C.**

_____
Edward Seglias, Esq. (I. D. No. 2822)
Robert K. Beste, Jr., Esq. (I. D. No. 154)
1007 Orange Street, Nemours Bldg., Ste. 205
Wilmington, DE 19801
(302) 425-5089
Attorneys for Plaintiff

Date:_____
RKB/msj
06894-0001

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| Creedon Controls, Inc., a Delaware corporation, | ) |
| | ) C. A. No._____ |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) AFFIDAVIT OF DEFENSE |
| Banc One Building Corporation, an Illinois | ) REQUIRED BY 10 DEL. C. ~~↲~~§3901 |
| corporation; and Forest Electric Corporation, a | ) |
| New York corporation, | ) NON-ARBITRATION CASE |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

STATE OF DELAWARE        :
                         : SS
NEW CASTLE COUNTY        :

BEING FIRST DULY SWORN, according to law, the undersigned does depose and state the following:

1. That I am the President of Creedon Controls, Inc.;
2. That I have reviewed the attached Complaint and Statement of Claim for ~~Mechanic=s~~Mechanics' Lien and incorporated exhibits;
3. That the facts stated in the attached Complaint and Statement of Claim for ~~Mechanic=s~~Mechanics' Lien are true and correct; and
4. That the principal sum of $~~_____.00,~~3,400,406, plus interest, counsel fees, and costs of this action are demanded for Creedon Controls, Inc., and that the sums are justly due and owing.

**CREEDON CONTROLS, INC.**

BY:_____
   **Patricia Creedon, President**

SWORN TO AND SUBSCRIBED before me, the \_\_\_\_day of _____, ~~2005.~~2006.

**Notary Public/Notarial Officer**
My Commission Expires:_____