IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-300 JJF |
| BANC ONE BUILDING CORPORATION, an Illinois corporation; and FOREST ELECTRIC CORPORATION, a New York corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MOTION OF BANC ONE BUILDING CORPORATION
FOR PROTECTIVE ORDER PURSUANT TO RULE 26(c)**

Banc One Building Corporation ("BOBC"), by and through its undersigned counsel, hereby moves for a protective order pursuant to Fed. R. Civ. P. 26(c) regarding plaintiff Creedon Controls, Inc.'s ("Creedon") scheduled deposition of BOBC pursuant to Fed. R. Civ. P. 30(b)(6). In support thereof, BOBC respectfully states as follows:

**BACKGROUND**

1. As the Court is aware, this action involves a dispute over amounts that Creedon alleges are owed it in connection with electrical work performed by CCI relating to the construction of a Core Data Center located at 4001 Governor Printz Boulevard, Wilmington, Delaware and owned by BOBC.

2. Since the commencement of this action, the parties have exchanged literally thousands of documents in discovery. Moreover, the parties have engaged in significant and extensive discussions respecting depositions and the scheduling thereof. Ultimately, the parties entered into that certain Stipulated Scheduling Order Regarding Depositions (the "Stipulated Schedule"), *see* D.I. 89; which Stipulated Schedule was "So Ordered" by

the Court on June 2, 2006. Pursuant to the Stipulated Schedule, the deposition of Banc One Building Corporation, pursuant to Fed. R. Civ. P. 30(b)(6), is scheduled for June 12, 2006 (the "BOBC Deposition").

3. Following the entry and the Court's approval of the Stipulated Schedule, BOBC, by and through its counsel, reached out, on numerous occasions, to Creedon in an effort to reschedule the BOBC Deposition to a date: (a) convenient and available to all parties, *including Creedon*; and (b) consistent with the Court's Memorandum Order dated May 8, 2006 (D.I. 83). These efforts notwithstanding, Creedon has and remains steadfast in its refusal to accommodate this reasonable request. As a result thereof, BOBC has communicated to Creedon's counsel that BOBC would be filing the instant motion, and that BOBC would not attend the scheduled deposition. *See* D. Del. LR. 30.2. For the reasons set forth below, this Court should enter a protective order, and schedule the BOBC Deposition on a date convenient to all parties.

## ARGUMENT

4. BOBC requests entry of an order pursuant to Rule 26(c) postponing the BOBC Deposition to a date and time convenient to all parties. Rule 26(c) empowers the Court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense" including, but not limited to, an order that "discovery may be had only on specified terms and conditions including a designation of the time or place." Fed. R. Civ. P. 26(c)(1). The "existence of good cause for a protective order is 'a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance

of the factual issues involved in each action.'" WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2035, p. 484-86 (1994) (citation omitted).

5. Good cause exists in this case to delay the taking of the BOBC Deposition. Lead counsel in this case for BOBC – counsel who is responsible for preparing and educating BOBC's 30(b)(6) witness – has been unavailable recently due to a family medical matter. Significantly, this situation has forced counsel to devote much more time and attention to the needs of his family than was originally anticipated when the parties agreed and entered into the Stipulated Schedule. As a result, counsel (and BOBC) has been unable to properly and thoroughly prepare and educate BOBC's designated witness as is required under Fed. R. Civ. P. 30(b)(6).

6. BOBC respectfully submits that Creedon will not be prejudiced by a brief postponement of the BOBC Deposition.

## CONCLUSION

For the above reasons, BOBC respectfully requests that the Court grant the motion, and grant such further relief that the Court may deem just and appropriate.[1]

ASHBY & GEDDES

*Philip Trainer, Jr.*
Lawrence C. Ashby (I.D. #468)
Philip Trainer, Jr. (I.D. #2788)
222 Delaware Ave.
P.O. Box 1150
Wilmington, DE 19899
(302)-654-1888

Date: June 9, 2006        *Attorneys for Banc One Building Corporation*
170333.1

---

[1] Pursuant to D. Del. LR 7.1.1., BOBC respectfully submits that it has made a reasonable effort to reach agreement with CCI on the matters set forth in this motion prior to filing the motion.

## CERTIFICATE OF SERVICE

I, Ricardo Palacio, hereby certify that, on June 2, 2006, I caused one copy of the foregoing to be served upon the parties listed below in the manner indicated:

**Via Hand Delivery**
Robert K. Beste, Jr., Esquire
Cohen, Seglias, Pallas, Greenhall & Furman
1007 Orange Street, Ste. 205
Wilmington, DE  19801

**Via Hand Delivery**
Paul Bradley, Esquire
McCarter & English
919 N. Market St., Ste. 1800
Wilmington, DE  19801

**Via Hand Delivery**
Paul Bradley, Esquire
Maron & Marvel, P.A.
1300 North Broom Street
Wilmington, DE  19806

_____
Ricardo Palacio

167203.1