# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>     v.<br><br>BANC ONE BUILDING CORPORATION, an Illinois corporation, and FOREST ELECTRIC CORPORATION, a New York corporation,<br><br>                Defendants. | **SUBPOENA IN A CIVIL CASE**<br><br>**CIVIL ACTION NUMBER:** 05-300 (JJF)<br>(case pending in the United States District Court for the District of Delaware) |

TO:   **The Wilmington Trust Company**
         **Rodney Square North, Corp. Administration**
         **1100 North Market Street**
         **Wilmington, DE 19890**

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify in the above-captioned case pending in the United States District Court for the District of Delaware, and concerning the topics and matters set forth in **Schedule A** attached hereto. Pursuant to Fed. R. Civ. P. 30(b)(6), The Wilmington Trust Company must designate one or more officers, directors or managing agents or other persons who consent to testify on its behalf and may set forth, for each person, designated, the matters on which the person will testify. The deposition may be recorded by sound, sound-and-visual, and/or stenographic means.

| PLACE OF DEPOSITION: **ASHBY & GEDDES**<br>                            **222 Delaware Avenue, 17th Floor**<br>                            **Wilmington, Delaware 19801** | DATE AND TIME<br>**June 27, 2006 at 9:30 a.m.** |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects set forth in the attached **Schedule A** at the place, date and time specified below.

| PLACE: **ASHBY & GEDDES**<br>            **222 Delaware Avenue, 17th Floor**<br>             **Wilmington, Delaware 19801** | DATE AND TIME<br>**June 22, 2006 at 12:00 p.m.** |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

| *[signature]*<br>ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>   (Attorney for defendant Banc One Building Corporation) | DATE<br>**June 14, 2006** |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ricardo Palacio,
Ashby & Geddes, 222 Delaware Avenue, 17th Floor, Wilmington, DE 19801, Tel: (302) 654-1888

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of the production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and coping may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or protection only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

170350.1

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are applicable herein and incorporated within each of the documents requested in this schedule:

1. "Creedon" refers to Creedon Controls, Inc. and includes its current and former officers, directors, employees, subsidiaries or affiliates.

2. "Wilmington Trust" or "You" refers to Wilmington Trust Company and includes its current and former officers, directors, employees, agents, subsidiaries or affiliates.

3. "CDC 2 Project" refers to the construction project relating to the Core Data Center located at in Wilmington, Delaware.

4. "Loan Transactions" refers to any transaction or proposed transaction entered into, negotiated or contemplated between Creedon and Wilmington Trust between January 2003 and the present date, pursuant to which Wilmington Trust loaned or made available, or would have loaned or made available, funds or otherwise extended credit to Creedon, including but not limited to, the establishment or extension of a line or lines of credit.

5. The "Action" is the action commenced by Creedon against Banc One Building Corporation and Forest Electric Corporation (District Court of Delaware C.A. No. 05-CV-300).

6. "Document" is used herein in its broadest sense and means any written, graphic or other recorded (whether visibly, electronically, magnetically or otherwise) matter of whatever kind or nature or any other means of preserving thought or expression and all tangible things from which information can be processed, transcribed

LEGAL_US_E # 71015039.2

or retrieved, whether originals, copies or drafts (including, without limitation, non-identical copies), however produced or reproduced. This shall include, but not be limited to, all retrievable information in computer storage, photographs, videotapes, letters, telegrams, facsimiles, correspondence, contracts, agreements, teletype messages, notes, reports, mechanical and electronic sound recordings or transcripts thereof, memoranda or minutes of telephone or personal conversations or minutes of conferences. A document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions. A draft or non-identical copy is a separate document within the meaning of the term.

7. "Communications" refers to all occasions on which information was conveyed from one person to another (a) by means of a document, or (b) verbally, including (but not limited to) by means of a telephone or other mechanical device.

8. The term "person" shall include, wherever appropriate, an individual, a partnership, a corporation, an unincorporated association, joint venture, sole proprietorship, firm or business enterprise, and any other artificial business, association of persons or legal entity, as well as all divisions, subdivisions, bureaus, offices or other units thereof.

9. The terms "concerning" and "relating to" mean, without limitation, embodying, mentioning, referring to, describing, evidencing, constituting or having reference to or connection with, directly or indirectly, the subject matter identified in a specific request.

10. The use of the singular form of any word includes the plural and vice versa.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the information requested all responses that might otherwise be construed to be outside of its scope.

12. The documents produced in response to this document request shall be: (1) organized and designated to correspond to the categories in the requests; or (2) produced in a form that accurately reflects how they are maintained in the ordinary course of business.

13. With respect to those documents or portions of documents withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a list is to be furnished at the time that documents are produced, which list shall identify each document withheld and with respect to each such document, (a) identify the privilege claimed, the nature (e.g., letter, memorandum, etc.), (b) set forth its (i) date, (ii) author(s), (iii) the names of all persons to whom such document was directed or by whom it has been received, (iv) its sender(s) and indicated or blind copy recipient(s), and (v) to the extent not apparent, the relationship between the author(s), sender(s) and recipient(s), (c) identify its subject matter and set forth the number of its pages, (d) identify the paragraph(s) of this document request to which it relates, and (e) identify by name and address its present custodian(s). If a portion of an otherwise responsive document contains information subject to a claim or privilege, those portions of the document subject to the claim or privilege shall be deleted or redacted from the document (and such deletion or redaction noted on the document) and the rest of the document shall be produced.

14. In responding to these document requests, You are required to furnish all documents that are available to You or subject to Your reasonable inquiry, including documents in the possession of Your agents, representatives, advisors, attorneys (unless privileged), or other persons directly or indirectly employed by or connected with You or Your attorneys, and anyone else otherwise subject to your control.

15. All documents are to be produced in their entirety, without abbreviation or expurgation, including both front and back thereof, and all attachments or other matters affixed thereto.

16. In the event that a document called for by this document request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; manner of disposal; reasons for disposal; person(s) authorizing the disposal; persons having knowledge of the disposal; and person disposing of the document.

17. Where an objection is made to any request, the objection shall state with specificity all grounds therefor. Any ground not stated in an objection shall be waived.

## DOCUMENTS REQUESTED

1. All communications between or on behalf of Creedon and Wilmington Trust from January 2003 to the present date.

2. All documents concerning any Loan Transactions or potential loan transaction between or on behalf of Creedon and Wilmington Trust between January 2003 and the present date, including, without limitation, loan applications,

correspondence, loan agreements, security agreements, payment records, agreements and documents reflecting the status of the loans or advances made by Wilmington Trust to Creedon.

3. All documents Creedon, or any person acting on behalf of Creedon, delivered or submitted to Wilmington Trust or any other person in connection with the Loan Transactions or any potential loan transactions between January 2003 and the present date .

4. All documents provided to Creedon by you or any other person in connection with the Loan Transactions or any potential loan transactions between January 2003 and the present date.

5. All documents concerning communications between or on behalf of Creedon and Wilmington Trust concerning the Loan Transactions or potential loan transactions between January 2003 and the present date.

6. All documents concerning the Action, including any analyses prepared by or on behalf of Creedon or Wilmington of the merits of the Action and all documents concerning any agreement between Creedon and Wilmington relating to the Action.

170448.1