IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) C.A. NO. 05-CV-300-JJF ) ) |
| v. | ) ) |
| BANC ONE BUILDING CORPORATION, an Illinois corporation, and FOREST ELECTRIC CORPORATION, a New York corporation, | ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) ) ) ) |

**DEFENDANT BANC ONE BUILDING CORPORATION'S
ANSWER TO AMENDED COMPLAINT FILED ON JUNE 1, 2006**

Defendant Banc One Building Corporation ("BOBC"), by its attorneys, Ashby & Geddes, P.A. and Paul, Hastings, Janofsky & Walker LLP, hereby answers and otherwise responds to plaintiff's amended complaint dated June 1, 2006 (the "Amended Complaint") as follows:

<u>COUNT I</u>
(Statement of Claim for Mechanics' Lien)

1. BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint, and therefore denies them.

2. BOBC admits the allegations in the first and third sentences of Paragraph 2 of the Amended Complaint. The second sentence of Paragraph 2 of the Amended Complaint is a statement of law, to which no response is required. To the extent a response is required, the second sentence is denied.

3. BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint. To the extent a further response is required, the allegations are denied.

4. BOBC denies the allegations in Paragraph 4 of the Amended Complaint.

5. BOBC states that paragraph 5 of the Amended Complaint sets forth plaintiff's claims for relief, to which no response is required. To the extent that a response is required, BOBC admits that plaintiff claims in this paragraph that $2,985,758 is due to it, but denies that the amount claimed by plaintiff in Paragraph 5, or any other amount claimed by plaintiff as against BOBC, is due and owing.

6. BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint, and therefore denies them.

7. BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 7 of the Amended Complaint, and therefore denies them. BOBC denies the remaining allegations in Paragraph 7 of the Amended Complaint.

8. BOBC admits the allegations in Paragraph 8 of the Amended Complaint.

9. BOBC denies the allegations in Paragraph 9 of the Amended Complaint.

10. BOBC states that Paragraph 10 of the Amended Complaint sets forth plaintiff's claims for relief, to which no response is required. To the extent that a response is required, BOBC admits that in this paragraph plaintiff asserts a claim for an amount in excess of $25.00; to wit, $2,985,758, but denies that the amount claimed by

plaintiff in Paragraph 10, or any amount claimed by plaintiff as against BOBC, is due and owing.

11.  BOBC admits the allegation in Paragraph 11 of the Amended Complaint that plaintiff claims that it is due $2,985,758, but denies that the amount claimed in Paragraph 11, or any other amount claimed by plaintiff against BOBC, is due and owing. Any other allegation of Paragraph 11 is denied.

12.  BOBC admits the allegation in Paragraph 12 of the Amended Complaint.

13.  BOBC denies the allegations in Paragraph 13 of the Amended Complaint. BOBC further avers and admits that Creedon Controls, Inc. ("CCI") entered into a subcontract agreement with Forest Electric Corp. ("Forest") and that Forest was engaged by BOBC as the Electrical Trade Manager in relation to the construction of a core data center facility in Brandywine, Delaware (the "CDC 2 Project"). Further, BOBC avers and admits that CCI entered into a lump sum subcontract agreement with Forest and CCI now wrongfully seeks amounts in excess of the amount for which CCI agreed to perform its work.

14.  BOBC states that Paragraph 14 of the Amended Complaint merely sets forth plaintiff's claims for relief and legal conclusions, to which no response is required. To the extent that a response is required, BOBC denies the allegations in Paragraph 14 of the Complaint.

## COUNT II
### (Breach of Contract -Banc One)

15.  BOBC repeats and re-alleges its responses to the allegations contained in paragraphs 1 through 14 as though fully set forth herein.

16. BOBC denies the allegations in Paragraph 16 of the Amended Complaint. BOBC further avers and admits that CCI and Forest entered into a subcontract agreement pursuant to which CCI was to perform labor and provide materials for the General Power and Lighting package in connection with the CDC 2 Project. Further, BOBC avers and admits that CCI entered into a lump sum subcontract agreement with Forest and CCI now wrongfully seeks amounts in excess of the amount for which CCI agreed to perform its work.

