IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> BANC ONE BUILDING CORPORATION, an Illinois corporation, and FOREST ELECTRIC CORPORATION, a New York corporation, <br><br> Defendants. | C.A. NO. 05-CV-300-JJF <br><br><br> JURY TRIAL DEMANDED |

### AFFIDAVIT OF THOMAS M. HENNESSEY, ESQ.

STATE OF OHIO              )
                           ) ss:
COUNTY OF FRANKLIN         )

Thomas M. Hennessey, having been duly sworn, deposes and says:

1. I am currently a Vice-President and Assistant General Counsel in the Law Department of JPMorgan Chase & Co. Defendant Banc One Building Corp. ("BOBC") is an indirect subsidiary of JPMorgan Chase & Co., as successor by merger to Banc One Corporation. As a result of my responsibilities as Assistant General Counsel and certain documents I have reviewed as Assistant General Counsel, I have knowledge regarding the issues underlying Plaintiff's claims. I submit this Affidavit in support of BOBC's Answer to Amended Complaint, to the extent such an affidavit is required under 10 Del. C. § 3901.

2. The documents produced in this action, which I reviewed, show that BOBC has valid defenses to the Complaint, including but not limited to:

- On or about September 12, 2003, BOBC entered into a Construction and Services Agreement with Forest Electric Corporation ("Forest"), as a Trade Manager for Electric, under which Forest undertook to perform or cause to be performed and to oversee all electrical work in connection with BOBC's project to construct a core data center commonly referred to as the "Banc One Core Data Center II" ("CDC II");

- On or about October 15, 2003, Forest entered into an agreement with Creedon Controls, Inc. ("CCI") to provide services and materials related to the Bank One Project #6B--General Lighting & Power Contract at CDC II (the "Subcontractor Agreement");

- The request for proposals circulated by Forest, the proposal submitted by CCI and the notice to BOBC related to the entry into the contract all expressly state that CCI would be subcontractor to Forest. At no time did BOBC enter into a contract with CCI, nor authorize (nor was it ever requested to authorize) Forest to enter into a contract with CCI as agent for BOBC;

- BOBC did not enter into the Subcontractor Agreement between Forest and CCI;

- BOBC did not authorize Forest to act as BOBC's agent when Forest negotiated and/or executed the Subcontractor Agreement with CCI; and

- Pursuant to the terms of the Subcontractor Agreement, CCI is not entitled to additional remuneration for delay.

3. BOBC has received applications for payment from Forest in the total amount of $3,627,591.79 for Project #6B—General Lighting & Power Contract at CDC II, the contract at issue in this case. In response to those payment applications, BOBC has remitted $3,627,591.79 to Forest for payment to CCI. It is my understanding that, of that $3,627,591.79, Forest is withholding retainage totaling $211,243.19 from CCI pending receipt of a final, executed waiver of liens and general release from CCI.

4. BOBC reserves the right to supplement and present additional defenses once discovery has been taken.

Executed this 13th day of June, 2006, at Columbus, Ohio.

_____
THOMAS M. HENNESSEY, ESQ.

Subscribed and sworn to before me this
13th day of June, 2006.

_____
Notary Public
My Commission Expires:

CYNTHIA A. SPRAGUE, NOTARY PUBLIC
STATE OF OHIO
My Commission Expires December 12, 2006

- 3 -

LEGAL_US_E # 71007469.1