**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation, | ) ) ) | |
| | ) | C.A. NO.  05-CV-300-JJF |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BANC ONE BUILDING CORPORATION, an Illinois corporation, and FOREST ELECTRIC CORPORATION, a New York corporation, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) ) | |

**DEFENDANT FOREST ELECTRIC CORP.'S <u>AMENDED</u> ANSWER
<u>TO AMENDED</u> COMPLAINT AND AFFIRMATIVE DEFENSES**

**<u>COUNT I</u>**
**(Statement of Claim for Mechanics' Lien)**

1. Admitted.

2. This allegation is not directed to answering defendant and no response is necessary.

3. Admitted except the proper corporate name is Forest Electric Corp.

4. This allegation is not directed to answering defendant, and therefore, no response is required.  To the extent an answer is required this averment is denied.

5. This allegation is not directed to answering defendant, and therefore, no response is required.  To the extent an answer is required this averment is denied.

6. This allegation is not directed to answering defendant, and therefore, no response is required.  To the extent an answer is required this averment is denied.

7. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

8. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

9. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

10. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

11. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

12. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

13. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

14. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

## **COUNT II**
### **(Breach of Contract – Banc One)**

15. Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 14 as though fully set forth herein.

16. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

17. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

18. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

19. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied.

20. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent an answer is required this averment is denied

## COUNT III
(**Breach of Contract – Forest**)

21. Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 20 as though fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied, except admitted that Creedon Controls, Inc. ("CCI") agreed to and perform work in connection with Project 6B for the CDC 2 Project as described in the bid documents and drawings.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## COUNT IV
(**Recovery of Labor, Material, Equipment, and General
Condition Costs for Delay – Banc One and Forest**)

30. Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 29 as though fully set forth herein.

31. Answering Defendant is without sufficient knowledge or information to admit or deny this averment. It is admitted that plaintiff responded to a request for proposal and agreed to perform the work for its bid price. Further, plaintiff began work based on a Letter of Intent which enclosed a Subcontract Agreement, whose terms plaintiff agreed to be bound by.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied except admitted plaintiff made a demand but denied any amount is owing.

41. Denied.

## COUNT V
### (Unjust Enrichment)

42. Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 41 as though fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT VI
### (6 Del. C. Chapter 35 – CCI)

47. Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 46 as though fully set forth herein.

48. Forest has possession of the retainage CCI claims is owed to them. However, CCI has not executed an acceptable release. In addition, certain work performed by plaintiff has been corrected and a back charge has been asserted.

49. Denied.

50. Denied.

51. This averment seeks a legal conclusion to which no response is required; to the extent a response is required, denied.

52. Denied.

## COUNT VII
### (6 Del. C. Chapter 36 – Banc One)

53. Answering Defendant repeats and re-alleges the answers to the averments contained in paragraphs 1 through 52 as though fully set forth herein.

54. These allegations are not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.

55. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.

56. This allegation is not directed to answering defendant, and therefore, no response is required. To the extent a response is required this averment is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived any and all claims herein by failing to fulfill conditions precedent to any entitlement to payment.

### THIRD AFFIRATIVE DEFENSE

All work performed by Plaintiff was within the scope of the contract terms and did not qualify as additional work.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's bid was defective and any delay or added charges are not the responsibility of answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Claims set forth by Plaintiff are barred by promissory estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs did not confer any recoverable benefit on Defendant Forest Electric and no claim for unjust enrichment has been stated.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to prepare and submit Charge Orders as required by the contract.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff waived entitlement to any of the claims it is pursuing because it failed to comply with applicable contract terms, including but not limited to submitting Charge Orders and Field Requests.

### NINTH AFFIRMATIVE DEFENSE

Any additional work claimed by CCI was not approved by Forest Electric required under the contract.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Count for unjust enrichment fails to state a claim because no benefit was conferred on Forest Electric and plaintiff claims entitlement based on contract.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants are not required to comply with 10 Del. C. §3901 because this rule of pleading and practice applies in State court only.

### TWELFTH AFFIRMATIVE DEFENSE

Forest Electric acted as Electrical Trade Manager and Construction Manager of the electric trade as agent of Banc One Building Corporation only and has no liability to plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Single Project Construction Services Agreement Contract No. 6B was between CCI and Banc One only.

### FOURTEENTH AFFIRMATIVE DEFENSE

CCI was paid for work performed.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

CCI executed waivers and releases of liens for the work performed.

### SIXTEENTH AFFIRMATIVE DEFENSE

Creedon executed a Letter of Intent ("LOI") dated October 2, 2003 which enclosed and referenced a subcontract agreement between Creedon and Forest. The LOI states that Creedon agreed to be bound to the terms and conditions of the Subcontract Agreement enclosed with the

LOI. The Subcontract Agreement, expressly precludes the "delay" damages Creedon is seeking in this matter.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Creedon's remedy for any alleged "delay" was additional time to perform work.

### EIGHTEENTH AFFIRMATIVE DEFENSE

6 Del. C. § 3501-3509 is inapplicable because the chapter does not apply in Federal Court proceedings.

### NINETEENTH AFFIRMATIVE DEFENSE

10 Del. C. § 3901 applies only to actions upon bills, notes, bonds or other instruments of writing.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting any amounts for the work it performed in connection with Project 6B because it executed waivers and releases of liens attesting that no additional amounts were owed.

### TWENTYFIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are wholly or partially barred by accord and satisfaction since it executed waivers and releases of liens and accepted additional work at the project which included payment for alleged problems on the project.

WHEREFORE, answering defendant Forest Electric Corp. hereby demands judgment in its favor and against Plaintiff and any other further relief as this Court deems fair and just.

**MARON & MARVEL P.A.**

By: _____
Paul A. Bradley (DE Bar ID #2156)
1201 North Market Street, Suite 900
P.O. Box 111
Wilmington, Delaware 19899
(302) 425-4177
Attorneys for Forest Electric Corp.

Dated: July 24, 2006.