# EXHIBIT "J"

Case 1:05-cv-00300-JJF    Document 132-11    Filed 08/08/2006    Page 2 of 3



Not Reported in A.2d
Not Reported in A.2d, 1981 WL 377680 (Del.Super.)
(Cite as: Not Reported in A.2d)

Page 1

Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
WILSON CONTRACTING CO., INC.
v.
Kermit H. JUSTICE and the State of Delaware
No. 508 CIV.A.1974.

Argued: Dec. 19, 1980.
Jan. 22, 1981.

Januar D. Bove, Jr., Esq., Connolly, Bove & Lodge, Wilmington, for Plaintiff.
Regina M. Small, Esq., Deputy Attorney General, Department of Justice, Wilmington, for Defendants.
BALICK, J.
*1 Counsel:

This is the decision after trial to the court of a road builder's (Wilson) claim against the State for damages for delay on a contract for paving part of I-95.

The State contends that the claim is barred by the following paragraph in the standard specifications in the contract:
"5.7 *Cooperation Between Contractors:-*

Each contractor ... shall ... save harmless the Department from any and all damages or claims that may arise because of ... delay, or loss experienced by him because of the presence and operations of other contractors working within the limits of the same project...."

Since there is little dispute of fact, I shall refer to the facts during the discussion of the legal issue raised by this contention, but will limit express findings to key facts.

"No-damage" clauses like this are given effect if plainly applicable, but otherwise they are strictly construed to avoid harsh results. Courts have also held such clauses inapplicable in various circumstances. Some of these exceptions have been recognized in Delaware. *Anthony P. Miller, Inc. v. Wilmington Housing Auth.,* D. Del., 165 F.Supp. 275 (1958); *F.D. Rich Co. v. Wilmington Housing Authority,* 3rd Cir., 392 F.2d 841 (1968).

After advertisement, bids were received on March 7, 1967, and the contract was awarded to Wilson on March 29, 1967. The paving was to follow excavation, grading, and other work by another contractor (Julian). The special provisions require the contractor to schedule his work so that he will meet the contract completion date, December 1, 1967. They also provide that most sections of the road "have been previously graded, " except that three specific sections would not be completed before the notice to proceed and therefore would not be available for paving until specific dates in the future. Wilson's construction schedule (critical path method) was promptly filed and accepted by the State. On April 21, 1967, Wilson was given notice to proceed, but this was immediately suspended and an extension of time was given because the road was not ready for paving. Thereafter sites became available piecemeal. As a result, the carefully planned construction sequence could not be followed and the contract could not be completed until November 15, 1968.

I find that the State knew well before the Wilson contract was signed that the site would not be available as stated in the contract and that the contract completion date could not be met. The Julian contracts were already way behind schedule because large formations of unanticipated rock were being encountered. For some reason, the State nevertheless decided to go forward with bidding on the paving contract without disclosing the facts to the bidders.

The State contends that Wilson was required to inspect the site before bidding and should have become aware of the facts. Wilson did inspect the site. I find that Wilson did not know, and that a reasonable inspection by a competent road builder at that time would not have disclosed, that the paving could not be done on schedule, that Wilson's bid was based on the expected duration of the contract, and that Wilson would not have entered into the contract on the same terms had it been aware of the facts.

*2 The "no-damage" clause protects the State from liability for delay because of the presence of other contractors at the project site. Even if we assume that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 1981 WL 377680 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Page 2

this clause would otherwise apply where another contractor is present because his work has been unavoidably delayed, it does not protect the State from liability for its own unfair dealing. Since the State misled Wilson into entering into the contract by concealing the impossibility of meeting the contract completion date, it is liable for the resulting damages for the delay from the contract completion date to the actual completion date. Compare *Johnson v. City of New York,* App. Div., 181 N.Y.S. 137 (1920); aff'd, N.Y. Ct.App., 132 N.E. 890 (1921); *American Bridge Co. v. State,* App. Div., 283 N.Y.S. 577 (1935); *Ace Stone, Inc. v. Wayne Tp.,* N.J.Supr., 221 A.2d 515 (1966); *E.C. Nolan Company, Inc. v. State,* Mich.App., 227 N.W.2d 323 (1975); *Commonwealth, Dept. of Hys. v. S.J. Groves & Sons Co.,* Pa.Cmwlth., 343 A.2d 72 (1975).

I would like an opportunity to question counsel further on the alternative proposed measures of damages before entering final judgment. I will schedule further argument for this purpose.

Del.Super.,1981.
Wilson Contracting Co., Inc. v. Justice
Not Reported in A.2d, 1981 WL 377680 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.