# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 11, 2006

*VIA E-FILING & HAND DELIVERY*

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, Delaware 19801

    RE:    *Creedon Controls, Inc. v. Banc One Building Corporation, et al.*,
                C.A. No. 05-300-JJF

Dear Judge Farnan:

      We, along with Paul Hastings Janofsky & Walker, LLP, represent defendant Banc One Building Corporation ("BOBC") in this action. We write with respect to the pretrial conference in this case currently scheduled for September 7, 2006 commencing at 1:00 p.m., and, for the reasons set forth below, respectfully request that the Court adjourn the pretrial conference to a date following the conclusion of expert discovery. Despite efforts to informally address and resolve this matter, Plaintiff Creedon Controls, Inc. ("Creedon") refuses to agree to the requested adjournment. Defendant Forest Electric Corporation. ("Forest"), however, consents to the relief requested herein.

      First, pursuant to the Court's Order dated July 29, 2005 (the "Order"), the Court set September 7, 2006 as the date for a pretrial conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.4. By that Order, "[t]he Federal Rules of Civil Procedure and Rule 16.5 of the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995) shall govern the pretrial conference." Accordingly, by its terms, the Order contemplates that the parties to this action will, among other things, discuss and formulate a proposed pretrial order. *See* Fed. R. Civ. P. 16(c)(10), D. Del. LR 16.4(d). The timely fulfillment of this requirement is now rendered a virtual impossibility through no fault of BOBC or its co-defendant, Forest.

The Honorable Joseph J. Farnan, Jr.
August 11, 2006
Page 2

     Recently, plaintiff Creedon requested an extension of the deadline by which it would be required to submit its expert report. BOBC (and Forest) agreed to Creedon's request, and the parties ultimately reached an agreement whereby Creedon would submit its expert report on or before August 7, 2006, and both BOBC and Forest would submit their respective reports on or before September 11, 2006 (having received a corresponding extension of time to submit their reports), with expert depositions to be completed within 30 days of receipt of the respective expert report. The parties have filed a proposed stipulation and order reflecting this arrangement (*see* D.I. 133), a copy of which is attached as Exhibit A for the Court's review and consideration. If the proposed stipulation meets with Your Honor's approval, we would respectfully request that it be entered as an Order of the Court.

     Given that the pretrial conference will occur *prior to* the Defendants' submission of their expert reports, BOBC believes, and respectfully submits, that it makes little sense to convene a pretrial conference without the benefit of having fully completed expert discovery, including depositions of the parties' experts. At a minimum, all of the parties should have the benefit of all expert reports, and the opportunity to depose such experts, before any pretrial conference to ensure that all issues, disputed or otherwise, may be identified and addressed in the proposed pretrial order as required by local rule. *See* D. Del. LR 16.4. Absent same, it is likely, if not certain, that the parties will again be back before the Court to resolve any open expert discovery disputes, as well as the proposed pretrial order.

     Second, pursuant to the Stipulation and Order Regarding Briefing Schedule (the "Scheduling Order") (D.I. 126), briefing is not scheduled to conclude on either of (i) BOBC's Motion for Summary Judgment, or (ii) Forest's Motion for Partial Summary Judgment, until August 18, 2006, just a few weeks prior to the pretrial conference. An adjournment of the pretrial conference will thus provide the added benefit of allowing the Court to fully consider and rule upon such motions, the results of which may be reflected in the parties' proposed pretrial order.

     Third, pursuant to the Court's Amended Rule 16 Scheduling Order (D.I. 114), August 28, 2006 serves as the deadline for filing "[a]ll other dispositive motions." Thus, while BOBC and Forest have filed motions for summary judgment on the discrete issues of "whether (i) Forest . . . had authority to act as an agent of [BOBC], or (ii) BOBC is in privity of contract with Creedon . . . or whether Creedon is solely a subcontractor to Forest," *see id.*, there remains open the possibility that any of the parties may file some "other dispositive motion" by August 28, 2006, a date that occurs prior to the deadline by which expert reports are to be exchanged and just 10 days prior to the pretrial conference.

     Accordingly, BOBC respectfully requests that the Court adjourn the September 7, 2006 pretrial conference to a date after October 11, 2006, the deadline by which expert discovery, including the taking of expert depositions, is scheduled to conclude. BOBC believes that such an adjournment is in the interests of the parties and the Court. Moreover, BOBC respectfully

The Honorable Joseph J. Farnan, Jr.
August 11, 2006
Page 3

submits that such an adjournment should not serve to delay the trial of this action as any trial date will necessarily be dictated by the Court's calendar in any event.

Naturally, should the Court have any questions, we are available at the Court's convenience.

Respectfully submitted,

*/s/ Ricardo Palacio*

Ricardo Palacio (#3765)

RP/

Enclosure
cc:   Paul Bradley, Esq. (*via e-filing*) (*w/ encl.*)
      Robert Beste, Esq. (*via e-filing*) (*w/ encl.*)
      Philip Trainer, Jr., Esq. (*w/ encl.*)

171946.3