IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | C.A. No. 05-CV-300-JJF |
| v. ) | |
| ) | |
| BANC ONE BUILDING ) | |
| CORPORATION, an Illinois corporation, ) | |
| and FOREST ELECTRIC ) | |
| CORPORATION, a New York Corporation, ) | |
| ) | |
| Defendant ) | |

**COMPENDIUM OF UNREPORTED CASES CITED IN FOREST ELECTRIC'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT BANC ONE BUILDING CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

============

Date: August 8, 2006

MARON & MARVEL, P.A.
Paul A. Bradley (DE Bar #2156)
1201 North Market Street
Suite 900
Wilmington, DE 19801
(302) 425-5177
Counsel for Defendant
Forest Electric Corp.

## CASES

*Wilson v. Active Crane Rentals, Inc.*, 2004 WL 1732275...................... Tab A

*Albert v. Alex Brown Management Services*, 2005 WL 2130607..............Tab B

# TAB A

Westlaw.

Not Reported in A.2d                                                                                       Page 1

Not Reported in A.2d, 2004 WL 1732275 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

H
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Steven C. WILSON and Kristen v. Wilson, Plaintiffs,
v.
ACTIVE CRANE RENTALS, INC., a Delaware corporation, Defendant and Third-Party Plaintiff,
v.
COLBY ENTERPRISES OF PEMBERTON, INC., Third-Party Defendant.
No. Civ.A.01C-02-027WLW.

Submitted July 2, 2004.
Decided July 8, 2004.

Upon Consideration of Third-Party Defendant Colby Enterprises of Pemberton, Inc's Motion for Summary Judgment. Denied.

I. Barry Guerke, Parkowski & Guerke, Dover, Delaware, for Plaintiffs.
Norman H. Brooks, Marks, O'Neill, O'Brien & Courtney, Wilmington, Delaware, for Defendant.
David L. Baumberger, Chrissinger & Baumberger, Wilmington, Delaware, for Third-Party Defendant.

ORDER
WITHAM, J.

Introduction

*1 Before this Court is Third-Party Defendant Colby Enterprises of Pemberton, Inc.'s motion for summary judgment. Plaintiffs Steven and Kristen Wilson and Third-Party Plaintiff Active Crane Rentals, Inc. oppose the motion.

Background

This is a personal injury action arising out of a construction accident in which Steven Wilson ("Wilson" or "Plaintiff") sustained personal injuries. Third-Party Defendant/Fourth-Party Plaintiff Colby Enterprises of Pemberton, Inc. ("Colby") owns and operates eleven Burger King franchises and hired Fourth-Party Defendant Scott McLaughlin ("McLaughlin"), an independent contractor, to build a new restaurant in Glasgow, Delaware. According to Colby, McLaughlin is not a Colby employee and had no authority to act on behalf of Colby. Defendant/Third-Party Plaintiff Active Crane Rentals, Inc. ("Active Crane") allegedly rented a crane to Colby and/or McLaughlin for use during the construction project. Colby asserts that McLaughlin, not Colby, entered into the contract with Active Crane. Thus, Colby asserts that it cannot be held liable for a contract entered into without its knowledge or authority.

Colby has filed this motion for summary judgment contending that McLaughlin did not have actual or apparent authority to enter into a contract on behalf of Colby. Plaintiffs and Active Crane oppose the motion arguing that summary judgment is not appropriate for the issues of actual and apparent authority because they raise factual disputes to be decided by the jury. McLaughlin did not respond to the motion, but Plaintiffs submitted an affidavit signed by McLaughlin.

Discussion

Superior Court Civil Rule 56(c) provides that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." [FN1] The moving party bears the initial burden of showing that no material issues of fact are present.[FN2] The burden then shifts to the nonmoving party to demonstrate that there is a genuine issue of material fact.[FN3] Summary

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://web2.westlaw.com/print/printstream.aspx?sv=Split&destination=atp&prid=A0055800...   8/8/2006

Not Reported in A.2d                                                                 Page 2

Not Reported in A.2d, 2004 WL 1732275 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

judgment should only be granted when, after viewing the record in a light most favorable to the non-moving party, there is no genuine issue of material fact.[FN4]

    FN1. Super. Ct. Civ. R. 56.

