**COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC**

Robert K. Beste, Jr.
Attorney At Law

Nemours Building, Suite 1130
1007 Orange Street
Wilmington, DE 19801

T: 302.425.5089 | F: 302.425.5097
rbeste@cohenseglias.com
www.cohenseglias.com

August 15, 2006

**BY ELECTRONIC FILING AND BY HAND**
The Honorable Joseph J. Farnan, Jr.
U. S. District Court - District of Delaware
844 N. King Street, Room 4209
Wilmington, DE 19801

> RE: **Creedon Controls, Inc. v. Banc One Building Corporation, and Forest Electric Corporation; District Court Case No. 05CV300 (JJF)**

Dear Judge Farnan:

    This office represents Plaintiff, Creedon Controls, Inc. ("Creedon"), with respect to the above-referenced matter. We are in receipt of a letter to Your Honor from counsel for Banc One Building Corporation ("BOBC") (D.E. 134), which is a further effort on behalf of BOBC to delay this litigation and the ultimate time within which it must pay an appropriate amount due to Creedon. Creedon vehemently opposes any postponement of the Pre-Trial Conference.

    It is indeed true that Creedon requested a brief extension of the deadline to submit an expert report. What counsel for BOBC does not tell the Court is that Creedon has two experts; and the report of one such expert was submitted in a timely fashion on July 15, 2006. Counsel for BOBC also does not inform the Court that the extension for the second expert report was requested by Creedon, because the mother of its second chosen expert suddenly died, and numerous financial and emotional issues had to be resolved prior to the expert returning his attention to a report. It is also not said that the reason the reports of both experts for Creedon were delayed to the last minute, was the continuing efforts by BOBC and its counsel to delay discovery in this matter. Although there are some differences in direction, both reports filed by both experts on behalf of Creedon review the same materials and contentions, all of which are well-known and familiar to BOBC and Forest Electric Corporation ("Forest"), from the very beginning of this litigation; indeed, it was well-known to them many months before, as a part of a negotiation and claims submission process.

    As a result of the need for additional time for Creedon's expert, BOBC requested and received an extension of the deadline for Defendant's experts. Before signing the Stipulation to extend the deadlines, Creedon specifically indicated it would not agree to any postponement of the Pre-Trial Conference. BOBC nonetheless requested its deadline be extended, and now asks that the Pre-Trial Conference be postponed. There is really no reason why Defendants' expert reports could not have been prepared and submitted without extension.

The Honorable Joseph J. Farnan, Jr.
August 15, 2006
Page Two

    BOBC contends it is appropriate to have the Pre-Trial Conference after expert discovery has been completed. In light of the history in this case and the consistent and constant delay tactics of BOBC, it is submitted that it is indeed appropriate to have these depositions take place <u>after</u> the Pre-Trial Conference and after having heard Your Honor's guidance in respect thereto.

    BOBC is attempting to delay the litigation by conjuring up unstated claims of problems. If BOBC is aware of a problem that needs the attention of this Court, it should bring the matter to the attention of the Court immediately, so the problem can be resolved immediately, rather than to be used for further delaying tactics.

    As a further indication of BOBC's efforts to delay, BOBC argues that the Court should be allowed to consider and decide upon motions for summary judgment <u>before</u> the Pre-Trial Conference. A significant part of the pending motions evolves around the fact that Forest was acting as agent for BOBC in entering into an agreement with Creedon, and on behalf of BOBC. It is simply unbelievable that BOBC contends there are any material issues of fact, in light of BOBC's sworn affidavit at the early stage of this litigation that Forest was acting as agent for BOBC, when it entered into a contract with Creedon. BOBC is simply trying to delay the day when a judgment for substantial sums due Creedon will be assessed against it. This Pre-Trial Conference was established over one year ago, and it is respectfully submitted that the Court should reject the continuing delay tactics.

    Finally, BOBC argues that some unnamed party may file further dispositive motions in this matter. If any defendant wishes to file any further dispositive motion, there is no reason such motion could not have been filed, other than for the purpose of delay. Counsel for BOBC has not yet seemed to lack adequate personnel to over-litigate this litigation. In any event, other than the purpose of delay, there is no basis for any further dispositive motions. This litigation is a life-or-death struggle for Creedon, and it cannot allow BOBC to further extend the unnecessarily high costs of this litigation.

    The Pre-Trial Conference in this matter was set by Order of this Court, which Order is now more than one-year-old. This Court should not allow BOBC to dictate the schedule of this litigation by conjuring up possibilities of problems, which BOBC seems to be creating for the purpose of delay. It is respectfully submitted there should be no postponement.

    Respectfully submitted,

    ROBERT K. BESTE, JR.

RKB/msj
cc:    Paul A. Bradley, Esq. (via e-filing & First-Class Mail)
        Philip Trainer, Jr., Esq. (via e-filing & First Class Mail)
        Edward Seglias, Esq. (via e-filing & First-Class Mail)
        Creedon Controls, Inc. (by First-Class Mail)

06894-0001