

# COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC

Robert K. Beste, Jr.
Attorney At Law

Nemours Building, Suite 1130
1007 Orange Street
Wilmington, DE 19801

T: 302.425.5089 I F: 302.425.5097
rbeste@cohenseglias.com
www.cohenseglias.com

December 5, 2006

**By Electronic Filing on 12/5/06**
**and By Hand on 12/6/06**
The Honorable Joseph J. Farnan, Jr.
U. S. District Court - District of Delaware
844 N. King Street, Room 4209
Wilmington, DE 19801

    RE:    **Creedon Controls, Inc. v. Banc One Building Corporation, and**
               **Forest Electric Corporation; Case No. 05CV300 (JJF)**

Dear Judge Farnan:

       This office represents Plaintiff, Creedon Controls, Inc. ("Creedon") in the captioned action.

       Creedon vehemently opposes the further request by Defendants, to postpone the pretrial conference scheduled for January 11, 2007. It is asserted by Defendants, without any specific reason or injury, that the fourth expert deposition must take place prior to the pretrial conference. Although perhaps helpful if all discovery, including expert discovery, has been concluded previous to the pretrial conference, such is often not the case. Oddly, Defendants do not advise the Court why the fourth expert deposition of the expert for Forest Electric Corporation ("Forest"), cannot take place until four days after the scheduled pretrial conference. Indeed, the reason is Forest's slowness to offer dates, and the paucity of dates offered.

       Counsel for Creedon initially requested dates for the deposition of the Forest expert, on October 18 and October 23, 2006. Forest responded that Mr. Wachter was available on November 21 and 22, 2006. Those dates were acceptable to Creedon and Banc One Building Corporation ("BOBC"), and Creedon therefore noticed Mr. Wachter's deposition (D.E. 150) for November 22, 2006. Thereafter, Forest did an about-face and notified parties, without explanation, that the Wachter deposition could not take place as scheduled. New dates were not provided until Forest's e-mail of November 7, 2006, sent when Forest's counsel knew that Creedon's counsel was away on a week-long vacation. The dates provided were November 20, 2006 and the period January 10 through January 19, 2007. Immediately upon return from vacation on November 13, 2006, counsel for Creedon made efforts to schedule the deposition for November 20, 2006; but, at that late date, such date proved not to be possible. January 15, 2007

The Honorable Joseph J. Farnan, Jr.
December 5, 2006
Page Two

appeared to be the only date acceptable to everyone; and, on November 21, 2006, the expert deposition was therefore noticed for that date. Nine days later, BOBC wrote to Your Honor, seeking this further postponement. Although counsel for Forest was asked to provide additional dates for deposition, between November 23, 2006 and January 9, 2007, no dates were claimed to be available. Essentially, by manipulating the availability of its expert, Defendants now seek a further postponement due to problems of their own making. Creedon requests that the Court not allow them to do this again

      Counsel for BOBC further suggests it was Creedon that "cancelled" another pretrial conference date, set for November 1, 2006. That was a date set by the Court, for the pretrial conference, without discussing such scheduling with counsel. As I explained to Your Honor in my letter of September 19, 2006 (D.E. 145), lead counsel for Creedon could not attend a pretrial conference at that time, due to a prior commitment to attend a seven-day Arbitration, out-of-state, and with multiple parties and expert witnesses, in the matter known as Quandel v. Karchner, Case No. 14-Y-110-00018-04. In keeping with the Court's rules, counsel for Creedon wanted to make sure its lead trial counsel would be in attendance at the pretrial conference. Creedon cannot be faulted for its actions in that regard.

      The Forest expert has presented a detailed report, comprising fifty-eight pages and multiple exhibits. It is difficult to understand there is good-faith in Defendants' current claim that they need the further deposition (to be taken principally by Plaintiff, Creedon), in order to prepare for the pretrial conference. Since the inception of this litigation, as well as at present, it has been quite clear it is Defendants' primary purpose to delay the final judgment day when they must be held accountable for their wrongful conduct towards Creedon. This request is but yet another example.

      A partial mediation in this matter, with Magistrate Judge Thynge, resulted in a settlement of the contract claims between the parties. Counsel for Creedon has approached both Defendants, to request that they agree to a further mediation session. Counsel for Forest has agreed. Counsel for BOBC would only agree to further mediation after the Court has ruled upon the pending motions for summary judgment. Efforts to communicate with Magistrate Thynge's office to schedule some further mediation have been unsuccessful, due to the expected case load change on the ultimate appointment of Judge Jordan to the Third Circuit Court of Appeals. Therefore, no mediation date could be provided through the end of spring, 2007. The only alternative is private mediation, which Creedon is willing to do. However, in light of BOBC's refusal to engage in mediation until decisions have been rendered by the Court, it is impossible to retain or schedule such mediation. We request the Court's permission to schedule a teleconference with

The Honorable Joseph J. Farnan, Jr.
December 5, 2006
Page Three

the Court and counsel, to discuss the possibility of a private mediation or other alternate dispute resolution mechanisms. We will appreciate the opportunity to discuss this with the Court.

                                      Respectfully submitted,

                                      ROBERT K. BESTE, JR.

RKB/msj
cc:     Clerk, United States District Court (by Hand)
        Paul A. Bradley, Esq. (by e-filing & First-Class Mail)
        Philip Trainer, Jr., Esq. (by e-filing & First Class Mail)
        Edward Seglias, Esq. (by facsimile)
        Creedon Controls, Inc. (by First-Class Mail)
06894-01 (Doc.#416)