# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

December 6, 2006

**_VIA E-FILING & HAND DELIVERY_**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, Delaware 19801

      RE:    *Creedon Controls, Inc. v. Banc One Building Corporation, et al.*,
             C.A. No. 05-300-JJF

Dear Judge Farnan:

      We, along with Paul, Hastings, Janofsky & Walker, LLP, represent Banc One Building Corporation ("BOBC") in this action. As the Court knows, we requested that the pretrial conference now set for January 11, 2007 be rescheduled until a time after all discovery was complete. Counsel for Plaintiff, Creedon Controls Inc. ("Creedon"), has submitted its response, opposing an extension and raising a series of other issues. We believe that Creedon's letter demands a response.

      As a preliminary point, we note that Creedon's counsel has suggested a telephonic or in-person conference with the Court. We do not oppose such a conference, and would adjust our schedules if the Court would prefer to hear from counsel directly on any of the issues.

      Second, while Creedon states its opposition to any rescheduling of the pretrial conference, it provides not a single basis on which the Court reasonably could find that the conference should not be postponed. Indeed, Creedon admits that it would be better in the ordinary course if all discovery were complete before the pretrial conference were held; and there is no indication that a short delay in the pretrial will affect scheduling of trial, and Creedon makes no claim to the contrary.

      Third, Creedon now seeks to involve the court in mediation issues. We respectfully submit that the Court would be better served by confirming with Magistrate Judge Thynge — as opposed to counsel — the full context of her remarks regarding continued mediation. At the end of the last mediation, Magistrate Thynge emphasized her own view that while the case might be capable of settlement, the distance between the parties was unlikely to lessen until the pending

The Honorable Joseph J. Farnan, Jr.
December 6, 2006
Page 2

summary judgment motions were resolved. Magistrate Thynge generously agreed to assist the parties in further discussions once the motions were determined, and also suggested that the trial date be set so as to provide another chance for settlement before the burden and expense of trial.

When Creedon later suggested that the parties seek a further mediation session, we reminded Creedon's counsel of the Magistrate Judge's views, and agreed to a preliminary contact so that there would be a time available once the motions were decided. In the weeks since, we have heard nothing from Creedon's counsel concerning the Magistrate Judge's schedule. And Counsel's reference to potential private mediation is news indeed – raised in Creedon's letter for the first time and never discussed with us.

In summary, Creedon's letter provides no basis on which the Court should not put over the pretrial conference until the conclusion of discovery. We remain ready to make our calendars work if the Court wishes a conference.

Respectfully submitted,

Philip Trainer, Jr. (#2788)

cc:    Paul Bradley, Esq. (*via e-filing*)
       Robert Beste, Esq. (*via e-filing*)
175789.1