IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Creedon Controls, Inc., a Delaware corporation, ) | |
| ) C. A. No. 05CV300 (JJF) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Banc One Building Corporation, an Illinois ) | |
| corporation; and Forest Electric Corporation, a ) | |
| New York corporation, ) | |
| ) | |
|     Defendants. ) | |

**PRETRIAL STIPULATION AND ORDER**

In accordance with Rule 16(c), Plaintiff Creedon Controls, Inc. (hereinafter "CCI"), Defendant Banc One Building Corporation (hereinafter "BOBC"), and Defendant Forest Electric Corporation (hereinafter "FEC"), submit the following Pre-Trial Stipulation and Order for consideration by the Court:

I.  **Statement of the Nature of the Action and the Pleadings in which the Issues are Raised**

In this action, CCI claims that it is entitled to additional compensation for electrical work performed during construction at a Core Data Center owned by BOBC (hereinafter "CDC2"). In its Amended Complaint (D.E. 91), CCI alleges, *inter alia*, that its work was hindered and delayed, and its costs of performance increased, through no fault of its own. FEC and BOBC contend that CCI's work had been performed under a lump sum, or fixed fee, subcontract, which disallows CCI's claims for additional compensation; and that CCI caused, or contributed to, its own damages, and/or failed to reasonably mitigate circumstances related to its alleged damages.

This action was originally filed as an action for a mechanics' lien, and for alleged

damages in the Superior Court of New Castle County, Delaware. The action was removed to this Court on BOBC's motion. CCI's Amended Complaint seeks a mechanics' lien; alleges damages for breach of contract, for recovery of labor, materials, equipment, and general condition costs, and for delay and inefficiency; alleges unjust enrichment; and seeks attorney fees, expert witness fees, penalties, and the costs of this action under 6 Del. C. Ch. 35.

Subsequent to the filing of CCI's Amended Complaint, retainage of $211,243.19 was paid to CCI, reducing CCI's total claim for damages. CCI continues to seek alleged damages of $3,189,162.90, plus statutory penalties, interest, attorney fees, expert witness fees and costs.

There are no counter-claims or cross-claims.

## II.     The Constitutional or Statutory Basis of Federal Jurisdiction

Jurisdiction of this Court is not disputed, and is appropriate under 28 U.S.C. §§1332, 1441, and 1446. This matter was removed to this Court on BOBC's motion, and based upon diversity jurisdiction.

## III.    A Statement of the Facts Which are Admitted, and Require No Proof

A.      BOBC is the owner of the property at 4001 Governor Printz Boulevard, Wilmington, Delaware, and the Tax Parcel No. is 06-149.00-002; and being more particularly bounded and described in the Deed attached as Exhibit "D" to the Amended Complaint.

B.      No mortgage of the type described in 25 Del. C. §2712(b) 11 exists on the structure.

## IV.    A Statement of the Facts of which any Party Contends Remain to Be Litigated

A.      By CCI:

      1.    The nature and extent of Plaintiff's damages and statutory damages.

      2.    What written contract exists, if any; and, if a contract exists, what are the parties to the contract.

B.    <u>By BOBC</u>:

      1.    The accuracy and truth of CCI's representation(s) regarding its experience, qualifications, and competence to perform its work at CDC2 consistent with the price and schedule upon which it was awarded its contract and work.

      2.    CCI's competence in planning, managing, and performing work at CDC2.

      3.    CCI's own actions causing or contributing to its alleged injuries and damages arising therefrom, and/or its failure to reasonably mitigate its alleged damages by acting reasonably in response to conditions alleged to have occurred at the worksite.

      4.    The effect of contractual provisions barring CCI's alleged damages related to "delay" or "interference" with its work at CDC2.

      5.    The "value" of the work performed by CCI at CDC2, and whether such value exceeded the contract sum.

      6.    FEC's ability to compensate CCI for any value exceeding the contract sum.

C.    <u>By FEC</u>:

      1.    What written contract applies and who are the parties to the contract.

2. Whether FEC breached any contract.

3. Whether CCI breached the contract causing its own alleged damages.

4. Whether any breach of contract by FEC was material.

5. Whether any breach of contract by FEC was the cause of any damages to CCI.

6. Whether CCI's claims are precluded by various project notes, conditions and contractual limitations.

7. FEC Incorporates BOBC's Statements of Fact 1-5.

V. **A Statement of the Issues of Law which any Party Contends Remain to Be Litigated, and a Citation of Authorities Relied Upon by Each Party**

A. <u>By CCI</u>:

1. The nature and extent of the legal rights and duties of the parties, if any, as a result of FEC's letter to CCI, dated October 2, 2003, which awarded CCI a subcontract to perform electrical work at CDC2 and was counter-signed by CCI President Patricia Creedon.

