IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-300-JJF |
| BANC ONE BUILDING CORPORATION, an Illinois corporation, and FOREST ELECTRIC CORPORATION, a New York corporation | : | |
| Defendants. | : | |

Edward Seglias, Esquire and Robert K. Beste, Jr., Esquire, of COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C., Wilmington, Delaware.
Attorneys for Plaintiff.

Lawrence C. Ashby, Esquire, Philip Trainer, Jr., Esquire and Ricardo Palacio, Esquire, of ASHBY & GEDES, P.A., Wilmington, Delaware.
Of Counsel: PAUL, HASTINGS, JANOFSKY & WALKER, LLP, New York, New York.
Attorneys for Defendant Banc One Building Corporation.

Paul A. Bradley, Esquire, of MARON & MARVEL, P.A., Wilmington, Delaware.
Attorney for Defendant Forest Electric Corporation.

**MEMORANDUM OPINION**

January 22, 2007
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court are Defendant Banc One Building Corporation's ("Banc One") Motion For Summary Judgment (D.I. 115) and Defendant Forest Electric's ("Forest") Motion For Partial Summary Judgment. (D.I. 120). For the reasons discussed, Banc One's Motion will be granted and Forest's Motion will be denied.

## I. BACKGROUND

Banc One was tasked to construct two data centers, Core Data Center 1 and Core Data Center 2 ("CDC 1" and "CDC 2"). Banc One selected Tishman Construction of Maryland ("Tishman") to act as the "Construction Manager," and Banc One's agent, for the CDC 1 and 2 project. Banc One also contracted with co-defendant Forest to serve as the "Trade Manager for Electrical Work" for the project. Tishman and Forest entered into a Trade Manager Agreement which set forth the parties' understandings with regard to their roles and responsibilities. Forest was tasked with coordinating all electrical power and data connections work, and had the responsibility of competitively bidding and awarding this work to subcontractors.

After submitting a successful bid, Plaintiff Creedon Controls, Inc. ("Creedon") was selected by Forest to perform part of the electrical work. Creedon contracted directly with Forest, as an electrical subcontractor. Forest supervised and coordinated Creedon's performance throughout the project, and

2

served as an intermediary between Creedon, Tishman, and Banc One for any changes to the scope of the project. Forest was also responsible for scheduling the work of all of its electrical subcontractors, including Creedon.

Upset with the significant delays and cost increases it was facing because of Defendants' alleged inefficiency and improper behavior, Creedon initially filed its complaint against Defendants Banc One and Forest in Delaware Superior Court. The case was removed to this Court on May 17, 2005. Banc One and Forest filed the current Motions on July 14, 2006.

## II. PARTIES' CONTENTIONS

### A. Banc One's Motion For Summary Judgment

By its Motion, Banc One contends that the Court should grant summary judgment in its favor because no contract was ever formed between itself and Creedon. Defendant further contends that Creedon and Forest have failed to establish an agency relationship between Banc One and Forest. Therefore, Banc One contends, summary judgment must be granted because there is no relationship between Creedon and Banc One that could expose Banc One to liability.

In response, both Creedon and Forest contend that summary judgment is inappropriate because there are genuine issues of material fact in dispute as to the existence of an agency relationship between Banc One and Forest.

B.  Forest's Motion For Partial Summary Judgment

By its Motion, Forest contends that summary judgment is warranted because there is a contract between Forest and Creedon which expressly precludes any damages for delay. Forest also contends that it was merely an agent of Banc One, and therefore should not be held liable for any damages Creedon may be awarded.

In response, Creedon contends that there are genuine issues of material fact as to what contract language binds the parties and as to which party Creedon may recover from. Creedon also contends that the No-Damages-For-Delay clause is unenforceable due to Forest's bad faith. In its response, Banc One agrees with Forest that contract language expressly precludes damages arising from Forests delays. However, Banc One contends that there are no facts to support Forest's contention that it was an agent of Banc One.

### III. LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there are triable issues of material fact, a court must

review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). However, the mere existence of some evidence in support of the non-movant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

## III. DISCUSSION

### A. Banc One's Motion For Summary Judgment

Because the parties do not dispute that Banc One and Creedon never contracted directly with each other, the Court must consider whether there is sufficient evidence to enable a jury to find that Forest was acting as Banc One's agent. If there is

not, the Court must grant Defendant's Motion, because Creedon will have failed to show any basis under which Banc One might be liable to Creedon.

A principal is liable for the actions of its agent that are within the scope of the agent's actual or apparent authority. Restatement (Second) of Agency § 140. Actual authority is created by words or conduct of the principal, which reasonably cause the agent to determine that the principal wishes the agent to act on the principal's behalf. Edwards v. Born, Inc., 792 F.2d 387, 389-90 (3d Cir. 1986). Apparent authority, on the other hand, can be created by words or conduct of the principal, which reasonably cause a third party to believe that the agent is acting on the principal's behalf. Id. at 390.

