IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Creedon Controls, Inc., a Delaware corporation, | ) |
| | ) C. A. No. 05CV300 (JJF) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Banc One Building Corporation, an Illinois corporation; and Forest Electric Corporation, a New York corporation, | ) ) ) |
| | ) |
| Defendants. | ) |

**<u>PLAINTIFF'S MOTION FOR REARGUMENT</u>**

COMES NOW, Plaintiff, Creedon Controls, Inc. (hereinafter "Creedon"), and respectfully moves this Court for Reargument, in accordance with D.Del. LR 7.1.5, and with respect to the Court's Opinion and Order dated January 22, 2007. The basis of this motion is as follows:

1.   Although believing the grant of summary judgment was in error, Creedon seeks Reargument limited to two issues: (1) the blanket entry of summary judgment cannot and should not apply to Count I of the Amended Complaint and Statement of Claim for Mechanic's Lien (D.E. 91) (hereinafter "Complaint"); and (2) the entry of summary judgment does not apply to Count V of the Complaint, seeking recovery on the basis of *quantum meruit*.

2.   _Although not clearly delineated by Defendant Banc One Building Corporation (hereinafter "BOBC"), its Motion for Summary Judgment was addressed to Counts II and IV of the Complaint, which contain allegations that BOBC breached its express or implied contract with Creedon. Contrary to the position taken by Creedon, this Court has granted BOBC summary judgment on that issue. The Court's finding is, in essence, that Creedon did not have sufficient evidence to establish that a direct contractual relationship existed between Creedon and BOBC.

Count III of the Complaint is addressed to the allegation of a breach of the contract by Defendant Forest Electric Corporation (hereinafter "Forest"), and Count IV alleges Forest's breach of implied contract. This Court denied the Motion for Partial Summary Judgment filed by Forest with respect to these allegations.

3. Nothing in the BOBC motion, the Forest motion, or their briefs, discusses, or even argues against the validity of Creedon's claim for a Mechanics' Lien, as set forth in Count I of the Complaint. A Mechanics' Lien is an entitlement of Creedon under 25 Del. C. Ch. 27. Creedon seeks Reargument and a declaration that the Court's Opinion and Order did not apply to Creedon's right to a Mechanics' Lien against the BOBC property when Creedon establishes the substantial funds Forest owes Creedon. To the extent BOBC may now argue to the contrary, BOBC's contentions would be without merit, and untimely, since not brought forth in its initial motion and supporting briefs. Creedon's right to a Mechanics' Lien, irrespective of whether or not a direct contract exists with BOBC, is clear and is mandated by Delaware law.

4. The Supreme Court of Delaware has held that a subcontractor has a right to both a judgment *in rem* for a Mechanic's Lien against property, and a personal judgment against a contractor *in personam* and may elect to pursue both or either of such remedies. McHugh Electric Co. v. Hessler Realty & Develop. Co., 129 A.2d 654, 657 (Del. 1957). (See also, Steel Suppliers, Inc. v. Ehret, Inc., 486 A.2d 32, 35 (Del. Super. 1984) (an action to enforce a Mechanic's Lien "is in the nature of an *in rem* proceeding involving a statutory right created in favor of one who supplies labor and material for a structure located on land and attaches to the land effective thereby and structure.") Accordingly, the proceedings to enforce a Mechanic's Lien are primarily *in rem* and are distinguishable from *in personam* actions such as breach of contract.

5. The Mechanic's Lien Statute is a remedial statute. <u>Active Crane Rentals, Inc. v. Formosa Plastics Corp.</u>, 1987 WL 847759 (Del. Super. 1987). (Exhibit "1"). The statute is intended to protect laborers and material men who at common law would otherwise have to resort to often inadequate remedies. *Id.* at *1. The validity of such a lien depends upon an affirmative showing that every essential statutory step in the creation of a lien has been duly followed. *Id.* citing, <u>Heitz v. Sayers</u>, at 113 A. 901 (Del. Super. 1921). In the action currently before the Court, no challenge to the validity of the lien has been asserted. Therefore, the Mechanic's Lien remains, as it is separate and distinct from the contract action against BOBC that was the subject of the motion for summary judgment.

