# EXHIBIT "1"

Westlaw.

Not Reported in A.2d
Not Reported in A.2d, 1987 WL 847759 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Page 1

H
Active Crane Rentals, Inc. v. Formosa Plastics Corp. DelawareDel.Super.,1987.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
ACTIVE CRANE RENTALS, INC., a Delaware corporation, Plaintiff,
v.
FORMOSA PLASTICS CORPORATION, Delaware, et al., Defendants.
No. CIV.A. 85L-JA-24.

Dec. 29, 1987.

Mark D. Sisk, Esq., Wilmington.
John A. Parkins, Jr., Esq., C. Malcolm Cochran, IV, Esq., Richards, Layton & Finger, Wilmington.
STIFTEL, President J.
*1 Mechanic's Lien Action.

A contract was entered into by E.B.P., Inc., a general contractor, and defendant, Formosa Plastics Corp., Delaware, on August 1, 1984, for the erection, installation and completion of 7 chemical storage silos on defendants' property. E.B.P., Inc., as the general contractor, then contracted with plaintiff, Active Crane Rentals, Inc., to do certain aspects of the job which involved cranes and crane crews needed for the renovation of the seven silos. As per the initial design, two small 35 ton cranes were sent by Active to the job-site. It became apparent to defendant's foreman on the site that a design change in the weight of the silo supports was needed. 35 ton cranes could not do the job. The changed design required a 90 ton crane for the job. Active claims it is owed a $23,959.25 balance for the work of the 90 ton crane and its required personnel. Active filed a timely complaint and statement of claim for a mechanic's lien. 25 Del.C. § 2701, et seq.

The issue is whether Active complied with the statutory requirements of 25 Del.C. §§ 2712, 2713. If so, the mechanic's lien was legally perfected and attached. Defendants maintain the lien is not valid because plaintiff failed to establish two of the statutory requirements: (1) Plaintiff failed in its statement of claim to set out "the location of the structure with such description as may be sufficient to identify the same". 25 Del.C. § 2712(b)(7); and (2) Plaintiff failed to apportion the amount it claims is due it on each structure. 25 Del.C. § 2712(b)(10); § 2713.

I conclude that Active has a valid mechanic's lien. My reasoning reflects the modernizing trend in mechanic's lien law which this Court has recently applied.

The mechanic's lien statute is a remedial statute. It is intended to protect laborers and materialmen who, at common law, would otherwise have to resort to often inadequate remedies. J.G. Justis Co. v. Spicer, Del.Super., 95 A. 239 (1915). Since a mechanic's lien proceeding is entirely statutory in origin and has been repeatedly held to be in derogation of the common law, our Courts have historically held that the mechanic's lien statute be strictly construed. See, e.g., Heitz v. Sayers, 1 W.W. Harr. 221, 31 Del. 221, 113 A. 901; E.J. Hollingsworth Co. v. Continental Diamond Fiber Co., 6 W.W. Harr. 303, 175 A. 266 (Superior Ct.1934); DeLuca v. Martelli, Del.Super., 200 A.2d 825 (1964). It has been held that the validity of such a lien depends upon an affirmative showing that every essential statutory step in the creation of the lien has been duly followed. Heitz, supra. However, our Supreme Court has also cautioned that although the mechanic's lien statute must be strictly construed, that does not mean that an overly technical, or excessively strict, reading of the statute should be employed to defeat the lien. Warner Co. v. Leedom Const. Co., Del.Supr., 97 A.2d 884, 887 (1953). In other words, the mechanic's lien statute should not be strictly construed to create an unreasonable or unwarranted result. Pittman-Berger Co. v. Parkinson, Del.Super., 180 A. 645, 648 (1935); Lakewood Builders, Inc. v. Vitelli, et al., Del.Super., C.A. No. 85L-SE5, Chandler, J. (April 29, 1987); See 57 C.J.S., "Mechanic's Liens", § 4(b)(1). Therefore, it is correct to say that the provisions of the mechanic's lien statute embodying the conditions upon which a lien may be obtained must be *substantially* complied with. Warner at 887.

*2 I turn now to examine two aspects of plaintiff's statement of claim to see if it substantially complies with the statutory requirements of 25 Del.C. § 2712(b)(7)(12); § 2713.

