IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEDON CONTROLS, INC., a Delaware corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANC ONE BUILDING CORPORATION, an Illinois corporation, and FOREST ELECTRIC CORPORATION, a New York corporation, )<br>)<br>Defendants. )<br>)<br>) | C.A. NO. 05-CV-300-JJF<br><br>JURY TRIAL DEMANDED |

## DEFENDANT BANC ONE BUILDING CORP.'S OPPOSITION TO PLAINTIFF CREEDON CONTROLS, INC.'S MOTION FOR REARGUMENT

Banc One Building Corporation ("BOBC"), by and through its undersigned attorneys, hereby respectfully submits its Opposition to the Motion for Reargument filed by Creedon Controls, Inc. ("Creedon") dated January 31, 2007 (the "Motion for Reargument"). As explained more fully below, Creedon's motion lacks any proper basis, and should be denied in all respects.[1] In its motion for summary judgment, BOBC expressly asked this Court to dismiss all of the claims that Creedon had asserted against it, and upon the full record of the motion, the Court properly granted that relief. Creedon has failed to show that this Court made any errors in its decision and consequently, Creedon's Motion for Reargument should be denied.

---

[1] Creedon's Motion for Reargument asks "the Court to clarify its Opinion and Order, as not granting summary judgment with respect to the existence of a Mechanic's Lien, and denying the BOBC and Forest motions with respect to the allegations of a claim based upon *quantum meruit*." Motion for Reargument at 5. On January 24, 2007, the Court issued a judgment in BOBC's favor on "all claims", thereby clarifying that **all** of the claims asserted by Creedon against BOBC were dismissed. To the degree the Judgment mooted Creedon's request for clarification, this Opposition is submitted only to complete the record on any issue.

1. On July 14, 2006, BOBC moved for summary judgment and dismissal of all of the claims that Creedon had asserted against it (the "Summary Judgment Motion"). Creedon responded to BOBC's motion on August 8, 2006 ("Creedon's Opposition"). By decision dated and entered January 22, 2007, this Court granted BOBC's Summary Judgment Motion in its entirety. On January 31, 2007, Creedon filed its Motion for Reargument. On February 2, 2007, the clerk docketed the Court's Judgment, dated January 24, 2007, granting BOBC's motion for summary judgment and dismissing all of Creedon's claims against BOBC (together with this Court's January 22 order, the "Orders").

2. Reargument under Delaware Local Rule 7.1.5 "should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order." *Davis v. Mountaire Farms, Inc.*, No. Civ.A.04-414-KAJ, 2005 WL 1800054, at *1 (D. Del. July 29, 2005) (attached hereto as Exhibit A); *see also In re Reliance Sec. Litig.*, No. Civ.A. 99-858-KAJ, MDL 1304, 2004 WL 1196899, at *1 (D. Del. May 25, 2004) (attached hereto as Exhibit B). Furthermore, reargument is only appropriate where "(1) the court has patently misunderstood a party, (2) the court has made an error not of reasoning but of apprehension, and (3) the court has made a decision outside the scope of the issue presented to the court by the parties." *Corning Inc. v. SRU Biosystems*, No. Civ.A. 03-633-JJF, 2006 WL 155255, at *1, n. 1 (D. Del. 2006) (Farnan, J.) (attached hereto as Exhibit C); *see also Davis*, 2005 WL 1800054, at *1. Creedon's Motion for Reargument fails to present any valid basis for granting reargument. It is "nothing more than an improper attempt to relitigate what has already been decided, without presenting any grounds which would merit reconsideration" and should, therefore, be denied. *See Lechliter v. Dep't of Defense*, No. Civ.A. 03-1016-KAJ, 2005 WL 3654213, at *1 (D. Del. Aug. 24, 2005) (attached hereto as Exhibit D).

3.      In support of its motion, Creedon's primary argument is that BOBC "never requested" that it be granted summary judgment with respect to the mechanic's lien and unjust enrichment claims asserted in Counts I and V of the complaint and that the Court therefore was without authority to award summary judgment on those Counts. Creedon, contrary to the plain record, also asserts that it was "unaware" that BOBC was seeking summary judgment with respect to these claims. Motion for Reargument at ¶¶ 2, 10.

