# **<u>EXHIBIT B</u>**

Not Reported in F.Supp.2d, 2004 WL 1196899 (D.Del.)

Only the Westlaw citation is currently available.
United States District Court,
D. Delaware.
In re RELIANCE SECURITIES LITIGATION
No. Civ.A. 99-858-KAJ, MDL 1304.
May 25, 2004.

R. Bruce McNew, Taylor & McNew, LLP, Greenville, DE, Joseph S. Naylor, Pepper Hamilton, LLP, Wilmington, DE, for Plaintiffs.
Gary F. Traynor, Prickett, Jones & Elliott, Dover, DE, Richard D. Kirk, Morris, James, Hitchens & Williams, Peter B. Ladig, Richards, Layton & Finger, Henry E. Gallagher, Jr., Connolly, Bove, Lodge & Hutz, Arthur L. Dent, Potter Anderson & Corroon, LLP, Michael D. DeBaecke, Blank Rome, LLP, Lawrence C. Ashby, Ashby & Geddes, William H. Sudell, Jr., Morris, Nichols, Arsht & Tunnell, Francis J. Murphy, Jr., Murphy, Spadaro & Landon, Stephen W. Spence, Phillips, Goldman & Spence, P.A., Wilmington, DE, George W. Spellmire, D'Ancona & Pflaum, LLC, Chicago, IL, for Defendants.

*MEMORANDUM ORDER*

JORDAN, J.

**\*1** Presently before me is a Motion to Set Aside, Vacate and/or Reconsider the Court's Order of April 17, 2003, filed by defendants Alvin and Robert Doppelt (the "Doppelts"). (Docket Item ["D.I."] 559; the "Motion".) For the reasons that follow, the Doppelts' Motion will be denied.

This is a class action securities litigation, the class including "all persons who had a right to vote at Cole Taylor Financial Group's (CTFG) annual meeting on November 15, 1996, to approve the split-off transaction pursuant to the proxy statement dated October 16, 1996." (D.I. 553 at 2.) The Doppelts are members of the class. ( *Id.* at 6.) On April 17, 2003, the court issued a Memorandum Opinion and Order granting the Taylor Defendants [FN1] Motion to Enjoin Prosecution of Released Claims (D.I. 548; the "Motion to Enjoin"). (D.I. 553, 554 (reported at *In re Reliance Sec. Litig.,* 2003 U.S. Dist. LEXIS 6849 (D.Del. Apr. 17, 2003).) The court found that the Doppelts were impermissibly asserting, in state court in Illinois, claims that were released in the Settlement Stipulation and Final Judgment (D.I.538) entered in this case. (D.I. 553 at 6-7.) As a result, the court enjoined the Doppelts' pending Illinois state court action. ( *Id.* at 7.) The Doppelts filed their Motion on April 28, 2003, arguing that they were not timely served with the Taylor Defendants' Motion to Enjoin, and that, once they became aware of it on April 10, 2003, they filed their answering brief on April 21, 2003 ( *see* D.I. 556, 557), even though the court had already granted the Motion to Enjoin. (D.I. 559 at 1-2.) Apart from asserting that the Motion to Enjoin was not properly served, the Doppelts say that they "possess meritorious claims in the Illinois Action which have not. been released" and ask that they be allowed to pursue those claims in Illinois state court. ( *Id.* at 3.)

> FN1. Jeffrey Taylor, Bruce Taylor, Sidney Taylor, Iris Taylor, Taylor Capital Group, Inc., Cole Taylor Bank, the Taylor Family Partnership, L.P., and J. Christopher Alstrin.

The court, in *Schering Corp. v. Amgen, Inc.,* has previously summarized the standard that applies to motions for reargument as follows:

The District of Delaware, through published case law, has developed rules that govern motions for reargument under Local Rule 7.1.5.[FN2] These governing principles are simply stated: 1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order, see *StairMaster Sports/Medical Products v. Groupe Procycle, Inc.,* 25 F.Supp.2d 270, 292 (D.Del.1998); 2) the purpose of reargument is to permit the Court to correct error without unduly sacrificing finality; 3) grant of the reargument motion can only occur in one of three circumstances: a) "where the Court has patently misunderstood a

party," b) "[where the Court] has made a decision outside the adversarial issues presented to the Court by the parties," or c) "[where the Court] has made an error not of reasoning but of apprehension," see Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1241 (D.Del.1990); and 4) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless "new factual matters not previously obtainable have been discovered since the issue was submitted to the Court," id.

> FN2. A motion for reargument under Local Rule 7.1.5 is the "functional equivalent of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Kavanagh v. Keiper, 2003 U.S. Dist. LEXIS 23931 at *4 n. 2 (D.Del. July 24, 2003) (citing New Castle County v. Hartford Accidnet and Indem. Co., 933 F.2d 1162, 1176-77 (3d Cir.1991)).

**\*2** 25 F.Supp.2d 293, 295 (D.Del.1998).

As far as the Doppelts' improper service argument is concerned, there is evidence in the record that counsel for the Taylor Defendants sent the Motion to Enjoin to class counsel on March 11, 2003, asking whether counsel would "accept service of this motion on behalf of your client." ( See D.I. 559, Ex. A.) The Taylor Defendants also personally served the Motion to Enjoin on Robert Doppelt ( see D.I. 552, Supplemental Certificate of Service) and attempted to personally serve Alvin Doppelt, who could not be located at his last known address ( id.; D.I. 562 at 3).

More to the point, though, whether service was proper or not, the Doppelts did eventually respond to the Taylor Defendants Motion to Enjoin, and there is nothing in that submission that leads me to the conclusion that the court, in its April 17, 2003 decision, misunderstood a party, made a decision outside the adversarial issues presented, or made an error of apprehension. Nor have the Doppelts come forward with any new facts to persuade me that reargument would result in an amendment of the court's previous order granting the Taylor Defendants' Motion to Enjoin. See Schering Corp., 25 F.Supp.2d at 295 (citation omitted).

Accordingly, it is hereby ORDERED that the Doppelts' Motion (D.I.559) is DENIED.

Copr. (C) West 2007 No Claim to Orig. U.S. Govt. Works D.Del.,2004.
In re Reliance Securities Litigation
Not Reported in F.Supp.2d, 2004 WL 1196899 (D.Del.)

END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.