# **EXHIBIT F**

Case 1:05-cv-00300-JJF    Document 166-7    Filed 02/14/2007    Page 1 of 4

Not Reported in A.2d, 1997 WL 720463 (Del.Super.)

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
Stephen P. GALVAGNA, T/A G & G Applicators, Plaintiff,
v.
MARTY MILLER CONSTRUCTION, INC., A Corporation of the State of Maryland, and Robert W. Hall and Janet D. Hall, His Wife, Defendants.
No. CIV. A. 96L-01-015.
Sept. 19, 1997.

James F. Waehler, Esquire, Tunnell & Raysor, Georgetown, DE, for plaintiff.
Richard E. Berl, Jr., Esquire, Berl & Jones, Georgetown, DE, for defendants, Robert W. Hall and Janet D. Hall.
Marty Miller, Berlin, MD, pro se.

*MEMORANDUM OPINION*

GRAVES, J.
*\*1* This is an action which plaintiff Stephen P. Galvagna, t/a G & G Applicators ("Plaintiff") has filed against Marty Miller Builders, Inc. ("Builders") as well as Robert W. Hall and Janet D. Hall (collectively referred to as "the Owners"). The complaint contains the following claims: a mechanics' lien claim; an *in personam* claim against Builders based upon contract; and an *in personam* claim against the Owners based upon *quantum meruit,* or unjust enrichment. Pending before the Court is the motion of the Owners to dismiss the complaint against them on the ground that Plaintiff has no cause of action against them.

FACTS

Builders, as general contractor, contracted with the Owners to build a commercial structure ("the structure") for the Owners near Fenwick Island, Delaware. The structure is a one-story steel fabricated building divided into three separate units containing approximately 10,000 square feet. After Owners and Builders entered into their contract, Plaintiff and Builders entered into an oral contract which provided that Plaintiff was to provide labor and materials to the structure. In connection therewith, Plaintiff installed tile, which included a decorative border defendant Robert W. Hall picked out, in the portion of the structure known as American Health & Fitness Center. The amount owed Plaintiff for labor and materials supplied is $7,220.00. Builders has not paid Plaintiff. Furthermore, the Owners have not paid either Builders or Plaintiff the sums allegedly due and owing. The principal of Builders, Marty Miller, agrees that Builders owes Plaintiff the sums alleged to be due and owing. However, he alleges that the Owners have not paid him, and that is the reason why he has not paid Plaintiff. The Owners argue they had no contract with Plaintiff, and Plaintiff should seek to recover the sums due and owing it from Builders.

In the Court's file on this action, there is a letter dated April 18, 1997, from the principal of Builders stating:

I completed the building and the next day the Hall's [sic] were open and doing business. I have been forced to close my corporation due to no money available. I have liquidated all assets to help pay off outstanding debts and legal fees and still have some remaining.... I have no money to hire an attorney here.

The procedural aspects of this case require review. Plaintiff has its *in personam* claims against Builders and the Owners. The mechanics' lien claim is barred due to Plaintiff's failure to include in the complaint the existence of, and the time of recording of, a first construction mortgage. *Builders' Choice, Inc. v. Venzon,* Del.Supr., 672 A.2d 1 (1995). Builders has asserted a counterclaim against Plaintiff and a cross-claim against the Owners. An arbitrator heard this matter. He entered a judgment in Plaintiff's favor and against Builders on the *in personam* claim. He also entered a judgment in the Owner's favor and against Plaintiff in connection with Plaintiff's *in personam* claim against the Owners. He entered judgment in the Owners' favor and against Builders on Builders' cross-claim, and judgment in Plaintiff's favor and against Builders on Builders' counterclaim. Plaintiff filed a demand for trial de novo, which stated as follows:

**\*2** Plaintiff-Claimant, by and through counsel, hereby requests a Trial de Novo in the above-captioned action from the undated Arbitrator's Order filed with the Court on November 12, 1996, with respect to the judgment entered in favor of defendants Hall and against Plaintiff-Claimant, if a request for a trial de novo can be made with respect to only a part of the Arbitrator's findings, or from the entire order entered in the above-captioned matter if so required.

In their briefing on the pending summary judgment motion, Plaintiff and Owners indicate that the only matter remaining in this action is Plaintiff's claim against the Owners. The indication is that the claims of, and involving, Builders are resolved. The general rule is that absent an agreement on the part of all parties otherwise, all claims in a case are subject to the trial de novo; i.e., the entire proceeding continues intact. In this case, a pretrial scheduling conference was held where all the parties were present thereat, and a scheduling order was entered. There is no indication from that proceeding that the only matter on appeal is the judgment in favor of the Owners and against Plaintiff. Consequently, the entire case is before the Court as a result of the demand for a trial de novo. However, the only matter which this Court now addresses is the Owners' pending motion for summary judgment.