17. BOBC denies the allegations in Paragraph 17 of the Amended Complaint.

18. BOBC denies the allegations in Paragraph 18 of the Amended Complaint.

19. BOBC denies the allegations in Paragraph 19 of the Amended Complaint.

20. BOBC denies the allegations in Paragraph 20 of the Amended Complaint, except admits that plaintiff has been paid a total of $3,416,348.60 to date in connection with its work relating to General Lighting and Power RFP #6B for the CDC 2 Project. BOBC further avers and admits that it has paid Forest a total of $3,627,591.79 for work performed by plaintiff in connection with General Lighting and Power RFP #6B for the CDC 2 Project.

## COUNT III
### (Breach of Contract - Forest)

21. BOBC repeats and re-alleges its responses to the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

22. Upon information and belief, BOBC admits the allegations in paragraph 22 of the Amended Complaint.

23. BOBC denies the allegations in Paragraph 23 of the Amended Complaint, except admits that, in response to a request for proposals circulated by Forest seeking a

subcontractor to perform specified work, CCI submitted a best and final offer to perform the work for a lump sum of $3,152,000 in connection with General Power and Lighting RFP #6B for the CDC2 Project.

24.  BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint, and therefore denies them.

25.  BOBC denies the allegations in Paragraph 25 of the Amended Complaint. BOBC further avers and admits that Forest awarded a subcontract to plaintiff for the work in connection with General Lighting and Power RFP #6B for the CDC2 Project, and that plaintiff and Forest entered into a subcontract agreement pursuant to which plaintiff agreed to perform that work.

26.  BOBC denies the allegations in Paragraph 26 of the Amended Complaint.

27.  BOBC denies the allegations in Paragraph 27 of the Amended Complaint. BOBC further avers and admits that plaintiff and Forest entered into a subcontract agreement pursuant to which plaintiff agreed to perform certain services and supply certain materials and equipment for General Lighting and Power RFP #6B for the CDC 2 Project, and that plaintiff has been paid $3,416,348.60 for that work. BOBC further avers that it has paid Forest a total of $3,627,591.79 for work performed by plaintiff in connection with General Lighting and Power RFP #6B for the CDC 2 Project. BOBC specifically denies that the amount claimed by plaintiff in Paragraph 27, or any other amount claimed by plaintiff as against BOBC, is due and owing.

28. BOBC denies having knowledge or information sufficient to determine the truth of the allegations in Paragraph 28 of the Amended Complaint, and therefore denies them.

29. BOBC denies the allegations in the first and third sentences of Paragraph 29 of the Amended Complaint. BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 29 of the Amended Complaint, and therefore denies them.

## COUNT IV
### (Recovery of Labor, Material, Equipment, and General Condition Costs for Delay - Banc One and Forest)

30. BOBC repeats and realleges its responses to the allegations contained in Paragraphs 1 through 29 of the Amended Complaint as though fully set forth herein.

31. BOBC denies the allegations in Paragraph 31 of the Amended Complaint as stated. BOBC further admits that CCI responded to a request for proposals, and on the basis of its best and final offer was awarded a subcontract with Forest to perform certain work as described in the request for proposals. BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding negotiation, pricing or basis of pricing, except that BOBC avers that CCI was not the lowest responsible and responsive bidder. BOBC specifically denies that Forest acted on behalf of BOBC in relation to the award to or entry into a subcontract with CCI. Further, BOBC avers and admits that CCI entered into a lump sum subcontract agreement with Forest and CCI now wrongfully seeks amounts in excess of the amount for which CCI agreed to perform its work.