    FN2. *Martin v. Nealis Motors, Inc.,* 247 A.2d 831, 833 (Del.1968).

    FN3. *Id.*

    FN4. *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.,* 312 A.2d 322, 325 (Del.Super.Ct.1973); *see also McCall v. Villa Pizza, Inc.,* 636 A.2d 912 (Del.1994).

An agency relationship may be created by the act of the parties or by operation of law. Here, the acts of Colby, McLaughlin, and Active Crane must be evaluated to determine whether an agency relationship was created. Initially, the facts must be examined to assess whether McLaughlin had actual authority to act as Colby's agent. Actual authority is that authority which a principal expressly or implicitly grants to an agent.[FN5] Even if McLaughlin did not have actual authority, the facts would then be evaluated to determine whether he had apparent authority to act as Colby's agent. The determination of apparent authority would entail an examination of Colby's representations to Active Crane. This generally requires the fact finder to determine whether Colby made representations to Active Crane indicating that McLaughlin was its agent, whether Active Crane relied on that representation, and whether that reliance was reasonable.[FN6]

    FN5. *Billops v. Magness Construction Co.,* 391 A.2d 196, 197 (Del.1978).

    FN6. *Id.* at 198.

*2 Colby asserts that express actual authority did not exist between Colby and McLaughlin. According to Michael Colby's deposition testimony, McLaughlin had never been granted authority to act as its agent or enter into contracts on behalf of Colby. However, as the Court has decided that McLaughlin will be permitted to testify at trial, based on the affidavit submitted, evidence at trial could show that McLaughlin did have express authority to act as Colby's agent.

However, actual authority can still exist when the principal implicitly grants such authority to an agent. The determination of implied authority depends on the relationship between the principal and agent, not what a third party believes about the relationship.[FN7] That is, implied authority is authority that the agent reasonably believes he has as a result of the principal's actions. McLaughlin had built other similar restaurants for Colby in the past, and presumably had rented other equipment and made purchases over the course of the relationship. Although Mr. Colby testified that he did not give McLaughlin the authority to enter into contracts on Colby's behalf, McLaughlin's affidavit refutes that.[FN8] Therefore, this is a credibility issue for the jury to decide.

    FN7. *Guyer v. Haveg Corp.,* 205 A.2d 176, 180 (Del.Super.Ct.1964).

    FN8. Plaintiffs attached an affidavit signed by McLaughlin to their motion. Colby objected to the use of the affidavit. However, the Court has concluded that although Colby has obtained a default judgment against McLaughlin in this case, McLaughlin still may testify as a witness at the trial. Plaintiffs have properly identified McLaughlin as a witness. The jury will decide any credibility issues.

Based on the information presented and viewing the facts in a light most favorable to the non-moving parties, the Court believes it is possible for the jury to conclude that McLaughlin had implied authority to enter into a contract on Colby's behalf. Thus, the fact finder would have to examine the course of dealing between Colby and McLaughlin to determine whether facts existed upon which McLaughlin could have reasonably believed that he had authority to enter into the contract as Colby's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                            Page 3

Not Reported in A.2d, 2004 WL 1732275 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

agent. However, it is important to note that the Court is not concluding that implied authority actually existed, but merely that it is possible for the jury to find that the prior course of dealing between Colby and McLaughlin gave rise to an implication of actual authority given the state of the record. Therefore, Third-Party Defendant's motion for summary judgment should be denied.[FN9]

> FN9. Because the Court has concluded that there is a factual question for the jury to decide with respect to implied actual authority, it is not necessary for the Court to address the apparent authority issue at this time.

### Conclusion

Accordingly, because there is a genuine issue of material fact, Third-Party Defendant's motion for summary judgment is *denied.*

IT IS SO ORDERED.

Del.Super.,2004.
Wilson v. Active Crane Rentals, Inc.
Not Reported in A.2d, 2004 WL 1732275 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.