2. The nature and extent of the legal rights and duties of the parties, if any, as a result of FEC's letter to CCI, dated October 2, 2003, and revised as of October 31, 2003, which awarded CCI a subcontract to perform electrical work at CDC2 and was counter-signed by CCI President Patricia Creedon, as of November 5, 2003.

    3.    The nature and extent of the legal rights and duties of the parties, if any, as a result of the form of agreement captioned, "Single Project Construction Services Agreement," which was modified by FEC and presented to CCI by FEC under cover letter, dated May 4, 2004, and was neither signed, nor agreed to, by any party.

    4.    Whether CCI is entitled to penalties, interest, attorney's fees, expert witness fees, and costs, pursuant to 6 Del. C. §35.

    5.    Whether Forest was acting as agent for BOBC in entering into any agreement with CCI.

B.    <u>By BOBC</u>:

    1.    In addition to the issues raised by CCI, subcontractor CCI's lack of contractual privity with Owner, BOBC, and, thus, CCI's inability to maintain any contract-based claim against BOBC.

    2.    Electrical Trade Manager FEC's lack of authority to act as BOBC's agent, and thus FEC's sole responsibility for CCI's damages, if any, exclusive of BOBC.

    3.    The effect of contractual provisions barring CCI's alleged damages related to "delay" or "interference" with its work at CDC2.

C.  By FEC:

In addition to issues raised by other parties:

1. The issues presented in defendant's Motion for Summary Judgment.

2. Whether there is a cognizable unjust enrichment claim against FEC.

3. Whether plaintiff's claims for penalties, interest, attorney's fees, expert fees and costs states a cognizable claim.

4. Whether FEC acted as the agent of BOBC throughout its work on the project and BOBC's sole responsibility for CCI's damages.

## VI.  Exhibits

A.  By CCI:    See Ex. A. CCI reserves the right to supplement its exhibit list as permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

B.  By BOBC:   See Ex. B. BOBC reserves the right to supplement its exhibit list as permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

C.  By FEC:    See Ex. C. FEC reserves the right to supplement its exhibit list as permitted by the rules and to add exhibits based on plaintiff's recent production of documents. In addition FEC reserves the right to introduce exhibits listed by other parties and properly admissible.

## VII.  Names of All Witnesses and Designation of Experts

A.  By CCI:

- Patricia Creedon, President
  Creedon Controls, Inc.
  3424 Old Capitol Trial
  Wilmington, DE  19808

- Dennis Link

    Karden Construction Services, Inc.

- Paul Brainard

- Robert Sharp

- Charles Doble

- Fred Street

- John Mulrooney

- Donna Lucas

- Paul Angerame

- Philip Altheim

- John Wheeler, C.P.A.

- Richard Werner

<u>CCI Expert Designations</u>

- Dennis Link
  Karden Construction Services, Inc

- Mark I. Anderson
  Warner Construction Consultants, Inc.

CCI reserves the right to call any witnesses listed on behalf of FEC and/or BOBC, and reserves the right to supplement its witness list as permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

BOBC objects to Richard Werner; Werner was produced for a noticed 30(b)(6) deposition, but has no personal knowledge relevant to any issue to be litigated.

B. <u>By BOBC</u>:

<u>BOBC Expert Designation</u>

- James French
  Navigant Consulting, Inc.

BOBC reserves the right to call any witnesses listed on behalf of CCI and/or FEC, and reserves the right to supplement its witness list as permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

BOBC neither concedes the qualifications of any person designated as an expert by CCI and/or FEC to so testify, nor concedes that the report and/or testimony of such persons meets the requirements for admissibility of Fed.R.Civ.P. 702. BOBC reserves the right to challenge either or both.

C. <u>By FEC</u>:

- Len Beck

- Walter Wachter
  (Expert in construction and construction management.)

- Jack Menco

- Terry Peng

- Julianne Lynch

- Paul Angerame

    Philip Altheim

    Donna Lucas

- Richard Werner

- Thomas Keane

- Robert Smith of Tishman

FEC reserves the right to call any witnesses listed on behalf of CCI and/or BOBC, and reserves the right to supplement its witness list as permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

FEC neither concedes the qualifications of any person designated as an expert by CCI and/or BOBC to so testify, nor concedes that the report and/or testimony of such persons meets the requirements for admissibility of Fed.R.Civ.P. 702. FEC reserves the right to challenge either or both.

CCI reserve the right to object to Robert Smith of Tishman if not previously identified.

BOBC objects to Richard Werner; Werner was produced for a noticed 30(b)(6) deposition, but has no personal knowledge relevant to any issue to be litigated.