The Court concludes that no jury could reasonably find that Forest had actual authority to act on Banc One's behalf. Banc One has pointed to contract documents between Banc One and Forest, and Forest and Creedon, which show Forest is not Banc One's agent. Banc One also points to Forest's solicitations for bids, which do not mention Banc One; the award letter sent from Forest to Creedon stating that Creedon was to be a sub-contractor to Forest; the subcontract agreement between Forest and Creedon; and the fact that Creedon never signed the one contract document referenced by Creedon and Forest where Forest unilaterally described itself as Banc One's agent.

The non-moving parties can point only to parole evidence, an unsigned contract document sent to Creedon a year after work began on the project where Forest unilaterally identified itself as Banc One's agent, and Banc One's initial Answer (D.I. 5), which Creedon and Forest contend is an "admission" which establishes Forest's actual authority. As to the "admission" in its first Answer, Banc One contends that it submitted its Amended Answer (D.I. 92) to overcome deception perpetrated by Forest's counsel throughout the original Answer, which contained misrepresentations of the contract documents. (D.I. 138).

Generally, "an admission contained in an amended or superceded pleading, while it may not have the full binding force of a judicial admission, is evidence against the pleader of the facts admitted." Barringer v. Prudential Ins. Co. of America, 62 F. Supp. 286, 287 (E.D. Pa. 1945); See Bruce E.M. v. Dorothea A.M., 455 A.2d 866, 869 (D. Del 1983)(finding the same). However, some exceptions have been allowed when counsel, not the party himself, verified or signed a pleading, where "it was filed under a clear misapprehension of the facts," or "where the matter constituting an admission . . . is contained in inconsistent pleas or defenses." 52 A.L.R. 516. In this case, whether there is a basis for deviating from this general rule to disallow Banc One's admission in its original Answer, or not is a factual question. Therefore, for purposes of resolving this Motion, the

Court must decide it in a light most favorable to the non-moving parties. Even assuming that Banc One's original Answer can be used as evidence against Banc One, the Court concludes that Creedon and Forest have failed to establish actual authority sufficient to survive a motion for summary judgment.

The Court also concludes that no jury could reasonably find that Forest had apparent authority to act on Banc One's behalf. Creedon and Forest contend that apparent authority was created through (1) the beliefs of several parties to the CDC 1 and 2 project, (2) silence from Banc One's agent, which was interpreted as assent, and (3) Forest's previous transactions with one member of Banc One.

Creedon and Forest point to the words and actions of their own executives, but not to anyone from Banc One, in an attempt to demonstrate an agency relationship. For example, Creedon has asserted views of Forest's management, who contend they were not taking the CDC 1 and 2 job at risk, despite the language of the contract. Creedon has also put forth deposition testimony from its president, who said she relied on Forest's representations that it was Banc One's agent. Finally, Creedon and Forest argue that Forest became an agent of Banc One because Tishman Construction of Maryland, the CDC 1 and 2 Construction Manager and Banc One's agent, did not object to the few occasions when Forest identified itself as such. However, "apparent authority

can never be derived from the acts of the agent alone." <u>Finnegan Const. Co. v. Robino-Ladd Co.</u>, 354 A.2d 142, 144 (Del. Super 1976). Furthermore, in order to establish an agency relationship, the non-moving parties must point to words or actions <u>of the principal</u>, which Creedon and Forest have not done.

Finally, Creedon and Forest contend that there is apparent authority based upon a prior working relationship between Forest and Banc One. However, the pleadings acknowledge that the prior work Forest did for Banc One was entirely unrelated to the CDC 1 and 2 project. Accordingly, the Court finds that Forest did not have apparent authority to act as Banc One's agent.

B.   <u>Forest's Motion For Partial Summary Judgment</u>

Forest contends that a contract was formed between itself and Creedon based upon Creedon's conditional agreement and acceptance of Forest's October 2, 2003 offer letter and attached subcontractor agreement. The subcontractor agreement contained a No-Damages-For-Delay clause barring Creedon from recovering monetary damages for any delays caused by Forest or Tishman. Both Creedon and Forest contend that, if a contract exists, this clause would generally be enforceable, unless the delay was unanticipated (e.g. act of deity) or resulting from bad faith. Creedon's complaint alleges such bad faith.

Construing the evidence in the light most favorable to Creedon, the Court concludes that there are genuine issues of

material fact as to how the delays arose that Creedon experienced, as well as to the enforceability of the No-Damages-For-Delay clause. Therefore, summary judgment is inappropriate. Accordingly, the Court will deny Defendants' Motion For Partial Summary Judgment. (D.I. 120).

## IV. CONCLUSION

For the reasons discussed, the Court concludes that Creedon and Forest have failed to establish that Forest was an agent of Banc One, and therefore, there is no privity of contract or other relationship between Creedon and Banc One that would expose Banc One to liability on the claims asserted in this litigation. Accordingly, Defendant Banc One Building Corporation's Motion For Summary Judgment (D.I. 115) will be granted.

Further, the Court concludes that there are genuine issues of material fact regarding the reasons for Creedon's delays and also the enforceability of the No-Damages-For-Delay clause in the subcontractor agreement between Forest and Creedon. Therefore, Defendant Forest Electric Corporation's Motion For Partial Summary Judgment (D.I. 120) will be denied.

An appropriate Order will be entered.