6. The Court has concluded that Forest was not acting as BOBC's agent. Nevertheless, a Mechanic's Lien may be enforced irrespective of whether there is any personal liability on the part of the owner. See <u>Browning-Ferris, Inc. v. Rockford Enterprises, Inc.</u>, 642 A.2d 820, 824 (Del. Super. 1983). By granting to persons who fall within the provisions of the Mechanic's Lien Statute an *in rem* recovery against the land, the statute creates an alternative remedy which is broader than in an *in personam* contract action. See, *e.g.*, <u>East Coast Plumbing & HVAC, Inc. v. Edge of the Woods, LP</u>, 2004 WL 2828286 (Del. Super. 2004). (Exhibit "2").

7. Count V of the Complaint asserts a cause of action against BOBC and Forest, based upon *Quantum Meruit*. Creedon's *in personam* claim against BOBC based upon *quantum meruit* or unjust enrichment, exists even absent a contract between Creedon and BOBC. As stated in Creedon's Brief in Opposition to BOBC's Motion for Summary Judgment (D.E. 129, p. 29-30), unjust enrichment is defined as the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience. <u>Fleer Corp. v. Topps Chewing Gum, Inc.</u>, 539 A.2d 1060, 1062 (Del. 1998). Unjust

enrichment is a quasi-contract theory of recovery to remedy the absence of a formal contract. Kirkwood Kin Corp. v. Dunkin' Donuts, Inc., Del. Super. Ct., No. 94C-03-189-WTQ, 1997 WL 529587 (Jan. 29, 1997). (Exhibit "3").

    8.    In suits against an owner by a subcontractor, Delaware courts have held that *quantum meruit* claims (in addition to enforcement of mechanics lien actions) remain even if no formal contract between the subcontract and owner exist. *See e.g.* East Coast Plumbing & HVAC, Inc. v. Edge of the Woods, L.P., supra. (holding that to the extent that subcontractor cannot recover from the contractor that is in privity of contract with the subcontractor, it may recover against the owner, as contractor and owner are jointly and severally liable); Galvagna v. Marty Miller Construction, Del. Super. Ct., No. Civ.A. 96L-01-015, 1997 WL 720463 *3-4(Sept. 19, 1997) (denying owner's motion for summary judgment against subcontractor as owner has not paid for the services and material the subcontractor supplied). (Exhibit "4'). The law in Delaware is clear. Although the general rule may be that a subcontractor who supplies labor and materials on the order and credit of the contracting contractor cannot collect against the owner, there is a significant exception to the rule. *See* East Coast at *5. The exception to the general rules provides that the subcontractor can collect against the owner for labor and materials provided when the subcontractor may not recover payment from the contractor with whom it contracted directly and the owner has not paid the contractor. East Coast at *5; Galvagna at *4. This recovery by the subcontractor against the owner is permitted <u>even if</u> the contractor with whom the subcontractor contracted remains a viable, ongoing company, with no indication that it cannot pay its bills. East Coast at *5.

    9.    Like the parties in East Coast, the case at bar falls squarely within the exception to the general rule. BOBC has not paid Forest for the amount of Creedon's claim. BOBC has not disputed this allegation, and it must be accepted as true for summary judgment purposes. This fact, as a matter

of law, requires this Court to deny BOBC's Motion for Summary Judgment based upon *quantum meruit* and unjust enrichment. If Creedon is successful for its claims, it must first seek recovery against Forest, the party with whom it has a contract, but if Creedon is unable to collect against Forest, Creedon may recover against BOBC, under a theory of joint and several liability. Accordingly, Creedon's *in personam* claim against BOBC based upon *quantum meruit* or unjust enrichment survives the Court's decision that Forest was not acting as BOBC's agent.

10. By its Opinion and Order of January 22, 2007 the court grant's BOBC's Motion for Summary Judgment. That ruling should not, and cannot apply to the Mechanics' Lien claim in Count I, or the *quantum meruit* claim in Count V. Neither BOBC nor Forest has even requested such a broad ruling.

WHEREFORE, Creedon requests that the Court clarify its Opinion and Order, as not granting summary judgment with respect to the existence of a Mechanic's Lien, and denying the BOBC and Forest motions with respect to the allegations of a claim based upon *quantum meruit*.

COHEN, SEGLIAS, PALLAS, GREENHALL
& FURMAN, P.C.

_/s/ Robert K. Beste_

Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Jr., Esq. (I.D. No. 154)
1007 Orange Street, Nemours Bldg., Suite 1130
Wilmington, DE 19801
(302) 425-5089
Attorneys for Plaintiff, Creedon Controls, Inc.

Date: January 31, 2007

RKB/msj
06894-0001; Doc. #469