First, 25 Del.C. § 2712(b)(7) requires the complaint

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                Page 2
Not Reported in A.2d, 1987 WL 847759 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

to set forth "the location of the structure with such description as may be sufficient to identify same." Plaintiff, in its complaint, stated, "Structure [on which labor and material was supplied] is an industrial plant and seven (7) storage silos located at Schoolhouse Road, Red Lion Hundred, Delaware City, Delaware, and is more particularly described in Exhibit "A" ..." Exhibit"A" is a copy of the recorded deed by which defendant took possession of the property on which they conduct their plastics business. The legal description for this deed (identified as No. H-115-301) commences, in part, "... parcel of land, with the buildings thereon erected," and then contains the metes and bounds description, identifying the property located at Schoolhouse Road.

The general rule stated in *Pittman-Berger Co. v. Parkinson,* 7 W.W. Harr. 105, 180 A. 645, 648, is as follows:
"That if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of all others, it will be sufficient."

See, also, *Pettinaro Construction Co. v. Rago,* Del.Super., 269 A.2d 250(270); 2 Woolley, *Delaware Practice,* § 1397 (Locality of Building); Rockel, *Mechanics' Liens,* § 103. Defendants would have the Court believe that by including the property deeds in their entirety (Exhibit "A", containing land and buildings, and Exhibit "B", the adjacent, contiguous land), the plaintiff utilized a "shotgun" approach, thereby placing all of the property under the shadow of the lien. I disagree. It is clear to me as it would be to a third party, entitled to rely on the public record, that this lien was requested to be placed on the 7 silos ("the structures") and the land appurtenant to them, which are part of the plastics factory located on Schoolhouse Road, Red Lion Hundred, Delaware City, Delaware, included in the property transfer described by Exhibit "A".

Professor Woolley stated that there are dual purposes for this description requirement: (1) To show "jurisdiction-that is, that the structure lies within the county in which the claim is filed, and (2) to have a ready and certain identification for the benefit of third parties who examine the public record. 2 Woolley, *Delaware Practice,* § 1397. Woolley further stated that the deed of conveyance to the owner best suits those purposes. *Id.* Clearly, the deed supplied, along with the statement that the lien is to be placed on the 7 silos and the land appurtenant thereto is sufficient to accomplish the above purposes.

The fact that more land is included than should rightfully be included, does not invalidate the lien. *See,* Rockel, *Mechanics' Liens,* § 103, p. 269; 52 A.L.R.2d 12, "Mechanic's Lien-Claim-Description", § 21 (1957).

*3 Plaintiff's description of the location of the seven structures is more than substantially sufficient for the proper placement, recordation, and notification of the lien.

Second, 25 *Del.C.* § 2712(10) and § 2713 require the lien claimant to designate the amount which he claims to be due him on each structure, in instances where one claim is filed for labor and materials supplied on more than one structure.[FN1] Plaintiff's complaint states that labor and materials were supplied to defendant for work on 7 storage silos at a cost to defendant of $23,959.25. Evidence at trial indicated that each of the seven structures required the same amount of labor and equipment to accomplish the required renovations. However, plaintiff failed in its complaint and bill of particulars to apportion the amount of equipment and labor supplied to each of the 7 silos. Is plaintiff's lien defective for its failure to apportion? I conclude not.

> FN1. § 2713. Claims against 2 or more structures owned by same person.
> In every case in which 1 claim for labor or materials is filed by the same person against 2 or more structures owned by the same person for building, altering or repairing 2 or more structures owned by the same person, the claimant shall, at the time of filing such joint claim, designate the amount which he claims to be due to him on each of such structures.

Historically, Delaware cases involving lien claims against two or more buildings have consistently ruled that the provision of the mechanic's lien statute requiring the claimant to designate the amount he claims to be due him on each of the structures is mandatory and that his failure to make such a designation invalidates the lien claim. *Newark Lumber Co. v. Continental-Diamond Fibre Co.,* Del.Super., 35 Del. 60, 157 A. 729 (1931); *E.J. Hollingsworth Co. v. Continental-Diamond Fibre Co.,* Del.Super., 36 Del. 303, 175 A. 266 (1934); *Warner Co. v. Leedom Construction Co.,* Del.Supr.,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 1987 WL 847759 (Del.Super.)
(Cite as: Not Reported in A.2d)