4.      BOBC in its motion papers expressly sought summary judgment with respect to all of the claims that Creedon had asserted against BOBC, and Creedon was not only aware of that fact, but expressly responded, e.g., on the *quantum meruit* issue.[2] BOBC's Motion placed Creedon on notice that BOBC was moving for summary judgment with respect to Creedon's entire complaint. Then, in both the introductory and ultimate paragraph of its Memorandum in Support of the Motion, BOBC argued that it was entitled to dismissal of all Creedon's claims against BOBC:

> Defendant Banc One Building Corporation ("BOBC"), by its attorneys, ... respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, determining that Plaintiff Creedon Controls, Inc. ("CCI"), as a matter of law, has no contract with BOBC, is not in privity with BOBC **and cannot otherwise recover on its claims against BOBC**.
>
> ***
>
> WHEREFORE, BOBC respectfully requests that its motion for summary judgment be granted in its entirety, and that CCI be held to have no contract with, and no privity with BOBC; and that **CCI's other claims against BOBC be held to be without basis.**

Summary Judgment Motion at 1, 27 (emphasis added). BOBC also specifically raised the *quantum meruit* argument in its opening brief, and Creedon's Opposition has a section with a

---

[2] Creedon also ignores that BOBC fully briefed Creedon's Count VII for attorney's fees and costs under 6 Del. C. § 2509. Summary Judgment Motion at 26-27.

heading demonstrating that Creedon intended to specifically respond to BOBC's *quantum meruit* argument. *See* Summary Judgment Motion at 25-26; Creedon's Opposition at 28-29 . As explained below, however, Creedon's arguments regarding its *quantum meruit* claim against BOBC were inadequate and the Court properly rejected them. Creedon simply failed to argue in its Opposition that its mechanic's lien claim in Count I should not be dismissed, even though BOBC expressly asked this Court for that relief. Summary Judgment Motion at 27. The Court therefore correctly concluded that Counts I and V were within the scope of BOBC's Summary Judgment Motion.  Creedon's assertions that it is entitled to reargument therefore fail. *See Corning Inc.*, 2006 WL 155255 at * 2.

      5.      Creedon's motion also improperly presents arguments that it failed to raise in its Opposition, in an effort to relitigate the issues it has already lost. Significantly, Creedon does not allege that the Court made any error of apprehension. Creedon's arguments come too late and Creedon should not be permitted to relitigate now, in the guise of reargument, issues that have already been properly decided by the Court.  Even if the Court were to consider these new arguments, Creedon's motion would still fail.

      6.      As Creedon acknowledges, "the proceedings to enforce a Mechanic's Lien are primarily *in rem* and are distinguishable from *in personam* actions such as breach of contract." Motion for Reargument at ¶ 4. Given that this Court has dismissed Creedon's breach of contract and other claims against BOBC, the putative assertion of a mechanic's lien provides no basis for an *in personam* action by Creedon against BOBC. The mechanic's lien statute is nothing more than a mechanism by which a trade contractor or supplier may obtain a security interest to protect his right to payment (should there ultimately be a judgment). It is not a separate cause of action, and not a single case cited by Creedon in its motion holds otherwise.

*See* 25 Del. C. § 2702.[3] Reargument would not change the outcome of the Court's decision dismissing Count I as against BOBC.

7.  The Court also did not misapprehend Creedon's arguments with respect to its *quantum meruit* claim. As noted above, in their summary judgment papers, the parties both briefed the viability of Creedon's *quantum meruit* claim. In its moving papers, BOBC argued that Creedon had no viable claim against BOBC for *quantum meruit* because, among other things, Creedon failed to produce any evidence that could establish that BOBC received any "benefit" over the contracted amount, and, in any event, Creedon presented no evidence that Forest could not pay. *See* Summary Judgment Motion at 25-26. In its Opposition, Creedon merely argued that its claim was viable because it performed its work at the behest of BOBC's purported agent, Forest Electric Corporation ("Forest"), and therefore BOBC was unjustly enriched. *See* Opposition at 28-29. Creedon failed in response to make any substantive demonstration of a "benefit" to BOBC or Forest as opposed to its alleged additional costs, and failed absolutely to assert that Forest could not pay any judgment against it. The Court properly dismissed this claim as against BOBC.