DISCUSSION

Summary judgment may be granted only when no issues of material fact exist, and the moving party bears the burden of establishing the non-existence of material issues of fact. *Moore v. Sizemore,* Del.Supr., 405 A.2d 679, 680 (1979). Once the moving party meets its burden, then the burden shifts to the non-moving party to establish the existence of material issues of fact. *Id.* at 681. Where the moving party produces an affidavit or other evidence sufficient under Super. Ct. Civ. R. 56 in support of its motion and the burden shifts, then the non-moving party may not rest on its own pleadings, but must provide evidence showing a genuine issue of material fact for trial. Super. Ct. Civ. R. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If, after discovery, the non-moving party cannot make a sufficient showing of the existence of an essential element of his or her case, then summary judgment will be granted. *Burkhart v. Davies,* Del.Supr., 602 A.2d 56, 59 (1991), *cert. den.,* 504 U.S. 912, 112 S.Ct. 1946, 118 L.Ed.2d 551 (1992); *Celotex Corp. v. Catrett, supra.* If, however, material issues of fact exist or if the Court determines that it does not have sufficient facts to enable it to apply the law to the facts before it, then summary judgment is inappropriate. *Ebersole v. Lowengrub,* Del.Supr., 180 A.2d 467, 470 (1962).

In their motion, the Owners argue that because Plaintiff, a materialman, did not have a direct contract with them, then Plaintiff is not entitled to an *in personam* judgment against them. Plaintiff argues that in this case, where the Owners would be unjustly enriched because they never have paid anyone for the labor and materials Plaintiff supplied, then Plaintiff is entitled to recover pursuant to theories of *quantum meruit* or restitution.

**\*3** Although Plaintiff has not argued entitlement to recover based upon a third-party beneficiary status, I will address that issue first. In construction matters, the parties generally craft their contracts to insulate the owner from the subcontractor; the owner and general contractor deal with one another while the general contractor and subcontractor deal with one another. *Pierce Associates, Inc. v. Nemours Foundation,* 3rd Cir., 865 F.2d 530, 535-39 (1988), *cert. den.,* 42 U.S. 907, 109 S.Ct. 3218 (1989). The contracts generally do not allow for the subcontractor to be considered a

third-party beneficiary of the contract between the contractor and the owners. *Id.* Only when the contract explicitly states that it intends for the subcontractor to be a third-party beneficiary do the courts allow the subcontractor to sue the owner based upon a third-party beneficiary status. *Id.*

A review of the contract submitted in this matter shows that there is no third-party beneficiary status bestowed upon Plaintiff in the contract between Builders and the Owners which gives it the right to seek payment of the sums due and owing it. Consequently, Plaintiff is not a third-party beneficiary of the contract between Builders and the Owners. *Id.* For the same reasons, the Owners are not third-party beneficiaries of the contract between Builders and Plaintiff. *Id.*

I now turn to the law addressing the issue of whether a subcontractor may bring a claim based upon *quantum meruit,* or implied contract. In *Cohen v. Delmar Drive-In Theatre,* Del.Super., 84 A.2d 597, 598 (1951) (" *Cohen* "), the Superior Court held:

3. A materialman, as subcontractor, may not recover a personal judgment against a property owner in the absence of a contract between them [Citations omitted.]

4. A materialman who, as a subcontractor, furnishes materials upon the order and credit of a general contractor or of another sub-contractor, cannot recover in an action *in personam* against the owner upon the basis of implied contract arising from the receipt and acceptance of the benefit of the materials furnished. [Citations omitted.]

The Superior Court followed this rule in *William M. Young Company v. Bacon,* Del.Super., C.A. No. 89L-JA2, Graves, J. (May 1, 1991) (" *Young* "). The Court held that based upon *Cohen,* the subcontractor could not recover against the owners of the property *who had paid* the general contractor. Plaintiff argues that *Young* is distinguishable because in this case, the Owners have not paid Builders, and the Owners would be unjustly enriched if Plaintiff is not allowed to pursue them.

Other pertinent cases to examine are *Chrysler Corp. v. Airtemp Corp.,* Del.Super., 426 A.2d 845 (1980) and *Gilbane Building Company v. Nemours Foundation,* D.Del., 606 F.Supp. 995 (1985). In the case of *Chrysler Corp. v. Airtemp Corp.,* 426 A.2d at 853-36, the Superior Court held that it would not consider a *quantum meruit* theory to find a third-party beneficiary liable unless there existed an inability to recover under the underlying or express contract or it would be unconscionable for the third-party beneficiary to retain the benefits. Similarly, in *Gilbane Building Company v. Nemours Foundation,* 606 F.Supp. at 1007-08, the Delaware District Court granted the owner's summary judgment motion against the subcontractors because there were no allegations that the subcontractors would be unable to recover from the general contractor on the express contract or that the owner had failed to pay the general contractor for the services the subcontractors rendered thereby unjustly enriching the owner.

*\*4* Here, in light of the letter from Builders' principal indicating Builders has closed down and liquidated its assets, it may well be that Plaintiff cannot recover from Builders. Furthermore, Plaintiff and Builders have alleged that the Owners have not paid Builders for the services and material Plaintiff supplied. The Owners have not disputed this allegation, and it is accepted as true for summary judgment purposes. Based upon what is before the Court in this summary judgment proceeding, it is reasonable to conclude that the Owners may be unjustly enriched by the labor and materials which Plaintiff provided. Consequently, I hold that on the facts of this case, Plaintiff is entitled to pursue against the Owners the *in personam* claim based upon *quantum meruit.*

For the foregoing reasons, the Owners' motion for summary judgment is denied.

IT IS SO ORDERED.

Del.Super.,1997.
Galvagna v. Marty Miller Construction, Inc.
Not Reported in A.2d, 1997 WL 720463 (Del.Super.)

END OF DOCUMENT