32. BOBC denies the allegations in Paragraph 32 of the Amended Complaint, and respectfully refers the Court to the subcontract agreement, identified as Exhibit 1 to

the letters of intent dated October 2, 2003 and October 31, 2003 from Forest to CCI (the "Subcontract Agreement"), between plaintiff and Forest relating to General Lighting and Power RFP #6B for the CDC 2 Project for a full and accurate statement of its contents.

33.  BOBC denies the allegations in Paragraph 33 of the Amended Complaint.

34.  BOBC denies the allegations in Paragraph 34 of the Amended Complaint.

35.  BOBC denies the allegations in Paragraph 35 of the Amended Complaint, and respectfully refers the Court to the Subcontract Agreement between plaintiff and Forest relating to General Lighting and Power RFP #6B for the CDC 2 Project for a full and accurate statement of its contents.

36.  BOBC denies the allegations in Paragraph 36 of the Amended Complaint.

37.  BOBC denies the allegations in Paragraph 37 of the Amended Complaint that any of the alleged breaches by Forest were done "on behalf of Banc One," denies that there was any agreement between BOBC and plaintiff relating to General Lighting and Power RFP #6B for the CDC 2 Project, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph, and therefore denies them.

38.  BOBC denies the allegations in Paragraph 38 of the Amended Complaint that any of the alleged breaches by Forest were done "on behalf of Banc One," denies that there was any agreement between BOBC and plaintiff relating to General Lighting and Power RFP #6B for the CDC 2 Project, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph, and therefore denies them.

39.     BOBC denies the allegations in Paragraph 39 of the Amended Complaint that any of the alleged breaches by Forest were done "on behalf of Banc One," denies that there was any agreement between BOBC and plaintiff relating to General Lighting and Power RFP #6B for the CDC 2 Project, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph, and therefore denies them.

40.     BOBC denies the allegations in Paragraph 40 of the Amended Complaint, except admits that plaintiff has made demands for additional amounts claimed due relating to General Lighting and Power RFP #6B for the CDC 2 Project.

41.     BOBC denies the allegations in Paragraph 41 of the Amended Complaint.

## COUNT V
### (Unjust Enrichment)

42.     BOBC repeats and re-alleges its responses to the allegations contained in Paragraphs 1 through 41 of the Amended Complaint as though fully set forth herein.

43.     BOBC denies the allegations in Paragraph 43 of the Amended Complaint.

44.     BOBC denies the allegations in Paragraph 44 of the Amended Complaint.

45.     BOBC denies the allegations in Paragraph 45 of the Amended Complaint.

46.     BOBC denies the allegations in Paragraph 46 of the Amended Complaint.

## COUNT VI
### (6 Del. C. Chapter 35 - CCI)

47.     BOBC repeats and realleges its responses to the allegations contained in Paragraphs 1 through 46 of the Amended Complaint as though fully set forth herein.

48.     BOBC denies the allegations in Paragraph 48 of the Amended Complaint, except admits that BOBC has paid Forest a total of $3,627,591.79 for work performed by plaintiff in connection with General Lighting and Power RFP #6B for the CDC 2 Project.

49. BOBC denies the allegations in Paragraph 49 of the Amended Complaint.

50. BOBC denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Amended Complaint, and therefore denies them.

51. BOBC states that Paragraph 51 of the Amended Complaint merely sets forth plaintiff's legal conclusions, to which no response is required. To the extent that a response is required, BOBC denies the allegations in Paragraph 52 of the Amended Complaint.

52. BOBC states that Paragraph 52 of the Amended Complaint merely sets forth plaintiff's claims for relief and legal conclusions, to which no response is required. To the extent that a response is required, BOBC denies the allegations in Paragraph 52 of the Amended Complaint.

## COUNT VII
### (6 Del. C. Chapter 36 - Banc One)

53. BOBC repeats and realleges its responses to the allegations in Paragraphs 1 through 52 of the Amended Complaint as though fully set forth herein.

54. BOBC denies the allegations in Paragraph 54 of the Amended Complaint, except admits that BOBC has paid Forest a total of $3,627,591.79 for work performed by plaintiff in connection with General Lighting and Power RFP #6B for the CDC 2 Project and that because plaintiff has failed to provide a final lien release acknowledging receipt, Forest has not remitted payment of that amount to plaintiff.