## VIII. Statement of What Plaintiff Intends to Provide in Support of Its Claim

CCI will establish that, at all times, Forest was acting as agent for BOBC. Although substantial work was completed, it was not until May 4, 2004, that Forest proposed (on behalf of BOBC) a form of agreement captioned, "Single Project Construction Services Agreement." That agreement form was not acceptable to CCI; and, by letter of June 14, 2004, CCI proposed

reasonable modifications to the BOBC agreement. Neither BOBC nor its agent Forest responded, but they allowed CCI to continue its work on the project, and impliedly accepted the proposed modifications.

CCI will prove that, throughout the project, BOBC, through its construction and trade managers, Forest and Tishman, CCI was severely damaged by delay and inefficiency, some of which was so extensive and deliberate, as to present bad faith.

IX.  **Brief Statement of What Defendants Intend to Prove as a Defense**

   A.   <u>By Defendant BOBC:</u>

BOBC will establish that, in bidding, accepting the award, commencing work and performing work, CCI clearly understood: (1) it had been engaged to perform its work under a lump sum, or fixed fee, subcontract, which disallows CCI's claims for additional compensation; and (2) it had been engaged as a subcontractor bound only to FEC, not BOBC.

BOBC will establish that it is the Award Letter and the Subcontract Agreement accepted by CCI in its execution of the Award Letter, which governed CCI's obligations, rights and performance. BOBC will also show that the form of agreement styled "Single Project Construction Services Agreement" was rejected by CCI, and CCI's counterproposal was rejected by Forest. The form was never executed and the parties never otherwise formed a meeting of the minds related to that form of agreement styled "Single Project Construction Services Agreement".

BOBC will further establish that, in any event: (1) CCI misrepresented its experience, qualifications, and competence to perform its work at CDC2 consistent with the price and schedule upon which it was awarded its contract and work; (2) CCI failed to competently plan,

manage, and perform its work; and (3) CCI caused, or contributed to, its alleged damages, and/or failed to reasonably mitigate circumstances related to its alleged damages.

In addition to these defenses, BOBC reserves the right to assert, and prove, such other defenses as are available under the facts adduced, and under the law.

B.   By Defendant FEC:

FEC will establish that it acted as agent of BOBC on the project in performing its work as Electrical Trade Manager, regardless of which contract applies.

FEC will establish that the October 2, 2003 award letter and attached subcontract agreement applies and CCI's damages for delay are barred by the contract provision.

FEC will establish that CCI knew that this was a fast track project, that numerous contractors and electrical contractors would work on the project at the same time and that the confined project area required additional planning and coordination by CCI. FEC will prove that CCI was aware of these issues and others based on the bid documents, including the Project notes, conditions and general conditions. Also, FEC will prove, among other things, that CCI knew that its work would be interrupted and it would be required to return to areas to complete work and that no claim would be permitted.

FEC will prove that CCI's own conduct caused its damages and that the conduct of other entities not under FEC's control caused any delay, inconvenience and damage claimed by CCI.

FEC will prove that it complied with its obligations and that it is not liable to plaintiff, that plaintiff failed to provide proper supervision for the project, and failed to give notice to FEC of issues relating to its work and failed to mitigate its damages. CCI failed to properly plan, manage and perform its work, which caused its alleged damages.

FEC reserves the right to assert and prove such other defenses as are available under the facts and law.

**X.    Counterclaims**

Not applicable.

**XI.   Amendments to the Pleading**

**XII.  Certification of Good Faith Settlement Efforts**

The parties certify that communications have occurred between persons having authority of CCI, BOBC and Forest to explore a resolution of the controversy by settlement.

**XIII. Other Matters Which the Parties Deem Appropriate**

This Order shall govern the subsequent course of the action, unless modified by the Court, to prevent manifest injustice.

**APPROVED AS TO FORM.**

                                                **Cohen, Seglias, Pallas, Greenhall & Furman, P.C.**

                                                Edward Seglias, Esq. (I. D. No. 2822)
                                                Robert K. Beste, Jr., Esq. (I. D. No. 154)
                                                1007 Orange Street, Nemours Bldg., Suite 1130
                                                Wilmington, DE  19801
                                                (302) 425-5089
                                                Attorneys for Plaintiff, Creedon Controls, Inc.

**Maron, Marvel, Bradley & Anderson, P.A.**

*/s/ Paul Bradley*
_____
Paul A. Bradley, Esq. (I. D. No. 2156)
1201 N. Market Street, Suite 900
Wilmington, DE 19801
(302) 425-5177
Attorneys for Defendant Forest Electric Corporation


**Ashby & Geddes**

*/s/ Lawrence Ashby*
_____
Lawrence C. Ashby, Esq. (I. D. No. 468)
Philip Trainer, Jr., Esq. (I. D. No. 2788)
222 Delaware Avenue
P. O. Box 1150
Wilmington, DE 19899
(302) 654-1888
Attorneys for Defendant Banc One Building Corporation


SO ORDERED, this _____ day of _____, 2007.


_____
, United States District Judge

06894-0001; Doc. #461 (1/9/07)