Page 3

97 A.2d 884 (1953).

In *Warner, supra,* the materialman attempted to file a joint lien claim for labor and materials supplied during construction of eighty-seven houses in a housing development. There, the Supreme Court held that the materialman did not comply with the statutory requirement of apportionment. The plaintiff prorated the amount of money due him on the total job per each house worked on, rather than an apportioning which the Court defined as "... a specification of the amount due for materials entering into each structure and not paid for." *Id.,* at 889. The Court rejected the notion of a "unitary lien" in this situation, stating that applying such a doctrine would, "... mean that each house in the development, built for immediate sale to the public, would be subjected to a lien ... indeed, some of the houses might be subjected to a lien although all labor and materials entering into them have been fully paid for." *Id.* at 888. Further, the Court considered the consequences of the mechanic being able to shift the encumbrance at his pleasure and to place the bulk of the claim on any one building if a unitary lien on multiple structures were allowed.

This was the state of the mechanic's lien law until two recent Superior Court cases: *Ramsey v. DiSabatino,* Del.Super., 347 A.2d 659 (1975) and *Wilmington Trust Co. v. Branmar, Inc.,* Del.Super., 353 A.2d 212 (1976).

In *Ramsey,* a lien was sought by a subcontractor against several townhouses in Chelmsford, a condominium complex. Judge Taylor set forth the basis on which separate identification is required:
*4 "It appears that the townhouse units ... are intended to be separately owned ... It has been held without exception that the Delaware Mechanic's Lien Law does not permit a unitary lien upon several houses in a housing development (citations omitted). *A principal reason for these holdings was that to permit such a unitary lien would unduly imperil the title of purchasers of individual residences ..."* *Ramsey* at 661. (Emphasis added).

In *Wilmington Trust Co. v. Branmar, Inc.,* the plaintiff sought to impose a lien on a shopping center. Faced with the same defense raised here by defendant, Judge Bifferato discussed the issue and held:
"... it is first argued that the claim names only one 'structure', i.e., the entire shopping center, when in fact the shopping center is comprised of several structures ... In more complex forms of property ownership, such as a shopping center or a condominium complex, *the question of the meaning of 'structure' for purposes of the mechanic's lien statute is altered according to the nature and purpose of the labor or materials supplied ...* The labor and materials contracted for by the instant plaintiff were *supplied for the benefit of the entire shopping center.* And as the center is *held by a single owner, and it is not contemplated, nor is it likely,* that it will be divided among several owners, *the entry of a unitary lien upon the center does not present the problems which would result from entry of a unitary lien upon a housing development." Wilmington Trust v. Branmar,* at 215. (Emphasis added).

See, also, *McHugh Electric Co. v. Hessler Realty & Development Co.,* Del.Supr., 129 A.2d 654 (1957) (where an entire drive-in theatre was found to be one structure, with no apportionment required).

Hence, in the case *sub judice,* I must examine the nature and purpose of the labor and equipment supplied. The labor and equipment were supplied on a 7 silo project which is part of a plastic-industry plant. The silos were being renovated to adequately hold chemicals for use in the manufacture of plastics. The storage silos erected by plaintiff's **cranes** and labor were to the benefit of the entire operation. There is no allegation, nor does it seem likely that defendant would subdivide its property to individual owners or convey any of the chemical storage silos apart from the industrial facility for which they were built. Thus, there is no issue of unduly imperiling the title to any of those silos by allowing the 7-storage silo renovation to be seen as a singular "structure", thereby negativing the apportionment requirement.

I hold that plaintiff has satisfied the statutory requirements of 25 *Del.C.* § 2712(b) and has a valid mechanic's lien against the 7-storage silos in the amount already agreed to or to be determined, if necessary, plus interest at the legal rate from November 1, 1984.

Having found a valid mechanic's lien, it is unnecessary for me to address the other issues raised of *quantum meruit* and *quasi-contract.*

*5 IT IS SO ORDERED,

Del.Super.,1987.
Active Crane Rentals, Inc. v. Formosa Plastics Corp.
Delaware
Not Reported in A.2d, 1987 WL 847759 (Del.Super.)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
Not Reported in A.2d, 1987 WL 847759 (Del.Super.)  
**(Cite as: Not Reported in A.2d)**

Page 4

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.