---

[3] Creedon does not cite to a single case where a court held that the mechanic's lien statute provided the basis for an independent cause of action against an owner where there was no separate *in personam* claim upon which the contractor could recover against the owner. In *McHugh Electric Co. v. Hessler Realty & Dev. Co.*, 50 Del. 296, 301-02, 129 A.2d 654, 657-58 (Del. 1957), the Court held that a claim for mechanic's lien was an action *in rem* and that if the plaintiff *also* had a right to a personal action he could choose whether to pursue one or both. In *Steel Suppliers, Inc. v. Ehret, Inc.*, 486 A.2d 32, 35 (Del. Super. 1984), the issue was whether a waiver of the right to file a mechanic's lien in the contract between the owner and contractor was binding on the subcontractor. Again, the court acknowledged that a mechanic's lien "is in the nature of an in rem proceeding." *Id.* In *Browning-Ferris, Inc. v. Rockford Enterprises, Inc.*, 642 A.2d 820, 822-23 (Del. Super. 1993), the issue was whether demolition work fell within the ambit of the mechanic's lien statute, not whether the mechanic's lien statute provided a separate *in personam* action. In *East Coast Plumbing & HVAC, Inc. v. Edge of the Woods, LP*, No. Civ.A. 99L-11-046CLS, 2004 WL 2828286, at *1 (Del. Super. July 30, 2004) (attached hereto as <u>Exhibit E</u>), the plaintiff brought suit against the contractor for breach of contract and claims for *quantum meruit* and *quantum valebant*, and "imposition of a mechanic's lien" on the property.

8. Creedon, citing cases in reargument that it failed to cite initially, attempts to challenge the Court's reasoning, and argues for the first time that its *quantum meruit* claim should not be dismissed because "BOBC has not paid Forest for the amount of Creedon's claim." Motion for Reargument at ¶ 9. As a preliminary matter, Creedon is prohibited from raising in its Motion for Reargument new arguments that it failed to raise in its Opposition. *See Davis*, 2005 WL 1800054 at *1. Equally as important, Creedon again simply misses the point – the issue is not any payment between BOBC and Forest, but whether Creedon has produced any evidence to support its claim that either BOBC or Forest received any benefit over and above the contract price, an essential element of its *quantum meruit* claim.

9. Moreover, as Creedon acknowledges, "the law in Delaware is clear that in the absence of a contract between a subcontractor and an owner, a subcontractor who supplies labor and materials on the order and credit of a general contractor cannot recover against the owner based upon *quantum meruit*." *East Coast Plumbing*, 2004 WL 2828286, at *5. The only exception to this rule is where the subcontractor can establish that it cannot recover payment from the contractor with whom it contracted directly and the owner has not paid the contractor. Even assuming that BOBC has not paid Forest amounts Creedon claims, Creedon did not even allege that Forest would be unable to pay it in the event that Creedon establishes that it is entitled to damages over and above the agreed-upon contract price for its work, let alone submit any evidence to support that assertion.[4] Moreover, while Creedon asserts that BOBC has not paid

---

[4] The cases cited by Creedon in support of its assertion that it nevertheless has a viable *quantum meruit* claim against BOBC are inapposite. In *Galvagna v. Marty Miller Constr., Inc.*, No. CIV. A. 96L-01-015, 1997 WL 720463, *4 (Del. Super. September 19, 1997) (attached hereto as Exhibit F), the general contractor submitted a letter stating that it had "closed down and liquidated its assets." *See also J.O.B. Constr. Co. v. Jennings & Churella Servs., Inc.*, No. CIV.A. 00L-05-021, 2001 WL 985106, *5 (Del. Super. August 09, 2001) (attached hereto as Exhibit G), the plaintiff made sworn allegations in the complaint and presented other documentary evidence that the contractor was "out of business."

Forest for the amount of Creedon's "claim" (again, an argument that Creedon raises for the first time), BOBC established that it paid Forest in full for the agreed-upon contract price for Creedon's work, and that Forest paid Creedon in full the agreed-upon contract price for its work. The only amount that BOBC has not paid Forest (and Forest has not paid Creedon) is the additional amount being sought by Creedon for its alleged additional costs, which Creedon failed to demonstrate provided any benefit to BOBC or Forest to support its *quantum meruit* claim in the first instance. This Court properly dismissed the *quantum meruit* claim against BOBC.

WHEREFORE, BOBC respectfully requests that the Court deny Creedon's Motion for Reargument in its entirety.

Dated: February 14, 2007

**ASHBY & GEDDES, P.A.**

By: _____
Philip Trainer, Jr. (I.D. #2788)
Ricardo Palacio (I.D. #3765)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302)-654-1888

Of Counsel:

**PAUL, HASTINGS, JANOFSKY & WALKER LLP**

75 East 55th Street
New York, New York 10022
212-318-6000

Attorneys for Defendant Banc One Building Corporation

177776.1