55. BOBC denies the allegations in Paragraph 55 of the Amended Complaint, except admits that the work on General Lighting and Power RFP #6B for the CDC 2 Project has been completed.

56. BOBC states that Paragraph 56 of the Amended Complaint merely sets forth plaintiff's claims for relief and legal conclusions, to which no response is required. To the extent that a response is required, BOBC denies the allegations in Paragraph 56 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as to BOBC.

### SECOND AFFIRMATIVE DEFENSE

BOBC is not a party to any agreement with plaintiff with respect to General Lighting and Power RFP #6B for the CDC 2 Project.

### THIRD AFFIRMATIVE DEFENSE

Forest was not authorized to act as agent for BOBC in connection with the CDC 2 Project, and was not authorized to enter into any contract with plaintiff on behalf of BOBC.

### FOURTH AFFIRMATIVE DEFENSE

The amounts being claimed by plaintiff as and for its "delay" damages are expressly precluded by the terms of the subcontract agreement between plaintiff and Forest.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived entitlement to any of the amounts it is claiming as and for its "delay" damages and additional compensation under its agreement because it failed to comply with the terms of the subcontract agreement between plaintiff and Forest.

### SIXTH AFFIRMATIVE DEFENSE

6 Del. C. §§ 3501-3509 is inapplicable here because that Chapter does not apply in Federal Court proceedings. Plaintiff is therefore not entitled to any of the categories of relief statutorily prescribed therein.

## SEVENTH AFFIRMATIVE DEFENSE

10 Del. C. §3901 is inapplicable here because that Chapter only applies to actions upon bills, notes, bonds or other instruments of writing for the payment of money or the recovery of book accounts, on foreign judgments and in actions of scire facias on recognizances, judgments or mortgages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from seeking any amounts for the work it performed in connection with General Lighting and Power RFP #6B for the CDC 2 Project through August 31, 2004 because plaintiff executed waivers and releases of liens for the work it performed, attesting to the fact that no additional amounts were due to it for services performed and materials provided through August 31, 2004.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot assert a claim for a mechanics lien in an amount higher than the amount agreed to in its subcontract agreement with Forest.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff did not properly meet the Bill of Particulars requirements pursuant to 25 Del. C. § 2712(4).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was paid additional amounts for work on CDC 2 with the intent and purpose of offsetting those amounts against any alleged increased costs putatively incurred on the General Lighting and Power RFP #6B contract.  As such, plaintiff has unclean hands and has otherwise inequitably failed to account for those offsetting amounts in its damage claim.

WHEREFORE, BOBC hereby demands judgment in its favor and against Plaintiff and any other further relief as this Court deems fair and just.

Dated: June 15, 2006

**ASHBY & GEDDES, P.A.**

By: _____
Lawrence C. Ashby (I.D. #468)
Philip Trainer, Jr. (I.D. #2788)
Ricardo Palacio (I.D. #3765)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302)-654-1888

Of Counsel:

**PAUL, HASTINGS, JANOFSKY & WALKER, LLP**

75 East 55th Street
New York, New York 10022
212-318-6000

Attorneys for Defendant Banc One Building Corporation

170467.1

## CERTIFICATE OF SERVICE

I, Ricardo Palacio, hereby certify that, on June 15, 2006, I caused a true and correct copy of the foregoing to be served upon the below listed counsel in the manner so indicated.

**Via Hand Delivery**
Paul Bradley, Esq.
Maron & Marvel
1300 North Broom Street
Wilmington, DE 19899

**Via Hand Delivery**
Robert K. Beste, Jr., Esq.
Cohen Seglias Pallas Greehall & Furman P.C.
Nemours Building, Suite 1130
1007 Orange Street
Wilmington, DE 19801

Ricardo Palacio (#3765)

170469.1